UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
ROSIE MARTINEZ,

                              Plaintiff,                **ORDER**
                                                                    16 CV 0079 (AMD) (CLP)

    -against-

CITY OF NEW YORK and JOHN and JANE
DOE 1 through 10,

                              Defendants.
----------------------------------------------------------- x
**POLLAK**, United States Magistrate Judge:

       On January 1, 2016, Rosie Martinez ("plaintiff") commenced this Section 1983 civil rights action against the City of New York (the "City") and John and Jane Doe 1 through 10 ("defendants"), seeking damages and attorney's fees and costs for unreasonable force, assault and battery, negligent hiring, intentional and negligent infliction of emotional distress, and failure to intervene in violation of 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments of the U.S. Constitution, and in violation of the Constitution of the State of New York.

       Since the action began, the parties have raised a number of discovery issues before the Court including the issue of which officers were present at the precinct during the time of plaintiff's alleged assault and battery. During a telephone conference before the undersigned on August 19, 2016, this Court Ordered defendants to provide in writing by September 9, 2016: 1) the names and photos of all intelligence officers at the precinct at the time of plaintiff's arrest; 2) the names of any Queens Narcotics officers at the precinct and their photos; 3) photos of any other officers at the precinct matching the description provide by plaintiff.

       On September 26, 2016, plaintiff filed a motion to compel, requesting that "defendant be compelled to: 1) reproduce, in labeled form, previously produced photographs of NYPD officers, along with the officers' memo book entries pursuant to the Court's prior order; 2)

produce the documentation defendants relied upon in determining which photographs to produce; and 3) conduct a further search for officers matching plaintiff's description inside the precinct and produce labeled photographs and memo book entries for these officers." (Pl.'s Ltr.[1] at 1). In response, on September 28, 2016, defendants filed a letter opposing the motion to compel on the grounds that the memo book entries plaintiff seeks are protected by the law enforcement privilege and that the City had properly produced the photographs pursuant to the August 19, 2016 court order.

During a telephone conference held on September 30, 2016, the Court resolved a number of discovery issues and Ordered plaintiff's counsel to speak with plaintiff and by <u>October 7, 2016</u>, provide defendants with a narrower time frame between which the alleged incident occurred. The Court also Ordered defendants, within a week of receiving this information, to investigate and produce a list of photographs of the officers present at the precinct within this narrowed time frame. The Court also Ordered defendants' counsel to confer with the NYPD Legal Department and the intelligence officer to see if there was any way to determine if other officers outside of the precinct officers and the previously identified intelligence officer were present at the time of plaintiff's alleged incident. The parties are hereby Ordered to provide the Court with a joint status report by <u>October 21, 2016</u>.

**SO ORDERED.**

Dated: Brooklyn, New York
October 3, 2016

/s/ Cheryl Pollak

_____
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

---

[1] Citations to "Pl.'s Ltr." refer to plaintiff's letter filed September 26, 2016.