

ZACHARY W. CARTER
Corporation Counsel

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

PAUL H. JOHNSON
phone: (212) 356-2656
fax: (212) 356-3509
pajohnso@law.nyc.gov

May 19, 2017

**VIA ECF**
Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
 for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Martinez v. City of New York, et al.
               16-CV-0079 (AMD) (CLP)

Your Honor:

      I am the Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department, assigned to represent defendants in the above-referenced matter. Defendants write in response to plaintiff's request to re-open defendant Forgione's deposition based on "core" material missing at the time of plaintiff's deposition.

      What plaintiff has failed to say is that this "core" material is simply disciplinary files unrelated to the case in chief that plaintiff purports have not been produced. Defendants first produced the relevant disciplinary files to plaintiff on January 27, 2017. After the first production, the parties repeatedly met and conferred regarding further document requests and defendants therefore made subsequent productions on February 2, 2017 and March 1, 2017 in response to plaintiff's request for further information. After the final disclosure, plaintiff's had nearly two months to review the material and did not raise any objections to such material in advance of defendant Forgione's deposition.

      Plaintiff had ample time to review those documents in advance of defendant Forgione's deposition, which took place on April 27, 2017. Plaintiff had at her disposal all the information needed to question defendant Forgione about his disciplinary record at the time of his deposition, including disciplinary files and defendant Forgione's relevant disciplinary history. Re-opening the deposition for the sole purpose of quizzing defendant Forgione further regarding his disciplinary record regarding unsubstantiated matters would be a wasteful use of the discovery process. As would further briefing on this matter. Your Honor has frequently stressed in this matter that the parties should avoid re-opening depositions, most recently at the status conference held on March 2, 2017 where the Court rejected defendants' request to re-open plaintiff's

deposition after she made material changes to her answers after reviewing her deposition transcript. Here there is no such dispute that defendant Forgione made any material changes to his deposition transcript.

Therefore defendants oppose plaintiff's request to reopen defendant Forgione's deposition as it would be duplicative of questions already asked of defendant Forgione at his April 27, 2017 deposition.

Thank you for your consideration herein.

Respectfully submitted,

Paul H. Johnson
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:  Baree N. Fett, Esq. **(via ECF)**
*Attorney for Plaintiff*