

ZACHARY W. CARTER
Corporation Counsel

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

PAUL H. JOHNSON
phone: (212) 356-2656
fax: (212) 356-3509
pajohnso@law.nyc.gov

May 24, 2017

**VIA ECF**
Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
 for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: <u>Martinez v. City of New York, et al.</u>
     16-CV-0079 (AMD) (CLP)

Your Honor:

  I am the Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to represent defendants in the above-referenced matter. Defendants write to oppose plaintiff's motion to compel filed at 11:56 p.m. on May 23, 2017 as moot as defendants have agreed to search and produce the requested documents.

  As stated in a letter to the Court dated May 23, 2017, the parties wrote a joint consent motion on May 19, 2017 to extend discovery for the purposes of completing depositions of defendant Lt. Weitzman and non-party Sgt. Joseph DiGennaro. In addition, plaintiff's counsel stated that they would consider whether to depose an additional party identified by defendant and would also consider continuing the deposition of Capt. Eric Robinson, who was called away on a work emergency during his deposition. Finally, plaintiff's counsel stated that they were considering re-opening the deposition of Sgt. Forgione, a consideration defendants' opposed in a letter to the Court, dated May 19, 2017. Defendants' consent was premised on the above representations <u>only</u>. Indeed, the Court then endorsed the letter on May 22, 2017 which contained those representations.

  As stated in defendants' May 23, 2017 letter to the Court, after the Court granted an extension of discovery based on the parameters outlined and agreed upon by the parties, plaintiff's counsel indicated via email they intended to dramatically expand the scope of further discovery wherein they would now seek to depose at least a dozen additional non-party witnesses and add two non-parties to this case. As defendants stated previously, the addition of those two non-parties would be futile.

      Plaintiff's motion to compel filed May 23, 2017 at 11:56 p.m. makes no mention of recent efforts to resolve discovery disputes. If plaintiff's counsel had properly met and conferred with defense counsel, they would have avoided incorrectly stating that defendants had failed to respond to plaintiff's discovery requests.

      Further plaintiff's motion to compel makes no mention whether plaintiff's counsel intends to dramatically and unnecessarily extend discovery in this matter by adding two defendants to this action as plaintiff's counsel stated in their email to defense counsel dated May 22, 2017 and the subsequent discovery that would entail. Defendants do not know whether the letter to the Court sent on May 19, 2017, wherein defendants agreed to a joint application to extend discovery represents what discovery plaintiff truly intends to conduct in this case or whether plaintiff's May 22, 2017 email to defense counsel reflects the discovery plaintiff actually intends to conduct.

      For the above reasons, defendants oppose plaintiff's motion to compel as moot as defendants have agreed to search for and produce the relevant documents and plaintiff's motion to compel does not state plaintiff's plans regarding future discovery in this matter.

      Thank you for your consideration herein.

Respectfully submitted,

Paul H. Johnson
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:    Baree N. Fett, Esq. **(via ECF)**
       *Attorney for Plaintiff*