

GABRIEL P. HARVIS
BAREE N. FETT

May 31, 2017

By ECF
Honorable Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Martinez v. City of New York, et al.*, 16 CV 79 (AMD) (CLP)

Your Honor:

    I represent plaintiff in the above-referenced action. I write to reluctantly inform the Court that an additional dispute has arisen alongside the issues addressed in plaintiff's letter dated May 23, 2017 (DE #49), and to respectfully request that the Court convene a conference at its convenience to address the matter or, if it should please the Court, issue an order compelling defendants to comply with the deposition subpoenas discussed below. Defendants do not consent to this application.

    In addition to the issues raised in the parties' submissions at DE ##46 and 48-51, there is now a dispute regarding depositions of non-party witnesses. Following the Court's approval of the most recent request for a discovery extension, by order dated May 22, 2017, plaintiff conducted a file review and outlined to defense counsel open discovery issues and a list of six witnesses she would seek to depose, in addition to the three witnesses whose deposition scheduling was in progress.

    Each of the non-party witnesses was disclosed in documents produced by the defense and is expected to offer relevant testimony (regarding, for example, the nature of plaintiff's injuries or her transport to the hospital). Plaintiff emailed a subpoena for each witness to defense counsel. In response, defense counsel represented that he

Hon. Cheryl L. Pollak
May 31, 2017

would accept service of the subpoenas and would ascertain the witnesses' availability. *See* Emails dated May 30, 2017, annexed hereto at Exhibit 1.

      A short time later, citing defense counsel's schedule and a purported agreement to limit discovery allegedly contained in the May 19, 2017 discovery extension application, defendants informed plaintiff that they had changed their minds and would not allow any of the subpoenaed depositions to proceed. As defendants are aware, the parties never discussed or agreed to limit the remaining discovery in any manner and no language to that effect was contained in plaintiff's letter to the Court presenting the extension request on May 19th. *See* DE #45.

      Despite plaintiff's good faith efforts to meet and confer in order to narrow or eliminate this dispute, defendants maintain their position and refuse to comply with the subpoenas or make any of the relevant testimony available between now and the close of discovery on July 10, 2017. Plaintiff respectfully submits that defendants lack any basis to quash the subpoenas as served, and that plaintiff is entitled to discover relevant information pursuant to Rules 26, 30 and 45. *See Sea Tow Int'l, Inc. v. Pontin*, 246 F.R.D. 421, 424 (E.D.N.Y. 2007) ("The burden of persuasion in a motion to quash a subpoena… is borne by the movant.")

      In light of the foregoing, plaintiff respectfully requests that the Court convene a conference at its convenience or, if it should please the Court, issue an order compelling defendants to comply with the deposition subpoenas.

      Thank you for your attention to this matter.

                                      Respectfully submitted,

                                      Baree N. Fett

Encl.

cc:    ACC Paul Johnson, Esq.