

ZACHARY W. CARTER
Corporation Counsel

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

PAUL H. JOHNSON
phone: (212) 356-2656
fax: (212) 356-3509
pajohnso@law.nyc.gov

June 1, 2017

**VIA ECF**
Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
 for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>Martinez v. City of New York, et al.</u>
             16-CV-79 (AMD)(SMG)

Your Honor:

      I am the Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to represent defendants in the above-referenced matter. Defendants write in opposition to plaintiff's motion to take the depositions of Lt. Donna, PO Mendez, PO Seddio, PO Russo, Sgt. Laliberte and Sgt. Rehman. Defendants request the subpoenas be quashed as invalid in violation of Fed. R. Civ. P. 45(c)(3)(A)(i). Plaintiff never met and conferred with defendants before selecting the dates on the subpoena, several of the subpoenas command the non-parties to appear less than 10 days after they were sent to defendants and the non-parties whose subpoenas are at issue have no or minimal connection to plaintiff. Further, as stated previously, defendants consented to an extension of the discovery period for the reasons stated in plaintiff's May 19, 2017 letter to the Court. Finally, plaintiff remains silent about what discovery they intend to conduct in the future in this matter, whether they will seek to depose further non-parties or add new parties to this litigation. For the above reasons, defendants ask the court to quash the subpoenas of these nonparties as these depositions serve no legitimate purpose other than to draw out the litigation in this matter.

      Plaintiff's counsel states in their May 31, 2017 letter that all the non-parties whose depositions they seek to take were individuals with information regarding the claims at issue in this case. However, defense counsel has no record of any Lt. Donna or what role if any Sgt. Laliberte or PO Russo may have in this litigation. Sgt. Laliberte and PO Russo merely appear on the Command Log on the date at issue in this litigation. That Command Log was produced in Defendants Fourth Supplemental Disclosures dated October 4, 2016. Defendants did identify Sgt. Rehman in its First Supplemental Disclosures dated June 28, 2016 as an individual who may have debriefed plaintiff, but later discovery showed that was not the case. Defendants did

provide plaintiffs with PO Mendez's and PO Siddio's memobook as part of defendants Fifth Supplemental Disclosures dated November 2, 2016, but at no point did defendants identify the officers as having relevant information to the claims and defenses at issue in this matter and at no point did plaintiff attempt to schedule their depositions. All of the documents referenced by plaintiff were produced last year yet plaintiff's counsel states that plaintiff only became aware of the need to depose these officers after the court endorsed plaintiff's request to enlarge discovery on May 22, 2017 for different reasons.

The subpoenas issued by plaintiff are deficient as they do not allow a reasonable time to reply and do not fully identify the non-parties they seek to depose as required on Fed. R. Civ. P. 45(3)(A)(i). Plaintiff served the subpoenas on the non-party officers on May 30, 2017 and ordered P.O Mendez to appear for a deposition on June 7, 2017, P.O. Russo to appear for a deposition on June 8, 2017, P.O. Seddio to appear for a deposition on June 9, 2017, P.O. Rehman to appear for a deposition on June 13, 2017 and Lt. Donna to appear for June 20, 2017. "[Federal] Rule 45(c)(3)(A)(i) provides that "the issuing court must quash 'a subpoena that 'fails to allow a reasonable time to comply.'' Although Rule 45 does not define 'reasonable time,' many courts have found fourteen days from the date of service as presumptively reasonable in light of the language of Rule 45(c)(2)(B)." In re Rule 45 Subpoena Issued to Cablevision Sys. Corp., 2010 U.S. Dist. LEXIS 40653, *17-18, 38 Media L. Rep. 1940, 2010 WL 2219343 (E.D.N.Y. Feb. 5, 2010). Therefore, the subpoenas for P.O. Seddio, P.O. Mendez and P.O. Russo must be presumptively considered invalid as the subpoenas do not provide a reasonable time to comply. While Lt. Donna's subpoena commands him or her to appear on June 20, 2017, defendants find no record of any Lt. Donna employed by the New York City Police Department. And defendants are unaware of what information Sgt. Rehman might have regarding the claims and defenses in this action. Further, as the City does not represent any of these non-parties they are unaware of the non-parties' availability in the coming weeks and cannot be certain they can be produced even if defendants believed plaintiff's request was legitimate.

Finally, plaintiff states that the letter sent to the Court on May 19, 2017 with defendants consent does not represent any sort of agreement about the scope of outstanding discovery to be completed within the requested enlargement period. Defendants state this violates the spirit of Local Rule 26.4 which requires counsel "to be courteous in their dealings with each other, including in matters relating to scheduling and timing of various discovery procedures." As outlined in defendants' letter to the Court dated May 24, 2017, plaintiff's counsel's dealing with defense counsel has not followed this rule.

The purpose of making a request to the Court for a discovery extension and for obtaining the consent of the opposing party for the discovery extension is to enable the Court to control the discovery process and to facilitate a "just, speedy and inexpensive disposition of the action" as contemplated by Fed. R. Civ. P. 26(c)(2)(b). In order for the Court to analyze whether the request for an extension of discovery is warranted, it must be able to judge the clear reasons for the request. For plaintiff to abruptly change the scope of discovery the same day a discovery extension is granted violates the spirit of Local Rule 26.4 and Fed. R. Civ. P. 26 which only works when the parties are open about what discovery remains outstanding when making extension requests.

      For the above mentioned reasons, defendants ask the court to quash plaintiff's subpoenas as deficient in accordance of Fed. R. Civ. P. 45(c)(3)(A)(i) and order plaintiff to conduct discovery as contemplated by plaintiff's own May 19, 2017 letter to the Court.

      Thank you for your consideration herein.

                                                                             Respectfully submitted,

                                                                             Paul H. Johnson
                                                                             *Assistant Corporation Counsel*

cc:    Baree Fett, Esq. **(via ECF)**                      Special Federal Litigation Division
       Gabriel Harvis, Esq.
       *Attorneys for Plaintiff*