

ZACHARY W. CARTER
Corporation Counsel

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

PAUL H. JOHNSON
phone: (212) 356-2656
fax: (212) 356-3509
pajohnso@law.nyc.gov

July 12, 2017

**VIA ECF**
Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
 for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    Martinez v. City of New York, et al.
                 16-CV-0079 (AMD) (CLP)

Your Honor:

      I am the Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to represent defendants in the above-referenced matter. Defendants write to oppose plaintiff's letter motion for sanctions filed at 9:50 p.m on July 11, 2017.

      As an initial matter, with respect to the original medical treatment of prisoner form, defense counsel has informed plaintiff's counsel they could go to Queens Central Booking to review the original medical treatment of prisoner form, a one page document that merely lists that police officers were sending plaintiff to the hospital to be examined by medical professionals. Defendants also sent plaintiff's counsel six high resolution copies of the document on July 11, 2017. Defendants also told plaintiff's counsel could go to the 107th Precinct to inspect the original Command Log[1] for January 23, 2017. Instead of agreeing to these visits or suggesting other options, or even pointing out what exactly was illegible in the Command Log, plaintiff instead filed this motion for sanctions.[2]

      The two police officers being deposed this week are Sgt. Zaka Rehman and Lt. Richard Donovan. These two officers did not accompany plaintiff to the hospital, have no direct knowledge of any treatment she had been given, do not have the expertise to diagnose her medical condition, or any direct knowledge of the events plaintiff alleges transpired inside the 107th Precinct on January 22 or January 23, 2017. To suggest these non-party witnesses are

---

[1] The Command Log is a very large logbook that cannot be transported easily out of the precinct.
[2] Defense counsel states it will produce the documents in camera for the Court to review if the Court deems that necessary.

critical is disingenuous. To suggest the medical treatment of prisoner form is critical is also disingenuous. The document is one page, much shorter than the 12 pages of medical information provided by Queens General Hospital for plaintiff's visit to the hospital on January 23, 2017 and disclosed in defendants' initial disclosures dated April 15, 2016. The initial disclosures also contain plaintiff's online prisoner arraignment which notes that plaintiff complained of a thumb injury and was transported to Queens General Hospital by Officer Mendez.

The medical treatment of prisoner form states that plaintiff was taken to "QGH" (Queens General Hospital) on January 22, 2015 at 6 a.m. by Police Officer Mendez, who was deposed on June 22, 2017. It lists the number of the police vehicle Officer Mendez used to transport plaintiff. The document states that plaintiff complained of a swollen thumb and she was placed in leg shackles. In the remarks section of the document it states that "P c/o thumb injury requiring to go to Hosp." The second line of the document states that plaintiff went to "ER for thumb injury, X rays are normal. Thumb splinted due to tenderness and swelling." The document is date stamped January 23, 2015. The document is signed by Lt. Donovan on January 23, 2015 at 11:10 a.m.

Defense counsel apologizes for not asking for leave from the Court to produce "Central Booking Screening Form" late. Defense counsel expects to produce this document later today. Plaintiff never specified what form it was they were looking for only that such a form existed. It was only through the process of elimination were defendants able to determine that plaintiff may be referring to the Pre-Arraignment Screening form produced by the Department of Corrections at Queens Central Booking. This required a second release from plaintiff. Defendants told plaintiff's counsel they would have this document by the end of the week. Even so, this document would not be relevant to the depositions of Sgt. Rehman and Lt. Donovan as both do not work for the Department of Corrections and therefore would have no knowledge about what that document contains. As well, both officers do not work in the 107th precinct and therefore would have no knowledge about that precinct's Command Log.

As these witness are not critical as they have no direct knowledge of the events alleged in plaintiff's complaint, as the information in the medical treatment of prisoner form is legible and plaintiff was offered the opportunity to inspect the original but declined, and as plaintiff's request for the "Central Booking Screening Form" will be fulfilled by the end of the day, defendants ask the the Court to deny plaintiff's motion for sanctions.

Respectfully submitted,

Paul H. Johnson
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:   Baree N. Fett, Esq. (**via ECF**)
      *Attorney for Plaintiff*