

ZACHARY W. CARTER
Corporation Counsel

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

PAUL H. JOHNSON
phone: (212) 356-2656
fax: (212) 356-3509
pajohnso@law.nyc.gov

September 19, 2017

**VIA ECF**
Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
 for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: Martinez v. City of New York, et al.
      16-CV-0079 (AMD) (CLP)

Your Honor:

  I am the Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to represent defendants in the above-referenced matter. Defendants write in opposition to plaintiff's letter motion to compel production of documents as untimely as discovery has been closed in this matter since August 15, 2017 with the exceptions of the depositions of Police Officer James Seddio and Sgt. Joseph DiGennaro (See Docx. 67 and 68). Officer Seddio's deposition was taken on September 8, 2017 and Sgt. DiGennaro's deposition took place on September 19, 2017.

  The information sought by plaintiff is highly duplicative of material already produced by defendants and therefore there is no good cause to reopen discovery to obtain these materials. Plaintiff has deposed both police officers who drove plaintiff to the hospital. Plaintiff has deposed two officers from Queens Central Booking. It is unclear what plaintiff intends to prove with additional documentation other than the obvious: those defendants could not have assaulted plaintiff because they were not in the precinct at the same time. Further discovery in this matter at this point would be merely speculative. "When a party merely speculates as to what evidence would be produced upon further discovery, a court is correct in denying the party's request [*10] to allow more discovery" Harris v. Computer Assocs. Int'l Inc., 204 F.R.D. 44, 46 (E.D.N.Y. 2001). Defendants list their specific objections below:

1. **Unscheduled Overtime Reports, Overtime Analysis Reports and Court Attendance Records for defendants Weitzman and Forgione:** Defendants have produced overtime reports for Lt. Weitzman which showed that defendant Weitzman received six hours of overtime on the date in question. Defendants further state that the information requested regarding Lt. Weitzman is also duplicative of information recorded in the Command Log at Bates Stamp No. DEF004092, previously produced, that show his assignment for January 22, 2017.[1] Any further records would merely be duplicative. Plaintiff's counsel never met and conferred regarding their request for overtime records for Sgt. Forgione and therefore the request is untimely and improper. Plaintiff has defendant Forgione's memobook and knows exactly what time Sgt. Forgione entered and left the precinct. Sgt. Forgione also testified at his deposition that at no point did he leave the precinct during his tour. Defendants also object to the production of court attendance records as they are wholly irrelevant as neither defendants never testified they attended court and this is the first time defendants have heard this request. Plaintiff also never met and conferred as required under the rules for the production of any court attendance record documents. Therefore this request should be denied.
2. **Prisoner Movement Slip:** Defendants have searched for this document and have been unable to locate it. However, the information contained in this document is also recorded in the Online Prisoner Arraignment Form produced in defendants initial disclosures on April 16, 2016 at Bates Stamp Nos. DEF000005 through DEF000006.
3. **Records of "Live Scan" Electronic Fingerprint Machine:** Defendants state these documents are irrelevant, may not be preserved and would not produce additional produce information about the incident than what is already contained in plaintiff's medical records, pre-arraignment screening form and the deposition of the two officers who transported plaintiff from Queens Central Booking.
4. **Documentation of Defendant Weitzman's "CRV" Assignment:** Plaintiff states that they learned for the first time that Lt. Weitzman was assigned to the counterterrorism unit on the date in question. However this is not true. On May 8, 2017, in defendants' Seventh Supplemental Disclosures, defendants identified Police Officer Joseph Grisafi as Lt. Weitzman's driver and produced Officer Grisafi's memobook which showed he was assigned to drive Lt. Weitzman to his counterterrorism assignment on January 22, 2017. See, Bates Stamp Nos. DEF003616 through DEF003618. Further, defendants also disclosed the Command Log at Bates Stamp No. DEF004092 in June which also showed that Lt. Weitzman was assigned to counterterrorism on January 22, 2017.[2] Therefore further document requests regarding Lt. Weitzman's assignment would be duplicative and plaintiff's request should be denied.

---

[1] Plaintiff states that Lt. Weitzman testified in his deposition that he was not present in the precinct at the time of plaintiff's injury but this is incorrect. Defendant Wietzman testified simply that he arrived at the precinct at 11:45 a.m. on January 22, 2017, traveled to his assignment outside of the precinct and returned to the precinct at 2:30 a.m. on January 23, 2017. Sgt. Forgione testified at his deposition that his tour began at 2:50 p.m. on January 22, 2017 and ended at 12:30 a.m. on January 23, 2017. Defendants have maintained from the start of this litigation that plaintiff was not assaulted and that Lt. Weitzman and Sgt. Forgione had no involvement with plaintiff whatsoever. Discovery and depositions in this case show that **the defendants could not have been in the precinct at the same time** and thus could not in concert have assaulted plaintiff.

[2] Plaintiff states that the patrol guide creates an obligation for a retired officer to maintain custody of his memobooks after retirement. However, plaintiff confuses the meaning of "should" and "shall." The patrol guide states that "Upon retirement of a member of the service, or other separation from the Department, completed ACTIVITY LOGS should be maintained." Patrol Guide § 212-08. However, the use of the word "should" does not create any

5. **Inspection of Queens Central Booking Facility, along with Original Medical Treatment of Prisoner Form, Central Booking Command Log and Central Booking Sign In/Out Logbook from January 23, 2015:**
**The Weitzman CRV Documents:** Defendants object to this inspection as none of the incidents alleged in the lawsuit occurred at the facility and that discovery in this matter closed on August 15, 2017 except for the depositions of Police Officer James Seddio and Sgt. Joseph DiGennaro. For the same reason, defendants object to the inspection of the Central Booking Command Log. Plaintiff's deposed the officers who took plaintiff to the hospital, as well a Sergeant and a Lieutenant from Queens Central Booking. The inspection of the Queens Central Booking facility cannot be reasonably calculated to produce relevant evidence. Further, defendants produced the pre-arraignment screening form as well as medical records from plaintiff's hospital visit; inspection of the original medical treatment of prisoner form would be duplicative and unnecessary. Defendants already produced the Court Detention Pen Log at DEF4083 through DEF4089 which shows information regarding plaintiff's time in Queens Central Detention Pen, what officer was assigned to plaintiff, what time she entered the Queens Detention Pen and what time she left the Queens Detention pen. Any further information would be duplicative. Finally, none of the force allegations in this complaint took place inside the Queens Detention Center's holding pen.

For the above mentioned reasons, defendants request the Court deny plaintiff's motion to compel as discovery.

Thank you for the consideration of these matters.

Respectfully submitted,

Paul H. Johnson
*Assistant Corporation Counsel*
Special Federal Litigation Division

**VIA ECF**
Baree N. Fett, Esq.
*Attorney for Plaintiff*
305 Broadway, 14th Floor
New York, New York 10007

---

mandatory requirement for preservation. "Should" is a recommendation by the document writer. It allows the document holder to make their own judgment calls regarding the preservation of documents.