

GABRIEL P. HARVIS

BAREE N. FETT

December 11, 2017

<u>By ECF</u>
Honorable Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Martinez v. City of New York, et al.*, 16 CV 79 (AMD) (CLP)

Your Honor:

      I represent plaintiff in the above-referenced action. I write pursuant to the Court's order dated December 4, 2017 to respectfully submit a status report on behalf of the parties.

<u>Plaintiff's Statement</u>

      Following the show cause hearing on November 9, 2017, pursuant to the Court's instruction, counsel for plaintiff conferred with defense counsel and supervisory defense counsel regarding plaintiff's open discovery issues and plaintiff reduced those discussions to writing and transmitted them by email the same day. An exchange of emails followed, in which defendants agreed to provide certain additional discovery. The parties conferred by telephone on November 16, 2017, and defendants agreed to 1) produce additional categories of material; 2) make arresting officer Eric Ryan available for a deposition; and 3) reproduce, for limited deposition questioning, defendant Forgione and non-party retired Sergeant Digennero, subject to production of any material missing from those witnesses' prior examinations. The parties set a November 30, 2017 control date to discuss the status of defendants' production.

      On November 17, 2017 substitute defense counsel noticed his appearance. Plaintiff was given no notice that the case was being reassigned or contacted by defendants until November 29, 2017, when substitute counsel inquired as to whether plaintiff wished to proceed with the call previously scheduled for November 30th. Plaintiff replied affirmatively and the parties spoke on that date. New defense counsel, although appearing earnest, was unable to report on substantive progress regarding the disclosures defendants had previously agreed to make and, when pressed, would agree only to attempt to produce the outstanding material by December 18, 2017. During the November 30th call, the parties also set firm dates for the remaining depositions for the end of December.

Hon. Cheryl L. Pollak
Dec. 11, 2017

Plaintiff respectfully requests, given the prior proceedings in the action, that the Court set December 18th as the deadline for production of the following material subject to the parties' prior agreement as described above (and the Court's prior orders):

1. Missing Livescan login information (*see, e.g.,* DE #72);
2. Explanation and documentation regarding the notification for the end of defendant Weitzman's CRV tour on January 22, 2015;
3. Photographs and memo books of female Caucasian officers at the 107th Precinct overnight on January 22-23, 2015 (plaintiff expects to seek a deposition of this witness);
4. The results of a search by the New York City Department of Correction for plaintiff's prisoner movement slip (*see, e.g.,* DE #72);
5. The 107th Precinct prisoner roster for January 23, 2015, and any other documentation of plaintiff's presence in the precinct on that date;
6. The complete *James* file related to defendant Forgione in advance of his deposition; and
7. Identity of the officers who escorted plaintiff from the hospital to the 107th Precinct, along with their memo books (plaintiff expects to seek depositions of these witnesses).

Plaintiff respectfully takes issue with defendants' statement below. The matters defendants purport to raise as deficiencies were first brought to plaintiff's attention on Friday, December 8, 2017 and plaintiff has not had a fair opportunity to consider the requests or provide her position. Second, the facts as presented are inaccurate, inasmuch as plaintiff has promptly complied with all requests for releases and other information from the defense in this case. Indeed, defendants have produced medical records from various providers related to plaintiff's prior injuries obtained through releases she voluntarily executed as part of her disclosures. Third, as to several of the items on defendants' list, plaintiff believes the requests to be irrelevant and disproportional to the needs of the case, and plaintiff may seek a protective order once the parties have conferred. Plaintiff thus respectfully requests that defendants be required to complete the ordinary meet and confer process before seeking relief, in accordance with the Local and Federal rules.

Lastly, plaintiff learned for the first time in defendants' draft letter tonight that they now plan to move for summary judgment. This directly contravenes prior counsel's representation, memorialized on October 2, 2017, that defendants would not make a motion, given the basic disputes of fact defining this case. Defendants also disregard their failure to comply with the Court's order dated October 18, 2017, which required defendants to notify the Court by November 30, 2017 of their intention to file motions. *See* DE #75.[1]

---

[1] Plaintiff respectfully notes that she gave defendants several opportunities to withdraw their Footnote 3 after it was added in a final draft of this letter. Plaintiff's counsel each independently recall the November 30th phone call addressed in defendants' footnote, which was contemporaneously memorialized by both parties, and the conversation described by defendants simply never took place. Indeed, not only did prior defense counsel unequivocally represent that no motion would be made (acknowledging the core fact dispute), but

Hon. Cheryl L. Pollak
Dec. 11, 2017

<u>Defendants' Statement</u>

Over the last month, defendants have been working diligently to resolve all outstanding discovery issues. Although defendants anticipate being in a position to produce much of the information and documentation listed above by plaintiff by December 18, 2017, defendants respectfully request that plaintiff's request that a December 18, 2017 deadline be set for the production of those items be denied as, for the reasons explained below, that deadline is not practical for certain outstanding items.

For the sake of clarity, defendants address their position and the status of each of the plaintiff's above listed items below:

1. **Missing Livescan login information (*see, e.g.,* DE #72)**

   The parties agreed that defendants would inquire as to whether it was possible to obtain login information concerning which officers logged into the LiveScan system at the 107th precinct on the night of January 22, 2015. Defendants anticipate being in a position to respond to that inquiry by December 18, 2017.

2. **Explanation and documentation regarding the notification for the end of defendant Weitzman's CRV tour on January 22, 2015**

   The parties agreed that defendants would inquire as to the meaning of the notifications section within the CRV surge deployment document previously produced to plaintiff. Defendants are currently in the process of investigating the issue so that they may respond to that inquiry by December 18, 2017 however, upon information and belief, that particular detail/unit no longer exists so it may take more time to obtain a definitive response, if a definitive response can even be obtained. Other evidence, in the form of both documents and testimony, has already been produced concerning the timing, including the end, of defendant Weitzman's January 22-23, 2015 CRV detail.

3. **Photographs and memo books of female Caucasian officers at the 107th Precinct overnight on January 22-23, 2015 (plaintiff expects to seek a deposition of this witness)**

   Although the parties agreed that defendants would produce headshot photographs of female Caucasian officers during the time when plaintiff would have been fingerprinted, defendants did not agree that memo books for all of those officers would be produced. Rather, the parties agreed that, should plaintiff positively identify one of the female officers, then the relevant portions of the memo book for that particular officer will be produced. Defendants respectfully submit that the memo book entries of unidentified female officers are not relevant to this case and

---

plaintiff had no authority or inclination to excuse defendants of the deadline contained in the October 18th order, and it was never discussed at any time during the call. Plaintiff is troubled by defendants' misrepresentation.

Hon. Cheryl L. Pollak
Dec. 11, 2017

> are outside the scope of discovery. Defendants anticipate producing the headshot photographs by December 18, 2017.

4. **The results of a search by the New York City Department of Correction for plaintiff's prisoner movement slip (*see, e.g.,* DE #72)**

> Upon information and belief, the New York City Department of Correction is currently working on trying to locate the plaintiff's prisoner movement slip. Defendants hope to know the results of that search by December 18, 2017.

5. **The 107th Precinct prisoner roster for January 23, 2015, and any other documentation of plaintiff's presence in the precinct on that date**

> Defendants are currently in the process of obtaining the prisoner roster and hope to produce it by December 18, 2017 however it may take more time to obtain and produce this particular document. Other documentation concerning plaintiff's presence at the 107th precinct on January 23, 2015 has already been produced.

6. **The complete *James* file related to defendant Forgione in advance of his deposition**

> Assuming plaintiff is referring to the Internal Affairs Bureau file, defendants anticipate producing the file by December 18, 2017.

7. **Identity of the officers who escorted plaintiff from the hospital to the 107th Precinct, along with their memo books (plaintiff expects to seek depositions of these witnesses)**

> Defendants have informed plaintiff's counsel that, in order to identify these officers, plaintiff will need to provide detailed physical descriptions of the officers. This is because, after a diligent investigation, it appears that the only way to identify these officers is by reviewing the memo book entries of the officers on tour. In order to facilitate that process, and in order to avoid the identification process from being unduly burdensome, defendants require detailed physical descriptions of the officers in order to narrow the universe. Plaintiff's counsel agreed to inquire with plaintiff as to whether she could provide physical descriptions but defendants have not yet heard back. In addition, defendants explained that, depending on the results a current investigation to determine which officer(s) observed plaintiff punch and kick the walls at the precinct, thereby self-inflicting her alleged injuries, this may become a moot request.

In addition, the parties have also discussed a number of deficiencies concerning plaintiff's discovery responses, most of which relate to the issue of damages. In particular, plaintiff's counsel agreed to inquire with plaintiff, and supplement her discovery responses, as to the following:

1. Whether plaintiff received any relevant medical treatment prior to the alleged incident, including with respect to her hands, wrists and feet (and plaintiff has agreed to produce any pertinent medical releases, if any). Plaintiff's deposition testimony indicates that she did receive at least some relevant prior medical treatment however a requisite release has not yet been produced.

Hon. Cheryl L. Pollak
Dec. 11, 2017

2. Whether plaintiff currently receives Medicare and/or Medicaid (if yes, and if necessary, then defendants will demand an appropriate release).
3. Whether plaintiff has received or receives, or has applied for, social security disability (if yes, and if necessary, then defendants will demand an appropriate release).
4. Whether plaintiff has ever received workers compensation (if yes, and if necessary, then defendants will demand an appropriate release).
5. Whether plaintiff has ever received unemployment insurance (if yes, and if necessary, then defendants will demand an appropriate release).
6. Whether plaintiff has ever filed any prior lawsuits.[2]

The parties have further discussed plaintiff's position on damages, which plaintiff is currently evaluating. Defendants have explained that, based upon plaintiff's position, they may require and demand a release for plaintiff's employment records.

Lastly, defendants note that they intend to move for summary judgment following the close of discovery.[3]

Defendants thank the Court for its consideration.

Respectfully submitted,

Gabriel P. Harvis

cc: ACC Kavin Thadani, Esq.

---

[2] Contrary to plaintiff's statements above, the parties have already discussed each of these deficiencies and plaintiff's counsel acknowledged the relevance of the inquiries and explicitly agreed to inquire with plaintiff accordingly. Indeed, plaintiff's counsel earlier today represented that they would be supplementing their discovery responses to address these discovery deficiencies, stating that "plaintiff will be supplementing her prior discovery responses to respond to the issues defendants raised on 12/8/17." Defendants are not seeking any form of relief at this time but rather are merely apprising the Court of these outstanding issues in this joint status letter.

[3] Current defense counsel has never represented that defendants did not plan on moving for summary judgment and plaintiff's reference to a prior representation more than two months ago to the contrary is misleading as the representation, made in an e-mail drafted by plaintiff's counsel, concerns plaintiff's failure to intervene claim. With respect to the purported deadline to notify the Court of contemplated motions, current defense counsel spoke with plaintiff's counsel on November 30, 2017, prior to that deadline, as plaintiff explains above, and, during that call, defense counsel explicitly asked plaintiff's counsel whether it was their understanding that that deadline still stood or was subsequently superseded by subsequent orders. Plaintiff's counsel explained that it was their understanding that there was no active deadline concerning motions. Based upon that representation, and based upon the similar understanding of prior defense counsel, defendants did not at that time write to the Court to advise of their intent to file a motion for summary judgment following the close of discovery, but do so now.