UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
ROSIE MARTINEZ,

                Plaintiff,

         -against-

CITY OF NEW YORK *et al.*,

                Defendants.
------------------------------------------------------------ X

**ORDER**
16 CV 79 (AMD) (CLP)

**POLLAK**, United States Magistrate Judge:

On January 1, 2016, Rosie Martinez ("plaintiff") commenced this Section 1983 civil rights action against the City of New York (the "City") and John and Jane Doe 1 through 10 ("defendants"), seeking damages and attorney's fees and costs for unreasonable force, assault and battery, negligent hiring, intentional and negligent infliction of emotional distress, and failure to intervene in violation of 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments of the U.S. Constitution, and in violation of the Constitution of the State of New York.

On December 11, 2017, the parties filed a joint status report to advise the Court of their progress in discovery after the November 9, 2017 show cause hearing. (See Status Report, Dec. 11, 2017, ECF No. 82). The discovery disputes raised in the status report appear to involve the same issues that the Court has repeatedly addressed throughout the course of this litigation, but now presented through new counsel for defendants.

Given the extensive delay caused by defendants' handling of this matter of the past two years, the Court agrees with the plaintiff that it is reasonable to require defendants to produce the outstanding discovery materials by December 18, 2017. The Court has repeatedly directed the

1

defendants to produce the materials at issue, and it should come as no surprise that the Court expects defendants to adhere to the Court's prior rulings.

The defendants have objected to certain requests on the basis of undue burden, but they have failed to make any showing whatsoever that "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Courts "will scrutinize claims that the burden of producing requested information is disproportionate; and an unsupported burden objection is not a guaranteed protection against responding to discovery." 8 Charles A. Wright *et al.*, Federal Practice and Procedure § 2008.1 (3d ed. 2017 update). The party resisting discovery bears the burden of demonstrating not only that the discovery sought is burdensome or expensive, but also must "show that the burden or expense is unreasonable in light of the benefits to be secured from the discovery." Manning v. General Motors, 247 F.R.D. 646, 654 (D. Kan. 2007). Defendants "cannot rely on some generalized objections, but must show specifically how each request is burdensome . . . by submitting affidavits or some detailed explanation as to the nature of the claimed burden." Id. (citations and quotations omitted); accord Chen-Oster v. Goldman, Sachs & Co., 285 F.R.D. 294, 303-08 (S.D.N.Y. 2012) (recognizing that a specific and detailed showing of burden or expense is the starting point for the proportionality analysis under Rule 26).

The defendants may submit appropriate affidavits or other papers to meet their burden of demonstrating undue burden or expense by December 15, 2017 and the Court will consider whether defendants have met their burden; otherwise, the defendants shall respond to the discovery requests.

The status report also raises the issue of defendants' intent to file a motion for summary

judgment. (See Status Report at 2, 5). The "defendants note that they intend to move for summary judgment following the close of discovery." (Id. at 5). The defendants also note that "[c]urrent defense counsel has never represented that defendants did not plan on moving for summary judgment[.]" (Id. at 5 n.3). That current defense counsel, who only entered an appearance on November 17, 2017, did not represent that defendants would move for summary judgment is immaterial. The case does not start anew each time there is a change in attorney: the defendants and their new counsel remain bound by the agreements and stipulations made by prior counsel.

More importantly, plaintiff's arguments are grounded in the Court's prior Order, and not in an agreement among counsel. On October 18, 2017, the Court ordered that the defendants notify the Court by November 30, 2017 if they intend to file motions for summary judgment. (See Minute Entry, Oct. 18, 2017, ECF No. 75). Counsel for the defendants did not comply with the Order and made no indication that the defendants intended to move for summary judgment. It was not until just recently, after new counsel appeared to represent the defendants that the issue of a summary judgment motion was raised.

A court-ordered deadline "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The defendants have made no showing of good cause. Plaintiff is therefore correct that the defendants improperly seek to avoid this Court's prior Order. Nonetheless, the defendants are free to apply to the district court for leave to file a motion for summary judgment, but any such application must explicitly notify the district judge that defendants' request is untimely under the terms of this Court's prior Order and they shall set forth "good cause" for their untimely filing, so that the district judge can consider their request.

3

In order to facilitate the expeditious resolution of any outstanding discovery disputes not resolved by this Order, the Court has scheduled a status conference for **December 20, 2017 at 12:00 p.m.** in Courtroom 13B South.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
December 14, 2017

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York