UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
ROSIE MARTINEZ,

                Plaintiff,

         -against-

CITY OF NEW YORK *et al.*,

                Defendants.
---------------------------------------------------------- X

**ORDER TO SHOW CAUSE**
16 CV 79 (AMD) (CLP)

**POLLAK**, United States Magistrate Judge:

On January 1, 2016, Rosie Martinez ("plaintiff") commenced this Section 1983 civil rights action against the City of New York (the "City") and John and Jane Doe 1 through 10 ("defendants"), seeking damages and attorney's fees and costs for unreasonable force, assault and battery, negligent hiring, intentional and negligent infliction of emotional distress, and failure to intervene in violation of 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments of the U.S. Constitution, and in violation of the Constitution of the State of New York.

On November 2, 2017, plaintiff filed her motion for contempt based on the defendants' repeated and continued failure to comply with this Court's Orders and the obligations imposed by the Federal Rules of Civil Procedure.  (See Pl.'s Mot. for Contempt, Nov. 2, 2017, ECF No. 76).  In response to the motion for contempt, the Court issued an Order to Show Cause, in which:

> The Court observe[d] that plaintiff has been forced to bring at least eight motions to compel since this action was filed in January 2016. (See ECF Nos. 14, 18, 21, 49, 59, 61, 69, 73).  The Court has granted relief on at least part of each of those motions in over six Orders. (See ECF Nos.  20, 24, 54, 60, 72, 75).  This is the seventh Order the Court has been forced to issue due to defendants' continued failure to comply with their discovery obligations.

(Order to Show Cause, Nov. 3, 2017, ECF No. 78).

1

The Court held a hearing on the motion for contempt on November 9, 2017.  (See Minute Entry, Nov. 9, 2017, ECF No. 80).  Despite serious concerns about defendants' handling of discovery in this case, the Court denied the motion for contempt without prejudice to renew.  (See id.)

On December 21, 2017, plaintiff filed a motion for sanctions in which she explains that defendants had finally made the disclosures the Court had ordered over the course of the litigation.  (See Pl.'s Mot. for Sanctions at 2, Dec. 21, 2017, ECF No. 85).  Those disclosures, however, have "thrown the case into disarray, profoundly changed the landscape of the litigation to plaintiff's prejudice, and revealed that the Law Department never conducted any legitimate investigation of the events, in spite of this Court's orders and defense counsel's repeated representations."  (Id.)  Plaintiff further suggested that "defendants' lack of disclosure may have been a tactical effort to frustrate plaintiff's timely assertion of her claims," as another court in the Eastern District previously found.  (Id. at 4 (citing DaCosta v. City of New York, No. 15 CV 5174, 2017 WL 5176409, at *26 (E.D.N.Y. Nov. 8, 2017) (Weinstein, J.)).

In their response, defendants suggest that plaintiff is somehow to blame for their failure to make disclosures of information that was within their possession, custody and control, as required by the Court's Orders and the Federal Rules of Civil Procedure.  (See Defs.' Resp., Dec. 26, 2017, ECF No. 87).  Defendants further submit that their defiance of the Court's Orders was actually to plaintiff's benefit, because some of the information disclosed could, if accepted by the trier of fact, be construed to question the validity of plaintiff's claims.  (See id.)

In light of the issues raised and exhibits presented in defendants' response, the Court invited the plaintiff to file a reply and to submit any discovery materials relevant to the issues raised by the defendants.  (See Electronic Order, Dec. 28, 2017).  Plaintiff filed her reply

conditionally under seal on December 30, 2017.  (See Pl.'s Reply, Dec. 30, 2017, ECF No. 90-1).  Plaintiff also filed almost 750 pages of exhibits under seal in support of her reply.  (See Exhibits to Reply, Dec. 30, 2017, ECF No. 91).

The papers submitted in connection with plaintiff's motion for sanctions raise grave concerns about how the defendants and their counsel have conducted themselves throughout the course of this litigation.  The submissions are even more troubling in light of the numerous Orders this Court has issued over almost two years, which it seems defendants and their counsel very well may have ignored or actively defied, even after the Court issued the November 3, 2017 Order to Show Cause why they should not be held in contempt.  After reviewing the submissions, the Court determines that there is good reason to issue the following Order:

The defendants and their counsel, including the New York City Law Department, are therefore **ORDERED TO SHOW CAUSE** before this Court at the hearing scheduled for **January 3, 2018 at 2:30 p.m.** why the Court should not enter sanctions against them and why they should not be held in contempt for repeated failure to obey this Court's Orders.

Defendants and their counsel are specifically put on notice that the Court is considering the full panoply of sanctions available under Rules 11, 16(f), 26(g), and 37 of the Federal Rules of Civil Procedure, up to and including imposing monetary sanctions, recommending entry of default judgment, and treating as contempt the failures to obey the Court's orders, as well as ordering the payment of reasonable expenses caused by such failures.  See, e.g., Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii), (C).  The Court will also consider whether the defendants and their counsel should be held in contempt for their failures to obey the Court's Orders under both the Federal Rules of Civil Procedure and the Court's inherent power.  See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991).

Plaintiff's motion to file under seal offered the parties' protective order as the sole reason that the reply should be filed under seal.  (See Pl.'s Mot. for Leave to File Under Seal, Dec. 28, 2017, ECF No. 89; Pl.'s 2d Mot. for Leave to File Under Seal, Dec. 30, 2017, ECF No. 90; see also Stipulation of Confidentiality and Protective Order ¶ 8, Jan. 5, 2017, ECF No. 38).  Review of the reply suggests that the issues raised therein, as well as the issues presented by the exhibits for which leave to file under seal was previously granted, may be of significant public interest and therefore should be filed on the public docket.  The parties are therefore further **ORDERED TO SHOW CAUSE** why the Court should not Order that plaintiff's reply be filed on the public docket and why the Court should not Order that exhibits relevant to its decision on the motion for sanctions should be unsealed.

Defendants' counsel is Ordered to serve a copy of this Order to Show Cause on each defendant.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated:  Brooklyn, New York
       December 31, 2017

                                        /s/ Cheryl L. Pollak
                                        Cheryl L. Pollak
                                        United States Magistrate Judge
                                        Eastern District of New York

4