

**ZACHARY W. CARTER**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY  10007

**KAVIN THADANI**
*Senior Counsel*
phone: (212) 356-2351
fax: (212) 356-3509
email: kthadani@law.nyc.gov

January 4, 2018

**BY ECF**
Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

    Re: <u>Martinez v. City of New York, et al.</u>, No. 1:16-cv-00079-AMD-CLP

Your Honor:

  I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendants City of New York, Jason Forgione and Jason Weitzman in the above-referenced matter.  Defendants write in response to the Court's Order directing defendants to submit a letter regarding the Court's authority to equitably toll the statute of limitations with respect to a potential non-party defendant.  *See* Docket No. 93.

  As an initial matter, as discussed at the January 3, 2018 conference, defendants acknowledge that certain documents, particularly the investigative file concerning plaintiff's alleged injuries, should have ideally been discovered and produced to plaintiff much earlier on in this litigation.  Defendants also respectfully note that the statute of limitations with respect to plaintiff's federal claims will not expire until later this month, on January 23, 2018.

  Defendants have been unable to identify any authority expressly permitting the Court to equitably toll the statute of limitations with respect to a potential non-party defendant at this exact stage of litigation, prior to the statute of limitations expiring and before a potential defendant is named.[1]

---

[1] At the January 3, 2018 conference, counsel for defendants mistakenly believed that the Court may have such authority however, upon further review, the authority defense counsel was

However, equitable tolling has been found to be appropriate in cases where issues in the litigation have frustrated a party's ability to pursue claims. *See, e.g., Yahraes v. Rest. Assocs. Events Corp.*, No. 10-cv-935 (SLT) (SMG), 2011 U.S. Dist. LEXIS 23115, at *2 (E.D.N.Y. Mar. 8, 2011). In light of the timing of the production of the investigative files in this case, it appears that the Court could, at the appropriate stage, likely find that the statute of limitations should be equitably tolled. *See, e.g., Baroor v. N.Y. City Dep't of Educ.*, 362 F. App'x 157, 159 (2d Cir. 2010) (noting that equitable tolling is appropriate where plaintiff has acted with reasonable diligence and where plaintiff was prevented from exercising her rights in some extraordinary way); *Iavorski v. United States INS*, 232 F.3d 124, 129 (2d Cir. 2000) ("A statute of limitations may be tolled as necessary to avoid inequitable circumstances.").

In addition, if it pleases the Court, should plaintiff seek to amend her complaint to name one or more additional defendants after the expiration of the applicable statute of limitations, and should those defendants be represented by the Office of the Corporation Counsel, the Office of the Corporation Counsel agrees that it will not assert a statute of limitations defense on behalf of such defendants regarding any claims that could not have otherwise been timely asserted but for the recent production of the investigative files produced to plaintiff on December 18 and 21, 2017. Defendants would respectfully propose that a period of three months after the expiration of the applicable statute of limitations would be appropriate.[2]

Thank you for your consideration.

Respectfully,

/s/ Kavin Thadani_____

Kavin Thadani
Senior Counsel
Special Federal Litigation Division

cc: **BY ECF**
Gabriel Harvis, Esq.
Baree Fett, Esq.
*Attorneys for Plaintiff*

---

relying upon in making that representation concerned the City of New York agreeing to extend the statute of limitations concerning claims brought specifically against it.

[2] The Office of the Corporation Counsel expressly reserves the right to assert any other applicable defenses on behalf of any such defendants.