UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
ROSIE MARTINEZ,

                Plaintiff,

         -against-                               **ORDER**
                                           16 CV 79 (AMD) (CLP)

CITY OF NEW YORK *et al.*,

                Defendants.
------------------------------------------------------------ X
**POLLAK**, United States Magistrate Judge:

      On December 30, 2017, plaintiff renewed her request for leave to file her reply papers in support of her motion for sanctions under seal. (See Pl.'s 12/30/2017 Renewed Motion to File Under Seal at 1, ECF No. 90). The only reason offered in support of the motion to seal is that paragraph 8 of the parties' Stipulation of Confidentiality obligates the plaintiff to seek to file under seal any materials designated as "confidential." (See Pl.'s 12/28/2017 Motion to File Under Seal at 1, ECF No. 89 (citing Stipulation of Confidentiality and Protective Order ¶ 8, Jan. 5, 2017, ECF No. 38).

      This Court has previously observed that "although it is true that a protective order may provide guidance to the parties regarding what documents it might be appropriate to seal and how such documents should be presented to the Court, the decision to allow documents to be filed under seal in connection with motions and court proceedings is a wholly separate inquiry governed by a different standard than whether to maintain documents disclosed in discovery in confidence." Johnson v. Federal Bureau of Prisons, No. 16 CV 3919, 2017 WL 5197143, at *3 (E.D.N.Y. Nov. 9, 2017). To determine whether it is appropriate to allow documents to be filed under seal, courts engage in a two-part inquiry.

1

First, the court decides how strong a presumption of access a document deserves with reference to its role in the judicial process. Next, the court will "balance the weight of that presumption, if any, with competing interests, namely, the private interests and concerns of judicial efficiency and law enforcement, to determine whether or not to seal a document." Cumberland Packing Corp. v. Monsanto Co., 184 F.R.D. 504, 506 (E.D.N.Y. 1999).

A "judicial document" is one that is presented to the Court and "relevant to the performance of the judicial function and useful in the judicial process." United States v. Amodeo ("Amodeo I"), 44 F.3d 141, 145 (2d Cir. 1995). Such documents are presumptively subject to public inspection and thus not properly sealed. See id. at 146. The presumption of access that attends judicial documents stems both from the common law tradition and from the Constitution: "[a]s the exercise of Article III [judicial] powers is a formal act of government, it should be subject to public scrutiny absent exceptional circumstances." Cumberland Packing Corp. v. Monsanto Co., 184 F.R.D. at 505.

In contrast to judicial documents, "[d]ocuments that play no role in the performance of Article III functions . . . lie entirely beyond the presumption's reach . . . and stand on a different footing than a motion filed by a party seeking action by the court or . . . any other document which is presented to the court to invoke its powers or affect its decisions." United States v. Amodeo ("Amodeo II"), 71 F.3d 1044, 1050 (2d Cir. 1995) (emphasis added) (citations and quotation marks omitted).

The Court has reviewed plaintiff's Reply and has determined that good cause to file the Reply under seal is lacking. The Reply was presented to the Court in connection with a motion for sanctions that resulted in this Court's Recommendation that dispositive sanctions be imposed on the defendants. (See generally 1/25/2018 Report and Recommendation, ECF No. 100). The

document is therefore subject to the presumption of public access. No party has offered, and the Court is unable to discern, any competing interests, let alone interests that would defeat the public's presumptive right of access.

The Court therefore concludes that it would be improper to allow plaintiff's Reply to be filed under seal. Plaintiff's motion is denied, and plaintiff's counsel is directed to file the Reply on the public docket.[1]

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
January 26, 2018

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

---

[1] The Court previously granted plaintiff's request for leave to file the exhibits to her Reply under seal on the basis of plaintiff's description of the confidential nature of those documents. (See Pl.'s 12/28/2017 at 1, ECF No. 89; 12/28/2017 Electronic Order). Although today's Order determines only that the Reply letter should be filed on the public docket, either party should submit a letter if they believe the exhibits should be unsealed in light of subsequent proceedings.