

GABRIEL P. HARVIS
BAREE N. FETT

January 28, 2018

BY ECF
Honorable Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Martinez v. City of New York, et al.*, 16 CV 79 (AMD) (CLP)

Your Honor:

      I represent plaintiff in the above-referenced action. I write to respectfully request that the Court unseal the exhibits filed at DE #91 in connection with plaintiff's reply in support of her motion for sanctions (filed at DE #90-1 and, publicly, at DE #102).

      As described in the Court's order dated January 26, 2018, the sole basis for plaintiff's application to seal the exhibits (filed at DE #89 and renewed at DE #91) was the designation of the material as confidential during discovery. *See* DE #101 at p. 1. At this juncture, however, good cause for continued sealing is lacking.

      Initially, plaintiff respectfully notes that Exhibits 1-2, 5-9, 11-18, 20, 22 and 27-29 were not designated confidential by defendants, and the only confidential aspect to those documents is plaintiff's medical information, which she consents to disclose subject to redactions for privacy and relevance (*see also* Fed. R. Civ. P. 5.2).

      Plaintiff respectfully submits that Exhibits 3-4, 10, 19, 21 and 23-25, designated confidential by defendants, are nevertheless "judicial documents" presumptively subject to public access by virtue of their presentation to the Court in support of plaintiff's sanctions motion and the Court's reliance on them in its Report and Recommendation dated January 24, 2018. *See* DE #101 at p. 2 (citing *United States v. Amodeo*, 44 F.3d

Hon. Cheryl L. Pollak
Jan. 28, 2018

141, 145-46 (2d Cir. 1995) and *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 505-506 (E.D.N.Y. 1999)).

  If it should please the Court, the documents have already been heavily redacted by defendants, eliminating any concern that an officer's home address or other sensitive information would be revealed, and plaintiff submits that strong public interests support unsealing. *See*, *e.g.*, *In re Application of Nat'l Broad. Co.*, 635 F.2d 945, 952 (2d Cir. 1980) ("The presumption [of public access] is especially strong in a case like this where the evidence shows *the actions of public officials,* both the defendants and law enforcement personnel.") (emphasis added); *King v. Conde*, 121 F.R.D. 180, 189 (E.D.N.Y. 1988) (Weinstein, J.) ("Lawfulness of police operations is a matter of great concern to citizens in a democracy and [confidentiality] must not be granted without that public interest in mind.").

  Indeed, the essence of the sealed information is already appropriately in the public domain through plaintiff's sanctions motion and the Court's recommendations. *See* DE ##100, 102. Plaintiff respectfully submits that where, as here, the issues concern the conduct of government agents and their attorneys, it is especially vital that the public be granted access to the source materials underlying the exercise of Article III powers. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").

  Accordingly, plaintiff respectfully requests that the Court unseal the exhibits filed at DE #91 and order them refiled on the public docket, subject to appropriate redaction of plaintiff's medical records and in compliance with Fed. R. Civ. P. 5.2.

  Thank you for your consideration of this request.

Respectfully submitted,

Baree N. Fett

cc: ACC Kavin Thadani, Esq.