

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**ZACHARY W. CARTER**
*Corporation Counsel*

**KAVIN THADANI**
*Senior Counsel*
phone: (212) 356-2351
fax: (212) 356-3509
email: kthadani@law.nyc.gov

January 29, 2018

**BY ECF**
Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>Martinez v. City of New York, et al.</u>, No. 1:16-cv-00079-AMD-CLP

Your Honor:

I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendants in the above-referenced matter. Defendants write to respectfully oppose plaintiff's motion to unseal the exhibits filed in connection with plaintiff's reply motion for sanctions. *See* Docket No. 103. Specifically, defendants oppose the unsealing of Exhibits 3, 4, 24 and 25.

As an initial matter, although plaintiff claims in her letter motion that defendants designated these documents "confidential," in fact the parties explicitly agreed that "confidential materials," by definition, included "New York City Police Department ("NYPD") personnel and disciplinary-related records, and records of investigations regarding the conduct of Members of Service of the NYPD conducted by the NYPD, the Civilian Complaint Review Board, or other agencies." Stipulation of Confidentiality and Protective Order at ¶ 2, Docket No. 38. The parties both further agreed that such materials were "inappropriate for public disclosure" and both sought to ensure "that the confidentiality of these documents and information remains protected." Stipulation of Confidentiality and Protective Order, Docket No. 38. The Court endorsed the Stipulation of Confidentiality and Protective Order that plaintiff now seeks to avoid. *See id.*

"Where there has been reasonable reliance by a party . . . a District Court should not modify a protective order granted under Rule 26(c) 'absent a showing of improvidence in the

grant of [the] order or some extraordinary circumstance or compelling need.'" *SEC v. TheStreet.com*, 273 F.3d 222, 229 (2d Cir. 2001) (quoting *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 296 (2d Cir. 1979)). Indeed, it is "presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *Id.* at 230. The Second Circuit has, therefore, "been hesitant . . . to permit modifications of protective orders in part because such modifications unfairly disturb the legitimate expectations of litigants." *Id.*

Plaintiff asserts that the 29 exhibits she filed in connection with her reply motion for sanctions constitute "judicial documents" which are "presumptively subject to public access by virtue of their presentation to the Court in support of plaintiff's sanctions motion and the Court's reliance on them in its Reports and Recommendation." Docket No. 103 at 1.

However, "[i]n this Circuit, to qualify as a 'judicial document' subject to a presumptive right of public access, 'the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'" *United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 134 (2d Cir. 2017) (citation omitted).

"[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995); s*ee also, e.g., Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 166-67 (2d Cir. 2013) ("Here, of course, the entire contempt proceeding was, in some sense, about the Report. But this in itself is not sufficient to find the Report a judicial document. The mere fact that a dispute exists about . . . a document . . . or that a party seeks to sanction another party for disclosing portions of a . . . document, cannot ipso facto create a presumption of access. . . . [S]uch a rule would bootstrap materials that are not closely related to judicial proceedings into judicial documents.").

"[D]ocuments that play no role in the performance of Article III functions, *such as those passed between the parties in discovery*, lie entirely beyond the presumption's reach and stand on a different footing than a motion filed by a party seeking action by the court, or, indeed, than any other document which is presented to the court to invoke its power or affect its decisions." *SEC v. TheStreet.com*, 273 F.3d 222, 232 (2d Cir. 2001) (emphasis in original); *see also, e.g., Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139-40 (2d Cir. 2016) ("In determining whether a document is a judicial record, we evaluate the 'relevance of the document's specific contents to the nature of the proceeding' and the degree to which 'access to the [documents] would materially assist the public in understanding the issues before the . . . court, and in evaluating the fairness and integrity of the court's proceedings.'") (citation omitted).

Defendants specifically oppose the unsealing of Exhibits 3, 4, 24 and 25 to plaintiff's reply motion for sanctions, all of which were produced by defendants to plaintiff and deemed confidential pursuant to the parties' Stipulation of Confidentiality and Protective Order.

Exhibit 4 contains excerpts of the Civilian Complaint Review Board file pertaining to allegations concerning non-party Danny Rivera and not the plaintiff. Moreover, this file was not

the subject of plaintiff's motion for sanctions insofar as plaintiff did not assert that it was untimely produced. As a result, this file has no bearing on plaintiff's motion for sanctions, or even plaintiff's allegations to this lawsuit, and should not be unsealed.

Exhibits 24 is a file pertaining to an evidence discrepancy concerning the ***undercounting*** of the number of glassines found in plaintiff's apartment. Exhibit 25 is a file pertaining to alleged missing / stolen property, as alleged by plaintiff and non-party Danny Rivera, concerning the execution of the search warrant that led to their arrests and convictions. Neither of these files directly relate to plaintiff's motion for sanctions, which was triggered by the disclosure of documents concerning the investigation conducted after plaintiff allegedly injured herself at the precinct by punching and kicking the walls, or even to plaintiff's claims, at least as asserted at the time the documents were produced. As a result, these exhibits should not be unsealed.

Upon information and belief, Exhibit 3 contains audio files related to the above-referenced investigations and, therefore, should likewise not be unsealed.[1]

Moreover, plaintiff's motion for sanctions related to the recent disclosure of certain documents, not to the substance of the documents themselves. As such, defendants respectfully submit that, pursuant to controlling Second Circuit precedent, unsealing is improper.[2]

Accordingly, defendants respectfully oppose plaintiff's motion to unseal Exhibits 3, 4, 24 and 25, which were filed in connection with plaintiff's reply motion for sanctions.

Thank you for your consideration.

Respectfully,

/s/ Kavin Thadani

Kavin Thadani
Senior Counsel
Special Federal Litigation Division

cc:   **BY ECF**
Gabriel Harvis, Esq.
Baree Fett, Esq.
*Attorneys for Plaintiff*

---

[1]   It is unclear based upon the access provided by plaintiff to defendants which specific audio files are contained in the exhibit disc.

[2]   Furthermore, as plaintiff notes, "the essence of the sealed information is already appropriately in the public domain through plaintiff's sanctions motion and the Court's recommendations," Docket No. 103 at 2. However, plaintiff has failed to explain why the full contents of the investigative files should be unsealed in light of the agreed upon and Court-endorsed Stipulation of Confidentiality and Protective Order.