

GABRIEL P. HARVIS
BAREE N. FETT

February 8, 2018

BY ECF
Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Martinez v. City of New York, et al.*, 16 CV 79 (AMD) (CLP)

Your Honor:

  I represent plaintiff in the above-referenced civil rights action. I write to respectfully reply to defendants' objections to the Report and Recommendation of the Honorable Cheryl L. Pollak dated January 24, 2018 ("R&R").

  If it should please the Court, defendants' objections underscore the need for severe sanctions in this case. *See Martinez v. City of New York*, 16 CV 79 (AMD) (CLP), 2018 WL 604019, *25 (E.D.N.Y. Jan. 24, 2018) ("[D]efendants and their counsel have repeatedly insisted that they have complied fully with the Court's Orders and their discovery obligations.…Such a disingenuous claim indicates willfulness and weighs in favor of severe sanctions.") (citing *Chowdhury v. Hamza Express Food Corp.*, 308 F.R.D. 74, 83 (E.D.N.Y. 2015)).

  Defendants' tone is striking for its lack of deference; their objections fail to address, let alone countervail, the Magistrate Judge's thoughtful R&R and numerous detailed findings. Indeed, without even citing to the R&R, defendants offer only a vague and conclusory rehashing of arguments considered and thoroughly rejected by the Magistrate. Under such circumstances, the R&R may be reviewed for clear error, rather than *de novo*. *LG Capital Funding, LLC v. Coroware, Inc.*, 16 CV 2266 (AMD), 2017 WL 3973921, *2 (E.D.N.Y. Sept. 8, 2017) ("A party's objections must be specific; where a party makes only conclusory or general objections, or simply reiterates [the]

Hon. Ann M. Donnelly
Feb. 8, 2018

original arguments, the Court reviews the [R & R] only for clear error.…Moreover, the district court is permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted). In *Mitchell Grp. USA, LLC v. Udeh*, this Court reviewed and adopted a Magistrate's recommendation that default judgment be imposed: "The defendants make the same arguments they made in their memorandum opposing the plaintiffs' motion for default judgment, which Judge Orenstein already considered and rejected. Accordingly, the Court reviews that part of the R & R for clear error." 14 CV 5745 (AMD), 2017 WL 3208532, *1–2 (E.D.N.Y. July 28, 2017) (citations omitted).

      Here, plaintiff respectfully requests, given the defective nature of defendants' objections, that the thorough and well-reasoned R&R be reviewed for clear error and adopted in its entirety. *See Dunkin' Donuts Franchised Restaurants, LLC v. 1700 Church Ave. Corp.*, 07 CV 2446 (CBA), 2009 WL 799949, *1 (E.D.N.Y. Mar. 24, 2009) ("Because the Magistrate Judge is in the best position to 'judge the entire atmosphere of the discovery process,' *Bogan v. Northwestern Mut. Life Ins. Co.,* 144 F.R.D. 51, 53 (S.D.N.Y. 1992), decisions of a Magistrate Judge on discovery matters are entitled to substantial deference.").

      Thank you for your consideration of this request.

Respectfully submitted,

Baree N. Fett

cc:    ACC Kavin Thadani, Esq.