UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
ROSIE MARTINEZ,

                                Plaintiff,

                     - against –

CITY OF NEW YORK *et al.*,

                               Defendants.
---------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

16-cv-079 (AMD) (CMP)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ APR 1 8 2018 ★

BROOKLYN OFFICE

**ANN M. DONNELLY**, District Judge.

The plaintiff filed this Section 1983 civil rights action against the City of New York on January 7, 2016. On December 21, 2017, after the close of discovery,[1] the plaintiff moved for Rule 37 sanctions against the City of New York in connection with the City's discovery practices. (ECF No. 85.) In an Order to Show Cause, Magistrate Judge Cheryl M. Pollak directed the City to explain why she should not order sanctions for its failure to follow her discovery orders. After a hearing on January 3, 2018, Judge Pollak issued a report and recommendation ("R&R"), recommending that I impose sanctions against the City. On March 1, 2018, I held a hearing on the plaintiff's motion for sanctions. For the reasons that follow, I adopt Judge Pollak's report and recommendation in part.

## BACKGROUND

The essence of the plaintiff's claim is that following her arrest in connection with narcotics sales out of her apartment, officers in the 107th precinct assaulted her, causing injury to

---

[1] The defendants argue that fact discovery was still open when they produced this latest discovery; I agree with Judge Pollak that fact discovery was closed. (ECF No. 100 at 63.)

1

her hand. The plaintiff's complaint included claims of excessive force, and state law claims of assault and battery, intentional and negligent infliction of emotional distress, and negligent hiring, training and retention claims.

The details of the litigation are spelled out in Judge Pollak's thorough and compelling R&R. A review of the City's conduct in this case reflects a combination of significant investigative lapses, and either utter disregard for or incomplete responses to Judge Pollak's discovery orders; as detailed in Judge Pollak's opinion, the defendants violated her orders at least 14 times. Among other things, the defendants failed to turn over documents in connection with investigations involving the plaintiff's arrest, detectives' follow-up reports, and at least one officer's disciplinary history. Moreover, the City's attorney failed to interview certain witnesses, or to make a reasonable inquiry to determine the identities of the officers who came in contact with the plaintiff. As Judge Pollak observed, the City's approach to discovery was premised, at least in part, on their view of the case, which was that the plaintiff injured herself, and that discovery requests contrary to that view were mere distractions. Finally, in late December of 2017, nearly two years after the lawsuit was filed, and just a month before the expiration of the statute of limitations, the City turned over more than a thousand pages of previously undisclosed material, which revealed the existence of at least three investigations, including one by the Internal Affairs Bureau, into the circumstances surrounding the plaintiff's arrest. In addition, the City disclosed for the first time that a precinct captain had interviewed the plaintiff. (ECF No. 100 at 31-32.)

Judge Pollak concluded that the defendants' dereliction called for a severe sanction. She recommended that I either strike the defendants' answer, or grant summary judgment for the plaintiff on the issue of liability. In addition, she recommended a financial sanction. In the

alternative, Judge Pollak recommended that the defendants be precluded from relying upon the newly disclosed information at trial.

## STANDARD OF REVIEW

In considering a magistrate judge's report and recommendation, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b).

When a magistrate judge makes a recommendation that is dispositive of a party's claim, the district judge must review *de novo* any part of the magistrate judge's decision to which a party properly objects. Fed. R. Civ. P. 72(b)(3). The court may adopt any sections of the magistrate's report to which a party did not object, as long as the magistrate's decision was not "facially erroneous." *Markey v. Lapolla Indus., Inc.*, No. 12-cv-4622-JS-AKT, 2016 WL 324968, at *3 (E.D.N.Y. Jan. 26, 2016) (citation omitted).

## DISCUSSION

Judge Pollak found that the City willfully violated discovery orders, and recommended that I strike the defendants' pleadings or grant summary judgment for the plaintiff. In the alternative, Judge Pollak recommended that I preclude the defendants from using any of the belatedly disclosed evidence at trial, and that I require the City (but not the individual defendants) to pay the plaintiff's reasonable expenses, including attorneys' fees, caused by the City's non-compliance. (ECF No. 100 at 78.) The City objects, and argues that no sanction of any kind should be imposed.

Rule 37(b)(2)(A) allows a court to impose sanctions on parties who fail to obey discovery orders. The rule permits the court in such situations to "issue further just orders," and lists possible sanctions, including striking the pleadings, entering a default judgment against the

3

"disobedient party," ordering that "the matters embraced in the order or other designated facts be taken as established," and "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A); *see also Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) ("[A]ll litigants . . . have an obligation to comply with court orders . . . and failure to comply may result in sanctions, including dismissal with prejudice.") (internal quotation marks and citations omitted) (alternations in the original). The sanctions must be commensurate with the party's non-compliance. *See Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 140 (2d Cir. 2007); *Sentry Ins. A Mut. Co. v. Brand Management, Inc.*, 295 F.R.D. 1, 5 (E.D.N.Y. 2013). "The sanction of dismissal is a drastic remedy that should be imposed only in extreme circumstances, usually after consideration of alternative, less drastic sanctions." *Shcherbakovskiy*, 490 F.3d at 140; *see also Mahon v. Texaco Inc.*, 122 Fed.Appx. 537, 538 (2d Cir. 2005) (summary order).

The defendants contend that they did not violate Judge Pollak's orders. They also say that the plaintiff has not been prejudiced by the late disclosure, and that Judge Pollak's recommended sanction would result in an unjustifiable windfall for the plaintiff. (ECF No. 107 at 13-26.)

The defendants' first argument – that they did not violate any discovery orders – is decisively refuted by the record. The plaintiff made multiple requests for basic information – officers' identities, disciplinary records, medical treatment forms, DD5s, fingerprint forms – all of which Judge Pollak directed the defendants to provide.[2] The City either ignored these orders or provided belated or incomplete responses to them, at least 14 times. The defendants, like any

---

[2] I do not address the substance of any of Judge Pollak's discovery orders, other than to say that they were entirely reasonable.

4

party to a civil case, had three options: follow the orders, move to reargue, or appeal to the district judge. The option that the defendants chose in many instances – ignoring or providing insufficient answers – is simply unacceptable. Judge Pollak concluded that there was insufficient evidence that the defendants were acting in bad faith, but there is no question that their conduct was willful. It may be true, as the defendants argue, that much of the newly discovered material supports their defense. Nevertheless, as public servants representing the government, they had a higher obligation, which includes conducting a reasonable investigation. *See DaCosta, v. City of New York*, No. 15-cv-5174-JBW, 2017 WL 5176409, at *22 (E.D.N.Y. Nov. 8, 2017). The record shows that the defendants fell far short of the mark in this case, and that a sanction is warranted.[3]

The issue before me is what sanction is appropriate under these circumstances. In recommending that judgment be entered in favor of the plaintiff, Judge Pollak identified five consequences of the defendants' dereliction. First, the disclosure was made well after the close of discovery and a month before the expiration of the statute of limitations, leaving the plaintiffs little time to add additional defendants or claims. Second, Judge Pollak concluded that the content of the disclosures changed the case in dramatic fashion. Third, Judge Pollak found that the passage of time could very well have affected witnesses' memories, to the plaintiff's detriment. Fourth, the defendants' multiple failures to identify evidence and witnesses required the plaintiff to expend time and money that would have been unnecessary had the defendants done what they were supposed to do, and that the belated disclosures will require additional depositions of multiple witnesses. Finally, Judge Pollak concluded that a severe sanction was

---

[3] Before Judge Pollak and in their papers, the City insisted that they had complied with or "rightfully objected" to Judge Pollak's orders. At the March 1st oral argument, the City's attorneys took a far more conciliatory tone, acknowledged the shortcomings in their approach, and represented that Judge Pollak's recommendation has caused them to re-examine their discovery practices.

necessary as a deterrent. (ECF No. 100 at 61-64.)

The landscape has changed somewhat in the months since Judge Pollak issued her R&R. The plaintiff filed an amended complaint naming additional defendants and adding additional causes of action, and the City has agreed not to interpose a statute of limitations defense. (ECF No. 95.)[4] As Judge Pollak observed, the behavior in this case was, in her long experience in this court, an aberration, and the lawyers representing the City "are hard-working, knowledgeable[,] ... responsive to court orders, and dedicated to providing quality representation to their clients." (ECF No. 100 at 74.) I agree with Judge Pollak that the City's conduct in this case, while aberrant, has been egregious. However, I conclude at this stage of the litigation that there are less drastic sanctions available.

First, I agree with Judge Pollak that the City (but not the individual defendants) must pay the plaintiff's reasonable expenses, including attorneys' fees, caused by the defendants' noncompliance.[5] This is consistent with Rule 37(b)(2)(C), which provides that the court "must order the disobedient party ... to pay the reasonable expenses, including attorney's fees, caused by the failure [to comply], unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). "The burden is on the violator" to show that the failure was justified or that circumstances make the award unjust. *See Ingenieria Esterella, S.A. v. Morisseau*, No. 14-cv-1463, 2015 WL 5794334, at *3 (E.D.N.Y. Sept. 30, 2015) (citing *Novak v. Wolpoff & Abramson LLP*, 536 F.3d 175, 178 (2d Cir. 2008)).

---

[4] In the event the defense were to raise statute of limitations defenses related to this late discovery, I will consider equitable tolling of the statute of limitations.

[5] I agree with Judge Pollak that the plaintiff's counsel must submit a detailed list of fees and expenses incurred as a result of the defendants' conduct, including, but not limited to, the costs and fees expended in having to file and attend conferences and hearings to adjudicate the motions to compel and for sanctions, and for any depositions that were unnecessary in light of the recent disclosures, or which will have to be reopened. The parties are to confer regarding the amount of the award of fees and expenses. If they are unable to reach a resolution, they should seek Judge Pollak's guidance within 14 days of this Order. (*See* ECF No. 100 at 77.)

As explained above, the defendants have not satisfied this burden.

Judge Pollak recommended as an alternative that I preclude the defendants from using the newly discovered material at trial. The defendants respond that this sanction is also too drastic; they say that the late disclosure was inadvertent, that they ultimately did disclose, and that because the materials corroborate the defense, the plaintiff was not prejudiced. (ECF No. 107 at 28.) After careful consideration, I respectfully decline to impose this sanction at this stage of the litigation. The disclosed materials deal largely with the City's defense, of which the plaintiff has been aware since early in the litigation. However, given the fluid nature of litigation, I will reconsider the sanction of preclusion if appropriate. *See also Lodge v. United Homes, LLC*, 787 F.Supp.2d 247, 259 (E.D.N.Y. 2011) ("Before the extreme sanction of preclusion may be used . . . a judge should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses.").[6]

Judge Pollak was appropriately concerned with the possibility that some witnesses might claim failure of memory due to the passage of time. (ECF No. 100 at 61.) Should that prove to be true, I will consider additional appropriate sanctions.[7]

## CONCLUSION

As explained above, I adopt Judge Pollak's R&R in part. The City is to pay all reasonable expenses incurred as a result of the defendants' discovery failures; these expenses include fees associated with additional depositions of witnesses who have already been deposed, depositions of newly identified witnesses, and attorneys' fees in connection with depositions and

---

[6] The plaintiff has added additional claims, including Section 1983 claims of conspiracy, denial of access to the courts, and deprivation of due process, and may choose to use the material for impeachment purposes at trial, so some of the material may come into evidence in any event. (Tr. 4:44-45.)

[7] One witness whose name arose in the belatedly disclosed materials – Captain Matthew D. Hanrahan – died shortly after the plaintiff filed this lawsuit. The plaintiff's counsel, however, agreed at oral argument that the defendants' discovery failure did not play a role in the plaintiff's inability to depose this witness.

7

the sanctions motion. I will consider additional appropriate sanctions and curative measures at trial.

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
April 18, 2018