

GABRIEL P. HARVIS
BAREE N. FETT

May 9, 2018

BY ECF
Honorable Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Martinez v. City of New York, et al.*, 16 CV 79 (AMD) (CLP)

Your Honor:

I represent plaintiff in the above-referenced action. I write to respectfully request an award of attorney's fees and costs pursuant to the orders dated January 24, 2018 and April 18, 2018. If it should please the Court, plaintiff also respectfully requests an award of fees in connection with preparing the instant application.

In its Report and Recommendation dated January 24, 2018 ("R&R"), this Honorable Court thoughtfully analyzed the prior proceedings and found them "marked by an unprecedented and disturbing pattern of delay and failure to comply" with discovery obligations and Court orders by defendants, amounting to "a systemic failure on the part of the NYPD and possibly [defense] counsel." 2018 WL 604019, *23, 34 (E.D.N.Y. Jan. 24, 2018). In arriving at its decision to impose sanctions on the defendants, the Court catalogued "repeated and numerous violations and examples of noncompliance" by the defense, spanning two years, which were held to be willful. *Id.* at *26, 28.

The Court described plaintiff's efforts as "herculean" and the prejudice she suffered as "obvious," "egregious" and "overwhelming." *Id.* at *28-29 ("This case presents a clear instance of a plaintiff who acted diligently through her counsel…"); *id.* at *35 (discussing the possibility of imposing sanctions under 28 U.S.C. § 1927 "in light of the conduct at issue and the significant resources expended both by plaintiff and the Court…").

Hon. Cheryl L. Pollak
May 9, 2018

Among the remedies included in the R&R, and one adopted in its entirety by the Honorable District Judge, was an award to plaintiff for the attorney's fees and costs associated with defendants' noncompliance:

> [T]he Court therefore respectfully recommends that the City of New York, but not the individual defendants, be held responsible and be required to pay plaintiff's reasonable expenses, including attorney's fees, caused by the defendants' non-compliance. It is further recommended that plaintiff's counsel submit a detailed list of fees and expenses which they contend were incurred unnecessarily as a result of defendants' conduct, including but not limited to the costs and fees expended in having to file and attend conferences and hearings held to adjudicate the numerous motions to compel and for sanctions, and for any depositions that were unnecessary in light of the recent disclosures or which will have to be reopened. The parties are directed to confer in order to reach an agreement regarding the amount of the award of fees and expenses and to seek Court intervention if they should be unable to resolve the total amount within fourteen days of the district court's decision with respect to the Court's Report and Recommendation.

*Id.*; *report and recommendation adopted in pertinent part,* 2018 WL 1835935, *3 & n.5 (E.D.N.Y. Apr. 18, 2018) ("...I agree with Judge Pollak that the City (but not the individual defendants) must pay the plaintiff's reasonable expenses, including attorneys' fees, caused by the defendants' noncompliance.").[1]

Within one week of the Court's April 18th order, plaintiff's counsel carefully and diligently reviewed the contemporaneous billing records, and prepared and forwarded an invoice for time and expenses counsel reasonably believed fell within the purview of the Court's ruling. Those billing records are annexed hereto as Exhibit 1.

Defendants responded for the first time a week later, on the day of the parties' deadline, May 2, 2018. Defendants made no offer, but instead emailed what they described as a "mark-up" of plaintiff's invoice, striking 71% of the time entries and over

---

[1] Plaintiff respectfully notes that Your Honor has the authority to award costs for discovery abuses. *Martinez*, 2018 WL 604019 at *34 & n.26.

Hon. Cheryl L. Pollak
May 9, 2018

97% of plaintiff's out-of-pocket costs. *See* Annotated Billing, annexed hereto as Exhibits 2 and 3.

Plaintiff was disheartened, but, in the best of faith, sought to confer in an attempt to reach agreement if possible and avoid burdening the Court. It became clear that defendants had little familiarity with the scope of the R&R or the degree to which its cost-shifting recommendations had been adopted. For reasons that defendants could not articulate, they took the position, consistent with their mark-up, that even activities held in the R&R to be specifically necessary to overcome willful disobedience were somehow non-compensable. *Compare, e.g.*, Exhibit 2 at p. 1-2 (striking all work related to briefing and arguing motions to compel discovery and officer photographs) *with Martinez*, 2018 WL 604019 at *34 ("By mid-August [2016], defendants had not identified the officers, nor had they produced the photographs previously ordered by the Court….Defendants' failure to comply with this Court's Orders to identify officers and produce photographs was not the only time defendants failed to produce discovery or simply ignored this Court's Orders."). As another example, defendants acknowledged the Court's explicit ruling that plaintiff recover costs related to depositions that were unnecessary or needed to be reopened, *id.* at *35, and understood that plaintiff was re-opening each of the depositions, but were nevertheless unwilling to compensate plaintiff as to *any* depositions. *See* Exhibit 3 (Annotated Expense Report).

When defendants finally made an offer, today, they proposed that plaintiff accept a small fraction of the amount requested for the sanctions to settle the entire action.

Governing Standard

> Courts employ the "lodestar" method in calculating reasonable attorneys' fees, multiplying the number of hours reasonably spent by counsel on the matter by a reasonable hourly rate. Although there is a strong presumption that this amount represents a reasonable fee, the resulting lodestar figure may be adjusted based on certain other factors…Among the factors considered by the court in determining whether a fee is reasonable are: (1) the difficulty of the matter; (2) the nature and extent of the services rendered; (3) the time reasonably expended on those services; (4) the quality of performance by counsel; (5) the qualifications of counsel; (6) the amount at issue; and (7) the

Page 3

> results obtained. Although the fee must be sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case, the exact determination of what constitutes such a reasonable fee in a particular case is within the district court's discretion…It is also settled law that the fee applicant 'bears the burden of ... documenting the appropriate hours expended and hourly rates.

*John v. Demaio*, 15 CV 6094 (NGG) (CLP), 2016 WL 7469862, *3 (E.D.N.Y. Sept. 29, 2016), *report and recommendation adopted,* 2016 WL 7410656 (E.D.N.Y. Dec. 22, 2016) (quotation marks, citations and brackets omitted); see *Nicholson v. Williams*, 00 CV 2229 (JBW) (CLP), 2004 WL 4780498, *2 (E.D.N.Y. Apr. 5, 2004), *opinion amended and supplemented* (June 2, 2004) (discussing potential upward adjustment to lodestar) (citing *Quaratino v. Tiffany & Co.,* 166 F.3d 422, 425 (2d Cir. 1999)).

## An Upward Departure is Warranted and $500 Per Hour is Appropriate

If it should please the Court, plaintiff respectfully encloses declarations from plaintiff's counsel, attesting to their qualifications, as Exhibits 4 and 5 to this application. Plaintiff's counsel further respectfully submits that the herculean effort required to overcome defendants' intransigence in this case, taken together with counsel's skill, experience and reputation, warrants an "upward departure" such that the lodestar is calculated at a rate of $500 per hour.[2,3] See *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 562 (2010) ("[W]hen superior attorney performance leads to exceptional success an enhanced award may be justified…") (Breyer, J., concurring) (internal citations and quotation marks omitted) (collecting cases).

---

[2] Plaintiff's counsel is hopeful that the Court's supervision of the litigation and its familiarity with plaintiff's counsel's work is sufficient to allow the Court to sustain the proposed rate. It if would assist the Court, plaintiff can provide such supplemental briefing and attorney declarations as the Court requires.

[3] As reflected in Exhibit 1, in addition to limiting the invoice to work related to overcoming defendants' non-compliance, plaintiff's counsel also reduced travel time to 50% of the proposed hourly rate and, *ex ante,* billed all administrative tasks at $75, an accepted rate in this district.

Hon. Cheryl L. Pollak
May 9, 2018

### The Costs Billed are Compensable

    Plaintiff respectfully submits that the time and expenses billed are compensable under the R&R as adopted. Counsel's billing records were carefully reviewed – and over 160 hours of attorney time billable to the matter was excluded from the invoice – in an effort to judiciously fulfill the Court's order. Plaintiff respectfully submits that the detailed time entries provided are sufficiently precise and reasonable that defendants should be ordered to pay the full amount of fees and costs as billed.

    Plaintiff further respectfully requests that the undersigned be compensated, under these circumstances, for 4.5 hours of work on the instant application. *See John*, 2016 WL 7469862 at *11 ("By not settling the attorneys' fees issue, [defendant] was put on notice that time spent by counsel in seeking fees would become a component of reasonable attorney's fees.") (quotation marks and citations omitted).

    Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

Encl.

cc:    ACC Kavin Thadani, Esq.