UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

ROSIE MARTINEZ,

                          Plaintiff,

              -against-

CITY OF NEW YORK, et al.,

                          Defendants.

------------------------------------------------------------x

**DECLARATION OF BAREE N. FETT IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS**

16 CV 79 (AMD) (CLP)

BAREE N. FETT declares, pursuant to 28 U.S.C. § 1746, as follows:

1.      I represent plaintiff in the above-captioned action. I am familiar with the facts and circumstances concerning the prosecution of this action, and I submit this declaration in support of plaintiff's application, pursuant to the Court's orders dated January 24, 2018 and April 18, 2018, for an award of attorney's fees and out-of-pocket costs.

## ATTORNEY BACKGROUND AND EXPERIENCE

2.      I graduated *magna cum laude* from Arizona State University and received my Juris Doctorate from Arizona State University, Sandra Day O'Connor College of Law. While in law school, I was on the Moot Court Board and was selected as a William H. Pedrick Scholar based on academic achievement.

3.      I am an attorney admitted to practice law in the States of New York, New Jersey (inactive status) and Arizona (inactive status) and in the United States

District Courts for the Southern and Eastern Districts of New York and the District Courts for the Districts of New Jersey and Arizona. I was admitted to practice law in Arizona in 1997 and in the State of New York and the Southern and Eastern Districts in 1999.

4.      From 1999 through 2006, I worked as an associate at the Law Offices of Alan J. Rich, Esq. I litigated cases on behalf of plaintiffs, primarily in civil rights matters involving discrimination based on disability, sexual orientation and race.[1]

5.      My experience in handling civil rights litigation while working with Mr. Rich includes the following matters, among others:

a.      *Minichiello v. Supper Club*, 296 A.D.2d. 350 (1st Dep't 2002) (sexual orientation discrimination trial, where jury awarded $20 million in compensatory and punitive damages; reversed and remanded on appeal);

b.      *Morsette v. The Final Call*, 309 A.D.2d 249 (2003), (1st Dep't 2003) (trial of libel action against the official newspaper for the Nation of Islam; jury awarded compensatory damages of $640,000 and punitive damages in the amount of $700,000; award remitted and remanded, in part, on appeal);

c.      *Wasser v. DFA*, No. 102930/1998 (New York County discrimination action brought against Manhattan restaurant on behalf of a man with Muscular Dystrophy. Restaurant staff made plaintiff leave the restaurant because his wheelchair was blocking other customers.  Following my opening statement, defendants proffered their first settlement offer and the matter settled immediately thereafter);

d.      A series of cases in which I represented deaf plaintiffs whose rights were violated under the Americans with Disabilities Act by institutions including area hospitals. I litigated these cases in the Eastern and Southern Districts of New York seeking monetary and injunctive relief. The equitable relief obtained

---

[1] I left Mr. Rich's office in 2006 during my first pregnancy.

in some of these cases included requiring hospitals to provide deaf patients with access to effective communication through the use of qualified sign language interpreters. *Freydel v. New York* Hospital, 97 CV 7926 (SHS), 2000 WL 10264 (S.D.N.Y. Jan. 4, 2000)*, aff'd*, 242 F.3d 365 (2d Cir. 2000); *Naiman v. New York University*, 95 CV 6469 (LMM), 1997 WL 249970 (S.D.N.Y. May 13, 1997) (settled for $527,000 and injunctive relief); *Bravin v. Mount Sinai Medical Center*, 58 F.Supp.2d 269 (S.D.N.Y. 1999); *Loeffler v. Staten Island University Hospital*, 95 CV 4549 (SJ), 2007 WL 805802 (E.D.N.Y. Feb. 27, 2007), *reversed and remanded*, 582 F.3d 268 (2d Cir. 2009); and

e.     *Velez v. QVC, et al.*, 227 F.Supp.2d 384 (E.D.Pa 2002) (trial of § 1981 and Title VII claims).

6.     I was appointed Assistant Corporation Counsel for the City of New York in 2007 and began working in the Special Federal Litigation Division of the New York City Law Department.

7.     While at the Law Department, I defended the City of New York and individual police officers in approximately 120 false arrest, malicious prosecution and/or excessive force cases in the Southern and Eastern Districts, conducting a jury trial, engaging in motion practice, as well as negotiating high profile settlements, including in the following matters:

a.     *Dixon v. Ragland*, 03 CV 826 (LTS) (defense verdict in excessive force trial before the Honorable Laura Taylor Swain);

b.     *Walker v. Shaw*, 08 CV 10043 (CM), 2010 WL 2541711 (S.D.N.Y. June 23, 2010) (favorable decision on motion to dismiss § 1983 claims);

c.     *Wallace v. Fontanez*, 09 CV 8650 (LAK) (Docket Entry 13) (dismissing the majority of plaintiff's claims pre-answer);

d.     *McBean, et al. v. City of New York*, 02 CV 5426 (GEL) (defended the City of New York and its correction department, along with a team of City

lawyers, in a class action which challenged strip search practices on Rikers Island); and

e.   *Robinson v. City of New York*, 09 CV 7446 (LTS) (high profile case involving inmate death on Rikers Island).

8.   In 2011, I was promoted to a supervising "team leader" and named Senior Counsel within the Special Federal Litigation Division. As a team leader, I was responsible for supervising a team of staff attorneys litigating § 1983 cases in the federal courts.

9.   I oversaw all aspects of my team members' cases, including litigation strategy, motion practice, court appearances and the negotiation of settlements. In addition to handling an individual caseload, I also supervised approximately 200 § 1983 matters litigated by attorneys at the New York City Law Department.

10.   In August 2012, I re-entered private practice, joining Gabriel P. Harvis as a partner in the law firm now known as Harvis & Fett LLP. My practice consists of representing plaintiffs in § 1983 civil rights cases in the federal courts, and I have recently begun to focus on wrongful conviction litigation. *See e.g. Hincapie v. City of New York*, 18 CV 3432 (PAC) (RWL); *Hamilton v. City of New York*, 15 CV 4574 (CBA) (SJB).

11.   I have appeared as counsel of record in approximately 148 civil rights cases in the Southern and Eastern Districts of New York and, with Mr. Harvis, have tried *Lucas v. Port Authority* to a plaintiff's verdict before the Honorable Colleen

McMahon in the Southern District of New York. 12 CV 3096 (CM). In 2018, I had the honor of trying *Cordero v. City of New York*, before the Honorable Judge Jack B. Weinstein in the Eastern District of New York. 15 CV 3436 (JBW) (CLP). That case resulted in a defense verdict, with a motion for a new trial pending.

12.    I have taught several continuing education courses. While at the Law Department I lectured at a Continuing Legal Education seminar on the topic of § 1983 discovery practice. Within the last few years, I have also lectured at CLE presentations on federal § 1983 litigation to attorneys at the officers of the Legal Aid Society and Brooklyn Defender Services.

13.    I am currently the Chair of the Civil Rights Section of the Federal Bar Association, Southern District of New York Chapter. In that capacity, I have presented the continuing legal education course: FOIL: How to Effectively Use FOIL in Civil Rights Cases & How to Handle Standard FOIL Denials. In the last year, my committee also presented a panel discussion entitled: *The Section 1983 Plan: A Four-Year Review*.

## NUMBER OF HOURS EXPENDED

14.    The undersigned respectfully refers the Court to Harvis & Fett's billing records, annexed as Exhibit 1 to plaintiff's motion for costs, which were

contemporaneously made and document the time spent in response to defendants' discovery malfeasance.

## THE REQUESTED HOURLY RATE OF $500 IS REASONABLE

15.     On behalf of plaintiff, I seek to recover attorney's fees at the hourly rate of $500 for my work in this matter. In making this request I have assessed the rates of other attorneys like myself who have been admitted to the New York Bar over nineteen years and who have attained a similar level of expertise in the area of civil rights in general, and police misconduct matters in particular. *See Bailey v. Pataki*, 08 CV 8563 (JSR), 2016 WL 3545941, *6 (S.D.N.Y. June 16, 2016) (awarding hourly rates of $550 to attorneys with 10 years of experience, and $600 to those with more in a § 1983 action); *Demonchaux v. Unitedhealthcare Oxford*, 10 CV 4491 (DAB), 2014 WL 1273772, *7 (S.D.N.Y. Mar. 27, 2014) (awarding hourly rates of $600 for a partner and $500 for a senior associate in ERISA action); *Asare v. Change Grp. of New York, Inc.*, 12 CV 3371 (CM), 2013 WL 6144764, *19 (S.D.N.Y. Nov. 18, 2013) ($750 per hour for partner, $500 for senior associate, in FLSA action); *In re Nissan Radiator/Transmission Cooler Litig.*, No. 10 CV 7493 (VB), 2013 WL 4080946, at * 17 (S.D.N.Y. May 30, 2013) ($795 per hour for partner and $675 for associate in a products liability class action); *Barbour v. City of White Plains*, 788 F. Supp. 2d 216, 225 (S.D.N.Y. 2011) (awarding rate of $625 to

experienced civil rights litigator); *DeCurtis v. Upward Bound Intern., Inc.*, 09 CV 5378 (RJS), 2011 WL 4549412, *7 (S.D.N.Y. Sept. 27, 2011) ($550 for a partner in labor and employment litigation); *Adorno v. Port Auth. of NY & NJ*, 685 F. Supp. 2d 507, 513-14 (S.D.N.Y. 2010) ($550 per hour for partner in civil rights litigation); *LV v. New York City Dep't of Educ.*, 700 F. Supp. 2d 510, 519 (S.D.N.Y. 2010) ($600 per hour a reasonable rate for experienced litigators in an IDEA class action); *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 546 (S.D.N.Y. 2008) (awarding $600 per hour partner in employment discrimination case); *Robinson v. City of New York*, No. 05 CV 9545 (GEL), 2009 WL 3109846, at *5 (S.D.N.Y. Sept. 29, 2009) ($500 per hour for a partner in employment litigation case); *Rodriguez v. Pressler & Pressler, LLP*, 06 CV 5103 (BMC) (JO), 2009 WL 689056, at *1 (E.D.N.Y. Mar. 16, 2009) ($450 per hour for partner in civil rights case); *In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, 589 (S.D.N.Y. 2008) (approving rates ranging from $700 to $750 per hour in a securities fraud case)).

16.     An hourly rate for my services was set in the case *Shabazz v. City of New York*, 14 CV 6417 (GHW) (S.D.N.Y. Dec. 2, 2015) (ECF No. 53). However, the *Shabazz* court did not conduct an independent lodestar analysis in connection with my hourly rate, which it set at $350. *See* Docket Entry No. 53 at p. 6. Instead, the

*Shabazz* court capped my hourly rate at the lodestar rate of lead counsel (who has considerably less experience) on the basis that I had only performed a small fraction of the legal work (approximately 6%). *Id.*

17.     In *John, et al. v. DeMaio, et al.*, 15 CV 6094 (NGG) (CLP), this Court set my rate at $350. In setting that rate, the Court relied, in part, on the non-complex nature of the litigation, noting that: 1) the matter settled before any disputes arose, 2) there was no motion practice; and 3) no depositions were conducted. Indeed, the *John* plaintiffs accepted a Rule 68 offer of judgment to resolve the matter some six months after filing their complaint. I respectfully submit, that the *Martinez* litigation could not be more different than the *John* matter and, as such, a $500 hourly rate is appropriate under the circumstances.

18.     The undersigned respectfully submits that application of the lodestar calculation to my experience and reputation will provide a result consistent with my requested $500 hourly rate, especially given the important litigation my firm has conducted since the *John* decision. *See Cordero v. City of New York, 15 CV 3436 (JBW) (CLP); McCoy v. City of New York, 16 CV 1636 (AMD) (VMS); Vasquez v. City of New York, 15 8270 (ER) (S.D.N.Y)*; *see also Townes v. City of New York*, No. 12 CV 3201 (BMC), 2013 WL 153726, at *1 (E.D.N.Y. Jan. 15, 2013) ("It would be ill-advised to place too much weight on the determination of one or two

other district court or magistrate judges in other cases in determining the reasonable hourly rate of a particular lawyer in a particular case, even one as experienced in reviewing fee applications as Judge Go.").

19.    Plaintiff seeks compensation for attorney time devoted to paralegal-level tasks at the rate of $75 per hour, which is a reasonable rate in this district. *See, e.g., NYC Firefighters*, 2013 WL 5542459 at *8 (awarding a paralegal rate of $90 per hour).

20.    Attached hereto as pp. 26-27 of plaintiff's Exhibit 1 are copies of the firm's expense report for advanced client costs within the purview of the Court's sanctions orders, along with underlying receipts. I request that plaintiff  be compensated for these costs.

Dated: New York, New York
        May 9, 2018

_____
Baree N. Fett