**ZACHARY W. CARTER**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY  10007

**KAVIN THADANI**
*Senior Counsel*
phone: (212) 356-2351
email: kthadani@law.nyc.gov

May 16, 2018

**BY ECF AND MAIL**
Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Re:    <u>Martinez v. City of New York, et al.</u>, No. 1:16-cv-00079-AMD-CLP

Your Honor:

I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendant City of New York ("City") in the above-referenced matter.  Defendant writes in response to plaintiff's letter motion for attorneys' fees and costs.  *See* Docket No. 137.

### A.  The Court's April 18, 2018 Order

On April 18, 2018, the Court ordered defendant City to "pay the plaintiff's ***reasonable expenses***, including attorneys' fees, caused by the defendants' noncompliance" with the Court's Orders.  *See* Docket No. 113 at 6 (emphasis added).  The Court stated that such a sanction was "consistent with Rule 37(b)(2)(C), which provides that the court 'must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure [to comply].'"  *Id.* (quoting Fed. R. Civ. P. 37(b)(2)(C).

The Court further delineated the recoverable expenses between ***past*** fees and costs, which plaintiff now seeks by this motion, and ***prospective***, or future, fees and costs, and provided guidance as to what categories of expenses were recoverable under the Order.  With respect to past fees and costs, the Court ordered defendant City to pay plaintiff her expenses associated with "having to file and attend conferences and hearings to adjudicate the motions to compel and for sanctions, and for any depositions that were unnecessary in light of the recent disclosures."  Docket No. 113 at 6 n.5.  With respect to prospective fees and costs, the Court ordered defendant to pay plaintiff her expenses associated with "additional depositions of witnesses who have already been deposed" and "depositions of newly identified witnesses."  *Id.* at 7.

Defendant City recognizes the significance of the Court's Order and has carefully reviewed plaintiff's fees and costs invoices with an understanding that the Court was specific about what is recoverable and did not intend for a blank check to be written to plaintiff's counsel.  Accordingly, defendant City, in good faith, made a substantial and reasonable opening offer of $40,000 to plaintiff to resolve past fees and costs.  In response, plaintiff proceeded to file the present motion.

### B. Reasonable Hourly Rate

Although they have routinely, and just recently, been awarded rates of no greater than $350 an hour, plaintiff's counsel, Gabriel Harvis and Baree Fett, assert that, here, "an upward departure is warranted" and seek an hourly rate of $500. However, nowhere in the Order does the Court provide for such an "upward departure." Instead, the Court ordered defendant City to pay plaintiff's *reasonable* expenses.

It is well-settled that, in calculating reasonable hourly rates, "the district court should look to what a '*reasonable, paying client*, who wishes to pay the *least amount necessary* to litigate the case effectively' would be willing to pay." *Finkel v. Omega Commun. Servs.*, 543 F. Supp. 2d 156, 164 (E.D.N.Y. 2008) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. City of Albany*, 484 F.3d 162, 164 (2d Cir. 2007) (emphasis added).

As explained, courts in the Eastern District of New York, and even the Southern District of New York, have just recently found that $350 an hour is a *reasonable* hourly rate for plaintiff's counsel's work. *See, e.g., John v. Demaio*, No. 15 CV 6094 (NGG) (CLP), 2016 U.S. Dist. LEXIS 136339, at *12-19 (E.D.N.Y. Sep. 29, 2016) (Pollak, J.) ($350 hourly rate for Ms. Fett); *Shabazz v. City of New York*, No. 1:14-cv-6417-GHW, 2015 U.S. Dist. LEXIS 161728, at *4-10 (S.D.N.Y. Dec. 2, 2015) ($350 hourly rate for both Mr. Harvis and Ms. Fett).[1,2]

Mr. Harvis asserts that, in *Campbell v. City of New York*, a Southern District of New York case, he was awarded $400 per hour. *See* Declaration of Gabriel P. Harvis in Support of Motion for Attorneys' Fees and Costs (Docket No. 137-4) ("Harvis Decl.") at ¶ 27. However in *Shabazz*, the court found that "[a]lthough plaintiff contends that another court in this district court more recently found a rate [of] $400 per hour to be reasonable for Mr. Harvis . . . that overstates the court's finding in *Campbell*," explaining that "the [*Campbell*] court did not expressly find that this rate was reasonable for an award of attorney's fees for Mr. Harvis, and the Court did not award attorney's fees for Mr. Harvis at the $400 per hour rate." *Shabazz*, 2015 U.S. Dist. LEXIS 161728, at *8.[3]

---

[1] To the extent that plaintiff relies on *Cordero v. City of New York*, No. 15 CV 3436 (JBW) (CLP), to justify a higher rate, such reliance is misplaced as, in *Cordero*, the parties resolved fees and costs without Court intervention and no hourly rate, let alone a rate of $425 an hour, was ever agreed upon or established.

[2] It should also be noted that, although both Mr. Harvis and Ms. Fett seek the same hourly rate of $500, at least Ms. Fett has stated that Mr. Harvis "has considerably less experience" than her. Declaration of Baree N. Fett in Support of Motion for Attorney's Fees and Costs (Docket No. 137-5) ("Fett Decl.") at ¶ 16.

[3] Mr. Harvis also appears to exaggerate much of his prior litigation experience. By way of example, Mr. Harvis asserts that he "was selected to handle the high-profile matter of *Carmichael v. City of New York*," Harvis Decl. at ¶ 9, however, upon information and belief, Mr. Harvis was assigned to that litigation for a period of just two months (of a nine year litigation), and his work amounted to little more than filing a notice of appearance and a two page letter response to a motion for an extension of time to complete discovery. *See* Docket Nos. 65, 70, *Carmichael v. City of New York*, No. 1:06-cv-01913-NGG-VVP. By way of further example,

Since *John*, courts in the Eastern District of New York have routinely and consistently awarded attorneys of comparable skill and experience to plaintiff's counsel rates of $350 an hour and lower in civil rights cases. *See, e.g., Cooper v. Dieugenia*, No. 14-CV-6136 (PKC), 2018 U.S. Dist. LEXIS 76800, at *6-7 (E.D.N.Y. May 7, 2018) ($325 hourly rate in civil rights case for "a partner who was been admitted to practice for 26 years and has eight years of specialized litigation experience in police misconduct matters"); *Silva v. City of New York*, No. 15-CV-6965 (WFK)(ST), 2017 U.S. Dist. LEXIS 76786, at *6-8 (E.D.N.Y. May 18, 2017) ($300 hourly rate in civil rights case for attorney who "has been practicing law for 32 years" and "has extensive litigation experience, including litigation over 80 civil rights matters in this District and 115 in the Southern District of New York"); *Coley v. City of New York*, No. 15 CV 5132 (KAM)(LB), 2016 U.S. Dist. LEXIS 180742, at *7-12 (E.D.N.Y. Dec. 30, 2016) ($325 hourly rate in civil rights case for attorney who "has litigated civil rights actions for over twelve years").

Accordingly, defendant City respectfully submits that plaintiff's counsel is entitled to a reasonable hourly rate of $350.

### C. Reasonable Fees and Costs

As explained above, with respect to past fees and costs, the Court ordered defendant City to pay plaintiff her reasonable fees and costs caused by the defendants' noncompliance with the Court's Orders, such as "having to file and attend conferences and hearings to adjudicate the motions to compel and for sanctions, and for any depositions that were unnecessary in light of the recent disclosures." Docket No. 113 at 6 n.5. However, although plaintiff claims she has excluded over 160 hours of attorney time, even a cursory review of plaintiff's invoices, which total nearly $180,000, indicates that plaintiff seeks recovery for essentially all litigation work since May 27, 2016, when defendant City served its initial discovery responses.

For example, plaintiff has sought recovery of approximately $105,000 for the following:

1. Fees and costs related to depositions of defendants Forgione and Weitzman (*see, e.g.,* Plaintiff Exhibit 1 (Docket No. 137-1) at ECF pages 7, 13, 26), whom plaintiff alleges assaulted her: approx. 19.9 hours (approx. $13,385 in fees and costs)[4]
2. Fees and costs related to depositions of individuals plaintiff later named as defendants on January 23, 2018 (*see, e.g., id.* at ECF pages 10-13, 26): approx. 17.4 hours (approx. $11,293 in fees and costs)

---

Mr. Harvis contends that he was "selected for assignment to the large *McBean* class action" and "worked approximately 1,127 hours on *McBean*," Harvis Decl. at ¶ 7, however a settlement was reached in *McBean* by July 2015, before Mr. Harvis began working at the New York City Law Department, and he never formally appeared in the case thereafter. *See* Docket No. 75, *McBean v. City of New York*, No. 1:02-cv-05426-JGK-THK.

[4] To the extent that plaintiff asserts that these or any other depositions need to be re-opened, the Court has already provided for prospective recovery for necessary "additional depositions of witnesses who have already been deposed." Docket No. 113 at 7.

3. Fees and costs related to depositions of non-party witnesses (*see, e.g., id.* at ECF pages 7, 9-10, 12, 16, 26-27): approx. 18.4 (approx. $11,498 in fees and costs)
4. Fees related to scheduling depositions (*see, e.g., id.* at ECF pages 5-7, 13, 16, 18-20): approx. 2.3 hours (approx. $1,150)
5. Fees related to reviewing discovery responses and document productions (*see, e.g., id.* at ECF pages 1-3, 5, 7-8, 12, 14-15, 17, 19-20): approx. 32.5 hours (approx. $16,250)
6. Fees related to amending the complaint (*see, e.g., id.* at ECF pages 5, 22-23): approx. 15.5 hours (approx. $7,750)[5]
7. Fees related to inspecting Central Booking (*see, e.g., id.* at ECF page 15): approx. 6.8 hours (approx. $2,200)
8. Fees related to making new document requests (*see, e.g., id.* at ECF page 10): approx. 5.1 hours (approx. $2,550)
9. Fees related to requests for adjournments and extensions (*see, e.g., id.* at ECF pages 1, 7): approx. 1.3 hours (approx. $650)
10. Fees related to meetings re: "case planning" and "strategy" (*see, e.g., id.* at ECF pages 2-3, 5, 13): approx. 3.9 hours (approx. $1,950)
11. Fees related to scheduled discovery / status conferences not related to motions to compel or motions for sanctions (*see, e.g., id.* at ECF pages 1-2, 5-7, 10): approx. 13.4 hours (approx. $6,700)
12. Fees related to identifying defendants Weitzman and Forgione, such as meetings with plaintiff and reviewing photographs with plaintiff (*see, e.g., id.* at ECF pages 1-4): approx. 6.6 hours ($3,300)
13. Fees related to discovery, such as outlining and discussing purported deficiencies and regarding meet and confers: approx. 42.7 hours ($21,350)[6]
14. Fees related to improper motions to compel and motions to compel which were denied (*see, e.g., id.* at ECF pages 1-4): approx. 7.4 hours (approx. $3,700)[7]

Defendant City respectfully submits that fees and costs associated with such tasks are not recoverable under the Court's Order as they were not incurred as a result of defendant's conduct but rather relate to fees and costs commonly incurred in the course of discovery and litigation, fees and costs which would have been incurred even in the absence of defendant's conduct. *See, e.g., Romeo & Juliette Laser Hair Removal v. Assara I, LLC*, No. 08 Civ. 442 (TPG) (FM), 2013

---

[5] Defendant also notes that this purported time spent to amend the complaint appears to be overly excessive.

[6] Even to the extent that plaintiff contends that these hours are recoverable, plaintiff has made no attempt to appropriately proportion the time. Discussions concerning discovery and potential deficiencies between parties is commonplace and certainly not all of those discussions resulted in motions to compel here.

[7] Defendant respectfully refers the Court to pages 4-5 of the Memorandum of Law in Support of Defendants' Objections to the Magistrate Judge's Report and Recommendation Granting Plaintiff's for Sanctions (Docket No. 107) for an explanation of the impropriety of plaintiff's July 2016 motion to compel photographs, and to pages 7-9 for an explanation of the impropriety of plaintiff's September 2016 motion to compel labeled photographs.

U.S. Dist. LEXIS 93691, at *8-9 (S.D.N.Y. July 2, 2013) ("As the Supreme Court has explained, a party is entitled only to the 'costs that [the party] would not have incurred but for' the other party's conduct. Thus, 'the dispositive question is . . . whether the costs would have been incurred in the absence' of the other's conduct.") (citation omitted).

Certainly, plaintiff cannot reasonably assert that her attorneys would not have had to engage in tasks such as reviewing discovery responses and documents produced by defendants, deposing witnesses, amending pleadings, preparing for and attending routine court conferences, etc. but for defendant City's conduct.

Even to the extent the Order could be read more broadly, plaintiff, who holds the burden of establishing that the number of hours for which compensation is sought is reasonable, has not provided any explanation or justification whatsoever for these fees and costs she seeks to recover and has not explained in any meaningful way how or why these tasks, or even a proportion of these tasks, would not have been necessary but for defendant City's conduct.[8]

As for the fees and costs which do appear to be recoverable under the Order (which total, at best, approximately $75,000, applying an unreasonable $500 hourly rate), in some instances, plaintiff has sought an unjustifiably excessive numbers of hours. *See, e.g., Penberg v. HealthBridge Mgmt.*, No. 08 CV 1534 (CLP), 2011 U.S. Dist. LEXIS 31022, at *32 (E.D.N.Y. Mar. 22, 2011) (Pollak, J.) ("The law is clear that in reviewing a fee application, the court 'should exclude excessive, redundant or otherwise unnecessary hours.'") (citation omitted).

For example, plaintiff has sought to recover a whopping 51.3 hours (approx. $25,650) in connection with her December 30, 2017 six page reply motion for sanctions. Plaintiff apparently claims that in the approximately 36 hours of real time between the time plaintiff was granted leave to file a reply and the time plaintiff filed her six page reply, her attorneys, in tandem, spent over 51 hours working on that reply.[9] Another example is the fees sought in connection with plaintiff's May 23, 2017 two and a half page letter motion to compel, which total approximately 7.6 hours (approx. $3,800). Such excessive and unreasonable billing warrants an additional reduction of even those fees and costs which are properly recoverable under the Order.

Accordingly, defendant respectfully submits that, after (i) disregarding expenses which are not recoverable under the Order (approx. $105,000), (ii) discounting excessive hours pertaining to recoverable expenses, and (iii) applying a reasonable rate of $350 an hour, plaintiff is entitled to recover no more than approximately $50,000 in past fees and costs pursuant to the Court's April 18, 2018 Order.

Thank you for your consideration.

---

[8] Plaintiff has also not explained how any of the depositions for which she now seeks to recover expenses in full were "unnecessary in light of the recent disclosures." Docket No. 113 at 6 n.5.

[9] By comparison, plaintiff has sought recovery for less than 12 hours in connection with her initial four page motion for sanctions, filed on December 21, 2017.

- 6 -

        Respectfully,

        /s/ Kavin Thadani_____

        Kavin Thadani
        Senior Counsel
        Special Federal Litigation Division

cc: **BY ECF**
    Gabriel Harvis, Esq.
    Baree Fett, Esq.
    Fred Lichtmacher, Esq.
    *Attorneys for Plaintiff*