

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

KAVIN THADANI
*Senior Counsel*
Phone: (212) 356-2351
Fax: (212) 356-3509
kthadani@law.nyc.gov

June 22, 2018

**VIA ECF**
Honorable Ann Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

      Re:    <u>Martinez v. City of New York, et al.</u>, 1:16-cv-00079-AMD-CLP

Your Honor:

      I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney representing defendants City of New York, Jason Weitzman, Jason Forgione, Eric Ryan, David Camhi, Joseph DiGennaro, Paul Valerga, Keith Laliberte, Joseph Pontecorvo, Blake Ficken, Albert Trotter, Peter Kandinov, Matthew Rippel, James Davneiro, Bryan Post, Tiffany Wolf, Casey Wolff, Richard Lavelle, James Seddio, Daniel Mendez and Richard Russo in the above-referenced matter.  Defendants write pursuant to Your Honor's Individual Practices and Rules to respectfully request a pre-motion conference in anticipation of defendants' contemplated partial motion to dismiss the Second Amended Complaint.  Defendants further respectfully request that all discovery, or at least all discovery pertaining to the newly named defendants, be stayed pending defendants' contemplated motion.[1]

      On January 23, 2018, plaintiff amended her complaint to name eighteen (18) additional individual defendants and assert six new claims.  *See* Docket No. 99.  As explained below, defendants respectfully submit that plaintiff's newly asserted claims, as well as several previously asserted claims, should be dismissed.  Moreover, plaintiff has failed to adequately plead any cognizable causes of action against any of the newly named defendants.

---

[1] Defendants request that discovery be stayed because the scope of both document discovery and depositions will be significantly affected by (1) whether the eighteen individuals recently named as defendants are proper defendants or not and (2) what claims are cognizable.

1. **Deprivation of Due Process and Improper Vehicle Search (paragraphs 81-83)**

As an initial matter, plaintiff does not properly specify which defendants she is asserting this claim against, however it appears that plaintiff may be asserting it against defendants Ryan, DiGennaro, Davneiro, Rippel.[2]  In any event, "[b]ecause New York provides an adequate post-deprivation remedy in the form of state law causes of action, and because Plaintiff has not [pled] that [s]he was deprived of property as the result of established state procedures, [her] § 1983 claim for the loss of [her] property must . . . be dismissed for failure to exhaust state law remedies." *Johnson v. City of New York*, No. 09 Civ. 4685 (PGG). 2011 U.S. Dist. LEXIS 28167, at *35 (S.D.N.Y. Mar. 18, 2011); *see also, e.g., Campbell v. New York City Transit. Auth.*, No. 17 Civ. 4414 (AMD), 2017 U.S. Dist. LEXIS 121721, at *6 (E.D.N.Y. Aug. 1, 2017) (Donnelly, J.) ("Deprivation of property is only actionable in federal court if the state does not provide procedural safeguards or an adequate post-deprivation remedy for the loss.").

2. **§ 1983 Conspiracy (paragraphs 84-86)**

Again, plaintiff does not properly specify which defendants she is asserting this claim against, however it appears that plaintiff may be asserting it against defendants Camhi, Valerga and Pontecorvo.[3]  In any event, plaintiff's conspiracy claim is barred by the intra-corporate conspiracy doctrine as all of the individually named defendants are employees of s single municipal entity, the New York City Police Department. *See, e.g., Chandrapaul v. City Univ. of New York*, No. 14 Civ. 790 (AMD) (CLP), 2016 U.S. Dist. 52961, at *72 (E.D.N.Y. Apr. 20, 2016) (Donnelly, J.).

3. **Denial of Access to Courts / § 1983 Cover-Up (paragraphs 87-90)**

Plaintiff again fails to properly specify which defendants she is asserting this claim against.  In any event, plaintiff's claim should be dismissed because her claims in this lawsuit have not been completely foreclosed as a result of any alleged cover-up. *See, e.g., Stevens v. Webb*, No. 12-CV-2909 (KAM), 2014 U.S. Dist. LEXIS 37874, at *18-23 (E.D.N.Y. Mar. 21, 2014).

4. **Deliberate Indifference (paragraphs 118-120)**

Plaintiff also fails to properly specify which defendants she is asserting this claim against, however it appears that plaintiff may be asserting it against defendants Ryan, Laliberte, Camhi, Forgione, Post, Wolf, Wolff, Davneiro, Lavelle, DiGennaro, Russo, Weitzman, Seddio and Mendez.[4]  In any event, plaintiff's claim should be dismissed because plaintiff's alleged injuries were not sufficiently serious to support a claim of deliberate indifference. *See, e.g., Williams v.*

---

[2]  This appears to be the only claim being asserted against defendant Rippel.

[3]  This appears to be the only claim being asserted against defendants Pontecorvo and Valerga.

[4]  This appears to be the only claim being asserted against defendants Laliberte, Post, Wolf, Wolff, Lavelle, Seddio, Mendez and Russo.  Moreover, it appears that this claim is being asserted against these defendants merely because they were allegedly present at the 107th precinct on the night plaintiff was arrested.

*Williams*, No. 13-CV-3154 (RA), 2015 U.S. Dist. LEXIS 16964, at *11-16 (S.D.N.Y. Feb. 11, 2015) (holding that a broken finger is not a sufficiently serious injury to support a deliberate indifference claim) (citing cases). In addition, it is undisputed that plaintiff did receive medical treatment while she was in custody. *See, e.g.,* Second Amended Complaint (Docket No. 99) at ¶ 54.

### 5. Failure to Intervene (paragraphs 114-117) and Supervisory Liability (paragraphs 121-124)

Crucially, plaintiff has failed to specify which of the individual defendants she is seeking to hold liable under the theories of failure to intervene and supervisory liability. Plaintiff has also failed to specify which of the alleged constitutional violations forms the basis for these claims. As a result, both claims should be dismissed. *See, e.g., Nieves v. Fahmy*, No. 15 Civ. 7297 (AMD) (ST), 2017 U.S. Dist. LEXIS 16474, at *7-8 (E.D.N.Y. Feb. 6, 2017) (Donnelly, J.).

### 6. *Monell* (paragraphs 125-135)

Plaintiff's municipal liability claim against defendant City of New York should be dismissed because it is not only conclusory but it fails to allege how any policy, practice or custom was the moving force behind any of plaintiff's cognizable constitutional claims.

### 7. Negligence; Negligent Hiring, Training & Retention (paragraphs 98-103)

Plaintiff's negligence claims against defendant City of New York should be dismissed because "[u]nder New York law, a claim for negligent hiring or retention 'can only proceed against an employer for an employee acting outside the scope of her employment.' . . . If an employee is acting within the scope of her employment, 'the employer could only be liable, if at all, vicariously under the theory of *respondeat superior*, not for negligent supervision or retention.'" *Peterec v. Hilliard*, No. 12-CV-3944 (CS), 2013 U.S. Dist. LEXIS 132118, at *46-47 (S.D.N.Y. Sept. 16, 2013) (citations omitted).

Plaintiff also fails to allege any factual basis for holding defendants Ficken, Trotter and Kandinov liable under *any* theory of liability whatsoever. Indeed, plaintiff merely alleges that defendants Trotter and Kandinov relieved defendants Seddio and Mendez at the hospital, and that defendants Trotter, Ficken and Kandinov transported plaintiff from the hospital to the 107th precinct. *See* Second Amended Complaint (Docket No. 99) at ¶¶ 55, 60.

For the reasons outlined above, defendants respectfully request a pre-motion conference in anticipation of defendants' contemplated partial motion to dismiss the Second Amended Complaint, and further respectfully request that all discovery, or at least all discovery pertaining to the newly named defendants, be stayed pending defendants' contemplated motion.

Thank you for your consideration.

                Respectfully,

                /s/ Kavin Thadani

                Kavin Thadani
                Senior Counsel
                Special Federal Litigation

cc: **VIA ECF**
   Baree Fett, Esq.
   Gabriel Harvis, Esq.
   Fred Lichtmacher, Esq.
   *Attorneys for Plaintiff*