

**GABRIEL P. HARVIS**
**BAREE N. FETT**

June 29, 2018

<u>BY ECF</u>
Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Martinez v. City of New York, et al.*, 16 CV 79 (AMD) (CLP)

Your Honor:

      I represent plaintiff in the above-referenced action. I write pursuant to Rule 4.A of the Court's Individual Practices and Rules to respectfully respond to defendants' pre-motion letter dated June 22, 2018 (DE #143). For the reasons set forth below, defendants' application should be denied and discovery should proceed.

      The obstacles plaintiff has faced in prosecuting this action are well documented. *Martinez v. City of New York*, 2018 WL 604019 (E.D.N.Y. Jan. 24, 2018), *report and recommendation adopted in pertinent part,* 2018 WL 1835935 (E.D.N.Y. Apr. 18, 2018) (imposing discovery sanctions). Despite over two years of diligent effort by plaintiff and her counsel and at least fourteen Court orders, defendants have prevented plaintiff from fairly discovering the identities of witnesses and basic facts surrounding the disputed events. *Id.* Defendants now seek further delay on dubious grounds.

      In January 2018, plaintiff's counsel drafted and filed an amended complaint on the eve of the limitations deadline based on the limited information then available. *See* DE # 96, 98-99. The City of New York and defendants Weitzman and Forgione answered that pleading on February 6, 2018. DE #106. It was expected that discovery would proceed on the amendment, given the circumstances under which it was filed. Indeed, in its April 18th decision on the Honorable Magistrate Judge's Report and Recommendation, this Court cited plaintiff's amendment as one of the reasons why it declined to adopt terminating sanctions. *Martinez*, 2018 WL 1835935 at *3.

Hon. Ann M. Donnelly
June 29, 2018

During a telephone conference held before the Honorable Cheryl L. Pollak on April 27, 2018 plaintiff voluntarily offered to cabin disciplinary discovery as to several of the new defendants while the still-missing information regarding the incident and each officer's involvement was obtained. In its minute entry following the April 27th conference, the Court ordered the parties to confer on the disciplinary issue and ordered that "[a]ll remaining defendants who are served shall Answer by 6/22/2018." DE #131 (emphasis in original).

Prior to filing their pre-motion application on June 22nd (apparently in lieu of an answer), defendants never contacted plaintiff either to confer on disciplinary matters as required under the Court's April 27th order or to raise any purported concerns regarding the sufficiency of the amended complaint. Plaintiff, for her part, stands in precisely the same position she did when the amendment was filed. Other than a few redacted memo book entries, she has received no supplemental discovery or depositions.

Viewed in this context, plaintiff respectfully submits that defendants' application is lacking in color and made for tactical purposes. On the merits, the arguments are premature and unavailing.

First, it is well settled that a warrantless automobile search and the seizure of property without due process, as alleged here, give rise to § 1983 liability. *See, e.g., United States v. Levy*, 217 F.Supp.3d 643, 660 (E.D.N.Y. 2016) (Once it is shown that a warrantless search was conducted, "[t]he burden then shifts to the government to show by a preponderance of the evidence that the police had either reasonable suspicion or probable cause to justify their actions.") (citation omitted); *Tammaro v. City of New York*, 13 CV 6190 (WHP), 2018 WL 1621535, *7 (S.D.N.Y. Mar. 30, 2018) ("[T]o state a valid due process claim against the City, a plaintiff must allege that the City (1) arrested him and seized his property; (2) that it did not give him a voucher with the constitutionally required notice printed on it; (3) that it did not otherwise notify the plaintiff of the procedures he could follow to reclaim his property; and (4) that the plaintiff was deprived of the property as a result.") (citations and quotation marks omitted) (collecting cases). Notably, plaintiff here also timely filed a notice of claim and therefore asserts valid pendent state law claims.

Second, the intra-agency defense to § 1983 conspiracy does not apply on these facts because the NYPD defendants conspired with non-agency medical staff to place false entries in plaintiff's medical records as part of the attempted cover-up. *See* Second Amended Complaint at ¶ 56; *see, e.g., Williams v. City of Saginaw*, Nos. 00–10241–BC, 00–10244–BC, 2002 WL 1798907, *7 (E.D. Mich. Aug. 6, 2002) (holding intra-agency

Hon. Ann M. Donnelly
June 29, 2018

conspiracy doctrine inapplicable "since Wilbert, a non-police officer, is also alleged to be a coconspirator.").

Third, plaintiff states a denial-of-access claim, premised on defendants' attempts to stymie the instant litigation and hide evidence as detailed in the recent orders of this Court – an effort that plaintiff respectfully notes continues to the present. *See Christopher v. Harbury*, 536 U.S. 403, 403 (2002).

Fourth, the argument against plaintiff's deliberate indifference claim is offensive. By plaintiff's detailed account, she was brutalized by two male police officers and then left with severe and permanent injuries for a period of at least eight hours. Indeed, the only reason plaintiff received treatment at all is because a Central Booking screener intervened and directed that she be taken to a hospital. Even then, the NYPD interfered with her treatment and conspired with medical staff to create false records in an effort to cover up misconduct. This plainly states a claim under the Constitution.

The remaining arguments have no merit. To the extent defendants are concerned that plaintiff has insufficiently identified the defendants to each claim, this results solely from defendants' obstructionism. Once discovery has been completed, plaintiff will clarify the claims asserted against each defendant.[1] With respect to the state law negligence claims, plaintiff is entitled to assert them in the alternative. *See, e.g.*, *Saleh v. Savage*, 12 CV 0468 (WMS), 2015 WL 1608839, *8 (W.D.N.Y. Apr. 10, 2015); *Selmani v. City of New York*, 116 A.D.3d 943, 944, 984 N.Y.S.2d 114, 116 (2014) ("In instances where vicarious liability for an employee's torts cannot be impose upon an employer, a direct cause of action against the employer for its own conduct, be it negligent hiring, supervision, or other negligence, may still be maintained.") (collecting cases). With respect to *Monell*, plaintiff's detailed allegations, which directly implicate high-ranking police officials, are sufficient at the pleading stage, and find further support in this Honorable Court's recent decisions.

Accordingly, defendants' application should be denied in its entirety. Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

cc:     ACC Kavin Thadani, Esq.

---

[1] If it should please the Court, had defendants contacted plaintiff prior to filing their pre-motion application, she likely would have been able to allay some of these concerns.