

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY  10007

**KAVIN THADANI**
*Senior Counsel*
phone: (212) 356-2351
fax: (212) 356-3509
email: kthadani@law.nyc.gov

July 31, 2018

**BY ECF**
Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Re:     <u>Martinez v. City of New York, et al.</u>, No. 1:16-cv-00079-AMD-CLP

Your Honor:

I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendants in the above-referenced matter.  Defendants write pursuant to Your Honor's July 2, 2018 Order concerning depositions plaintiff intends to take.

Despite repeatedly representing to both District Judge Donnelly (on March 3, 2018) and Your Honor (on April 27, 2018 and July 2, 2018) that she intended to take approximately 18-20 additional depositions (including re-opened depositions), a number which defendants respectfully submit was already unjustifiable and unwarranted, plaintiff has informed defendants that she now seeks to depose **fifty (50)** individuals.  *See* July 9, 2018 Ltr. from B. Fett (Exhibit A).  Plaintiff fails to explain in her letter why any of the individuals listed therein should be deposed (or have their depositions re-opened).[1]

---

[1]     Defendants responded to plaintiff's July 9, 2018 letter on July 16, 2018, as ordered by the Court.  *See* July 16, 2018 Ltr. from K. Thadani (Exhibit B).  In that letter, defendants set forth their position concerning depositions and noted plaintiff's failure to explain the need for any of the requested depositions.  Defendants also requested that plaintiff contact defendants to meet and confer after plaintiff had sufficient time to review defendants' letter and re-asses her position.  However, plaintiff's counsel did not contact defense counsel to meet and confer until the afternoon on July 30, 2018.  During that meet and confer, plaintiff still did not explain why

"The Federal Rules presumptively limit the number of deposition that each side may conduct to ten." *Sigala v. Spikouris*, No. 00 CV 0983 (ILG), 2002 U.S. Dist. LEXIS 10743, at *11 (E.D.N.Y. Mar. 7, 2002). That presumptive limit "was enacted to control discovery costs and ***prevent harassment*** or undue delay. A court has discretion to allow more than ten depositions ***if the party seeking discovery has shown why it is necessary***." *Gross v. Bare Escentuals, Inc.*, No. 03 Civ. 3089 (RLC), 2006 U.S. Dist. LEXIS 79320, at *3-4 (S.D.N.Y. Oct. 25, 2006) (emphasis added). In exercising that discretion, a court should be guided by Fed. R. Civ. P. 26(b)(1), which further limits discovery, including depositions, to matters that are "relevant to any party's claim or defense and proportional to the needs of the case, considering . . . ***the importance of the discovery in resolving the issues***, and whether the burden or expense of the proposed discovery outweighs its likely benefit." (emphasis added)

Therefore, "'the mere fact that many individuals may have discoverable information does not necessarily entitle a party to depose each such individual.'" *Sigala*, 2002 U.S. Dist. LEXIS 10743, at *11 (citation omitted); *see also, e.g., Atkinson v. Goord*, Nos. 01 Civ. 0761 (LAK) (HBP); 03 Civ. 7759 (LAK) (HBP), 2009 U.S. Dist. LEXIS 27851, at *7 (S.D.N.Y. Apr. 2, 2009) ("[A] party is not entitled to depose all the witnesses to a relevant event."); *RxUSA Wholesale, Inc. v. McKesson Corp.*, No. CV 06-4343 (DRH) (AKT), 2007 U.S. Dist. LEXIS 45955, at *4 (E.D.N.Y. June 25, 2007) ("[I]t is apparent that even though a witness may have discoverable information, that fact alone does not always entitle a party to depose that individual.").

A party seeking to depose more than ten individuals must demonstrate, *inter alia*, that "each and every one of the proposed deponents would provide sufficiently unique information, not cumulative or duplicative of others, to justify the additional burden on the defendants of defending [those] depositions." *In re Weatherford Int'l Sec. Litig.*, No. 11 Civ. 1646 (LAK) (JCF), 2013 U.S. Dist. LEXIS 153011, at *8 (S.D.N.Y. Oct. 24, 2013). Plaintiff may not merely resort to speculation in meeting her burden.

Here, plaintiff has already deposed at least eleven individuals, ten of whom she now seeks to depose again, and further seeks to depose an additional 40 individuals. As explained, plaintiff holds the burden of demonstrating why any additional depositions need to be taken or re-opened.

Defendants agree that Eric Ryan, who was previously scheduled to be deposed on December 21, 2017 before plaintiff unilaterally cancelled that deposition, and David Camhi should be deposed however defendants respectfully submit that the proper scope of their depositions will be materially affected based on the outcome of defendants' contemplated motion to dismiss.

Defendants also agree that Jason Forgione's deposition may be re-opened for the limited purpose of questioning him concerning a prior internal disciplinary proceeding (IAB Case No. (G27) C-2013-140) and that Joseph DiGennaro's deposition may be re-opened for the limited

---

any of the fifty individuals listed in her letter should be deposed and/or have their depositions re-opened except with the blanket statement that they have discoverable information.

purpose of questioning him concerning debriefing and investigatory reports bates-stamped DEF4329 – DEF4342, which were produced on November 8, 2017. Indeed, Forgione's deposition was previously scheduled to be re-opened on December 27, 2017 and DiGennaro's deposition was previously scheduled to be re-opened on January 9, 2018 before plaintiff unilaterally cancelled those depositions. Plaintiff has not explained why any additional questioning of these individuals beyond that scope should be permitted.

However, plaintiff has not explained why the depositions of Weitzman, Laliberte, Seddio, Mendez, Russo, Robinson, Reyman or Donovan should be re-opened, regardless of the outcome of defendants' contemplated partial motion to dismiss.[2] For example, plaintiff has not identified which recently produced documents warrant the re-opening of these depositions.

Plaintiff has also not explained why the depositions of Valerga, Pontecorvo, Ficken, Trotter, Kandinov, Rippel, Davneiro, Post, Wolf, Wolff, Lavelle should be taken unless they remain as defendants following defendants' contemplated motion to dismiss. Plaintiff has also failed to explain why these individuals should be deposed even if they do remain as defendants, especially in light of, but not limited to, the fact that, based on even a cursory review of the produced documentation, some of these individuals had no personal involvement in the incident whatsoever. For example, Post ended his tour prior to the time plaintiff alleges she was injured and Wolf was not even working on the date(s) of the incident. Others, such as Pontecorvo, Ficken, Trotter and Kandinov, were, upon information and belief, at the hospital at some point while plaintiff was there but have no recollection of interacting with plaintiff. Rippel and Davneiro were involved in the execution of the search warrant, which is not relevant unless plaintiff's deprivation of property claim survives dismissal. Upon information and belief, Wolff and Lavelle do not recall interacting with plaintiff and there is no evidence to indicate otherwise.

Plaintiff has also not explained why Cruz, Gonzalez, Correa, Parente, Agudelo, Delpilar, Tung, Sylvester, Rodriguez, Crisalli, Ettlinger, Esposito, Harsch, Guerra, Jackson, "Chief of Internal Affairs Bureau," Gallagher, Perez, Campbell, Delgado, Watson, Monteleone, Moore, Wigdzinski, or Bigg should be deposed, regardless of the outcome of defendants' contemplated motion to dismiss.[3]

---

[2] Plaintiff's apparent intention to re-open Russo's deposition is particularly egregious in light of the fact that he previously testified to having no involvement in the underlying incident whatsoever and he ended his tour prior to the time plaintiff alleges she was injured. Reyman similarly testified that he had no recollection of interacting with plaintiff.

[3] It appears that at least 18 of these 25 individuals (Cruz, Parente, Agudelo, Delpilar, Tung, Sylvester, Rodriguez, Crisalli, Ettlinger, Esposito, Harsch, Guerra, Jackson, "Chief of Internal Affairs Bureau," Gallagher, Perez, Campbell, and Delgado) merely conducted and/or supervised Internal Affairs Bureau investigations, including one which involved an **undercounting** of the over 280 glassines of heroin found in plaintiff's apartment. Correa, who was Pontecorvo's driver, may have been at the hospital at some point while plaintiff was there but, upon information and belief, does not recall interacting with plaintiff. Gonzalez, Watson Monteleone, Moore, Wigdzinski, and Bigg are individuals defendants disclosed as part of their initial disclosures however only for the purpose of establishing, through their memobooks, which have

- 4 -

Finally, plaintiff has not explained why Danny Rivera (plaintiff's boyfriend who was also arrested) and Nikeda Givens (a physician assistant at the hospital where plaintiff was treated for her alleged injuries) were not, and could not have been, deposed previously. Nevertheless, defendants do not oppose the deposition of Mr. Rivera. However, plaintiff has not explained why Ms. Givens should be deposed.

For the foregoing reasons, defendants respectfully request that the Court deny plaintiff's request to depose, either for the first or second time, the fifty individuals she listed in her July 9, 2018 letter, except for Eric Ryan, David Camhi, Jason Forgione, Joseph DiGennaro and Danny Rivera, as explained above, because plaintiff has failed (and is unable) to meet her burden of demonstrating why any further depositions are necessary. To the extent the Court permits additional depositions to be taken and/or re-opened, defendants respectfully request that the Court set limitations concerning the scope of those depositions, for example, in terms of question topics and timing.

Thank you for your consideration.

Respectfully,

/s/ Kavin Thadani_____

Kavin Thadani
Senior Counsel
Special Federal Litigation Division

cc:   **BY ECF**
      Gabriel Harvis, Esq.
      Baree Fett, Esq.
      Fred Lichtmacher, Esq.
      *Attorneys for Plaintiff*

---

been produced, the timing of the CRV detail defendant Weitzman was supervising at the time plaintiff alleges he assaulted her. Their names were first disclosed to plaintiff on September 29, 2017, as they were listed on the CRV detail roster/assignment sheet. None of these individuals had any interactions with plaintiff, nor is it alleged that they did.

- 4 -