```
                        UNITED STATES DISTRICT COURT
                        EASTERN DISTRICT OF NEW YORK

-------------------------------X
                                :
ROSIE MARTINEZ,                 :
                                :    16-CV-00079 (AMD)
          Plaintiff,            :
     v.                         :
                                :    April 27, 2018
CITY OF NEW YORK, et al.,       :    Brooklyn, New York
                                :
          Defendant.            :
                                :
-------------------------------X

     TRANSCRIPT OF CIVIL CAUSE FOR TELEPHONE CONFERENCE
           BEFORE THE HONORABLE CHERYL L. POLLAK
                UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:        GABRIEL P. HARVIS, ESQ.
                          Harvis & Fett LLP
                          305 Broadway, 14th Floor
                          New York, New York 10007


For the Defendant:        KAVIN S. THADANI, ESQ.
                          NYC Law Department
                          100 Church Street, Room 3-195
                          New York, New York 10007



Court Transcriber:        MARY GRECO
                          TypeWrite Word Processing Service
                          211 N. Milton Road
                          Saratoga Springs, New York 12866
```

Proceedings recorded by electronic sound recording, transcript produced by transcription service

2

1  (Proceedings began at 3:09 p.m.)
2           THE CLERK:  Do I still have all parties on the line?
3           MR. HARVIS:  Yes.
4           FEMALE SPEAKER:  Yes.
5           MR. THADANI:  Yes.
6           THE CLERK:  Judge, are you there?
7           THE COURT:  Yes.  Hi.  This is Judge Pollak.  So I
8  asked for this conference because I think we need to set a
9  schedule.
10          MR. HARVIS:  Okay.
11          THE COURT:  So somebody tell me what it is that we
12 need to do.
13          MR. HARVIS:  Okay.  This is Gabe Harvis, Your Honor.
14 Good afternoon.
15          THE COURT:  Good afternoon.
16          MR. HARVIS:  So from our point of view we basically
17 need to get a little bit of outstanding paper discovery as to
18 the new people who have been added including memo books and
19 for a couple of the key players disciplinary records.  And
20 then the next step from our point of view would be to set up
21 depositions.  And our position is we basically want to depose
22 everybody and that's going to include re-deposing a few people
23 and the re-depositions will likely be brief but we just have
24 some questions for them regarding the new documents.  And then
25 basically we just need -- we have consent from defendants to

1  request from Your Honor a 30 day extension of the 4M deadline
2  to serve the new defendants. I think there's only one that
3  still needs to be served but there may be two.
4           THE COURT: Okay.
5           MR. HARVIS: And then other than that I mean I think
6  that's pretty much everything that we wanted to schedule.
7           THE COURT: Do you have any sense of how many
8  depositions? You said you going to re-depose --
9           MR. HARVIS: Yeah.
10          THE COURT: -- a few but I think there's probably
11 some new ones as well.
12          MR. HARVIS: Yeah. So I think it's going to end up
13 being -- I mean I could count it up but I think it's somewhere
14 around 18.
15          THE COURT: All right. And what about defendants?
16          MR. THADANI: Good afternoon, Your Honor. Kavin
17 Thadani on behalf of defendants City, Forgione, and Weitzman.
18          With respect to outstanding discovery specifically,
19 there is one issue that was raised previously back in December
20 noted in the joint letter that was submitted on December 11th
21 and I've had conversations previously with plaintiff's counsel
22 about it but a subset of specific issues concerning damages
23 specifically that include deficiencies we noted with respect
24 to written discovery responses concerning medical treatment,
25 Medicaid, employment, things like that, that's again, as I

4

1  mentioned, outlined in a letter that was filed with the Court
2  at Docket 82.  Plaintiff's counsel had indicated at one point
3  that they would supplement their discovery responses but it
4  wasn't an issue that was raised with the Court in the form of
5  a motion to compel or anything like that.  I imagine
6  plaintiff's counsel still is, not wanting to speak for them,
7  but willing to supplement so it may not be an issue I need to
8  raise with the Court necessarily.  But that's just something
9  that we wanted to just raise as outstanding discovery from our
10 perspective.
11          In addition, depending on issues concerning
12 representation and the response to the complaint, we may need
13 to reopen plaintiff's deposition depending on what claims are
14 active.
15          With respect to setting a schedule of course we
16 agree that a schedule needs to be set in that certain items
17 need to be taken care of including depositions and other
18 matters.  However, we just do want to note a couple of things.
19 One, that I have not been able to -- I have not yet met with
20 all of the newly named defendants in the case.  Plaintiff's
21 counsel today filed a number of affidavits of service.  Some
22 were filed previously.  And as Mr. Harvis noted, there are one
23 or two defendants that may need still to be served.  We have
24 not made a determination concerning representation at this
25 point.  I can't speak for them in any way.  But I think from

5

1  our perspective in terms of setting a schedule at least with
2  respect to discovery concerning them, them being the newly
3  named defendants, I think our view is that perhaps it may be
4  necessary for them to first be represented in the case and
5  respond to the complaint in some way before schedule is set
6  concerning them at least in terms of depositions because our
7  view is that potentially the scope of discovery, the scope of
8  questioning necessarily depends on whether or not they are
9  defendants or not in the case and what claims are live or not.
10             With respect to memo books that was referenced, I
11 think that's probably something that we can take care of once
12 I have obtained them all which shouldn't be too long
13 considering I'm meeting with everybody individually.  But in
14 terms of depositions, I think it is important that they at
15 least be served and respond to the complaint in some way.
16             THE COURT:  Well, Mr. Harvis said that he thought
17 only two had not been served and that you had no objection to
18 an additional 30 days for service.  Is that consistent with
19 what you understand?
20             MR. THADANI:  Yes.  We discussed that shortly before
21 the call and I would not oppose a request for an extension of
22 time to serve even the one or two defendants that have not yet
23 been served.
24             THE COURT:  So assuming that he serves these
25 remaining two in the next 30 days, that's by the end of May

6

1  let's say, how long is it going to take you to be able to put
2  in an answer and determine representation with respect to all
3  of the new defendants?
4         MR. THADANI:  It shouldn't be too long.  I mean my
5  aim was, and my understanding is some of the defendants who
6  have been served have been served on different days but it
7  looked like without requesting an extension for the standard
8  21 day deadline, it looked like a response is either going to
9  be due I guess for some on May 7, some on the 8th, and some on
10 the 9th.  I was intending to try to hopefully resolve
11 representation of those individuals within that time period
12 and hopefully have some sort of a response to the complaint by
13 one of those days I suppose.  I guess in terms of the other
14 two defendants, it really depends when they are served but I
15 would think that within a week if there's only two remaining
16 defendants or one, the ones I have noticed that they have been
17 served.  Assuming that they're not on vacation or away or
18 anything like that I probably would only need about a week to
19 resolve representation.  And then in terms of having a
20 response, I don't know whether it's better to set one date to
21 respond on behalf of all of the newly named defendants.  It
22 might be more efficient perhaps to do that.  I don't
23 necessarily have a strong preference.  But it may be more
24 efficient to do it that way.
25         THE COURT:  I mean does it make sense, Mr. Harvis,

7

1  for him to file an answer to the amended complaint like
2  beginning of June and then three weeks later an amended
3  answer?  Does it matter?  Should we just set a deadline for,
4  you know, an omnibus answer sometime mid to late June?
5           MR. HARVIS:  That sounds fine to me.
6           THE COURT:  Okay.  So why don't we say by June 22nd?
7  And if for some reason service is delayed or you don't have
8  the opportunity to confer with the newly added defendants,
9  you'll let me know and we'll extend it again.  But I agree
10 with you, we shouldn't start depositions until we get
11 everybody in the case just in case somebody is not going to be
12 represented by counsel here.  Okay?
13          MR. THADANI:  Yes, Your Honor.
14          THE COURT:  Okay.  So assume answer by June 22nd.
15 You think you can produce the memo books and disciplinary
16 records certainly by the end of May?  That's 30 days.
17          MR. THADANI:  I certainly can produce the memo books
18 by the end of May.  I think in terms of the disciplinary
19 records, I think our position -- I guess it depends in terms
20 of what form a response we are going to have because again, I
21 can't speak for most of these newly named defendants but
22 having reviewed the complaint, it does appear that there are
23 at least some defendants that really shouldn't be in this case
24 either based on -- at least based on the pleaded allegations
25 in the complaint and whether or not some of the claims of

8

1  viable as well.  So I think more specifically with respect to
2  disciplinary records I think the concern is whether or not
3  some of these individuals rightly should be defendants in the
4  case.  And I think if they are not defendants in the case
5  either because a partial motion to dismiss is made on their
6  behalf, I think there's a question then in terms of whether
7  the relevance and I guess the discoverability of certain
8  disciplinary records for those individuals -- I know Mr.
9  Harvis referenced disciplinary records for a certain number of
10 -- I don't want to misspeak, Mr. Harvis, for you, but it
11 sounded like the position was disciplinary records concerning
12 some of the core individuals.  I think if it's something like
13 that as opposed to 18 additional individuals that might be a
14 different thought process there.  But in terms of being able
15 to get at least the basic disciplinary records insofar as the
16 CPI and IAB and CCRB officer history I'm not -- I should be
17 able to get the records in my custody by the end of May but I
18 think there is a question of whether we would oppose possibly
19 the discoverability of those items for individuals who may be
20 non-parties depending on how the complaint is responded to if
21 that makes sense.
22             THE COURT:  Well, what I would suggest is clearly
23 some of these people are going to remain in the case.  I mean
24 I don't think this case is going to be dismissed in its
25 entirety.  So I think what I would suggest is that you and Mr.

9

1  Harvis get together after you've spoken to them, the
2  defendants, and talk to him about the ones that you think are
3  clearly in the case that you don't have a true basis for
4  moving to dismiss.  And the ones that you think you have some
5  basis for getting out of the case, maybe Mr. Harvis will agree
6  with you and drop some of them voluntarily.  But I don't want
7  to wait until after some motion briefing to start to gather up
8  the disciplinary records for the officers that we know are
9  going to be here.  So that's what I would suggest.  So
10 sometime between now and the end of May get together.  My hope
11 would be that at least by the June 22nd answer date you will
12 know which ones you're going to object to staying in the case.
13 And then at least we have a narrowed field.  Okay?  That make
14 sense?
15          MR. THADANI:  Yes, Your Honor, that makes sense.
16          MR. HARVIS:  Yes, Your Honor.
17          THE COURT:  Okay.  And I think what I would like to
18 do then is just reconvene in like early July and get a better
19 sense of sort of the status of where things are going.  We can
20 talk about scheduling depositions.  Oh, I guess the only other
21 thing, Mr. Harvis, I wanted to hear from you about was the
22 deficiencies regarding damages.  Do you have that letter?  Do
23 you know what he's talking about?
24          MR. HARVIS: Yes, I do.  Yes.  I mean, yes, we do
25 not have any objection to providing information that they're

1  asking for.
2           THE COURT: Okay. Can you do that by the end of May
3  as well?
4           MR. HARVIS: Absolutely.
5           THE COURT: All right. So that means hopefully
6  we'll have at least most of the records and then we'll be able
7  to better schedule things. Okay?
8           MR. HARVIS: Yes.
9           MR. THADANI: Yes, Your Honor. Just to clarify, so
10 by the end of May I will provide the memo book entries for the
11 newly named defendants to the extent they haven't already been
12 produced. And by the end of May plaintiff will be responding
13 to the subset of items that I mentioned in the joint letter
14 concerning damages. And then we are also to confer with
15 respect to proper defendants in the case so we can sort of
16 narrow the issues concerning disciplinary history. Am I
17 correct that that's --
18          THE COURT: Yes. And to the extent that there is no
19 dispute that somebody is going to stay in the case, you know,
20 I would expect that you would have those disciplinary records
21 collected and organized. With respect to the others that are
22 in dispute, obviously you probably should collect them but if
23 there's going to be an issue you can hold on to them. Okay?
24          MR. THADANI: Understood. Yes, Your Honor.
25          THE COURT: Okay. All right. Brendan, do you have

11

1  another date for them to come back in July?  Are you there?
2           THE CLERK:  Yes, Judge.  I am.  I have July 2nd at 11
3  a.m.
4           MR. HARVIS:  Just one second, Your Honor.
5           MR. THADANI:  That's okay for defendants.
6           MR. HARVIS:  Yeah.  Fred, does that work for you?
7           MR. LICHTMACHER:  It works for me now, yes.
8           MR. HARVIS:  Okay.  Before we end the call, just a
9  couple of other things I wanted to raise.
10          THE COURT:  Sure.
11          MR. HARVIS:  So one thing I didn't mention is that
12 we -- this is also for defendant's benefit, is that we also
13 want to depose Rivera, the boyfriend.  He's also on our list
14 just down the line when we look at that.  And then I thought
15 that we should -- I just wanted to flag for the future that
16 aspect of Judge Donnelly's order that requires the City to pay
17 prospectively for the cost of the future defendants.  I just
18 wanted to flag that as an issue that perhaps counsel can
19 confer about and see if we could come to an agreement about
20 and then if not, raise that with the Court in due course.
21          THE COURT:  Yes.  I would prefer if you could work
22 it out.
23          MR. HARVIS:  And then the only other issue is the
24 issue of the fees that were awarded as part of the last order.
25 And so I just wanted to let the Court know where that stands.

1  So I believe it was Wednesday afternoon.  We send our bill for
2  the fees and costs to the City and we are basically waiting to
3  hear from them.  So I don't know how the Court wants to handle
4  any scheduling there.
5              MR. THADANI:  Your Honor, if I may --
6              THE COURT:  Well, if you can't work it out, okay, if
7  there's a dispute, then I guess we'll need to set a briefing
8  schedule on that.  I would just defer to you guys to come up
9  with a schedule that works for you.  I kind of want to move
10 the discovery forward so I want you to be concentrating on
11 that.  But obviously we need to deal with this too.  So can we
12 do it that way?  You'll confer and --
13             MR. HARVIS:  That's fine.
14             THE COURT:  -- if you can't resolve it --
15             MR. THADANI:  Your Honor, if I may just briefly just
16 on that issue?  And Mr. Harvis is correct, we did receive a
17 couple of invoices for fees and costs on Wednesday evening.
18 The one thing I did want to address is that pursuant to the
19 Court's order, we have technically I think two weeks from the
20 date the order was issued to let Your Honor know if we were
21 not able to come to a resolution.  I think that comes to May
22 2nd.  I think if we really want to try to resolve this between
23 counsel, and I hope that we can, I would think that we need a
24 little bit more time.  My intention right now is to hopefully
25 get back to plaintiff's counsel by Tuesday, you know, with our

1  first [indiscernible] with respect to the invoice but then I
2  think we may need to have some time for some back and forth
3  and then ultimately if we're able to resolve it, I have to
4  confer with my client and there's sort of a procedure there
5  involved as well.  So I'm wondering just because that is
6  technically a deadline that's set in the case whether there
7  can be some extension of that or to the extent that, again, if
8  the parties can work it out, hopefully that's what happens.
9  And if not, then there's some sort of maybe submission to the
10 Court about a briefing schedule if it really comes down to
11 that being necessary.
12          THE COURT:  Why don't you do this?  Why don't you
13 talk to each other over the next week or so and if you need
14 more time, submit a letter.  I'll give you more time.  So I
15 would prefer if you could work it out.  Okay?
16          MR. HARVIS:  Yes.
17          THE COURT:  All right.  Anything else?
18          MR. HARVIS:  Not from plaintiff, Your Honor.
19          MR. THADANI:  Just give me a second.  Let me make
20 sure.  I don't think so.
21          THE COURT:  Okay.  No, nothing from defendants.
22          THE COURT:  All right.  So next conference July 2nd
23 at 11 a.m.  Okay?
24          MR. HARVIS:  Is that in Brooklyn, Your Honor, or is
25 that on the phone?

```
                                                              14
 1            THE COURT:  I think we can do it on the phone unless
 2   there's something that you think I need to speak to you in
 3   person.  Okay?
 4            MR. HARVIS:  I think the phone is fine.  Thank you
 5   very much.
 6            THE COURT:  All right.  Take care.
 7            MR. THADANI:  Thank you, Your Honor.
 8            THE COURT:  Bye-bye.  Thank you.
 9            MR. HARVIS:  Bye.
10   (Proceedings concluded at 3:28 p.m.)
11                          *  *  *  *  *  *
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
                                                                   15
 1      I certify that the foregoing is a court transcript from
 2 an electronic sound recording of the proceedings in the above-
 3 entitled matter.
 4
 5                                   _____Mary Greco_____
 6                                        Mary Greco
 7 Dated:  May 22, 2018
```