

**T**HE **C**ITY OF **N**EW **Y**ORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY  10007

**ZACHARY W. CARTER**
*Corporation Counsel*

**KAVIN THADANI**
*Senior Counsel*
phone: (212) 356-2351
fax: (212) 356-3509
email: kthadani@law.nyc.gov

August 14, 2018

**BY ECF**
Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Re:  Martinez v. City of New York, et al., No. 1:16-cv-00079-AMD-CLP

Your Honor:

I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendants in the above-referenced matter.  The parties write jointly to inform the Court that they have reached agreement concerning defendants' contemplated motion to dismiss and remaining depositions.

### A.     Motion to Dismiss

Plaintiff has agreed to voluntarily withdraw her § 1983 Conspiracy claim and her *Monell* claim and to voluntarily dismiss all claims against defendants Bryan Post, Tiffany Wolf, James Seddio, Daniel Mendez, and Richard Russo.

Defendants have agreed to forego moving to dismiss at this time but reserve the right to later move to dismiss pursuant to Fed. R. Civ. P. 12(c) and/or to move for summary judgment following the close of all remaining discovery.  Defendants will separately write to District Judge Donnelly advising her that they will be not be moving to dismiss at this time.

### B.     Depositions

Defendants have agreed not to oppose the depositions of defendants Ryan, Camhi, Rippel, and Davneiro.  Defendants also do not oppose the deposition of non-party Danny Rivera.

- 2 -

      The parties have agreed that plaintiff will take the depositions of defendants Valerga, Pontecorvo, Kandinov, Ficken, Trotter, Lavelle and Wolff and consider, following the depositions, whether it is appropriate for them to remain defendants in the case. The parties have further agreed that these seven depositions will be limited in time but have not yet agreed on the respective time limits. Plaintiff has agreed not to seek any disciplinary discovery concerning these defendants prior to their depositions, and will only seek such discovery for those defendants whom plaintiff does not voluntarily dismiss following their deposition. In the event a disciplinary production is made subsequent to the depositions, the parties have agreed that plaintiff will be permitted limited further questioning of the witness(es) regarding those materials upon her request.

      Defendants have also agreed not to oppose the re-opening of the depositions of defendants Forgione, Weitzman, DiGennaro, and Laliberte, and of non-party Eric Robinson. The parties have agreed that the re-opened depositions of Forgione and Weitzman will be limited in time but have not yet agreed on the respective time limits.

      Plaintiff has agreed not to seek to depose or re-depose any other individuals from her original list, *see* Docket No. 149-1, at this time.

      Plaintiff has also agreed not to oppose the re-opening of plaintiff's deposition, which defendants agree shall be limited to questioning concerning plaintiff's newly asserted claims, concerning any ongoing medical treatment, and concerning medical records received regarding any ongoing medical treatment and regarding relevant prior medical treatment that has not been previously explored.[1]

      The parties respectfully request that the Court schedule a conference in order to discuss, *inter alia*, a schedule to complete remaining discovery.

      Thank you for your consideration.

                                                              Respectfully,

                                                              /s/ Kavin Thadani

                                                              Kavin Thadani
                                                              Senior Counsel
                                                              Special Federal Litigation Division

---

[1] Plaintiff has agreed to inform defendants of any ongoing treatment and to produce to defendants medical releases authorizing the disclosure, to the extent they exist, of any additional records from the ten years prior to the incident concerning plaintiff's prior treatment for her right foot, an abscess in her hand, and pinky pain.

- 3 -

cc: **BY ECF**
Gabriel Harvis, Esq.
Baree Fett, Esq.
Fred Lichtmacher, Esq.
*Attorneys for Plaintiff*