UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

ROSIE MARTINEZ,

                                                  Plaintiff,

                      - against -

CITY OF NEW YORK; Lieutenant JASON
WEITZMAN, Sergeant JASON FORGIONE,
Shield No. 2894; Police Officer ERIC RYAN;
Lieutenant DAVID CAMHI; Sergeant JOSEPH
DIGENNARO; Captain PAUL VALERGA;
Sergeant KEITH LALIBERTE; Sergeant JOSEPH
PONTECORVO; Police Officer BLAKE FICKEN;
Police Officer ALBERT TROTTER; Police Officer
PETER KANDINOV; Police Officer MATTHEW
RIPPEL; Detective JAMES DAVNEIRO; Police
Officer BRYAN POST; Police Officer TIFFANY
WOLF; Police Officer CASEY WOLFF; Sergeant
RICHARD LAVELLE; Police Officer JAMES
SEDDIO; Police Officer DANIEL MENDEZ;
Police Officer RICHARD RUSSO; and JOHN and
JANE DOE 1 through 10, individually and in their
official capacities (the names John and Jane Doe
being fictitious, as the true names are presently
unknown),

                                                  Defendants.
------------------------------------------------------------------------ X

**ANSWER TO THE SECOND
AMENDED COMPLAINT BY
DEFENDANTS ERIC RYAN,
DAVID CAMHI, JOSEPH
DIGENNARO, PAUL
VALERGA, KEITH
LALIBERTE, JOSEPH
PONTECORVO, BLAKE
FICKEN, ALBERT
TROTTER, PETER
KANDINOV, MATTHEW
RIPPEL, JAMES
DAVNEIRO, AND CASEY
WOLFF AND RICHARD
LAVELLE**

16 CV 79 (AMD) (CLP)

**Jury Trial Demanded**

          Defendants Eric Ryan ("Ryan"), David Camhi ("Camhi"), Joseph DiGennaro

("DiGennaro"), Paul Valerga ("Valerga"), Keith Laliberte ("Laliberte"), Joseph Pontecorvo

("Pontecorvo"), Blake Ficken ("Ficken"), Albert Trotter ("Trotter"), Peter Kandinov

("Kandinov"), Matthew Rippel ("Rippel"), James Davneiro ("Davneiro"), Casey Wolff

("Wolff"), and Richard Lavelle ("Lavelle"),[1] by their attorney, Zachary W. Carter, Corporation

---

[1]       Plaintiff has agreed to voluntarily dismiss all claims against Bryan Post, Tiffany Wolf,
James Seddio, Daniel Mendez and Richard Russo.  *See* Docket No. 154.

Counsel of the City of New York, for their Answer to the Second Amended Complaint, respectfully allege as follows:

1.      Deny the allegations contained in paragraph "1" of the Second Amended Complaint, except admit that plaintiff purports to bring this action as stated therein.

2.      Deny the allegations contained in paragraph "2" of the Second Amended Complaint, except admit that plaintiff purports to bring this action as stated therein.

3.      Deny the allegations contained in paragraph "3" of the Second Amended Complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

4.      Deny the allegations contained in paragraph "4" of the Second Amended Complaint, except admit that plaintiff purports to base venue as stated therein.

5.      Deny the allegations contained in paragraph "5" of the Second Amended Complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

6.      Paragraph "6" of the Second Amended Complaint is a demand for a jury trial to which no response is required.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Second Amended Complaint.

8.      Deny the allegations set forth in paragraph "8" of the Second Amended Complaint, except admit that the City is a municipal corporation duly organized under the laws of the State of New York and respectfully refer the Court to the New York City Charter for a full and accurate recitation of the relationship between the City and the New York City Police Department.

9.        Deny the allegations set forth in paragraph "9" of the Second Amended Complaint, except admit that Ryan, Camhi, DiGennaro, Valerga, Laliberte, Pontecorvo, Ficken, Trotter, Kandinov, Rippel, Davneiro, Post, Wolf, Wolff, Lavelle, Seddio, Mendez and Russo were members of the New York City Police Department on January 22, 2015.

10.       Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Second Amended Complaint.

11.       Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Second Amended Complaint.

12.       Paragraph "12" of the Second Amended Complaint contains only conclusions of law to which no response is required.

13.       Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Second Amended Complaint.

14.       Deny the allegations contained in paragraph "14" of the Second Amended Complaint.

15.       Deny the allegations contained in paragraph "15" of the Second Amended Complaint, except admit that a search warrant for plaintiff's apartment was lawfully executed and that Mr. Rivera was lawfully arrested, and eventually pled guilty, after over 280 glassines of heroine were found in plaintiff's apartment.

16.       Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Second Amended Complaint.

17.       Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Second Amended Complaint.

18.     Deny the allegations contained in paragraph "18" of the Second Amended Complaint, except admit that plaintiff was lawfully arrested and transported to the 107th Precinct.

19.     Deny the allegations contained in paragraph "19" of the Second Amended Complaint.

20.     Deny the allegations contained in paragraph "20" of the Second Amended Complaint.

21.     Deny the allegations contained in paragraph "21" of the Second Amended Complaint.

22.     Deny the allegations contained in paragraph "22" of the Second Amended Complaint.

23.     Deny the allegations contained in paragraph "23" of the Second Amended Complaint.

24.     Deny the allegations contained in paragraph "24" of the Second Amended Complaint, except admit that plaintiff did not complain of any injuries.

25.     Deny the allegations contained in paragraph "25" of the Second Amended Complaint, except admit that plaintiff was handcuffed.

26.     Deny the allegations contained in paragraph "26" of the Second Amended Complaint.

27.     Deny the allegations contained in paragraph "27" of the Second Amended Complaint.

28.     Deny the allegations contained in paragraph "28" of the Second Amended Complaint.

29.      Deny the allegations contained in paragraph "29" of the Second Amended Complaint.

30.      Deny the allegations contained in paragraph "30" of the Second Amended Complaint.

31.      Deny the allegations contained in paragraph "31" of the Second Amended Complaint.

32.      Deny the allegations contained in paragraph "32" of the Second Amended Complaint.

33.      Deny the allegations contained in paragraph "33" of the Second Amended Complaint.

34.      Deny the allegations contained in paragraph "34" of the Second Amended Complaint.

35.      Deny the allegations contained in paragraph "35" of the Second Amended Complaint.

36.      Deny the allegations contained in paragraph "36" of the Second Amended Complaint.

37.      Deny the allegations contained in paragraph "37" of the Second Amended Complaint.

38.      Deny the allegations contained in paragraph "38" of the Second Amended Complaint.

39.      Deny the allegations contained in paragraph "39" of the Second Amended Complaint.

40.     Deny the allegations contained in paragraph "40" of the Second Amended Complaint.

41.     Deny the allegations contained in paragraph "41" of the Second Amended Complaint.

42.     Deny the allegations contained in paragraph "42" of the Second Amended Complaint.

43.     Deny the allegations contained in paragraph "43" of the Second Amended Complaint.

44.     Deny the allegations contained in paragraph "44" of the Second Amended Complaint.

45.     Deny the allegations contained in paragraph "45" of the Second Amended Complaint.

46.     Deny the allegations contained in paragraph "46" of the Second Amended Complaint.

47.     Deny the allegations contained in paragraph "47" of the Second Amended Complaint.

48.     Deny the allegations contained in paragraph "48" of the Second Amended Complaint.

49.     Deny the allegations contained in paragraph "49" of the Second Amended Complaint.

50.     Deny the allegations contained in paragraph "50" of the Second Amended Complaint.

51.     Deny the allegations contained in paragraph "51" of the Second Amended Complaint, except admit that plaintiff was taken to the hospital after she complained of injuries caused by her punching and kicking the walls at the precinct.

52.     Deny the allegations contained in paragraph "52" of the Second Amended Complaint.

53.     Deny the allegations contained in paragraph "53" of the Second Amended Complaint.

54.     Deny the allegations contained in paragraph "54" of the Second Amended Complaint, and respectfully refer the Court to the documents referenced therein for a recitation of their contents.

55.     Deny the allegations contained in paragraph "55" of the Second Amended Complaint, except admit that Officers Seddio and Mendez were relieved and that Officers Trotter, Kandinov and Pontecorvo each arrived at the hospital at different points in time.

56.     Deny the allegations contained in paragraph "56" of the Second Amended Complaint, and respectfully refer the Court to the document referenced therein for a recitation of its contents.

57.     Deny the allegations contained in paragraph "57" of the Second Amended Complaint, except admit that plaintiff did not have any broken bones.

58.     Deny the allegations contained in paragraph "58" of the Second Amended Complaint, and respectfully refer the Court to the audio recording referenced therein for a recitation of its contents.

59.     Deny the allegations contained in paragraph "59" of the Second Amended Complaint.

60.        Deny the allegations contained in paragraph "60" of the Second Amended Complaint, except admit that plaintiff was transported to the 107th precinct from the hospital.

61.        Deny the allegations contained in paragraph "61" of the Second Amended Complaint.

62.        Deny the allegations contained in paragraph "62" of the Second Amended Complaint.

63.        Deny the allegations contained in paragraph "63" of the Second Amended Complaint.

64.        Deny the allegations contained in paragraph "64" of the Second Amended Complaint.

65.        Deny the allegations contained in paragraph "65" of the Second Amended Complaint, except admit that an internal investigation was conducted after plaintiff injured herself at the precinct.

66.        Deny the allegations contained in paragraph "66" of the Second Amended Complaint.

67.        Deny the allegations contained in paragraph "67" of the Second Amended Complaint.

68.        Deny the allegations contained in paragraph "68" of the Second Amended Complaint.

69.        Deny the allegations contained in paragraph "69" of the Second Amended Complaint.

70.        Deny the allegations contained in paragraph "70" of the Second Amended Complaint.

71.     Deny the allegations contained in paragraph "71" of the Second Amended Complaint.

72.     Deny the allegations contained in paragraph "72" of the Second Amended Complaint.

73.     Deny the allegations contained in paragraph "74" of the Second Amended Complaint.

74.     Deny the allegations contained in paragraph "74" of the Second Amended Complaint.

75.     Deny the allegations contained in paragraph "75" of the Second Amended Complaint.

76.     Deny the allegations contained in paragraph "76" of the Second Amended Complaint.

77.     Deny the allegations contained in paragraph "77" of the Second Amended Complaint, except admit that a document purporting to be a Notice of Claim was received by the City.

78.     Deny the allegations contained in paragraph "78" of the Second Amended Complaint, except admit that no payment has been made by the City on plaintiff's claims.

79.     Deny the allegations contained in paragraph "79" of the Second Amended Complaint.

80.     Deny the allegations contained in paragraph "80" of the Second Amended Complaint.

81.      In response to the allegations contained in paragraph "81" of the Second Amended Complaint, defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully set forth herein.

82.      Deny the allegations contained in paragraph "82" of the Second Amended Complaint.

83.      Deny the allegations contained in paragraph "83" of the Second Amended Complaint.

84.      In response to the allegations contained in paragraph "84" of the Second Amended Complaint, defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully set forth herein.

85.      Deny the allegations contained in paragraph "85" of the Second Amended Complaint.[2]

86.      Deny the allegations contained in paragraph "86" of the Second Amended Complaint.

87.      In response to the allegations contained in paragraph "87" of the Second Amended Complaint, defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully set forth herein.

88.      Deny the allegations contained in paragraph "88" of the Second Amended Complaint.

89.      Deny the allegations contained in paragraph "89" of the Second Amended Complaint.

---

[2]      Plaintiff has agreed to voluntarily dismiss her conspiracy claim.  *See* Docket No. 154.

90.      Deny the allegations contained in paragraph "90" of the Second Amended Complaint.

91.      In response to the allegations contained in paragraph "91" of the Second Amended Complaint, defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully set forth herein.

92.      Deny the allegations contained in paragraph "92" of the Second Amended Complaint.

93.      Deny the allegations contained in paragraph "93" of the Second Amended Complaint.

94.      In response to the allegations contained in paragraph "94" of the Second Amended Complaint, defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully set forth herein.

95.      Deny the allegations contained in paragraph "95" of the Second Amended Complaint.

96.      Paragraph "96" of the Second Amended Complaint contains only conclusions of law to which no response is required.

97.      Deny the allegations contained in paragraph "97" of the Second Amended Complaint.

98.      In response to the allegations contained in paragraph "98" of the Second Amended Complaint, defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully set forth herein.

99.      Paragraph "99" of the Second Amended Complaint contains only conclusions of law to which no response is required.

100.    Deny the allegations contained in paragraph "100" of the Second Amended Complaint.

101.    Deny the allegations contained in paragraph "101" of the Second Amended Complaint.

102.    Deny the allegations contained in paragraph "102" of the Second Amended Complaint.

103.    Deny the allegations contained in paragraph "103" of the Second Amended Complaint.

104.    In response to the allegations contained in paragraph "104" of the Second Amended Complaint, defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully set forth herein.

105.    Deny the allegations contained in paragraph "105" of the Second Amended Complaint.

106.    Deny the allegations contained in paragraph "106" of the Second Amended Complaint.

107.    Deny the allegations contained in paragraph "101" of the Second Amended Complaint.

108.    Deny the allegations contained in paragraph "108" of the Second Amended Complaint; to the extent that paragraph "108" contains conclusions of law, no response is required.

109.    In response to the allegations contained in paragraph "109" of the Second Amended Complaint, defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully set forth herein.

110.     Deny the allegations contained in paragraph "110" of the Second Amended Complaint.

111.     Deny the allegations contained in paragraph "111" of the Second Amended Complaint.

112.     Deny the allegations contained in paragraph "112" of the Second Amended Complaint; to the extent that paragraph "112" contains conclusions of law, no response is required.

113.     Deny the allegations contained in paragraph "113" of the Second Amended Complaint.

114.     In response to the allegations contained in paragraph "114" of the Second Amended Complaint, defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully set forth herein.

115.     Deny the allegations contained in paragraph "115" of the Second Amended Complaint.

116.     Deny the allegations contained in paragraph "116" of the Second Amended Complaint.

117.     Deny the allegations contained in paragraph "117" of the Second Amended Complaint.

118.     In response to the allegations contained in paragraph "118" of the Second Amended Complaint, defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully set forth herein.

119.     Deny the allegations contained in paragraph "119" of the Second Amended Complaint.

120.      Deny the allegations contained in paragraph "120" of the Second Amended Complaint.

121.      In response to the allegations contained in paragraph "121" of the Second Amended Complaint, defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully set forth herein.

122.      Deny the allegations contained in paragraph "122" of the Second Amended Complaint, including its subparts.

123.      Deny the allegations contained in paragraph "123" of the Second Amended Complaint.

124.      Deny the allegations contained in paragraph "124" of the Second Amended Complaint.

125.      In response to the allegations contained in paragraph "125" of the Second Amended Complaint, defendants repeat and reallege the responses contained in the preceding paragraphs of this answer, as if fully set forth herein.

126.      Deny the allegations contained in paragraph "126" of the Second Amended Complaint.[3]

127.      Deny the allegations contained in paragraph "127" of the Second Amended Complaint.

128.      Deny the allegations contained in paragraph "128" of the Second Amended Complaint.

129.      Deny the allegations contained in paragraph "129" of the Second Amended Complaint.

---

[3]      Plaintiff has agreed to voluntarily dismiss her *Monell* claim.  *See* Docket No. 154.

130.     Deny the allegations contained in paragraph "130" of the Second Amended Complaint.

131.     Deny the allegations contained in paragraph "131" of the Second Amended Complaint.

132.     Deny the allegations contained in paragraph "132" of the Second Amended Complaint.

133.     Deny the allegations contained in paragraph "133" of the Second Amended Complaint.

134.     Deny the allegations contained in paragraph "134" of the Second Amended Complaint.

135.     Deny the allegations contained in paragraph "135" of the Second Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE:

136.     The Second Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

137.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendant Ryan, Camhi, DiGennaro, Valerga, Laliberte, Pontecorvo, Ficken, Trotter, Kandinov, Rippel, Davneiro, Wolff, and Lavelle.

## THIRD AFFIRMATIVE DEFENSE:

138.     There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged search.

## FOURTH AFFIRMATIVE DEFENSE:

139.     Defendants Ryan, Camhi, DiGennaro, Valerga, Laliberte, Pontecorvo, Ficken, Trotter, Kandinov, Rippel, Davneiro, Wolff, and Lavelle have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the States of New York or any political subdivision thereof.

## FIFTH AFFIRMATIVE DEFENSE:

140.     Defendants Ryan, Camhi, DiGennaro, Valerga, Laliberte, Pontecorvo, Ficken, Trotter, Kandinov, Rippel, Davneiro, Wolff, and Lavelle have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

## SIXTH AFFIRMATIVE DEFENSE:

141.     Plaintiff may have failed to comply with New York General Municipal Law §§ 50(e).

## SEVENTH AFFIRMATIVE DEFENSE:

142.     Plaintiff's claims are barred, in part, by the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE:

143.     At all times relevant to the acts alleged in the Second Amended Complaint, defendants Ryan, Camhi, DiGennaro, Valerga, Laliberte, Pontecorvo, Ficken, Trotter, Kandinov, Rippel, Davneiro, Wolff, and Lavelle acted reasonably in the proper and lawful exercise of their discretion.

## NINTH AFFIRMATIVE DEFENSE:

144.     Plaintiff has failed to mitigate her alleged damages.

## <u>TENTH AFFIRMATIVE DEFENSE:</u>

145.      Plaintiff lacks standing to seek injunctive or equitable relief.

**WHEREFORE,** defendants Ryan, Camhi, DiGennaro, Valerga, Laliberte, Pontecorvo, Ficken, Trotter, Kandinov, Rippel, Davneiro, Wolff, and Lavelle request judgment dismissing the Second Amended Complaint in its entirety, together with the costs and disbursements of this action and such other and further relief as the Court may deem just and proper.

Dated:          New York, New York
                August 20, 2018

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street
New York, New York  10007
(212) 356-2351
kthadani@law.nyc.gov


By:     /s/ Kavin Thadani
        Kavin Thadani
        Senior Counsel
        Special Federal Litigation Division

**<u>BY ECF</u>**
Baree Fett, Esq.
Gabriel Harvis, Esq.
Fred Lichtmacher, Esq.
*Attorneys for Plaintiff*

Index No.  1:16-CV-00079-AMD-CLP

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROSIE MARTINEZ,

                                        Plaintiff,

        - against -

CITY OF NEW YORK; Lieutenant JASON WEITZMAN, Sergeant
JASON FORGIONE, Shield No. 2894; Police Officer ERIC RYAN;
Lieutenant DAVID CAMHI; Sergeant JOSEPH DIGENNARO;
Captain PAUL VALERGA; Sergeant KEITH LALIBERTE;
Sergeant JOSEPH PONTECORVO; Police Officer BLAKE
FICKEN; Police Officer ALBERT TROTTER; Police Officer
PETER KANDINOV; Police Officer MATTHEW RIPPEL;
Detective JAMES DAVNEIRO; Police Officer BRYAN POST;
Police Officer TIFFANY WOLF; Police Officer CASEY WOLFF;
Sergeant RICHARD LAVELLE; Police Officer JAMES SEDDIO;
Police Officer DANIEL MENDEZ; Police Officer RICHARD
RUSSO; and JOHN and JANE DOE 1 through 10, individually and
in their official capacities (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                        Defendants.

**ANSWER ON BEHALF OF DEFENDANTS ERIC RYAN, DAVID
CAMHI, JOSEPH DIGENNARO, PAUL VALERGA, KEITH
LALIBERTE, JOSEPH PONTECORVO, BLAKE FICKEN, ALBERT
TROTTER, PETER KANDINOV, MATTHEW RIPPEL, JAMES
DAVNEIRO, CASE WOLFF AND RICHARD LAVELLE**

- 18 -

*ZACHARY W. CARTER*
*Corporation Counsel of the City of*
*New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:  Kavin Thadani*
*Tel:  (212) 356-2351*

*Due and timely service is hereby admitted.*

*New York, N.Y.............................................. , 2018*

*.......................................................................... Esq.*

*Attorney for.............................................................*

- 19 -