

**T**HE **C**ITY OF **N**EW **Y**ORK
## LAW DEPARTMENT

ZACHARY W. CARTER
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NY 10007

KAVIN THADANI
*Senior Counsel*
Phone: (212) 356-2351
Fax: (212) 356-3509
kthadani@law.nyc.gov

September 21, 2018

**VIA ECF**
Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

       Re:    <u>Martinez v. City of New York, et al.</u>, 1:16-cv-00079-AMD-CLP

Your Honor:

      I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney representing defendants in the above-referenced matter. Defendants write concerning the Court's August 28, 2018 Order regarding the production of underlying files pertaining to unrelated disciplinary allegations made against defendants Camhi, Davneiro, DiGennaro, Laliberte, Rippel and Ryan.[1]

      On September 10, 2018, defendants produced to plaintiff listings of the Civilian Complaint Review Board ("CCRB") and Internal Affairs Bureau ("IAB") allegations made against defendants Camhi, Davneiro, DiGennaro, Laliberte, Rippel and Ryan.[2]  In addition, as a

---

[1] Plaintiff takes the position that defendants have been ordered to produce all files and closing reports she has requested.  Defendants, on the other hand, respectfully submit that the scope of discovery on this matter was not addressed before the Court as it was not clear at that time how expansive and overbroad plaintiff's requests were going to be and that plaintiff is not entitled to such broad discovery.  The parties met and conferred but were unable to resolve their dispute in the absence of Court intervention.

[2] As directed by the Court, defendants did not redact any allegations made against the defendants officers, including those involving allegations unrelated to the allegations made by plaintiff in this lawsuit, allegations unrelated to the allegations made by plaintiff against specific defendants, allegations related to off duty conduct, allegations which pre-dated the incident by

Continued…

courtesy, and to address plaintiff's concern raised at the parties' August 28, 2018 conference that the listings may not always provide sufficient information concerning the nature of the disciplinary allegations, defendants produced to plaintiff excerpted comprehensive summaries of the IAB allegations made against each of the six subject defendants.[3]

Within a matter of less than six hours, of the approximately 180 investigations listed, plaintiff requested over 110 files and 25 closing reports. Defendants contend that plaintiff's requests are designed solely to harass defendants and are not made in good faith, particularly in light of Judge Donnelly's directive to the parties at the August 1, 2018 conference that they keep in mind what this case is really about and tailor the remaining discovery accordingly.

It has been consistently held that, where disciplinary records "contain allegations wholly unrelated to those alleged in the complaint, their relevance has been found too tenuous to allow discovery." *Barrett v. City of New York*, 237 F.R.D. 39, 40 (E.D.N.Y. 2006) (internal quotation marks and citation omitted) (holding that CCRB complaints that are wholly unrelated to plaintiff's claims are not relevant and need to be disclosed to plaintiff); *see also, e.g., Gibbs v. City of New York*, No. CV-06-5112 (ILG)(VVP), 2008 U.S. Dist. LEXIS 8111, at *4-5 (E.D.N.Y. Feb. 4, 2008) (noting the "prevailing practice in this court and other courts in Second Circuit which typically limit discovery of a defendant's disciplinary history to complaints . . . about conduct similar to the conduct alleged in the complaint"); *Henry v. Hess*, No. 11 Civ. 2707 (KMK)(GAY), 2012 U.S. Dist. LEXIS 147526, at *2-3 (S.D.N.Y. Oct. 11, 2012) (denying plaintiffs' request for documents concerning disciplinary allegations that were not similar in nature to those alleged in the complaint); *Bender v. Del Valle*, No. 05 Civ. 6459 (GEL)(RLE), 2007 U.S. Dist. LEXIS 66215, at *5-6 (S.D.N.Y. Sep. 6, 2007) (same); *Younger v. City of New*

---

more than ten years, and allegations which post-dated the incident. Defendants did, however, redact the defendants' dates of birth, information defendants contend is protected by HIPAA, and complainant names. After the parties met and conferred, defendants agreed to produce the complainant names and to produce updated listings (the listings provided were all obtained earlier in 2018).

[3] This production was also meant to obviate the need for the production of any closing reports because the documents produced contained additional information sufficient to explain any lack of clarity concerning the nature of the allegations being levied against the subject defendants. Plaintiff complained that these documents, which were not ordered to be produced by the Court, were too heavily redacted (defendants redacted, *inter alia*, personal information concerning defendants, non-party officers, complainants and non-party witnesses, as well as extraneous information beyond the summaries of the allegations being made). After the parties met and conferred, defendants voluntarily agreed to produce, attorney's eyes only, full comprehensive summaries for each of the six subject defendants, redacting only the defendants' home residence information and photographs of non-party officers, to avoid unnecessary motion practice on the issue. Defendants note that those comprehensive summaries contain detailed descriptions concerning ***all*** of the IAB allegations made against the subject defendants.

*York*, No. 03 Civ. 8985 (VM) (MHD), 2006 U.S. Dist. LEXIS 25879, at *3-4 (May 1, 2006) (same).

Defendants further note that significant resources are required in order to retrieve, copy, and review disciplinary files, some of which may be over 1,000 pages in length, and contend that the unduly burdensome nature of plaintiff's requests significantly outweighs any relevance these files may have to the resolution of this lawsuit.

With those principles in mind, defendants agreed to obtain 17 files and closing reports for inspection and/or production[4] but objected to producing the remaining requested files and closing reports for several reasons.[5]

First, over 50 of the files and closing reports requested relate to allegations such as disputed arrests,/summonses, the failure to prepare stop and frisk reports, evidence/lab discrepancies (i.e., a miscounting of drugs recovered), and firearm discharges, all of which have no relation to the allegations brought by plaintiff in this litigation.

Second, for each of the defendants, plaintiff has requested files pertaining to allegations that have no relation to the allegations being brought by plaintiff against those specific defendants.

For example, plaintiff alleges claims of denial of medical attention and cover-up against defendant Camhi however plaintiff has requested approximately 18 files concerning unrelated allegations including, *inter alia*, the use of force, disputed arrests, and discourtesy.

Similarly, plaintiff alleges claims of stolen property and denial of medical attention against defendant Davneiro however, plaintiff has requested approximately 20 files concerning unrelated allegations including, *inter alia*, the use of force, disputed arrests/summonses, the failure to prepare stop and frisk reports, evidence/lab discrepancies, and discourtesy.

Plaintiff alleges claims of theft of property, improper search and denial of medical attention against defendant DiGennaro yet she has requested approximately 40 files concerning unrelated allegations including, *inter alia*, the use of force, disputed arrests/summonses, vehicle stops, the failure to prepare stop and frisk reports, firearm discharges, evidence/lab discrepancies, and discourtesy.

---

[4] Upon information and belief, pursuant to the N.Y.C.P.L. §§ 160.50 and 160.55, these files may contain sealed arrest records pertaining to third parties. Therefore, without a court order unsealing this information, the New York City Police Department is statutorily prohibited from disclosing this information. Accordingly, defendants intend to respectfully request, under separate cover, that the Court endorse an appropriate unsealing order so that defendants may obtain these records for inspection and/or production.

[5] Defendants note that they have not requested that any additional files or closing reports be retrieved at this time, in light of the enormous burden involved in obtaining such documents.

Plaintiff alleges a claim of denial of medical attention against defendant Laliberte yet she has requested approximately 22 files concerning unrelated allegations including, *inter alia*, the use of force, disputed arrests, the failure to prepare stop and frisk reports, vehicle searches, and discourtesy.

Plaintiff alleges a claim of theft of property against defendant Rippel yet she has requested approximately 3 files concerning unrelated allegations including, *inter alia*, the use of force.

Finally, plaintiff alleges claims of theft of property, improper search and denial of medical attention against defendant Ryan yet she has requested approximately 15 files concerning unrelated allegations including, *inter alia*, the use of force, disputed arrests/summonses, and discourtesy.

For the foregoing reasons, defendants respectfully request that the Court limit the production of underlying files pertaining to unrelated disciplinary allegations made against defendants Camhi, Davneiro, DiGennaro, Laliberte, Rippel and Ryan to files related to allegations similar in nature to those made against the respective defendants and to those that are related to allegations of false statement.

Respectfully,

/s/ Kavin Thadani

Kavin Thadani
Senior Counsel
Special Federal Litigation Division

cc:  **BY ECF**
Gabriel Harvis, Esq.
Baree Fett, Esq.
*Attorneys for Plaintiff*

4