

eeplaw.com
**80 Pine Street, 38th Floor**
**New York, New York 10005**
T. 212.532.1116 F. 212.532.1176

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

JOHN ELEFTERAKIS*
NICHOLAS ELEFTERAKIS
RAYMOND PANEK

OLIVER R. TOBIAS
JEFFREY B. BROMFELD
JORDAN JODRÉ*
FAIZAN GHAZNAVI
GABRIEL P. HARVIS
BAREE N. FETT

KRISTEN PERRY – CONIGLIARO
AIKA DANAYEVA
ARIANA ELEFTERAKIS
MICHAEL INDELICATO
STEPHEN KAHN
MATTHEW KRIVITSKY
EVAN M. LA PENNA
DOMINICK MINGIONE
JOSEPH PERRY
MARIE LOUISE PRIOLO *
KEYONTE SUTHERLAND

*Also Admitted In New Jersey

September 28, 2018

<u>BY ECF</u>
Honorable Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Martinez v. City of New York, et al.*, 16 CV 79 (AMD) (CLP)

Your Honor:

  I represent plaintiff in the above-referenced action. I write to respectfully oppose defendants' letter filed on September 21, 2018 at DE #157 ("Def. Ltr.").

  Defendants' letter is an untimely reconsideration motion that, on the merits, fails to satisfy the reconsideration standard or to establish "good cause" for the entry of a protective order or *in camera* review. *See* Local Civil Rule 6.3; *King v. Conde*, 121 F.R.D. 180, 195 (E.D.N.Y. 1988) ("[E]xcept for reasonable redactions of names and addresses to protect privacy or informer sources, plaintiffs in federal civil rights actions are presumptively entitled to…documents on prior complaints and police history. A showing of need must be made by the police before placing the burden of an *in camera* inspection on the magistrate.").

  Initially, defendants mischaracterize the August 28, 2018 conference and August 29, 2018 order as somehow "not addressing" the scope of disciplinary file production, when the plain language of the order reflects that the opposite is true:

> By 9/10/2018, defendant to provide computer listing of CCRB & IAB cases against the agreed upon officers [Camhi, Davniero, DiGennaro, Laliberte, Rippel and Ryan]; plaintiff to notify defendant by 9/17/2018 if (1) [s]he needs the files; (2) [s]he needs the closing memos for certain files before determining if [she] needs [the] full file. <u>Underlying files to</u>

Hon. Cheryl L. Pollak
Sept. 28, 2018

>be produced on a rolling basis but all due 11/9/2018.
>(emphasis added).

In accord with the Court's instructions, plaintiff commenced immediate review of the summaries upon their production. Critically, these six officers – whose participation in the disputed events is both central and unresolved – have been the subject of an inordinate number of disciplinary inquiries, totaling 210 separate investigations.[1] Focusing on the most recent substantiated allegations and those that would appear to present patterns of misconduct similar to that alleged here or involve false statements, plaintiff judiciously requested closing reports where possible and, as appropriate, certain underlying files. As a consequence of the volume of complaints and their nature, plaintiff respectfully submits that she could not avoid requesting documents related to over 100 investigations.

If it should please the Court, defendants' effort to pigeonhole the allegations against each officer and use that narrow interpretation to limit discovery should be rejected on this record. Def. Ltr., pp. 3-4. As the Court is aware, plaintiff was forced to file an amended complaint on the eve of the limitations deadline with incomplete information. Her understanding of each officer's role in her alleged mistreatment and the ensuing cover-up is thus necessarily fluid and developing. Under such circumstances, plaintiff respectfully submits that the appropriate analysis should consider the allegations of the amended complaint as a whole.

Lastly, plaintiff respectfully submits that defense counsel has contravened the August 29th order in his unilateral refusal to initiate retrieval of the requested files. *See* Def. Ltr. at p. 3 n.5.

In light of the foregoing, plaintiff respectfully requests that the Court deny defendants' application in its entirety. Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

cc:   ACC Kavin Thadani, Esq.

---

[1] Plaintiff arrived at this figure after preparing a spreadsheet to itemize the summaries. It is unclear what defendants relied upon in representing to the Court at p. 2 of their letter that there were only "approximately 180" investigations. In any event, even adopting defendants' tabulation, that would still amount to an average of 30 separate investigations for each of the six officers.