

THE CITY OF NEW YORK

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**GEORGIA M. PESTANA**
*Acting Corporation Counsel*

**KAVIN THADANI**
*Senior Counsel*
Phone: (212) 356-2351
Fax: (212) 356-3509
kthadani@law.nyc.gov

September 27, 2019

**VIA ECF**
Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Re:   Martinez v. City of New York, et al., 1:16-cv-00079-AMD-CLP

Your Honor:

I am a Senior Counsel in the Office of Georgia M. Pestana, Acting Corporation Counsel of the City of New York, and the attorney representing defendant City of New York ("City") in the above-referenced matter.  Pursuant to the Court's August 26, 2019 Order, defendant City writes with respect to plaintiff's request for fees and costs in connection with the Court's April 18, 2018 Order.[1]

## A.   The Court's April 18, 2018 Order

On April 18, 2018, the Court ordered defendant City to "pay the plaintiff's ***reasonable expenses***, including attorneys' fees, caused by the defendants' noncompliance" with the Court's Orders.  Docket No. 113 at 6 (emphasis added).  The Court delineated the recoverable expenses between ***past*** fees and costs, which have been resolved, *see* Docket No. 168 at 51 (awarding plaintiff $134,610.00 in fees and $7,457.32 in costs), and ***prospective***, or future, fees and costs, which plaintiff now seeks by this motion.

With respect to prospective fees and costs, the Court ordered defendant City to pay plaintiff her "fees associated with additional depositions of witnesses who have already been

---

[1]   Defendant City made a good faith effort to resolve this dispute with plaintiff prior to motion practice however the parties were unable to come to a resolution.

deposed, depositions of ***newly identified witnesses***, and attorneys' fees in connection with depositions." Docket No. 113 at 6 (emphasis added).

### B.  Plaintiff's Invoices

On August 14, 2019, plaintiff provided defendant City with invoices pertaining to the remaining fees and costs she is now seeking under the Court's April 18, 2018 Order. *See* Fee Invoice (Exhibit A); Cost Invoices (Exhibit B).  In addition to the $142,067.32 plaintiff has already recovered, *see* Docket No. 168 at 51, plaintiff now seeks to recover an additional $102,730.26:  $72,887.50 in fees and $29,842.76 in costs.

While defendant City agrees that, pursuant to the Court's April 18, 2018 Order, plaintiff is entitled to an additional $29,017.38:  $16,660 in fees and $12,357.38 in costs, as well as some significantly reduced portion of the $36,295 in fees sought by plaintiff for deposition preparation, defendant City respectfully submits that the remaining amount plaintiff now seeks to recover is clearly outside the scope of the Court's April 18, 2018 Order.[2]

### C.  Interest

Plaintiff seeks to recover $349.88 related to interest payments made to Veritext Legal Solutions, presumably for untimely payments.  *See* Cost Invoices (Ex. B) at 6-13.  Certainly, defendant City should not be taxed with reimbursing plaintiff for these expenses, which could have been entirely avoided simply by timely paying the vendor's invoices.  Although it is unclear why plaintiff failed to make timely payments to Veritext, defendant City was not responsible for plaintiff's failures in this regard.  Accordingly, defendant City respectfully submits that plaintiff should not be entitled to recover these costs.

### D.  Depositions of Witnesses Who Were Not "Newly Identified"

Plaintiff seeks to recover $ 12,514.43:  $7,522.50 in fees and $4,991.93 in costs, related to the depositions of defendants Davneiro,[3] Rippel[4] and Lavelle.[5]  *See* Fee Invoice (Ex. A) at 2-3;

---

[2]   In its March 18, 2019 Order, the Court held that plaintiff's counsel, Gabriel Harvis and Baree Fett, were each entitled to an hourly rate of $425 per hour in this matter.  *See* Docket No. 168 at 19.  Although plaintiff's fee invoices reflect that same hourly rate, which defendant City does not oppose here, plaintiff's counsel has indicated an intention to seek a $450 hourly rate from the Court, which defendant City does oppose as unwarranted, unjustified and unreasonable.

[3]   Plaintiff seeks to recover $5,641.13 ($2,805.00 in fees and $2,836.13 in costs) related to defendant Davneiro's deposition.

[4]   Plaintiff seeks to recover $3,642.00 ($2,635.00 in fees and $1,007.10 in costs) related to defendant Rippel's deposition.

Cost Invoices (Ex. B) at 9, 11-12, 20-21.  However, these depositions do not fall within the parameters of the Court's April 18, 2018 Order.  None of these witnesses were previously deposed and none of these witnesses were "newly identified."  Docket No. 113 at 6.

Indeed, plaintiff has been aware of defendants Davneiro and Rippel, as well as their involvement as members of the team assigned to executing the search warrant at plaintiff's apartment, since at least July 27, 2016, when, *inter alia*, the search warrant tactical plan and their respective memobook entries were produced, less than four months after defendants' answer to the initial complaint, and approximately 17 months before plaintiff filed their sanctions motion in December 2017.  Upon information and belief, none of the documents produced subsequently materially changed or altered the understanding of their roles.

Similarly, plaintiff has also been aware of defendant Lavelle, and his role as a sergeant who approved the strip search of non-party Danny Rivera, since at least July 27, 2016, when the 107th precinct command log and roll call were produced.  Upon information and belief, no relevant documents produced subsequently even referenced defendant Lavelle's name or existence, let alone materially changed or altered the understanding of his role.

Accordingly, because defendants Davneiro, Rippel and Lavelle were not "newly identified," plaintiff is not entitled to recover any fees and costs related to their depositions.[6]

### E.   Videotaping Costs

Plaintiff seeks to recover $14,643.46 for costs incurred for videotaping depositions.[7]  *See* Cost Invoices (Ex. B) at 1, 3-4, 8-14, 16, 18, 20.  Defendant City respectfully submits that these costs were not contemplated by the Court's April 18, 2018 Order, were not reasonably incurred or necessary, and are duplicative of the $15,199.30 in transcription costs sought by plaintiff.  *See, e.g., Pall Corp. v. 3M Purification Inc.*, No. CV 97-7599 (RRM)(ETB), 2012 U.S. Dist. LEXIS 76755, at *28-30 (E.D.N.Y. June 1, 2012) (denying request for reimbursement of videographer expenses as **unnecessary** and **duplicative** of transcription costs in case involving imposed sanctions); *Cielo Creations, Inc. v. Gao Da Trading Co.*, No. 04 CIV 1952 (BSJ), 2004 U.S.

---

[5]   Plaintiff seeks to recover $3,231.20 ($2,082.50 in fees and $1,148.70 in costs) related to defendant Lavelle's deposition.

[6]   Although defendant City is not asserting that the re-opened depositions of Laliberte and DiGennaro fall outside the ambit of the Court's April 18, 2018 Order, defendant City does note that, in the Court's March 18, 2019 Order, in calculating an appropriate award, it was emphasized that "plaintiff does not seek compensation for time spent or on costs related to" the re-opened depositions of Laliberte and DiGennaro.  *See* Docket No. 168 at 23.  Of course, plaintiff is seeking that compensation now.

[7]   Defendant City notes that plaintiff has not provided defendant City with any video-recordings for any depositions.

Dist. LEXIS 16419, at *5 (S.D.N.Y. Aug. 16, 2004) (finding that costs for videotaping deposition was **not a necessary expense** in case involving imposed sanctions); *see also, e.g., Lewis v. Roosevelt Island Operating Corp.*, No. 16-CV-03071 (ALC) (SN), 2018 U.S. Dist. LEXIS 167389, at *30-31 (S.D.N.Y. Sep. 27, 2018) (finding that videographer costs are **duplicative** of transcription costs and further noting that courts deny fee requests where plaintiffs have failed to establish any basis to conclude that any of the individuals deposed would not be available to testify at trial).

As an initial matter, upon information and belief, plaintiff previously videotaped at most two of the at least 11 depositions taken prior to April 18, 2018. It was not until after the Court's April 18, 2018 Order that plaintiff began videotaping every deposition. Plaintiff was also on notice that defendant City would be objecting to the recovery of these costs. Indeed, at the start of every single videotaped deposition, defendant objected to any future recovery of these costs, in addition to objecting on the basis that plaintiff never properly noticed any of the videotaped depositions pursuant to Fed. R. Civ. P. 30(b)(3)(A).

To the extent that plaintiff may assert that videotaping these depositions was necessary in order to assist plaintiff in identifying the officers who allegedly assaulted her, such an assertion is without merit. First, plaintiff was more than free to attend any of the depositions taken in this case. Second, plaintiff has already been provided with photographs of at least 9 of the 14 defendants deposed since April 18, 2018. Third, the physical appearance of the vast majority of these witnesses was not at issue. Finally, there were certainly other available methods to alleviate any such concern that did not involve incurring the immense expense associated with videotaping depositions.

Accordingly, defendant City respectfully submits that plaintiff should not be entitled to recover these costs.

### F. Attendance of an Additional Attorney at Depositions

Plaintiff seeks to recover $17,085.00 in fees related to the attendance of an additional, non-questioning attorney, Baree Fett, at the depositions of defendants Pontecorvo, Trotter, Valerga, Ryan, Camhi, DiGennaro, Rippel, Robinson, Davneiro and Laliberte. *See* Fee Invoice (Ex. A). Defendant City respectfully submits that these fees were not contemplated by the Court's April 18, 2018 Order and were not reasonably incurred or necessary. *See, e.g., Cielo Creations, Inc.*, 2004 U.S. Dist. LEXIS 16419, at *5 (finding that fees related to the attendance of a second attorney at deposition was not a necessary expense in case involving imposed sanctions). In this regard, defendant City notes that, upon information and belief, only one attorney was present on behalf of plaintiff at each of the at least 11 depositions taken by plaintiff prior to April 18, 2018.[8]

---

[8]   Although it is not entirely clear, both Ms. Fett and Mr. Harvis may have been present for one deposition of non-party Jason Graham taken on November 2, 2017, which lasted approximately 24 minutes, and which was taken approximately two hours before plaintiff filed a motion for costs. *See* Docket No. 76. It appears that Mr. Harvis was the only attorney who asked questions at that deposition.

At the very least, plaintiff should not be entitled to recover fees at an hourly rate of $425 an hour for an additional, non-questioning attorney to merely be present at a deposition that is being video-taped and transcribed.  *See, e.g., Margel v. E.G.L. Gem Lab Ltd.*, 04 Civ. 1514 (PAC)(HBP), 2009 U.S. Dist. LEXIS 9357, at *16 (S.D.N.Y. Feb. 6, 2009) (noting that "courts typically reduce the fee of an attorney whose role is that of an observer and assistant").

Accordingly, defendant City respectfully submits that plaintiff should not be entitled to recover these fees or, at the very least, should not be entitled to recover fees related to the attendance of an additional, non-questioning attorney at a rate of $425 an hour.

### G.  Deposition Preparation Time

Finally, plaintiff seeks to recover $36,295.00 in fees related to time spent preparing for depositions.  *See* Fee Invoice (Ex. A).  Defendant City respectfully submits that a significant reduction in fees is warranted for several different reasons.[9]

As an initial matter, approximately $2,847.50 of billed deposition preparation time relates to the depositions of witnesses who were not "newly identified":  Davneiro ($850.00), Rippel ($935.00) and Lavelle (approx. $1,062.50),[10] *see* Fee Invoice (Ex. A) at 2-3, and should therefore be excluded.

The amount of time plaintiff's counsel has billed for deposition preparation is also plainly excessive.  First, the amount of time plaintiff's counsel has now billed is excessive in light of the time plaintiff's counsel previously spent preparing for depositions.  For example, prior to the Court's April 18, 2018 Order, plaintiff's counsel generally spent somewhere between a half an hour and three hours preparing for depositions.  *See, e.g.,* Docket No. 137-1 at 10, 12, 13, 16 (reflecting the following deposition preparation times:  Laliberte (1.9 hours), Mendez (0.6 hours), Donovan (1 hour), Rehman (1.2 hours), Russo (1.5 hours), Weitzman (2.8 hours), Seddio (0.7 hours), DiGennaro (1.7 hours) and Graham (1 hour)).

However, following the Court's April 18, 2018 Order, plaintiff's counsel has now in many instances billed more than five or even ten hours to prepare for depositions.  *See, e.g.,* Fee Invoice (Ex. A) (reflecting the following deposition preparation times:  Ryan (16.8 hours),

---

[9]   Although defendant City is not asserting that plaintiff is not entitled to recover fees related to deposition preparation, defendant City does note that such fees are not clearly recoverable based on the language of the Court's April 18, 2018 Order.  Indeed, as Your Honor may recall, at the parties' August 28, 2018 status conference, Your Honor remarked that prospective attorneys' fees should be simple to calculate because all you need to know is the start and end time for each deposition.

[10]  Plaintiff block-billed the deposition preparation time for defendants Lavelle and Ficken.  *See* Fee Invoice (Ex. A) at 2.  Defendant's estimate is half of the amount that was block-billed.

Camhi (13.1 hours), DiGennaro (11.5 hours), Robinson (10.1 hours), Kandinov and Valerga (9.3 hours), Laliberte (7.9 hours), Pontecorvo and Trotter (6.2 hours)).  In light of plaintiff counsel's in-depth knowledge and understanding of this case, including the relevant documents, as evidenced by the fact that plaintiff's counsel almost exclusively questioned the deponents without the benefit of an outline, one would think the time needed to prepare for depositions would slightly decrease over time, not significantly increase.

The amount of time plaintiff has now billed is also excessive in light of the number of documents relevant to each particular witness's testimony.  For example, plaintiff's counsel billed 6.2 hours to prepare for the depositions of defendants Pontecorvo and Trotter even though the only meaningful documents related to their testimony amounted to six pages of memobook entries.  Similarly, plaintiff's counsel billed 9.3 hours to prepare for the depositions of defendants Kandinov and Valerga even though the only meaningful documents related to their testimony amounted two pages of memobook entries and a two page disposition and penalty form.  Plaintiff's counsel also billed 5 hours to prepare for the depositions of defendants Lavelle and Ficken even though the only meaningful documents related to their testimony amounted to five pages of memobook entries and a single command log entry.

Moreover, plaintiff counsel's questioning of these deponents was not particularly unique or varied such that such vast amounts of preparation time would be required in order to question them at depositions.  Similar documents were shown to each deponent and the deponents were generally asked similar questions.

In many instances, there is also a large discrepancy between the amount of preparation time billed and the actual length of the deposition.  *See, e.g.,* Fee Invoice (Ex. A) (reflecting 16.8 hours of preparation time for defendant Ryan's 7 hour deposition, 13.1 hours of preparation time for defendant Camhi's 6.5 hour deposition, 11.5 hours of preparation time for defendant DiGennaro's 6.5 hour deposition, 10.1 hours of preparation time for defendant Robinson's 5.3 hour deposition and 7.9 hours of preparation time for defendant Laliberte's 2.5 hour deposition).

Finally, the amount of time plaintiff has now billed is excessive insofar as it is duplicative.  Two attorneys billed time preparing for the depositions of defendants Pontecorvo, Trotter, Kandinov, Valerga, Lavelle, Ficken, Ryan, Camhi, DiGennaro, Rippel, Robinson and Laliberte even though, as explained above, only one attorney questioned these deponents and, in some cases, only one attorney even attended the deposition.  *See* Fee Invoice (Ex. A).

Accordingly, defendant City respectfully submits that the $36,295.00 in fees plaintiff seeks to recover related to time spent preparing for depositions should be significantly reduced.

For the foregoing reasons, defendant City respectfully submits that, in addition to the $142,067.32 plaintiff has already recovered, plaintiff is now entitled to recover an additional $29,017.38 in fees and costs.  Defendant City also respectfully submits that some significantly reduced portion of the $36,295.00 in fees sought by plaintiff for deposition preparation may be recoverable.  However, the remaining amount plaintiff seeks to recover at this time is outside the scope of the Court's April 18, 2018 Order.

Thank you for your consideration.

Respectfully,


/s/ Kavin Thadani_____

Kavin Thadani
Senior Counsel
Special Federal Litigation Division

Encls.

cc:    **BY ECF**
       Gabriel Harvis, Esq.
       Baree Fett, Esq.
       *Attorneys for Plaintiff*