

**GEORGIA M. PESTANA**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**KAVIN THADANI**
*Senior Counsel*
Phone: (212) 356-2351
Fax: (212) 356-3509
kthadani@law.nyc.gov

September 27, 2019

**VIA ECF**
Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

        Re:    <u>Martinez v. City of New York, et al.</u>, 1:16-cv-00079-AMD-CLP

Your Honor:

       I am a Senior Counsel in the Office of Georgia M. Pestana, Acting Corporation Counsel of the City of New York, and the attorney representing defendant City of New York ("City") in the above-referenced matter.  Defendant City writes in response to plaintiff's September 27, 2019 letter requesting (i) that a telephone conference be scheduled concerning defendant City's letter filed earlier today regarding plaintiff's request for fees and costs in connection with the Court's April 18, 2018 Order, and (ii) that further briefing held in abeyance.

       As the Court is aware, on August 26, 2019, the Court ordered "[d]efendant to review billing for fees and confer with counsel" and, "if not resolved by 9/27/2019," defendant City was further ordered to "submit [a] letter outlining issues" and plaintiff was ordered to respond.

       In accordance with that Order, defendant City carefully reviewed plaintiff's invoices for fees and costs and subsequently corresponded with plaintiff via e-mail in a good faith effort to resolve the dispute prior to motion practice.  Indeed, on September 18, 2019, defendant City made a substantial initial offer, which is considerably higher than the amount defendant believes is warranted and further explained to plaintiff the specific basis for that offer amount.  The next day, on September 19, 2019, plaintiff lowered her initial demand.

       In the interest of resolving this dispute in good faith, on September 24, 2019, defendant increased its offer, despite its initial intention not to do so.  Within a span of less than four hours, plaintiff again lowered her demand.  The next day, on September 25, 2019, defendant responded that the prior offer was as high as it would go to avoid motion practice.  Within a span of less

than 35 minutes, plaintiff again lowered her demand.  *See* Docket No. 171-1.  In response, on the morning of September 25, 2019, defendant reiterated that the previous offer was as high as it would go to avoid motion practice and that defendant would not be increasing its offer.  *See id.*  Defendant also asked plaintiff to "advise if that will" resolve this dispute.  *Id.*  In the subsequent 48+ hours, plaintiff never responded to that last e-mail in any way whatsoever (whether to accept the offer, reject the offer and/or indicate that a settlement conference might be productive) and still has not responded, despite the fact that plaintiff had previously responded to defendant's offers within 24 hours and often within a few hours or less.

Accordingly, because the parties' dispute was "not resolved by 9/27/2019," defendant City filed its "letter outlining issues" concerning plaintiff's request for fees and costs.  **Indeed, had defendant City not filed its letter today, it would have been in direct violation of the Court's Order.**

It is entirely unclear why plaintiff is requesting a telephone conference with the Court as the fact remains that the parties have, unfortunately, been unable to resolve their dispute, thereby necessitating motion practice.

Thank you for your consideration.

                                                  Respectfully,

                                                  /s/ Kavin Thadani_____

                                                  Kavin Thadani
                                                  Senior Counsel
                                                  Special Federal Litigation Division

cc:    **BY ECF**
        Gabriel Harvis, Esq.
        Baree Fett, Esq.
        *Attorneys for Plaintiff*