

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**KAVIN THADANI**
*Senior Counsel*
phone: (212) 356-2351
fax: (212) 356-3509
email: kthadani@law.nyc.gov

April 10, 2020

**VIA ECF**
Honorable Rachel P. Kovner
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Martinez v. City of New York, et al.*, 1:16-cv-00079-RPK-CLP

Your Honor:

I am a Senior Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York, and the attorney representing defendants City of New York, Jason Weitzman, Jason Forgione, Eric Ryan, David Camhi, Joseph DiGennaro, Paul Valerga, Keith Laliberte, Joseph Pontecorvo, Blake Ficken, Albert Trotter, Peter Kandinov, Matthew Rippel, James Davneiro, Bryan Post, Tiffany Wolf, Casey Wolff, Richard Lavelle, James Seddio, Daniel Mendez and Richard Russo in the above-referenced matter. Defendants write pursuant to Your Honor's Individual Practice Rules to respectfully request a pre-motion conference (by telephone) in anticipation of defendants' contemplated partial motion for summary judgment. Prior to filing this application, the parties discussed, both via telephone and e-mail, whether dispositive motion practice could be avoided or at least limited in scope but they were too far apart to reach an agreement.

On January 23, 2018, plaintiff filed a Second Amended Complaint which alleges claims of Deprivation of Due Process and Improper Vehicle Search, § 1983 Conspiracy, Denial of Access to Courts / § 1983 Cover-Up, Unreasonable Force, State Law Assault and Battery, Negligence / Negligent Hiring, Training & Retention, Intentional Infliction of Emotional Distress ("IIED"), Negligent Infliction of Emotional Distress ("NIED"), Failure to Intervene, Deliberate Indifference, Supervisory Liability, and *Monell* against the City of New York and 20 individual defendants. *See* Docket No. 99.

On August 14, 2018, plaintiff agreed to withdraw her § 1983 Conspiracy claim and her *Monell* claim, and further agreed to dismiss all claims against defendants Bryan Post, Tiffany Wolf, James Seddio, Daniel Mendez and Richard Russo. *See* Docket No. 154.

The remaining defendants now seek to move for summary judgment with respect to all of plaintiff's claims, except for her federal claim of Unreasonable Force and state law claims of Assault and Battery against defendant City.

Plaintiff's Deprivation of Due Process (i.e., stolen property) claim should be dismissed because courts addressing this claim have routinely "dismissed federal claims for deprivation of property without due process of law, reasoning that New York has adequate state post-deprivation remedies. That is, a plaintiff may bring a state law claim for negligence, replevin or conversion with the Court of Claims." *Wahid v. Mogelnicki*, 406 F. Supp. 3d 247, 249 (E.D.N.Y. 2017). Plaintiff's Improper Vehicle Search claim should be dismissed because, notwithstanding that, at the time of the vehicle search, the vehicle was registered to plaintiff, plaintiff lacks standing to assert this claim because she had sold her vehicle to Danny Rivera, who subsequently drove the vehicle while there were illegal drugs inside of it. In addition, there was probable cause to believe that there was contraband, specifically heroin, inside of the vehicle, and, in any event, the search conducted was merely an appropriate, well-recognized inventory search designed to, *inter alia*, guard the police from danger.

Plaintiff's Denial of Access to Court / § 1983 Cover-Up claim should be dismissed because, notwithstanding that "the viability of [this claim] is far from clear in this Circuit," plaintiff's claims in this lawsuit have not been completely foreclosed as a result of any alleged cover-up. *See, e.g., Sousa v. Marquez*, 702 F.3d 124, 127-29 (2d Cir. 2012).

Plaintiff's Deliberate Indifference claim should be dismissed because plaintiff's alleged injuries for which she allegedly requested medical attention, specifically a broken right thumb (although she was never diagnosed with that injury) and pain to her hands, neck, head and feet, are not sufficiently serious to support a claim of deliberate indifference. *See, e.g., Williams v. Williams*, No. 13-CV-3154 (RA), 2015 U.S. Dist. LEXIS 16964, at *11-16 (S.D.N.Y. Feb. 11, 2015) (holding that a broken finger is not a sufficiently serious injury to support a deliberate indifference claim) (citing cases). In addition, it is undisputed that plaintiff did receive medical treatment while she was in custody and, at most, there was an approximately five hour delay in treatment, which is insufficient to rise to a constitutional violation in this case. *See, e.g., Poindexter v. Davis*, No. 11 Civ. 2928 (PKC), 2012 U.S. Dist. LEXIS 161271, at *13-15 (S.D.N.Y. Nov. 8, 2012).

Plaintiff's State Law and Battery claims should be dismissed against the individual defendants because, *inter alia*, plaintiff failed to file a proper notice of claim as she only named the "City of New York" and "New York City Police Department," and not any of the individual defendants (either by name or with "John/Jane Doe" placeholders), as respondents. *See, e.g., Jackson v. City of New York*, 29 F. Supp. 3d 161, 180-81 (E.D.N.Y. 2014).

Plaintiff's IIED and NIED claims should also be dismissed for the same reasons and "because [they] concern[] the same conduct underlying her" other claims, particularly her excessive force claim and, "under New York law 'no intentional [or negligent] infliction of emotional distress claim will lie where the conduct underlying the claim falls within the ambit of traditional tort liability.'" *Jenkins v. Medert*, No. 9:16-CV-1491 (MAD/JDS), 2018 U.S. Dist. LEXIS 111070 at *14-15 (N.D.N.Y. July 2, 2018) (citation omitted).

Plaintiff's Negligence / Negligent, Hiring, Training & Retention claim against defendant City of New York should be dismissed because, in order "[t]o maintain a claim against a municipal employer for the 'negligent hiring, training, and retention' of a tortfeasor under New York law, a plaintiff must show that the employee acted outside the scope of her employment.'" *Velez v. City of New York,* 730 F.3d 128, 136-37 (2d Cir. 2013) (citation omitted).

Plaintiff's Failure to Intervene and Supervisory Liability claims should also be dismissed because they are insufficiently pled, unsupported by the record and because there are no viable underlying constitutional violations to support them. In addition, there are no claims pled against several defendants, including defendants Ficken, Trotter and Kandinov.

Accordingly, the remaining defendants respectfully request a pre-motion conference (by telephone) in anticipation of their contemplated partial motion for summary judgment.[1] Thank you for your consideration.

Respectfully,

/s/ ***Kavin Thadani***
Kavin Thadani
Senior Counsel
Special Federal Litigation Division

cc: Gabriel Harvis, Esq. & Baree Fett, Esq. (via ECF)

---

[1] Defendants City, Weitzman and Forgione (only) note that, pursuant to Magistrate Judge Pollak's December 14, 2017 Order, their "request [to move for summary judgment] is untimely under the terms of this Court's prior Order." Docket No. 83 at 3. On October 18, 2017, prior to the undersigned's assignment to this case, Magistrate Judge Pollak ordered, *inter alia*, that all discovery should be completed by November 17, 2017 and that defendants City, Forgione, and Weitzman, the only three defendants in the case at that time, should notify the Court by November 30, 2017 if they intend to move for summary judgment, although the written Order refers only to a single defendant and only to "motions." *See* Docket No. 75. Subsequently, on November 9, 2017, also prior to the undersigned's assignment to this case, and notwithstanding the previously set deadline for the close of discovery, Magistrate Judge Pollak ordered, *inter alia*, that the parties should confer on outstanding discovery and agree on a schedule to complete discovery. *See* Docket No. 80.

The undersigned sincerely apologizes to the Court for not complying with Magistrate Judge Pollak's October 18, 2017 Order. As explained in the parties' December 11, 2017 joint letter, the oversight was due to the undersigned being newly assigned to this case and an apparent misunderstanding concerning the active deadlines and whether the deadline to notify the Court regarding summary judgment was superseded, and necessarily extended, by Magistrate Judge Pollak's November 9, 2017 Order, since the initial deadline was set at two weeks following the close of discovery and it appeared that discovery was being extended. *See* Docket No. 82.

In any event, defendants City, Forgione and Weitzman note that they did notify the Court of their intention to move for summary judgment on December 11, 2017, within eleven days of the November 30, 2017 deadline. *See* Docket No. 82. Moreover, in the over two years since that time, plaintiff amended her complaint to add 18 new defendants and assert 6 new claims, well over 5,000 pages of document discovery have been exchanged and 16 depositions have been taken, including a continuation of plaintiff's deposition. In addition, in the interest of judicial economy, defendants City, Forgione and Weitzman, as well as all of the other remaining defendants, agreed to forego moving to dismiss plaintiff's Second Amended Complaint, after leave to do so was granted by the Court, but reserved their right, without objection by plaintiff, to later move to dismiss and/or move for summary judgment following the close of all remaining discovery. *See* Aug. 1, 2018 Docket Entry, Docket. Nos. 154, Docket No. 155.