

80 Pine Street, 38th Floor
New York, New York 10005
T. 212.532.1116 F. 212.532.1176

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

JOHN ELEFTERAKIS*
NICHOLAS ELEFTERAKIS
RAYMOND PANEK

OLIVER R. TOBIAS
JEFFREY B. BROMFELD
FAIZAN GHAZNAVI
GABRIEL P. HARVIS
BAREE N. FETT
STEPHEN KAHN
EVAN M. LA PENNA

KRISTEN PERRY – CONIGLIARO
AIKA DANAYEVA
ARIANA ELEFTERAKIS
MICHAEL INDELICATO
MICHAEL MARRON
DOMINICK MINGIONE
MARK NEWMAN
AGGELIKI E. NIKOLAIDIS
JOSEPH PERRY
MARIE LOUISE PRIOLO *
KEYONTE SUTHERLAND
WAYNE WATTLEY

*Also Admitted In New Jersey

April 17, 2020

BY ECF
Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Martinez v. City of New York, et al.*, 16 CV 79 (RPK) (CLP)

Your Honor:

  I represent plaintiff in the above-referenced matter. I write to respectfully oppose defendants' pre-motion letter filed at DE #180. Plaintiff respectfully submits that the Court should deny defendants leave because their submission is untimely and unsupported by good cause; and their contemplated motion is non-dispositive and meritless.

  Initially, putting the request in context, the record of this litigation demonstrates obstructionism and contempt by the defense that has fundamentally impeded plaintiff's prosecution of the action. Indeed, defendants' malfeasance has been so serious and pervasive that Chief Magistrate Judge Cheryl L. Pollak strongly recommended the imposition of terminating sanctions. *See Martinez v. City of New York*, 2018 WL 604019, *36 (E.D.N.Y. Jan. 24, 2018) ("[T]he Court finds that defendants and their counsel have demonstrated a pattern of willful noncompliance with the Court's Orders and basic discovery obligations over almost two years despite 14 Court Orders. Their noncompliance has severely prejudiced plaintiff, and it is not clear that any sanction could ameliorate the harm caused to her. Such egregious behavior warrants the strongest of sanctions."), *report and recommendation adopted in part*, *Martinez v. City of New York*, 2018 WL 1835935, *4 (E.D.N.Y. Apr. 18, 2018) (Donnelly, J.) ("I will consider additional appropriate sanctions and curative measures at trial.").

  Of particular relevance to defendants' instant application is an order of this Court entered December 14, 2017 requiring that "<u>any [application for leave to file a summary judgment motion] must explicitly notify the district judge that defendants' request is untimely under the terms of this Court's prior Order and they shall set forth 'good cause'</u>

Hon. Rachel P. Kovner
April 17, 2020

<u>for their untimely filing so that the district judge may consider their request.</u>" DE #83 (emphasis in original). The December 14th ruling was based on earlier violations:

> Counsel for the defendants did not comply with the [Rule 16 Scheduling] Order and made no indication that the defendants intended to move for summary judgment. It was not until just recently, after new counsel appeared to represent the defendants that the issue of a summary judgment motion was raised…A court-ordered deadline "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The defendants have made no showing of good cause. Plaintiff is therefore correct that the defendants improperly seek to avoid this Court's prior Order.

*Martinez v. City of New York*, 2017 WL 6403512, *2 (E.D.N.Y. Dec. 14, 2017); *see also Martinez*, 2018 WL 604019 at *14 (discussing defendants' noncompliance with operative deadline and the absence of good cause).

Notwithstanding the clarity of the controlling order and the gravity of the prior proceedings, defendants relegate their discussion to an obfuscatory footnote at the end of their letter. *See* DE #180, p. 3 n.1. The footnote does not invoke, or even attempt to meet, the governing "good cause" standard, which requires the movant to establish diligence or some unforeseeable development. *Id.* As the Hon. Brian M. Cogan has explained:

> Good cause may be established if the moving party can demonstrate that the deadlines cannot reasonably be met despite the diligence of the party needing the extension. It may also be established by demonstrating that reasonably unforeseeable events occurring after the entry of the scheduling order precluded compliance with the deadlines in the [scheduling order]. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

*Lingmain Yang v. Everyday Beauty Amore Inc.*, 18 CV 729 (BMC), 2018 WL 4783968, *5 (E.D.N.Y. Oct. 3, 2018) (citation and internal quotation marks omitted); *see also, e.g., United States v. Mustafa*, 753 F. App'x 22, 44 (2d Cir. 2018), *cert. denied*, 140 S. Ct. 274 (2019) ("A district court is not required to entertain an untimely motion and its discretion to do so depends upon the movant showing good cause.") (citation omitted). If it should

Hon. Rachel P. Kovner
April 17, 2020

please the Court, defendants' footnote – the tone of which lacks deference – is more an attempt to circumvent this Honorable Court's prior order than to satisfy it. In any event, the record decisively refutes any argument that defendants were diligent or somehow unable to foresee the natural consequences of disregarding fourteen Court orders. To the contrary, such conduct warrants denial of the untimely request.

The merits of the proposed partial motion are also lacking. Defendants' principal argument is that Ms. Martinez's injuries, which evidence suggests NYPD officers intentionally inflicted while she was handcuffed and which have necessitated surgery, were not serious enough to obligate defendants to summon medical care for her (an ambulance was never called). This argument, however, is contrary to law in this circuit as observed by the Hon. Ann M. Donnelly. *See Martinez*, 2018 WL 604019 at *1-2 (discussing Ms. Martinez's injuries); Transcript of August 1, 2018 Proceedings, annexed as Exhibit 1, p. 4, ln. 22-25, p. 10, ln. 2-5 (THE COURT: [T]he defense argument on the deliberate indifference to me is not particularly persuasive, given what the allegations of the injuries here are….based on the case law, the injury that they're claiming she suffered, in my mind that that's sort of the grand mal on this one. I mean it's not like she [scraped] her finger or something like that.); *see also*, *e.g.*, *Martinez v. D'Agata*, 16 CV 44 (VB), 2019 WL 6895436, *10 (S.D.N.Y. Dec. 18, 2019) (denying summary judgment on § 1983 deliberate indifference claim where defendants knew of injury and delayed care four hours). Here, disputes surrounding the injury and its cause underscore the need for a trial.

Defendants' remaining contentions are technical in nature, failing, equitably barred and deal with peripheral aspects of the litigation that plaintiff respectfully submits are subordinate to and intertwined with predominant factual disputes. These issues likely could have been (and still could be) resolved between the parties if defendants conferred with the undersigned. If it should please the Court, plaintiff has already suffered years of litigation delay through no fault of her own and, to the extent the parties cannot reach agreement, an expedited procedure is appropriate. *See Martinez*, 2018 WL 604019 at *29 ("The Court completely rejects defendants' efforts to shift the blame to plaintiff or her counsel…"); Fed. R. Civ. P. 1. Accordingly, plaintiff respectfully requests that the Court schedule trial and allow the parties to address unresolved issues during the *in limine* (or Rule 50) phase, after conferring in good faith. Thank you for your attention to this matter.

Respectfully submitted,

Gabriel P. Harvis

Encl.
cc:     All Counsel