16 CV 79 (RPK) (CLP)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROSIE MARTINEZ,

Plaintiff,

- against -

CITY OF NEW YORK; Lieutenant JASON WEITZMAN, Sergeant JASON FORGIONE, Shield No. 2894; Police Officer ERIC RYAN; Lieutenant DAVID CAMHI; Sergeant JOSEPH DIGENNARO; Captain PAUL VALERGA; Sergeant KEITH LALIBERTE; Sergeant JOSEPH PONTECORVO; Police Officer BLAKE FICKEN; Police Officer ALBERT TROTTER; Police Officer PETER KANDINOV; Police Officer MATTHEW RIPPEL; Detective JAMES DAVNEIRO; Police Officer BRYAN POST; Police Officer TIFFANY WOLF; Police Officer CASEY WOLFF; Sergeant RICHARD LAVELLE; Police Officer JAMES SEDDIO; Police Officer DANIEL MENDEZ; Police Officer RICHARD RUSSO; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' PARTIAL MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS

*JAMES E. JOHNSON*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Kavin Thadani*
*Tel: (212) 356-2351*

August 14, 2020

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................... iii

PRELIMINARY STATEMENT ................................................................................. 2

STATEMENT OF FACTS ........................................................................................ 5

        A.    Inventory Search of Non-Party Danny Rivera's 1999 Ford Explorer ........................................................................... 5

        B.    Plaintiff's Medical Treatment on January 23, 2015 ................................... 6

STANDARD OF LAW ............................................................................................. 7

        A.    Summary Judgment ................................................................................... 7

        B.    Motion to Dismiss ..................................................................................... 7

ARGUMENT

        POINT I

        PLAINTIFF'S DEPRIVATION OF DUE PROCESS CLAIM & IMPROPER VEHICLE SEARCH CLAIM SHOULD BE DISMISSED .......................................... 9

        A.   Plaintiff's Deprivation of Due Process Claim ................................... 9

        B.   Plaintiff's Improper Vehicle Search Claim ...................................... 11

              i.   Plaintiff Lacks Standing ...................................... 11

              ii.  There Was Probable Cause To Believe There Was Contraband In The Vehicle ................................... 12

             iii. The Vehicle Was Property Taken Into Custody Pursuant To The Community Caretaking Function And Thereafter Properly Inventory Searched ................................................................ 13

             iv. Defendants Are Entitled To Qualified Immunity ................. 14

**Page**

POINT II

    PLAINTIFF'S DENIAL OF ACCESS TO
    COURTS / § 1983 COVER-UP CLAIM SHOULD
    BE DISMISSED ....................................................................................15

POINT III

    PLAINTIFF'S DELIBERATE INDIFFFERENCE
    CLAIM SHOULD BE DISMISSED ........................................................17

POINT IV

    PLAINTIFF'S FAILURE TO INTERVENE
    CLAIM SHOULD BE DISMISSED ........................................................22

POINT V

    PLAINTIFF'S SUPERVISORY LIABILITY
    CLAIM SHOULD BE DISMISSED ........................................................24

POINT VI

    PLAINTIFF'S ASSAULT AND BATTERY
    CLAIMS SHOULD BE DISMISSED ......................................................27

POINT VII

    PLAINTIFF'S IIED & NIED CLAIMS SHOULD
    BE DISMISSED ....................................................................................30

CONCLUSION ...............................................................................................32

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**                                                                                          **<u>Pages</u>**

*Alvarez v City of New York*,
    134 A.D.3d 599 (N.Y. App. Div. 2015) ................................................................28

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ...............................................................................................7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...............................................................................................8

*Bastuk v. Cnty. of Monroe*,
    628 F. App'x 4 (2d Cir. 2015) ...............................................................................7

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ...........................................................................................7-8

*Bellamy v. Mount Vernon Hosp.*,
    No. 07 Civ. 1801(SAS),
    2009 U.S. Dist. LEXIS 54141 (S.D.N.Y. June 26, 2009) ...................................26

*Bonner v. New York City Police Dep't*,
    No. 99 Civ. 3207 (AGS),
    2000 U.S. Dist. LEXIS 11738 (S.D.N.Y. Aug. 17, 2000) ...................................19

*Bouche v. City of Mount Vernon*,
    No. 11-Civ-5246,
    2012 U.S. Dist. LEXIS 40246 (S.D.N.Y. Mar. 23, 2012) ...................................23

*Bryant v. Vill. of Greenwood Lake*,
    No. 11-cv-7788 (ER),
    2013 U.S. Dist. LEXIS 159531 (S.D.N.Y. Nov. 6, 2013) ...............................13-14

*Burch v. City of New York*,
    No. 11-CV-2841,
    2016 U.S. Dist. LEXIS 195623 (E.D.N.Y. Apr. 22, 2016) ..................................27

*Burgess v. Wright*,
    No. 08-CV-725 (GLS/DRH),
    2009 U.S. Dist. LEXIS 83234 (N.D.N.Y. Aug. 19, 2009) ...................................19

*Burris v. Nassau Cty. DA*,
    No. CV 14-5540 (JFB) (GRB),
    2018 U.S. Dist. LEXIS 149400 (E.D.N.Y. Aug. 30, 2018) .................................10

**Cases**                                                                                           **Pages**

*Calvert v. Katy Taxi, Inc.,*
   413 F.2d 841 (2d Cir. 1969) ...................................................................7

*Campbell v. New York City Transit. Auth.*,
   No. 17 Civ. 4414 (AMD),
   2017 U.S. Dist. LEXIS 121721 (E.D.N.Y. Aug. 1, 2017) ...................................9

*Chambers v. Time Warner, Inc.*,
   282 F.3d 147 (2d Cir. 2002) ...................................................................8

*Clay v. Cnty. of Clinton*,
   No. 8:10-cv-00239,
   2012 U.S. Dist. LEXIS 139262 (N.D.N.Y. Sep. 27, 2012) ................................23

*Cleghorne v. City of New York*,
   99 A.D.3d 443 (N.Y. App. Div. 2012) .......................................................28

*Dejesus v. Vill. of Pelham Manor*,
   282 F. Supp. 2d 162 (S.D.N.Y. 2003) ......................................................11

*DC v. Valley Cent. Sch. Dist.*,
   No. 7:09-cv-9036 (WWE),
   2011 U.S. Dist. LEXIS 90260 (S.D.N.Y. June 29, 2011) ............................. 29-30

*DiPippo v. Cty. of Putnam*,
   No. 17-CV-7948 (NSR),
   2019 U.S. Dist. LEXIS 33071 (S.D.N.Y. Feb. 28, 2019) ....................................22

*DiRuzza v. Lanza*,
   685 F. App'x 34 (2d Cir. 2017) ...............................................................30

*DiRuzza v. Vill. of Mamaroneck*,
   No. 14 CV 1776 (VB),
   2014 U.S. Dist. LEXIS 166208 (S.D.N.Y. Oct. 6, 2014) ............................. 28-29

*District of Columbia v. Wesby*,
   138 S. Ct. 577 (2018) ..................................................................... 14-15

*Dollard v. City of New York*,
   408 F. Supp. 3d 231 (E.D.N.Y. 2019) ................................................... 31-32

*Elek v. Inc. Vill. of Monroe*,
   815 F. Supp. 2d 801 (S.D.N.Y. 2011) ......................................................25

*Genovese v. Town of Southampton*,
   921 F. Supp. 2d 8 (E.D.N.Y. 2013) ........................................................12

**Cases**                                                                                          **Pages**

*Green v. Senkowski*,
    100 F. App'x 45 (2d Cir. 2004) ........................................................18

*Hardy v. City of New York*,
    No. 12-Civ-17,
    2013 U.S. Dist. LEXIS 100665 (S.D.N.Y. Jul. 9, 2013) ................. 22-23

*Harris v. Mills*,
    572 F.3d 66 (2d Cir. 2009) ..............................................................8

*Hayes v. Dahkle*,
    No. 9:16-CV-1368 (TJM/CFH),
    2017 U.S. Dist. LEXIS 180424 (N.D.N.Y. Oct. 27, 2017) ............ 25-26

*Jackson v. Burke*,
    256 F.3d 93 (2d Cir. 2001) ..............................................................10

*Jackson v. City of New York*,
    939 F. Supp. 2d 219 (E.D.N.Y. 2013) ................................................24

*Jackson v. City of New York*,
    29 F. Supp. 3d 161 (E.D.N.Y. 2014) ...........................................27, 29

*James v. Annucci*,
    No. 9:17-CV-0843 (GTS/DEP),
    2018 U.S. Dist. LEXIS 162434 (N.D.N.Y. Sept. 24, 2018) ................16

*Jenkins v. Medert*,
    No. 9:16-CV-1491 (MAD/DJS),
    2018 U.S. Dist. LEXIS 111070 (N.D.N.Y. July 2, 2018) ................ 30-31

*Johnson v. City of New York*,
    No. 09 Civ. 4685 (PGG),
    2011 U.S. Dist. LEXIS 28167 (S.D.N.Y. Mar. 18, 2011) ......................9

*Johnson v. City of New York*,
    No. 1:15-cv-8195-GHW,
    2017 U.S. Dist. LEXIS 81359 (S.D.N.Y. May 26, 2017) ...................29

*Johnson v. City of New York*,
    No. 16-CV-2879 (PKC)(LB),
    2018 U.S. Dist. LEXIS 35555 (E.D.N.Y. Mar. 5, 2018) ...................10

*Kneitel v. Rose*,
    No. 19-CV-3742 (PKC) (LB),
    2019 U.S. Dist. LEXIS 136801 (E.D.N.Y. Aug. 13, 2019) ............ 10-11

**Cases**                                                                   **Pages**

*Krug v. Cty. of Rennselaer*,
    No. 1:04-CV-0640 (TJM/DRH),
    2010 U.S. Dist. LEXIS 106228 (N.D.N.Y. Oct. 5, 2010) .....................................11

*Laguna v. Kwan*,
    No. 13-Cv-7079,
    2015 U.S. Dist. LEXIS 27445 (S.D.N.Y. Jan. 28, 2015) .....................................19

*Leibovitz v. City of New York*,
    No. 14 Civ. 3297 (RA) (JCF),
    2015 U.S. Dist. LEXIS 170476 (S.D.N.Y. Dec. 18, 2015) ........................... 18-19

*Lewis v. Havernack*,
    No. 9:12-CV-0031 (GLS/DEP),
    2013 U.S. Dist. LEXIS 48471 (N.D.N.Y. Jan. 23, 2013) ....................................16

*Logan v. Town of Windsor*,
    No. 3:18-CV-0593 (GTS/DEP),
    2018 U.S. Dist. LEXIS 169326 (N.D.N.Y. Sep. 8, 2018) ....................................16

*Lopez v. City of New York*,
    No. 14-cv-1660 (PKC),
    2014 U.S. Dist. LEXIS 145895 (S.D.N.Y. Oct. 10, 2014) ..................................30

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) ..........................................................................................7

*McGowan v. Town of Evans*,
    No. 15-CV-672-RJA-MJR,
    2017 U.S. Dist. LEXIS 149509 (W.D.N.Y. Sep. 13, 2017) .................................31

*Mecca Allah Shakur v. Bruno*,
    No. 3:12-cv-984(SRU),
    2013 U.S. Dist. LEXIS 17103 (D. Conn. Feb. 7, 2013) .......................................19

*Mimms v. Carr*,
    No. 09-CV-5740 (NGG) (LB),
    2011 U.S. Dist. LEXIS 61853 (E.D.N.Y. June 7, 2011) .....................................25

*Mostafa v. City of New York*,
    No. 13 Civ. 155 (PAE),
    2014 U.S. Dist. LEXIS 136359 (S.D.N.Y. Sep. 25, 2014) ..............................9-10

*N.U. v. E. Islip Union Free Sch. Dist.*,
    No. 16-cv-4540 (SJF)(ARL),
    2017 U.S. Dist. LEXIS 224461 (E.D.N.Y. Sep. 15, 2017) ..................................32

**Cases**                                                            **Pages**

*Nieves v. Fahmy*,
   No. 15 Civ. 7297 (AMD) (ST),
   2016 U.S. Dist. LEXIS 159057 (E.D.N.Y. Nov. 16, 2016) .........................................4, 22, 26

*Overby v. Fabian*,
   No. 17-CV-3377 (CS),
   2018 U.S. Dist. LEXIS 114525 (S.D.N.Y. July 10, 2018) ...................................................26

*Pateman v. City of White Plains*,
   No. 17-CV-6156 (KMK),
   2020 U.S. Dist. LEXIS 48191 (S.D.N.Y. Mar. 19, 2020) ....................................................27

*Poindexter v. Davis*,
   No. 11 Civ. 2928 (PKC),
   2012 U.S. Dist. LEXIS 161271 (S.D.N.Y. Nov. 8, 2012) ............................................... 20-21

*Ponterio v. Kaye*,
   No. 06 Civ. 6289 (HB),
   2007 U.S. Dist. LEXIS 25165 (S.D.N.Y. Apr. 5, 2007) ......................................................17

*Powell v. Dep't of Educ.*,
   No. 14 CV 2363 (PKC),
   2015 U.S. Dist. LEXIS 133255 (E.D.N.Y. Sep. 30, 2015) ....................................................8

*Raffaele v. City of New York*,
   144 F. Supp. 3d 365 (E.D.N.Y. 2015) ................................................................................17

*Raspardo v. Carlone*,
   770 F.3d 97 (2d Cir. 2014) ...............................................................................................25

*Reynolds v. Barrett*,
   685 F.3d 193 (2d Cir. 2012) .............................................................................................26

*Richardson v. Goord*,
   347 F.3d 431 (2d Cir. 2003) .............................................................................................26

*Rivera v. Johnson*,
   No. 95-CV-0845E(H),
   1996 U.S. Dist. LEXIS 14192 (W.D.N.Y. Sep. 20, 1996) .............................................. 19-20

*S.B. v. City of New York*,
   No. 14-CV-1021 (KAM)(PK),
   2016 U.S. Dist. LEXIS 115881 (E.D.N.Y. Aug. 29, 2016) .................................................25

**Cases**                                                                                                   **Pages**

*Saldana v. Port Chester,*
    No. 09 Civ. 6268 (SCR) (GAY),
    2010 U.S. Dist. LEXIS 142099 (S.D.N.Y. July 21, 2010) ...................................................31

*Sampel v. DeFrance,*
    No. 3:14-CV-01207 (VLB),
    2016 U.S. Dist. LEXIS 135132 (D. Conn. Sep. 30, 2016) ...................................................12

*Samuels v. Air Transp. Local 504,*
    992 F.2d 12 (2d Cir. 1993)....................................................................................................8

*Schafer v. Hicksville Union Free Sch. Dist.,*
    No. 06-CV-2531(JS)(ARL),
    2011 U.S. Dist. LEXIS 35435 (E.D.N.Y. Mar. 31, 2011) ..............................................27-28

*Scotto v. Almenas,*
    143 F.3d 105 (2d Cir. 1998) ...................................................................................................7

*Sharpe v. City of New York,*
    No. 11-CV-5494 (BMC),
    2013 U.S. Dist. LEXIS 75094 (E.D.N.Y. May 29, 2013) ....................................................23

*Smart v. City of New York,*
    No. 08cv2203 (HB),
    2009 U.S. Dist. LEXIS 30241 (S.D.N.Y. Mar. 30, 2009) ...................................................11

*Smith v. O'Connor,*
    901 F. Supp. 644 (S.D.N.Y. 1995) ....................................................................................9-10

*Smith v. Sawyer,*
    No. 1:17-cv-00077 (BKS/CFH),
    2020 U.S. Dist. LEXIS 12650 (N.D.N.Y. Jan. 27, 2020) ....................................................24

*Smolen v. Wesley,*
    No. 16-CV-2417 (KMK),
    2019 U.S. Dist. LEXIS 164512 (S.D.N.Y. Sep. 25, 2019) ...................................................18

*Sousa v. Marquez,*
    702 F.3d 124 (2d Cir. 2012) .................................................................................................16

*Stampf v. Long Island R.R. Auth.,*
    No. 07-CV03349,
    2010 U.S. Dist. LEXIS 58551 (E.D.N.Y. June 14, 2010) ....................................................32

**Cases**                                                                                        **Pages**

*Stevens v. Webb*,
    No. 12-CV-2909 (KAM),
    2014 U.S. Dist. LEXIS 37874 (E.D.N.Y. Mar. 21, 2014) ................................................ 16-17

*Tabb v. Hieronymi*,
    No. 17 Civ. 4448 (GBD) (GWG),
    2018 U.S. Dist. LEXIS 139996 (S.D.N.Y. Aug. 17, 2018) ....................................................12

*Tannenbaum v. City of New York*,
    30 A.D.3d 357 (N.Y. App. Div. 2006) ..................................................................................28

*Tavares v. N.Y.C. Health & Hosps. Corp*
    No. 13-cv-3148 (PKC)(MHD),
    2015 U.S. Dist. LEXIS 3815 (S.D.N.Y. Jan. 13, 2015) ........................................................16

*Thomas v. Nassau County Corr. Center*,
    288 F. Supp. 2d 333 (E.D.N.Y. 2003) ............................................................................19, 21

*United States v. Mundy*,
    806 F. Supp. 373 (E.D.N.Y. 1992) ......................................................................................13

*United States v. Sandford*,
    No. 15-CR-6101L,
    2016 U.S. Dist. LEXIS 25140 (W.D.N.Y. Feb. 29, 2016) ....................................................13

*United States v. Williams*,
    930 F.3d 44 (2d Cir. 2019) ..................................................................................................13

*Universal Calvary Church v. City of New York*,
    No. 96 Civ. 4606 (RPP),
    2000 U.S. Dist. LEXIS 15153 (S.D.N.Y. Oct. 17, 2000) ......................................................31

*Wahid v. Mogelnicki*,
    406 F. Supp. 3d 247 (E.D.N.Y. 2017) .................................................................................10

*Warr v. Liberatore*,
    270 F. Supp. 3d 637 (W.D.N.Y. 2017) ................................................................................31

*Weaver v. In Clerks Office City of N.Y.*,
    No. 13-cv-20 (CBA) (SMG),
    2014 U.S. Dist. LEXIS 320236 (E.D.N.Y. Mar. 10, 2014) .....................................................8

*White v. City of New York*,
    No. 16 Civ. 6183 (LGS),
    2017 U.S. Dist. LEXIS 131614 (S.D.N.Y. Aug. 17, 2017) ...................................................20

**Cases**                                                                                                **Pages**

*Williams v. Williams*,
    No. 13-CV-3154 (RA),
    2015 U.S. Dist. LEXIS 16964 (S.D.N.Y. Feb. 11, 2015) ................................................. 19-20

*Ying Jing Gan v. City of New York*,
    996 F.2d 522 (2d Cir. 1993) ....................................................................................................7

*Ying Li v. City of New York*,
    246 F. Supp. 3d 578 (E.D.N.Y. 2017) .................................................................................22

**Statutes**

42 U.S.C. § 1983.................................................................................................................... 2-4

Fed. R. Civ. P. 12(c) ..........................................................................................................1, 4, 7

Fed. R. Civ. P. 56............................................................................................................1, 3, 4, 7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- x

ROSIE MARTINEZ,

                                              Plaintiff,

               - against -

CITY OF NEW YORK; Lieutenant JASON
WEITZMAN, Sergeant JASON FORGIONE,
Shield No. 2894; Police Officer ERIC RYAN;
Lieutenant DAVID CAMHI; Sergeant JOSEPH
DIGENNARO; Captain PAUL VALERGA;
Sergeant KEITH LALIBERTE; Sergeant JOSEPH
PONTECORVO; Police Officer BLAKE FICKEN;
Police Officer ALBERT TROTTER; Police Officer
PETER KANDINOV; Police Officer MATTHEW
RIPPEL; Detective JAMES DAVNEIRO; Police
Officer BRYAN POST; Police Officer TIFFANY
WOLF; Police Officer CASEY WOLFF; Sergeant
RICHARD LAVELLE; Police Officer JAMES
SEDDIO; Police Officer DANIEL MENDEZ;
Police Officer RICHARD RUSSO; and JOHN and
JANE DOE 1 through 10, individually and in their
official capacities (the names John and Jane Doe
being fictitious, as the true names are presently
unknown),

                                           Defendants.

-------------------------------------------------------------------------- x

**MEMORANDUM OF
LAW IN SUPPORT OF
DEFENDANTS'
PARTIAL MOTION FOR
SUMMARY JUDGMENT
AND MOTION TO
DISMISS**

16 CV 79 (RPK) (CLP)

ORAL ARGUMENT
REQUESTED

        Defendants City of New York ("City"), Jason Weitzman, Jason Forgione, Eric Ryan,

David Camhi, Joseph DiGennaro, Paul Valerga, Keith Laliberte, Joseph Pontecorvo, Blake

Ficken, Albert Trotter, Peter Kandinov, Matthew Rippel, James Davneiro, Casey Wolff, and

Richard Lavelle, by their attorney, James E. Johnson, Corporation Counsel of the City of New

York, respectfully submit this Memorandum of Law in support of their partial motion for

summary judgment pursuant to Rule 56 and motion to dismiss pursuant to Rule 12(c) of the

Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

On January 7, 2016, plaintiff Rosie Martinez brought this action, pursuant to 42 U.S.C. § 1983 and New York state law, alleging violations of her civil rights.  *See* Complaint (Docket No. 1).  At that time, plaintiff asserted federal claims of unreasonable force and failure to intervene, and state law claims of assault and battery, intentional infliction of emotional distress ("IIED"), negligent infliction of emotional distress ("NIED"), and negligent hiring, training and retention against the City and "John and Jane Doe" defendants.  *See id.*  On November 17, 2016, plaintiff amended the complaint to name Weitzman and Forgione as defendants.  *See* First Amended Complaint (Docket No. 28).

On January 23, 2018, plaintiff amended the complaint again, this time to name an additional eighteen (18) defendants and assert six new federal claims – deprivation of due process and improper vehicle search, § 1983 conspiracy, denial of access to courts / § 1983 cover-up, deliberate indifference, supervisory liability, and municipal liability (*Monell*).  *See* Second Amended Complaint (Docket No. 99).

On August 14, 2018, plaintiff agreed to withdraw her § 1983 conspiracy claim and her municipal liability (*Monell*) claim,[1] and further agreed to dismiss all claims against defendants Bryan Post, Tiffany Wolf, James Seddio, Daniel Mendez and Richard Russo.  *See* Aug. 14, 2018 Joint Letter (Docket No. 154).

On August 3, 2020, the Court granted defendants Ryan, Camhi, DiGennaro, Valerga, Laliberte, Pontecorvo, Ficken, Trotter, Kandinov, Rippel, Davneiro, Wolff and Lavelle – the "defendants added to the case by plaintiff's Second Amended Complaint" – leave to "seek summary judgment with respect to all claims asserted against them."  *See, e.g.,* Docket Entry

---

[1]  As a result, plaintiff has necessarily also withdrawn her claim for "[i]njunctive and equitable relief to address the deficiencies in the policies of the City of New York."  Second Amended Complaint (Docket No. 99) at 24.

dated August 3, 2020. The Court further granted defendants City, Weitzman and Forgione – the "defendants who were already parties to the case" – leave to "move for judgment on the pleadings with respect to the claims asserted against them before the Second Amended Complaint was filed" (i.e., failure to intervene, assault and battery, IIED, NIED, and negligent hiring, training and retention) and leave to move for summary judgment with respect to the claims asserted against them for the first time in the Second Amended Complaint (i.e., deprivation of due process and improper vehicle search, denial of access to courts / § 1983 cover-up, deliberate indifference, and supervisory liability). *See, e.g., id.* The Court also granted defendants leave to file a memorandum of law up to 32 pages in length.

Defendants Ryan, Camhi, DiGennaro, Valerga, Laliberte, Pontecorvo, Ficken, Trotter, Kandinov, Rippel, Davneiro, Wolff and Lavelle now move for summary judgment with respect to all of plaintiff's claims asserted against them pursuant to Fed. R. Civ. P. 56 on the grounds that:

> (1) plaintiff's federal deprivation of due process claim fails to state a claim upon which relief can be granted because New York state provides plaintiff with adequate post-deprivation remedies and plaintiff's federal improper vehicle search claim fails to state a claim upon which relief can be granted because, *inter alia*, she lacks standing to assert such a claim and there was probable cause to believe there was contraband inside of the vehicle;

> (2) plaintiff's federal denial of access to courts / § 1983 cover-up claim fails to state a claim upon which relief can be granted because her claims have not been completely foreclosed as a result of any alleged cover-up;

> (3) plaintiff's federal deliberate indifference claim fails to state a claim upon which relief can be granted because her alleged injuries were not sufficiently serious to support such a claim and because plaintiff did receive medical treatment within a reasonable amount of time while she was in custody;

> (4) plaintiff's federal failure to intervene claim fails to state a claim upon which relief can be granted because, *inter alia*, it is conclusory and improperly pled, and because there is no viable underlying constitutional claim to support it;

(5)  plaintiff's federal supervisory liability claim fails to state a claim upon which relief can be granted because, *inter alia*, it is also conclusory and improperly pled, and because there is not viable underlying constitutional claim to support it;

(6)  plaintiff's state law assault and battery claims fail to state a claim upon which relief can be granted against any of the individual defendants because plaintiff failed to file a proper notice of claim; and

(7)  plaintiff's state law IIED and NIED claims fail to state a claim upon which relief can be granted against any of the individual defendants because plaintiff failed to file a proper notice of claim and such claims fail to state a claim upon which relief can be granted against all defendants because her claims are subsumed by her unreasonable force and assault and battery claims.[2]

Defendants City, Weitzman and Forgione also now move for summary judgment with respect to plaintiff's claims of deprivation of due process and improper vehicle search, denial of access to courts / § 1983 cover-up, deliberate indifference, and supervisory liability pursuant to Fed. R. Civ. P. 56, and further move for judgment on the pleadings with respect to plaintiff's claims of failure to intervene, assault and battery, IIED and NIED pursuant to Fed. R. Civ. P. 12(c), on the same grounds.

Defendants do not intend to assert that any of the individually named defendants were acting outside the scope of their employment.  Accordingly, on August 6, 2020, plaintiff agreed to voluntarily withdraw her negligent hiring, training and retention claim against the City of New York (*see* Second Amended Complaint (Docket No. 99) at ¶¶ 98-103).  However, the parties have agreed that, if defendants later assert that any of the individually named defendants were

---

[2]  Plaintiff has failed to even impliedly allege any claims against defendants Ficken, Trotter and Kandinov.  Plaintiff merely alleges that defendants Trotter and Kandinov relieved former defendants Seddio and Mendez at the hospital, and that defendants Trotter, Ficken and Kandinov transported plaintiff from the hospital to the 107th precinct.  *See* Second Amended Complaint (Docket No. 99) at ¶¶ 55, 60.

Because plaintiff fails to properly allege that defendants Ficken, Trotter and Kandinov were personally involved in any alleged constitutional violation, they should be dismissed from this lawsuit.  *See, e.g., Nieves v. Fahmy*, No. 15 Civ. 7297 (AMD) (ST), 2016 U.S. Dist. LEXIS 159057, at *8 (E.D.N.Y. Nov. 16, 2016) ("A Section 1983 pleading that does not allege the personal involvement of an individual defendant 'fails as a matter of law and should be dismissed.'") (citation omitted).

acting outside the scope of their employment, then defendants will not oppose a motion by plaintiff to re-plead her negligent hiring, training and retention claim.

In sum, defendants are moving for summary judgment and/or for judgment on the pleadings as to all of plaintiff's claims except for her federal claim of unreasonable force against defendants Weitzman and Forgione (or whichever two individual defendants she is asserting this claim against)[3] and her state law claims of assault and battery against the City (via the doctrine of *respondeat superior*).

## STATEMENT OF FACTS

### A.      Inventory Search of Non-Party Danny Rivera's 1999 Ford Explorer

In or around November 2014, plaintiff sold her vehicle, a 1999 Ford Explorer, to non-party Danny Rivera.  *See* Defendants' Statement Pursuant to Local Rule 56.1 ("56.1 Stmt.") at ¶ 1.  After buying the 1999 Ford Explorer from plaintiff, Mr. Rivera did not change the vehicle registration from plaintiff's name to his name but did purchase automobile insurance for the vehicle, or at least was in the process of doing so as of January 22, 2015.  *See id.* at ¶ 2.  In addition, on several occasions, Mr. Rivera had drugs inside of the vehicle and would drive the vehicle while there were drugs inside of it.  *See id.* at ¶ 3.

On or before January 16, 2015, Sergeant Joseph DiGennaro was informed that Danny Rivera used a 1999 Ford Explorer, registered to plaintiff, in connection with buying and/or selling heroin.  *See id.* at ¶ 4.  Based upon that information, Sgt. DiGennaro believed that there may be drugs, specifically heroin, inside of the 1999 Ford Explorer.  *See id.* at ¶ 5.

---

[3]  In her Second Amended Complaint, plaintiff does not specify which of the twenty individual defendants she is asserting her federal unreasonable force claim against, merely alleging that "[t]he individual defendants who used excessive force against plaintiff violated the Fourth and Fourteenth Amendments."  Second Amended Complaint (Docket No. 99) at ¶ 92.  However, based upon plaintiff's factual allegations, and her sworn testimony, it appears that she is bringing her federal unreasonable force claim against only two defendants, specifically Weitzman and Forgione, s*ee id.* at ¶¶ 35-38, 40, as plaintiff has never formally represented otherwise.

On January 22, 2015, after Danny Rivera was found in plaintiff's apartment during the execution of a lawful search warrant to be in the possession of over 280 bags of heroin and thousands of dollars of cash he received from selling heroin, the 1999 Ford Explorer was removed from the street and vouchered for "investigatory purposes." *See id.* at ¶ 6.  Hours later, on January 23, 2015, at approximately 12:32 a.m., an inventory search of the 1999 Ford Explorer was conducted. *See id.* at ¶ 7.

**B.      Plaintiff's Medical Treatment on January 23, 2015**

Plaintiff alleges that, shortly after midnight on January 23, 2015, while she was in police custody after being lawfully arrested, she was assaulted and that she subsequently requested medical attention "over the ensuing five hours." *See id.* at ¶ 8.  Specifically, plaintiff claims to have requested medical attention because she thought her right thumb was broken, and for pain in her hands, neck, head and feet. *See id.* at ¶ 9.

Approximately five hours later, at approximately 5:40 a.m., plaintiff was transported to the Queens Hospital Center Emergency Room for evaluation and treatment for her alleged thumb injury. *See id.* at ¶ 10.  At approximately 6:17 a.m., plaintiff arrived at Queens Hospital Center. *See id.* at ¶ 11.  Plaintiff reported that "both of her thumbs were injured during her arrest last night," complained of pain and swelling to her thumbs, reporting pain of 6 on a scale of 1-10, and denied numbness / tingling. *See id.* at ¶ 12.

Plaintiff was seen in the emergency room for injury to her thumbs, treated with Ibuprofen and a hand splint, and diagnosed with "pain in limb." *See id.* at ¶¶ 13-14.  Plaintiff's x-rays were normal, and she was discharged after spending just over two hours at the hospital, at approximately 8:27 a.m., prescribed Motrin for pain and swelling, and advised to follow-up with a hand specialist. *See id.* at ¶¶ 15-16.

## STANDARD OF LAW

### A.      Summary Judgment

Summary judgment is warranted when the Court determines that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a).  At this stage, the Court must determine "whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

In opposing summary judgment, the "non-moving party may not rely on conclusory allegations or unsubstantiated speculation."  *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998).  The party bearing the burden of proof has no right to take the case to trial if a favorable verdict could only be the product of surmise, speculation, and conjecture.  *See, e.g., Calvert v. Katy Taxi, Inc.,* 413 F.2d 841, 844 (2d Cir. 1969).  Therefore, the non-moving party must produce evidence to support his case and "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible."  *Ying Jing Gan v. City of New York*, 996 F.2d 522, 532 (2d Cir. 1993).  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

### B.      Motion to Dismiss

Pursuant to Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."  "The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim."  *Bastuk v. Cnty. of Monroe*, 628 F. App'x 4, 6 (2d Cir. 2015).  To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In applying this standard of facial plausibility, the court takes all "factual allegations to be true and draw[s] all reasonable inferences in the plaintiff's favor," *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009); however, the court should not credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678.

In deciding a motion to dismiss, a court should consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993); *see also, e.g., Powell v. Dep't of Educ.*, No. 14 CV 2363 (PKC), 2015 U.S. Dist. LEXIS 133255, at *3-4 (E.D.N.Y. Sep. 30, 2015) (considering the plaintiff's notice of claim on a motion to dismiss because it was "incorporated by reference in the Amended Complaint"); *Weaver v. In Clerks Office City of N.Y.*, No. 13-cv-20 (CBA) (SMG), 2014 U.S. Dist. LEXIS 32036, at *10 (E.D.N.Y. Mar. 10, 2014) (considering notice of claim on motion to dismiss because it was explicitly referred to in the complaint and, therefore, it was incorporated by reference and should be deemed part of the pleading). Even where a document is not incorporated by reference, "the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002) (internal quotations omitted).

**ARGUMENT**

**POINT I**

**PLAINTIFF'S DEPRIVATION OF DUE
PROCESS CLAIM & IMPROPER VEHICLE
SEARCH CLAIM SHOULD BE DISMISSED**

**A.    Plaintiff's Deprivation of Due Process Claim**

It is well-established that the alleged "[d]eprivation of property by a state actor, whether intentional or negligent, does not give rise to a claim under § 1983 so long as the law of that state provides an adequate post-deprivation remedy and the deprivation was the result of a 'random and unauthorized act'" as opposed to an established state procedure.   *Johnson v. City of New York*, No. 09 Civ. 4685 (PGG). 2011 U.S. Dist. LEXIS 28167, at *33-34 (S.D.N.Y. Mar. 18, 2011) (internal quotation marks and citation omitted); *see also, e.g., Campbell v. New York City Transit. Auth.*, No. 17 Civ. 4414 (AMD), 2017 U.S. Dist. LEXIS 121721, at *6 (E.D.N.Y. Aug. 1, 2017) ("Deprivation of property is only actionable in federal court if the state does not provide procedural safeguards or an adequate post-deprivation remedy for the loss."); *Mostafa v. City of New York*, No. 13 Civ. 155 (PAE), 2014 U.S. Dist. LEXIS 136359, at *3 (S.D.N.Y. Sep. 25, 2014) ("[T]he loss or theft of an arrestee's property – even 'an unauthorized intentional deprivation' – does not give rise to a constitutional claim cognizable under § 1983 if 'adequate state post-deprivation remedies are available.'") (citation omitted); *Smith v. O'Connor*, 901 F. Supp. 644, 647 (S.D.N.Y. 1995) ("Because plaintiff was not deprived of his property without due process of law in that he had an adequate remedy to vindicate his alleged loss, he cannot state a claim for relief under § 1983 that his constitutional rights were violated.").

Here, plaintiff does not allege, nor does the evidence in the record support, that the deprivation of her property was the result of any established state procedures, as opposed to a random and unauthorized act.  Moreover, there exists adequate state post-deprivation remedies

that plaintiff could have used, in the form of state law causes of action for negligence, replevin, or conversion in the New York Court of Claims. *See, e.g., Johnson v. City of New York*, No. 16-CV-2879 (PKC)(LB), 2018 U.S. Dist. LEXIS 35555, at *6 (E.D.N.Y. Mar. 5, 2018); *see also Burris v. Nassau Cty. DA*, No. CV 14-5540 (JFB) (GRB), 2018 U.S. Dist. LEXIS 149400, at *15-16 (E.D.N.Y. Aug. 30, 2018) ("The Second Circuit has determined that 'New York in fact affords an adequate post-deprivation remedy in the form of, *inter alia*, a Court of Claims action.'") (citation omitted); *Wahid v. Mogelnicki*, 406 F. Supp. 3d 247, 249 (E.D.N.Y. 2017) ("Courts addressing this issue have dismissed federal claims for deprivation of property without due process of law, reasoning that New York has adequate state post-deprivation remedies.  That is, a plaintiff may bring a state law claim for negligence, replevin or conversion with the Court of Claims."); *Mostafa*, 2014 U.S. Dist. LEXIS 136359, at *3 ("It is 'well established' that New York provides tort-law remedies for lost or stolen property including replevin, trespass to chattels, and conversion.")

"Plaintiff's failure to take advantage of the state procedures does not convert h[er] cause of action into a constitutional due process claim." *Smith*, 901 F. Supp. at 647.  Accordingly, plaintiff's deprivation of due process (i.e., stolen property) claim, apparently asserted against defendants Ryan, DiGennaro, Rippel and Davneiro, *see* Second Amended Complaint (Docket No. 99) at ¶ 21, should be dismissed, and defendant Rippel should be dismissed from this lawsuit entirely as this is the only claim apparently asserted against him.  *See, e.g., Jackson v. Burke*, 256 F.3d 93, 96 (2d Cir. 2001) ("As to [plaintiff's] due process claim . . . New York in fact affords an adequate post-deprivation remedy in the form of, *inter alia*, a Court of Claims action.  Plaintiff's failure to pursue this adequate state remedy thus precludes his claim under § 1983."); *Kneitel v. Rose*, No. 19-CV-3742 (PKC) (LB), 2019 U.S. Dist. LEXIS 136801, at *7-8 (E.D.N.Y. Aug. 13,

2019) (dismissing claim against defendant for depriving him of his vehicle for several months); *Smart v. City of New York*, No. 08cv2203 (HB), 2009 U.S. Dist. LEXIS 30241, at *37-38 n.10 (S.D.N.Y. Mar. 30, 2009) (dismissing claim based on the loss of personal property plaintiff alleged was in his vehicle when it was impounded).[4]

### B.      Plaintiff's Improper Vehicle Search Claim

#### i.      Plaintiff Lacks Standing

With respect to plaintiff's improper vehicle search claim, "[s]tanding to challenge [that] search is . . . satisfied by either ownership of the vehicle or license from the owner to possess the vehicle." *Dejesus v. Vill. of Pelham Manor*, 282 F. Supp. 2d 162, 173 (S.D.N.Y. 2003) (citing *United States v. Sanchez*, 635 F.2d 47, 64 (2d Cir. 1980)).  Here, however, although the vehicle in question was still registered to plaintiff when the vehicle was searched, plaintiff had sold the vehicle to Danny Rivera approximately two months earlier, *see* 56.1 Stmt. at ¶ 1, and there is no evidence in the record to suggest that, after she sold the vehicle to Mr. Rivera, plaintiff had "license from the owner to possess the vehicle."

Therefore, because plaintiff "has not provided facts from which a reasonable fact finder could conclude that she had a reasonable expectation of privacy in the" vehicle, "she lacks standing to assert a claim alleging a Fourth Amendment violation arising from the search of the" vehicle.  *Krug v. Cty. of Rennselaer*, No. 1:04-CV-0640 (TJM/DRH), 2010 U.S. Dist. LEXIS 106228, at *11 (N.D.N.Y. Oct. 5, 2010).

---

[4]  To the extent that plaintiff alleges the theft of money from her apartment, her claim should also be dismissed because the officers were executing a lawful search warrant which explicitly permitted the officers to search for and remove U.S. currency reasonably believed to be related to the purchase and/or sale of narcotics.  *See* Search Warrant, annexed to the Declaration of Kavin Thadani as Exhibit K.

###### ii.    There Was Probable Cause To Believe There Was Contraband In The Vehicle

Plaintiff's vehicle search claim also fails because it is well-settled that "'under the so-called automobile exception to the fourth amendment warrant requirement, law enforcement officials may conduct a warrantless search of a movable vehicle when they have probable cause to believe it contains contraband or evidence of a crime.'"  *Genovese v. Town of Southampton*, 921 F. Supp. 2d 8, 22 (E.D.N.Y. 2013) (quoting *United States v. Vassiliou*, 820 F.2d 28, 30 (2d Cir. 1987)); s*ee also, e.g., Tabb v. Hieronymi*, No. 17 Civ. 4448 (GBD) (GWG), 2018 U.S. Dist. LEXIS 139996, at *16 (S.D.N.Y. Aug. 17, 2018) ("'If a car is readily mobile and probable cause exists  to  believe  it  contains contraband,  the Fourth  Amendment thus  permits  police to search the vehicle without  more.'") (quoting *Penn. v. Labron*, 518 U.S. 938, 940 (1996)); *Sampel v. DeFrance*, No. 3:14-CV-01207 (VLB), 2016 U.S. Dist. LEXIS 135132, at *18 (D. Conn. Sep. 30, 2016) ("An officer may conduct a warrantless search of an automobile if the officer has probable cause to believe contraband is hidden inside.").

Here, it is undisputed that, after he purchased the vehicle from plaintiff, Mr. Rivera had drugs inside of the vehicle and would drive the vehicle while there were drugs inside of it.  *See* 56.1 Stmt. at ¶ 3.  Moreover, on or before January 16, 2015, Sgt. DiGennaro was informed that Danny Rivera used that vehicle in connection with buying and/or selling heroin and, that based upon that information, Sgt. DiGennaro believed that there may be drugs, specifically heroin, inside of the vehicle.  *See id.* at ¶¶  4-5.  In addition, the vehicle was only taken into custody after Mr. Rivera was found to be in the possession of over 280 bags of heroin and thousands of dollars of cash he received from selling heroin.  *See id.* at ¶ 6.  Accordingly, there was probable cause to believe there was contraband, namely heroin, inside of the vehicle and, therefore, plaintiff's vehicle search claim should be dismissed.

      **iii.**    **The Vehicle Was Properly Taken Into Custody Pursuant To The Community Caretaking Function And Thereafter Properly Inventory Searched**

"The police are also authorized to seize an automobile not in control of its driver as part of a 'community caretaking function.'" *United States v. Mundy*, 806 F. Supp. 373, 376 (E.D.N.Y. 1992). "This rule is particularly important where a car would be unattended, even if legally parked, and the police have reason to believe that a suspect will be separated from his vehicle for a long period of time." *Id.* "Even if the impoundment of the vehicle stems partially from an investigatory motive, [any subsequent inventory] search is still valid." *Id.* Indeed, "[w]here the officer's community caretaking function is justified on objective grounds -- as when the car would be easy prey for vandals -- there is no need to speculate about the officer's intent." *Id.* at 376-77.

Furthermore, "[t]he Supreme Court has long recognized that when police 'take a vehicle into custody, they may search the vehicle and make an inventory of its contents without need for a search warrant and without regard to whether there is probable cause to suspect that the vehicle contains contraband or evidence of criminal conduct.'" *United States v. Williams*, 930 F.3d 44, 53 (2d Cir. 2019) (citation omitted). "As the Supreme Court has observed, securing and inventorying the contents of an impounded vehicle protects the owner's property while the vehicle remains in police custody and the police from false claims of theft or loss and potential danger." *United States v. Sandford*, No. 15-CR-6101L, 2016 U.S. Dist. LEXIS 25140, at *26-27 (W.D.N.Y. Feb. 29, 2016). "An otherwise-reasonable inventory search will not be rendered unreasonable merely because an officer is motivated in part by investigatory purposes or by the expectation that the search will yield evidence." *Bryant v. Vill. of Greenwood Lake*, No. 11-cv-

7788 (ER), 2013 U.S. Dist. LEXIS 159531, at *10 (S.D.N.Y. Nov. 6, 2013), *aff'd*, *Bryant v. Dasilva*, 582 F. App'x 56 (2d Cir. 2014).

Here, the officers were permitted to take the vehicle, which was parked on the street, into custody pursuant to the "community caretaking function." In addition, once the vehicle was in police custody, it was reasonable and permissible for an inventory search to be conducted. Accordingly, plaintiff's vehicle search claim should be dismissed.

### iv.    Defendants Are Entitled To Qualified Immunity

"[O]fficers are entitled to qualified immunity under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time'" *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018) (citation omitted). "'Clearly established' means that, at the time of the officer's conduct, the law was 'sufficiently clear' that every 'reasonable official would understand that what he is doing' is unlawful. *Id.* "In other words, existing law must have placed the constitutionality of the officer's conduct 'beyond debate'" *Id.* "This demanding standard protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Id.* "To be clearly established, a legal principle must have a sufficiently clear foundation in then-existing precedent. The rule must be 'settled law,' . . . which means it is dictated by 'controlling authority' or 'a robust 'consensus of cases of persuasive authority.'" *Id.* at 589-90. "It is not enough that the rule is suggested by then-existing precedent. The precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." *Id.* at 590. "The 'clearly established' standard also requires that the legal principle clearly prohibit the officer's conduct in the particular circumstances before him. The rule's contours must be so well defined that it is 'clear to a reasonable officer that his conduct was unlawful in the situation he

confronted.'  This requires a high 'degree of specificity.'"  *Id.*  "[C]ourts must not 'define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced.'"  *Id.*

Here, the defendants are entitled to qualified immunity because it was not "clearly established" that, at the time of the vehicle search, such a search was not permitted under these particular circumstances where, *inter alia*, Sgt. DiGennaro was informed that Mr. Rivera used the vehicle in connection with buying and/or selling heroin, Mr. Rivera admits that he did have drugs inside of the vehicle and drove the vehicle while there were drugs inside of it, and Mr. Rivera was found to be in the possession of over 280 bags of heroin and thousands of dollars of cash he received from selling heroin at the time of his arrest and before the vehicle was searched.

Accordingly, plaintiff's improper vehicle search claim, apparently asserted against defendants Ryan and DiGennaro, *see* Second Amended Complaint (Docket No. 99) at ¶ 23, should be dismissed

## POINT II

### PLAINTIFF'S DENIAL OF ACCESS TO COURTS / § 1983 COVER-UP CLAIM SHOULD BE DISMISSED

Plaintiff alleges that "the individual defendants prevented plaintiff from fairly litigating the instant action, including by delaying her ability to obtain vital information in advance of the expiration of the statute of limitations, in violation of plaintiff's rights to access the Courts" and that "[d]efendants engaged in a purposeful cover up intended to frustrate plaintiff['s] assertion of her rights, to hide and destroy evidence and to prejudice plaintiff in this action."  Second Amended Complaint (Docket No. 99) at ¶¶ 88-89.

As an initial matter, plaintiff fails to properly specify which individual defendants she is asserting this claim against.  In any event, plaintiff's claim should be dismissed because her claims in this lawsuit have not been completely foreclosed as a result of any alleged cover-up.

"[T]here is no constitutional right to be free from the cover-up of a past constitutional violation." *Lewis v. Havernack*, No. 9:12-CV-0031 (GLS/DEP), 2013 U.S. Dist. LEXIS 48471, at *12 (N.D.N.Y. Jan. 23, 2013); *see also, e.g., James v. Annucci*, No. 9:17-CV-0843 (GTS/DEP), 2018 U.S. Dist. LEXIS 162434, at *4 (N.D.N.Y. Sept. 24, 2018) ("General allegations that a party conspired to cover up a past constitutional violation are insufficient to establish liability under Section 1983.").

"In a section 1983 claim alleging a cover-up by government agents, the constitutional right at issue is the First Amendment right of access to courts:  the theory is that the cover-up has made it **impossible** for the plaintiff to litigate an underlying claim, because material evidence was destroyed, for instance, or because the statute of limitations expired before the plaintiff discovered the cover-up." *Tavares v. N.Y.C. Health & Hosps. Corp.*, No. 13-cv-3148 (PKC)(MHD), 2015 U.S. Dist. LEXIS 3815, at *23 (S.D.N.Y. Jan. 13, 2015) (emphasis added). "The Second Circuit has emphasized, however, that "'[t]he viability of [such] claims is far from clear.'" *Id.* (quoting *Sousa v. Marquez*, 702 F.3d 124, 128 (2d Cir. 2012)); *see also, e.g., Logan v. Town of Windsor*, No. 3:18-CV-0593 (GTS/DEP), 2018 U.S. Dist. LEXIS 169326, at *11 (N.D.N.Y. Sep. 8, 2018) ("The Second Circuit has expressly questioned the continued vitality of this type of access to courts claim.").

Nevertheless, such a claim is "available only if a judicial remedy was '**completely foreclosed**' by the alleged cover-up." *Tavares*, 2015 U.S. Dist. LEXIS 3815, at *23 (internal quotation marks and citation omitted) (emphasis added); *see also, e.g., Stevens v. Webb*, No. 12-

CV-2909 (KAM), 2014 U.S. Dist. LEXIS 37874, at *18-23 (E.D.N.Y. Mar. 21, 2014) (denying plaintiff's "already rarely recognized" denial of access claim where plaintiff's underlying claim was not completely foreclosed); *Ponterio v. Kaye*, No. 06 Civ. 6289 (HB), 2007 U.S. Dist. LEXIS 25165, at *3 (S.D.N.Y. Apr. 5, 2007), *aff'd*, 328 F. App'x 671 (2d Cir. 2009) (plaintiff must "claim that they have **irrevocably lost the ability to file a lawsuit**, typically because of a massive government cover-up denying plaintiffs the ability to gather evidence") (emphasis added); *Raffaele v. City of New York*, 144 F. Supp. 3d 365, 374 (E.D.N.Y. 2015) (dismissing denial of access to courts claim because complaint did not "identify a judicial remedy that may have been awarded to plaintiff but was not otherwise available because of the NYPD's alleged cover-up of [the officer's] conduct").

Here, however, neither plaintiff's lawsuit nor her claims have been completely foreclosed by any alleged cover-up.  In addition, plaintiff has neither alleged, nor is she able to prove, that any particular judicial remedy is not otherwise available to her as a result of any alleged cover-up.  Accordingly, plaintiff's access to courts claim, apparently asserted against defendants Camhi, Valerga and Pontecorvo, *see* Second Amended Complaint (Docket No. 99) at ¶¶ 22, 65, should be dismissed, and defendants Valerga and Pontecorvo should be dismissed from this lawsuit entirely as this is the only claim apparently asserted against them.  *See, e.g.,* Aug. 1, 2018 Conference Transcript (Docket No. 181-1) at 4:15-17 ("The denial of access to the courts. I think that's . . . not particularly compelling. I think the defense has a pretty strong argument on that.").

## POINT III

### PLAINTIFF'S DELIBERATE INDIFFERENCE CLAIM SHOULD BE DISMISSED

Plaintiff alleges that certain, unspecified defendants "fail[ed] to obtain medical treatment for [her] and act[ed] with deliberate indifference to her safety."  Second Amended Complaint

(Docket No. 99) at ¶ 119.  Although plaintiff fails to properly specify which defendants she is asserting this claim against, it appears that this claim may be asserted against several defendants merely because they were allegedly present at the 107th Precinct on the night plaintiff was arrested.  *See id.* at ¶ 46.  In neither her pleadings nor her sworn testimony does plaintiff sufficiently specify which defendants, if any, were on notice of her alleged requests for medical treatment which, in and of itself, is fatal to plaintiff's claim.

In any event, plaintiff's deliberate indifference claim should be dismissed because neither her alleged injuries (i) per her pleadings (i.e., swollen wrists and hands), *see, e.g., id.* at ¶ 48, (ii) per her sworn testimony (i.e., broken right thumb and pain to her hands, neck, head and feet), *see, e.g.,* 56.1 Stmt. at ¶ 9, nor (iii) per her medical records (i.e., pain on a scale of 6 out of 10 and swelling to her thumbs), *see, e.g. id.* at ¶ 12, were sufficiently serious or urgent to rise to the level of a constitutional claim.

"To prevail on a constitutional claim of deliberate medical indifference, a plaintiff must prove that [s]he suffered from an objectively serious medical condition . . . .  A serious medical condition is one that may result in death, degeneration, or 'chronic and substantial pain.'" *Green v. Senkowski*, 100 F. App'x 45, 46 (2d Cir. 2004) (citation omitted).

It has been consistently held that hand and wrist injuries, including broken fingers (for which plaintiff allegedly complained of although she was never diagnosed with), similar to those alleged by plaintiff here are not sufficiently serious to support a deliberate indifference claim as a matter of law.  *See, e.g., Smolen v. Wesley*, No. 16-CV-2417 (KMK), 2019 U.S. Dist. LEXIS 164512, at *21-22 (S.D.N.Y. Sep. 25, 2019) ("A broken finger or a cut where skin is 'ripped off' does not pose a 'substantial risk of serious harm' because it 'does not produce death, degeneration, or extreme pain.'") (citation omitted); *Leibovitz v. City of New York*, No. 14 Civ.

3297 (RA) (JCF), 2015 U.S. Dist. LEXIS 170476, at *47-48 (S.D.N.Y. Dec. 18, 2015) ("Although the plaintiff alleges that he suffered from a swollen wrist, a lack of sensation in his thumb, and a throbbing right ear, these injuries do not constitute an objectively serious medical condition."); *Williams v. Williams*, No. 13-CV-3154 (RA), 2015 U.S. Dist. LEXIS 16964, at *11 (S.D.N.Y. Feb. 11, 2015) ("Although the Court is sympathetic to the difficulties Plaintiff faced in obtaining care for his broken finger, along with the swelling, decreased range of motion and serious pain that accompanied it, this condition cannot support a failure-to-treat deliberate indifference claim."); *Laguna v. Kwan*, No. 13-Cv-7079, 2015 U.S. Dist. LEXIS 27445, at *4 (S.D.N.Y. Jan. 28, 2015) ("Courts in this Circuit have held a broken finger does constitute a serious enough injury to satisfy the objective prong of the deliberate indifference test."); *Mecca Allah Shakur v. Bruno*, No. 3:12-cv-984(SRU), 2013 U.S. Dist. LEXIS 17103, at *9 (D. Conn. Feb. 7, 2013) ("[T]he plaintiff's swollen hand does not constitute a serious medical condition."); *Burgess v. Wright*, No. 08-CV-725 (GLS/DRH), 2009 U.S. Dist. LEXIS 83234, at *22-23 (N.D.N.Y. Aug. 19, 2009) (holding that plaintiff's broken finger and right hand infection did not constitute sufficiently serious injuries to support a deliberate indifference claim and noting that "each of the four New York State district courts in this Circuit have specifically held, as a matter of law, that a broken finger alone does not constitute a serious medical need"); *Thomas v. Nassau County Corr. Center*, 288 F. Supp. 2d 333, 338 (E.D.N.Y. 2003) (holding that an injured hand is not a sufficiently serious injury); *Bonner v. New York City Police Dep't*, No. 99 Civ. 3207 (AGS), 2000 U.S. Dist. LEXIS 11738, at *12-13 (S.D.N.Y. Aug. 17, 2000) (claim that plaintiff suffered from swollen hand and finger that would not bend properly did not constitute serious medical condition); *Rivera v. Johnson*, No. 95-CV-0845E(H), 1996 U.S. Dist. LEXIS 14192, at *6-7 (W.D.N.Y. Sep. 20, 1996) ("A broken finger, without more, simply does not present a

condition of urgency of the type that may produce death, degeneration or extreme pain which correspondingly merits constitutional protection.").

Moreover, plaintiff explicitly alleges, and the record is clear, that she was taken to the hospital, and therefore she **did** receive medical treatment, while she was in custody. *See* Second Amended Complaint (Docket No. 99) at ¶ 54; 56.1 Stmt. at ¶¶ 10-11.  Although plaintiff alleges that defendants delayed in providing her with medical treatment for a period of five hours, *see* Amended Complaint (Docket No. 99) at ¶ 41, such an alleged delay is not sufficient to support plaintiff's deliberate indifference claim, even assuming, *arguendo*, that her alleged injuries were sufficiently serious (which they were not).  This is because plaintiff failed to allege, nor does the record support, that any alleged delay in treatment caused her any specific harm, such as a worsening of her injuries, which is fatal to her claim.  *See, e.g., White v. City of New York*, No. 16 Civ. 6183 (LGS), 2017 U.S. Dist. LEXIS 131614, at *10 (S.D.N.Y. Aug. 17, 2017) (dismissing deliberate indifference claim where complaint failed to allege that delay in treatment caused or worsened plaintiff's injury) (citing cases); *Williams*, 2015 U.S. Dist. LEXIS 16964, at *13-14 (holding that, to the extent plaintiff complains of a delay in receiving medical care, plaintiff's claim fails because he could not demonstrate any "particular risk of harm" due to the delay as he "does not allege nor do his medical records indicate that the delay in diagnosing and treating his broken finger exacerbated his medical condition, caused infection, or otherwise subjected him to an increased risk of harm"); *Poindexter v. Davis*, No. 11 Civ. 2928 (PKC), 2012 U.S. Dist. LEXIS 161271, at *13-15 (S.D.N.Y. Nov. 8, 2012) (finding no deliberate indifference where plaintiff received treatment within six hours of hand injury and there was no evidence that such a "modest delay[] in treatment in any way exacerbated plaintiff's injury or caused him any harm except for the discomfort and some degree of pain he experienced while waiting to receive

treatment," and holding that, while "[p]laintiff's underlying [hand] injury may have caused discomfort and some degree of pain, . . . it did not constitute 'a condition of urgency . . . that may produce death, degeneration, or extreme pain'") (citation omitted); *Thomas*, 288 F. Supp. 2d at 339 ("[E]ven assuming that the plaintiff's treatment and/or his seeing a hand specialist was delayed, the plaintiff has not alleged that his hand injury became worse, or that his general condition deteriorated as a result of this delay.").

Here, there is certainly no indication from plaintiff's treatment records that there was a need for any sort of emergency intervention.  Rather, even after plaintiff was taken to the hospital, and after spending just over two hours there, she was merely treated with Ibuprofen and a hand splint, prescribed Motrin and advised to follow-up with a hand specialist at a later date. *See* 56.1 Stmt. at ¶¶ 14, 16.

At the very least, any defendants against whom this claim is being asserted would be entitled to qualified immunity as, at the time of the alleged incident, it was certainly not "clearly established" that plaintiff's alleged injuries were sufficiently serious enough to support a constitutional violation or that a five hour delay in treatment under these circumstances would rise to the level of a constitutional violation

Accordingly, plaintiff's deliberate indifference claim apparently asserted against defendants Weitzman, Forgione, Ryan, Camhi, DiGennaro, Laliberte, Davneiro, Wolff and Lavelle, *see* Second Amended Complaint (Docket No. 99) at ¶ 46, should be dismissed, and defendants Laliberte, Wolff and Lavelle should be dismissed from this lawsuit entirely as this is the only claim apparently asserted against them.

## POINT IV

## PLAINTIFF'S FAILURE TO INTERVENE
## CLAIM SHOULD BE DISMISSED

In support of her failure to intervene claim, plaintiff merely alleges that "[t]hose defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity [to] prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene."   Second Amended Complaint (Docket No. 99) at ¶ 115.

Such boilerplate, conclusory allegations, which fail to specify which defendants allegedly failed to intervene, how and for what are not sufficient to withstand dismissal.  *See, e.g., DiPippo v. Cty. of Putnam*, No. 17-CV-7948 (NSR), 2019 U.S. Dist. LEXIS 33071, at *46 (S.D.N.Y. Feb. 28, 2019) ("Here, the Court agrees with Defendants that the claims are made as . . . general, conclusory, blanket claims against all Defendants, and are insufficient to put each Defendant on notice about what Plaintiff's actual grievances are."); *Ying Li v. City of New York*, 246 F. Supp. 3d 578, 619-20 (E.D.N.Y. 2017) (dismissing plaintiff's failure to intervene claim because, *inter alia*, "[p]laintiff resorts to conclusory generalized allegations . . . against every single Defendant and refers to the numerous defendants collectively" and "[s]uch conclusory and generalized allegations do not give any of the Defendants 'fair notice of what [Plaintiff's] claim is and the grounds upon which it rests'") (citation omitted); *Nieves*, 2016 U.S. Dist. LEXIS 159057, at *13 (dismissing failure to intervene claim because, *inter alia*, "the complaint does not specify which of the alleged constitutional violations forms the basis for the failure to intervene claim"); *Hardy v. City of New York*, No. 12-Civ-17, 2013 U.S. Dist. LEXIS 100665, at *4 (S.D.N.Y. Jul. 9, 2013) ("[R]estatement of the legal standard . . . does not sufficiently allege constitutional violations in which the [defendants] might have intervened.  Where were the [defendants] in

22

relation to Plaintiff and in relation to each other?  What impermissible actions did they take?  Which officers observed those actions?  Plaintiff does not say.  Accordingly, he fails to nudge his failure to intervene claim from possible to plausible."); *Clay v. Cnty. of Clinton*, No. 8:10-cv-00239, 2012 U.S. Dist. LEXIS 139262, at *14 (N.D.N.Y. Sep. 27, 2012) (granting motion for judgment on the pleadings as to plaintiff's failure to intervene claim because the plaintiff "fail[ed] to distinguish which . . . Defendant was responsible for actually violating Plaintiff's constitutional rights and which, if any, Defendant failed to intervene to prevent such violations from occurring"); *Bouche v. City of Mount Vernon*, No. 11-Civ-5246, 2012 U.S. Dist. LEXIS 40246, at *7 (S.D.N.Y. Mar. 23, 2012) (dismissing the plaintiff's failure to intervene claim because the plaintiff "only refer[red] to the defendants in the collective, never identifying which defendants were responsible for specific actions").

In any event, plaintiff's failure to intervene claim should also be dismissed because, as explained in Points I - III above, there is no proper underlying constitutional violation to support a failure to intervene claim.  *See, e.g., Sharpe v. City of New York*, No. 11-CV-5494 (BMC), 2013 U.S. Dist. LEXIS 75094, at *9 (E.D.N.Y. May 29, 2013), *aff'd*, 560 F. App'x 78 (2d Cir. 2014) (summary order) ("[T]he absence of any underlying constitutional violation requires dismissal of [P]laintiff's failure to intervene claims.")

Although defendants are not moving to dismiss, or moving for summary judgment against, plaintiff's unreasonable force claim, plaintiff's claim is apparently asserted against two defendants – presumably Weitzman and Forgione – whom she alleges used unreasonable force against her while she was alone with them inside of the juvenile detention room of the 107th Precinct.  *See* Second Amended Complaint (Docket No. 99) at ¶¶ 34-38.  Plaintiff does not allege, nor does the record support, that any defendant would have had a realistic opportunity to

intervene in the alleged use of unreasonable force. *See, e.g., Smith v. Sawyer*, No. 1:17-cv-00077 (BKS/CFH), 2020 U.S. Dist. LEXIS 12650, at *37-38 (N.D.N.Y. Jan. 27, 2020) ("For Plaintiffs to succeed on their failure to intervene claim, there must 'have been a realistic opportunity to intervene to prevent the harm from occurring'") (citation omitted).

Moreover, to the extent that plaintiff's failure to intervene claim is premised on her unreasonable force claim and asserted against the two individual defendants whom she alleges used unreasonable force against her (whether that be Weitzman and Forgione, or two other individual defendants), her claim must be dismissed because those defendants may not be held liable on both a theory of direct participation and for failure to intervene. *See, e.g., Jackson v. City of New York*, 939 F. Supp. 2d 219, 232 (E.D.N.Y. 2013) ("The Court has already concluded [that the two officers] both may be held liable under a theory of direct participation, therefore neither would be held liable for failure to intervene.").

Accordingly, plaintiff's failure to intervene claim should be dismissed.

## POINT V

## PLAINTIFF'S SUPERVISORY LIABILITY CLAIM SHOULD BE DISMISSED

In support of her supervisory liability claim, plaintiff merely alleges that "[t]he individually-named supervisory defendants (i) personally participated in the violation of plaintiff's rights; (ii) were aware that plaintiff's rights were being violated but failed to remedy the wrong; (iii) created a policy or custom under which unconstitutional practices occurred or allowed the continuance of such a policy or custom; (iv) were grossly negligent in the supervision of their subordinates; and (v) were deliberately to the rights of Ms. Martinez." Second Amended Complaint (Docket No. 99) at ¶ 122.

As with plaintiff's failure to intervene claim, such boilerplate, conclusory allegations, which fail to even specify who the "supervisory defendants" are and in what way they are alleged to be liable, and do nothing more than simply recite the legal standard, are insufficient to support a supervisory liability claim. *See, e.g., S.B. v. City of New York*, No. 14-CV-1021 (KAM)(PK), 2016 U.S. Dist. LEXIS 115881, at *50-53 (E.D.N.Y. Aug. 29, 2016) (dismissing supervisory liability claim based only on conclusory and vague allegations); *Mimms v. Carr*, No. 09-CV-5740 (NGG) (LB), 2011 U.S. Dist. LEXIS 61853, at *41-42 (E.D.N.Y. June 7, 2011) (holding that, because plaintiff fails to "allege any specific facts to support . . . his claim that [defendants] failed to supervise" and his claims is therefore "wholly conclusory, and thus insufficient to support a finding of liability," his supervisory claim must be dismissed).

In any event, plaintiff's supervisory liability claim should also be dismissed because, as explained in Points I – III above, there is no proper underlying constitutional violation to support it. *See, e.g., Raspardo v. Carlone*, 770 F.3d 97, 129 (2d Cir. 2014) ("Because we have held that there was no underlying constitutional violation, there is also no supervisory liability."); *Hayes v. Dahkle*, No. 9:16-CV-1368 (TJM/CFH), 2017 U.S. Dist. LEXIS 180424, at *38 (N.D.N.Y. Oct. 27, 2017) ("Absent a subordinate's underlying constitutional violation, there can be no supervisory liability."); *Elek v. Inc. Vill. of Monroe*, 815 F. Supp. 2d 801, 808 (S.D.N.Y. 2011) ("[B]ecause Plaintiff has not established any underlying constitutional violation, she cannot state a claim for § 1983 supervisor liability.") (citing cases).

Although defendants are not moving to dismiss, or moving for summary judgment against, plaintiff's unreasonable force claim, plaintiff's supervisory liability claim, even to the extent it relies upon that claim, still fails.

"Supervisory officials may not be held liable for their subordinates' constitutional violations merely because they are in a position of authority." *Hayes*, 2017 U.S. Dist. LEXIS 180424, at *37 (citing *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996)); *see also Bellamy v. Mount Vernon Hosp.*, No. 07 Civ. 1801(SAS), 2009 U.S. Dist. LEXIS 54141, at *4 (S.D.N.Y. June 26, 2009), *aff'd*, 387 F. App'x 55 (2d Cir. 2010) ("[A] supervisory official cannot be liable solely on account of the acts or omissions of his or her subordinates."). Rather, "[s]upervisory liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on *respondeat superior*." *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (internal quotation marks and citation omitted); *see also, e.g., Nieves*, 2016 U.S. Dist. LEXIS 159057, at *14-15 ("To the extent that the plaintiffs allege that the John Doe defendants are subject to supervisory liability, the plaintiffs have failed to adequately plead the personal involvement of the defendants in any alleged constitutional deprivation.").

Moreover, "although the Second Circuit has yet to speak definitively, there is a strong argument that after *Iqbal*, . . . supervisory liability may be predicated only on direct involvement in the constitutional violation or creation of a policy that sanctioned it." *Overby v. Fabian*, No. 17-CV-3377 (CS), 2018 U.S. Dist. LEXIS 114525, at *36-37 (S.D.N.Y. July 10, 2018); *see also, e.g., Reynolds v. Barrett*, 685 F.3d 193, 205 n.14 (2d Cir. 2012) (expressing "considerable skepticism" that, post-*Iqbal*, supervisor could be held liable for anything other than his own individual actions).

Plaintiff is unable to point to any evidence in the record to support that any theoretical supervisory defendant was personally involved in the alleged use of force.

To the extent that plaintiff is asserting her supervisory liability claim against either of the two individual defendants whom she alleges used unreasonable force against her (whether that

26

be Forgione and Weitzman, or two other individual defendants), it is duplicative of her unreasonable force claim and, therefore, should be dismissed. *See, e.g., Pateman v. City of White Plains*, No. 17-CV-6156 (KMK), 2020 U.S. Dist. LEXIS 48191, at *77-78 (S.D.N.Y. Mar. 19, 2020) ("A separate claim . . . for supervisory liability 'is clearly duplicative . . . when the direct claim of excessive force is proceeding against him for that action.'") (citation omitted); *Burch v. City of New York*, No. 11-CV-2841, 2016 U.S. Dist. LEXIS 195623, at *16 (E.D.N.Y. Apr. 22, 2016) ("[Plaintiff] may not assert a second set of identical claims premised on the same conduct under the label 'supervisory liability.'").

Accordingly, plaintiff's supervisory liability claim should be dismissed.

## POINT VI

## PLAINTIFF'S   ASSAULT   &   BATTERY CLAIMS SHOULD BE DISMISSED

As an initial matter, plaintiff fails to specify which defendants she is asserting her state law assault and battery claims against, alleging merely that "the defendants are liable to plaintiff for having assaulted and battered her." Second Amended Complaint (Docket No. 99) at ¶ 95. In any event, plaintiff's state law assault and battery claims should be dismissed against all of the individual defendants because plaintiff failed to file a proper Notice of Claim.[5]

"New York Municipal Law Section 50-e requires a plaintiff to serve notice of a tort claim upon a municipality within 90 days after the claim arises." *Jackson v. City of New York*, 29 F. Supp. 3d 161, 180-81 (E.D.N.Y. 2014). In addition, "[a] notice of claim **must** identify any individuals officers the plaintiff intends to name in the lawsuit in addition to the municipality." *Id.* at 181 (emphasis added); *see also Schafer v. Hicksville Union Free Sch. Dist.*, No. 06-CV-2531(JS)(ARL), 2011 U.S. Dist. LEXIS 35435, at *34 (E.D.N.Y. Mar. 31, 2011) ("In New York,

General Municipal Law Section 50-e [] requires plaintiffs to name their defendants in their notice of claim prior to commencing a lawsuit."); *Cleghorne v. City of New York*, 99 A.D.3d 443, 446 (N.Y. App. Div. 2012) (holding that an "action cannot proceed against the individual defendants because they were not named in the notice of claim"); *Tannenbaum v. City of New York*, 30 A.D.3d 357, 358 (N.Y. App. Div. 2006), *abrogated in part on other grounds by Matter of Kapon v. Koch*, 23 N.Y.3d 32 (N.Y. 2014) ("General Municipal Law § 50-e makes **unauthorized** an action against individuals who have not been named in a notice of claim, thus warranting dismissal of the state claims against [the individual defendants].") (emphasis added).

"[A]t a bare minimum, the notice of claim **must** use the "Police Officer John Doe" or similar language . . . to put the municipality on notice that its employees will be sued in their personal capacities, thus meeting the statute's notice requirements." *Alvarez v City of New York*, 134 A.D.3d 599, 605 (N.Y. App. Div. 2015) (emphasis added). "Failure to direct a claim to an individual defendant or otherwise notify defendant that he was the 'intended object[] of the impending litigation' does not fulfill General Municipal Law § 50-e's requirements." *DiRuzza v. Vill. of Mamaroneck*, No. 14 CV 1776 (VB), 2014 U.S. Dist. LEXIS 166208, at *6 (S.D.N.Y. Oct. 6, 2014) (citation omitted).

Here, plaintiff filed her Notice of Claim on or about March 12, 2015 and only named the "City of New York" and the "New York City Law Department" as respondents. *See* Notice of Claim, annexed to the Declaration of Kavin Thadani as Exhibit J. Notably, plaintiff not only failed to name any individual respondents but, most importantly, failed to name any "John Doe" or "Jane Doe" respondents as placeholders. *See id.* Nor did plaintiff even describe the

---

[5] Defendant City is not moving to dismiss plaintiff's state law assault and battery claim, which is being asserted against it via the doctrine of *respondeat superior*.

individual respondents by, for example, age, height, weight, build, skin color, hair color / style, etc. *See id.*

Moreover, plaintiff alleged in her Notice of Claim that she was "assaulted and battered" on January 22, 2015, at approximately 9:00 p.m., inside of her apartment, located at 65-12 Parsons Boulevard, Apt. 5B in Flushing, New York. *See id.* However, plaintiff alleges in this lawsuit that the alleged use of force occurred on January 23, 2015, shortly after midnight, inside of the 107th Precinct. *See* Second Amended Complaint at ¶¶ 18, 35-40.

Accordingly, plaintiff's notice of claim is deficient and, therefore, all of plaintiff's state law claims, including her assault and battery claims, against the individual defendants should be dismissed. *See, e.g., Johnson v. City of New York*, No. 1:15-cv-8195-GHW, 2017 U.S. Dist. LEXIS 81359, at *17 (S.D.N.Y. May 26, 2017) (dismissing plaintiff's state law claims against the individual defendants because "[t]he caption of Plaintiff's notice of claim named as defendants only 'City of New York' and "New York City Police Department,' and did not include [the individual defendants] or even any unidentified 'John Doe' defendants"); *Jackson*, 29 F. Supp. 3d at 181 (holding that plaintiff's failure to "identify any of the Individual Defendants, either by their particular name or as 'Doe' defendants" was "fatal to Plaintiff's tort claims against the Individual Defendants" even though "only through discovery did plaintiff learn the identifies of the Individual Defendants"); *DiRuzza*, 2014 U.S. Dist. LEXIS 166208, at *6-7 (dismissing state law claim against individual defendant for failure to comply with General Municipal Law § 50-e because it was "not clear from the notice of claim that plaintiff intended to bring suit against [the individual defendant] in his individual capacity because [the individual defendant] was not identified as a respondent"); *DC v. Valley Cent. Sch. Dist.*, No. 7:09-cv-9036 (WWE), 2011 U.S. Dist. LEXIS 90260, at *7 (S.D.N.Y. June 29, 2011) ("Because [the

29

individual defendants] were not named as respondents in the notice of claim, plaintiffs cannot assert state law claims against them.").

## POINT VII

### PLAINTIFF'S IIED & NIED CLAIMS SHOULD BE DISMISSED

Plaintiff fails to specify which defendants she is asserting her state law IIED and NIED claims against. In any event, as discussed in Point VI above, plaintiff's state law IIED and NIED claims should be dismissed against the individual defendants because plaintiff failed to name, or otherwise identify, any of the individual defendants in her Notice of Claim.

In addition, plaintiff's IIED and NIED claims should also be dismissed against all defendants because, under New York law, such claims are to "be invoked only as a last resort" and are viable "only when other theories of tort recovery are unavailable." *DiRuzza v. Lanza*, 685 F. App'x 34, 36 (2d Cir. 2017) (internal quotation marks and citation omitted); *see also, e.g., Lopez v. City of New York*, No. 14-cv-1660 (PKC), 2014 U.S. Dist. LEXIS 145895, at *10 (S.D.N.Y. Oct. 10, 2014) ("New York law considers IIED 'a theory of recovery that is to be invoked only as a last resort,' . . . and requires dismissal of an IIED claim based on conduct that 'falls within the ambit of other traditional tort liability.'") (citations omitted).

Here, plaintiff's IIED and NIED claims are premised on "assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force." Second Amended Complaint (Docket No. 99) at ¶¶ 105, 110. Accordingly, plaintiff's IIED and NIED claims should be dismissed because they are duplicative of, and subsumed by, plaintiff's unreasonable force and assault and battery claims. *See, e.g., Jenkins v. Medert*, No. 9:16-CV-1491 (MAD/DJS), 2018 U.S. Dist. LEXIS 111070, at *14 (N.D.N.Y. July 2, 2018) ("Plaintiff's IIED claim is subject to dismissal because it concerns the same conduct underlying her excessive force claim and under

New York law 'no intentional infliction of emotional distress claim will lie where the conduct underlying the claim falls within the ambit of traditional tort liability.'") (citation omitted); *McGowan v. Town of Evans*, No. 15-CV-672-RJA-MJR, 2017 U.S. Dist. LEXIS 149509, at \*42 (W.D.N.Y. Sep. 13, 2017) ("Plaintiff asserts claims for intentional and negligent infliction of emotional distress against all individual defendants.  Because these claims are premised on plaintiff's arrest and detention, which is the same conduct giving rise to her surviving claims of false arrest and excessive use of force, they should be dismissed."); *Warr v. Liberatore*, 270 F. Supp. 3d 637, 654-55 (W.D.N.Y. 2017) (holding that plaintiff's IIED claim is "wholly encompassed in the other intentional torts alleged" by plaintiff, such as excessive use of force, assault, and battery and, therefore, because plaintiff "has not alleged any element of an intentional infliction of emotional distress claim that is different or in addition to what is recoverable under the traditional torts alleged . . . [plaintiff's] claim for intentional infliction of emotional distress is duplicative and must be dismissed"); *Saldana v. Port Chester*, No. 09 Civ. 6268 (SCR) (GAY), 2010 U.S. Dist. LEXIS 142099, at \*13 (S.D.N.Y. July 21, 2010) ("[B]oth emotional distress claims must be dismissed against all the defendants where the underlying claims—excessive force, assault, and battery—fall within traditional tort liability. . . . In other words, claims of intentional and negligent infliction of emotional distress cannot coexist with claims of excessive force, assault, and battery."); *Universal Calvary Church v. City of New York*, No. 96 Civ. 4606 (RPP), 2000 U.S. Dist. LEXIS 15153, at \*12 (S.D.N.Y. Oct. 17, 2000) ("[Plaintiff's] claim for intentional infliction of emotional distress is subsumed under his excessive force claim").

Plaintiff's NIED claim should also be dismissed because it is premised on intentional, not negligent, conduct.  *See, e.g., Dollard v. City of New York*, 408 F. Supp. 3d 231, 239 n. 8

(E.D.N.Y. 2019) (dismissing NIED claim premised on intentional conduct); *N.U. v. E. Islip Union Free Sch. Dist.*, No. 16-cv-4540 (SJF)(ARL), 2017 U.S. Dist. LEXIS 224461, at *68 (E.D.N.Y. Sep. 15, 2017) ("[T]o the extent that Plaintiffs premise their NIED claim upon Defendants' interrogations of N.U. and search of N.U.'s belongings, such actions are intentional conduct, which cannot form the basis for a claim for NIED."); *Stampf v. Long Island R.R. Auth.*, No. 07-CV03349, 2010 U.S. Dist. LEXIS 58551, at *12 (E.D.N.Y. June 14, 2010) (dismissing plaintiff's claim for NIED where "the plaintiff's pleading itself allege[d] intentional conduct as the basis for [a] claim of negligent infliction of emotional distress").

## CONCLUSION

For the foregoing reasons, defendants City, Weitzman, Forgione, Ryan, Camhi, DiGennaro, Valerga, Laliberte, Pontecorvo, Ficken, Trotter, Kandinov, Rippel, Davneiro, Wolff, and Lavelle respectfully request that the Court grant their motion for summary judgment and motion to dismiss in its entirety, with prejudice, together with costs and fees the Court deems just and proper.

Dated:      New York, New York
            August 14, 2020

                                        JAMES E. JOHNSON
                                        Corporation Counsel of the City of New York
                                        *Attorney for Defendants*

                            By:      /s/ *Kavin Thadani*
                                        Kavin Thadani

TO:   **VIA ECF**
         Gabriel Harvis, Esq.
         Baree Fett, Esq.
         *Attorneys for Plaintiff*