**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

**ROSIE MARTINEZ,**

                **Plaintiff,**

      **v.**

**CITY OF NEW YORK; Police Officer ERIC RYAN; Lieutenant DAVID CAMHI; Sergeant JOSEPH DIGENNARO; Sergeant KEITH LALIBERTE,**

                **Defendants.**

---

**16 CV 79 (RPK) (CLP)**

**PROPOSED JOINT PRE-TRIAL ORDER**

1. **Caption**

The full caption of the action appears above.

2. **Parties and Counsel:**

Plaintiff Rosie Martinez is represented by:

> Gabriel P. Harvis
> Baree N. Fett
> [Trial counsel to be designated]
> Elefterakis, Elefterakis & Panek
> 80 Pine Street, 38th Floor
> New York, New York 10005
> gharvis@eeplaw.com
> bfett@eeplaw.com
> (o) (212) 532-1116
> (f) (212) 532-1176

Defendants are represented by:

> HON. SYLVIA O. HINDS-RADIX
> Office of the Corporation Counsel
> 100 Church Street
> New York, New York 10007

By:  Kavin Thadani (212-356-2351; kthadani@law.nyc.gov)
    Morgan McKinney (212-356-2012; mmckinne@law.nyc.gov)

**3.  Jurisdiction:**

This Court has federal question jurisdiction over plaintiff's 42 U.S.C. § 1983 claims pursuant to 28 U.S.C. § 1331. 28 U.S.C. § 1367(a) provides supplemental jurisdiction over plaintiff's state law claims.

Defendants do not contest jurisdiction.

**4.  Claims and Defenses:**

**I.   Plaintiff's Summary of Claims and Defenses**

1. **State Law Assault and Battery (against City of New York by *respondeat superior*)**
   Elements of assault: (1) intentionally (2) placing another in apprehension of imminent harmful or offensive contact. Elements of battery: (1) bodily contact, which is (2) harmful or offensive in nature, and (3) made with intent.

2. **§ 1983 Deliberate Indifference (against Ryan, Camhi, DiGennaro and Laliberte)**
   Elements: (1) acts with deliberate indifference to plaintiff's (2) condition of urgency.

3. **§ 1983 Excessive Force (against Ryan, Camhi, DiGennaro and Laliberte)**
   Elements: (1) defendants used unreasonable force.

4. **§ 1983 Failure to Intervene (against Ryan, Camhi, DiGennaro and Laliberte)**
   Elements: (1) plaintiff was subjected to an unlawful act; (2) a defendant observed the actions and knew they were unlawful; (3) the observing defendant observed had a realistic opportunity to intervene; and (4) the defendant failed to take reasonable steps to prevent the violation of plaintiff's rights.

**II.  Defendants' Summary of Claims and Defenses**

The following claims remain to be tried:  (i) Excessive Force pursuant to 42 U.S.C. § 1983, (ii) Deliberate Indifference, pursuant to 42 U.S.C. § 1983, (iii) Failure to Intervene, pursuant to 42 U.S.C. § 1983, and (iv) Assault and Battery, pursuant to New York state law.

With respect to plaintiff's excessive force claim, defendants contend that they did not use excessive force on plaintiff.  Rather, to the extent plaintiff sustained any physical injuries, they were self-inflicted as plaintiff, *inter alia¸* repeatedly punched a wall and kicked a cabinet.  Plaintiff's state law assault and battery claim fails for the same reasons.

With respect to plaintiff's deliberate indifference claim, defendants contend that they were not deliberately indifferent to plaintiff's alleged medical needs, nor were they properly on notice of plaintiff's alleged medical needs.  In any event, defendants contend that plaintiff did not have a sufficiently serious injury and plaintiff is unable to establish any cognizable harm as a result of the alleged five hour delay of medical treatment.  In addition, defendants are entitled to qualified immunity with respect to this claim.

With respect to plaintiff's failure to intervene claim, defendants contend that plaintiff cannot establish any underlying constitutional violation and, in any event, none of the defendants failed to intervene with respect to any constitutional violation.

## 5.  <u>Jury or Bench Trial</u>

Plaintiff demands a jury trial on all claims and expects the trial to last approximately 5 days.

Defendants**:**  This case is to be tried with a jury and is expected to last 5 business days.[1]

## 6.  <u>Consent to Trial by a Magistrate Judge</u>

The parties have not consented to trial by a Magistrate Judge.

## 7.  <u>Statement of Relief Sought</u>:

Plaintiff claims the following categories and amounts of damages:

(a) $2,500,000 in compensatory damages for pain, suffering, emotional distress, lost wages, diminished earning capacity, damage to reputation, loss of familial relations, humiliation, degradation, loss of enjoyment of life and related damages (all defendants, jointly and severally);

(b) $15,000,000 in punitive damages (individual defendants, jointly and severally);

(c) future medical costs to the extent described by plaintiff's expert witnesses (all defendants, jointly and severally); and

(d) reasonable attorney fees and costs pursuant to 42 U.S.C § 1988 in an amount to be determined by the Court (all defendants, jointly and severally).

---

[1] Defendants estimate the trial in this matter to last approximately 5 days under the assumption that plaintiff will be precluded by the Court from entering a large number of their intended exhibits listed in Section 11 of this JPTO and calling a large number of their witnesses listed in Section 8 of this JPTO, based on defendants' objections and anticipated motions *in limine*. Should the Court not grant defendants' motions *in limine* and additional objections, defendants anticipate the trial to last approximately 10 days.

8. **Witnesses**:

Plaintiff's Witness List:

*Plaintiff reserves the right to call any witness identified in defendants' witness list.*

    **1. Plaintiff Rosie Martinez**
c/o Elefterakis, Elefterakis & Panek, 80 Pine Street, 38th Floor, New York, NY 10005

Ms. Martinez will testify to the disputed events and her damages.

    **2. Danny Rivera**
7 Gouveneur Slip, New York, New York 10002

Mr. Rivera will testify to the events of January 22-23, 2015, and his knowledge of injuries suffered by Ms. Martinez.

    **3. Defendant David Camhi**
c/o NYC Corporation Counsel, 100 Church Street, New York. NY 10007

Defendant Camhi will testify to the events of January 22-23, 2015, including his interaction with plaintiff at the 107th Precinct following her arrest, his call to Internal Affairs, paperwork related to the incident and the various investigations of the incident.

    **4. Defendant Joseph DiGennaro**
c/o NYC Corporation Counsel, 100 Church Street, New York. NY 10007

Defendant DiGennaro will testify to the events of January 22-23, 2015, his application for a search warrant for plaintiff's apartment, the execution of the warrant, events at the 107th Precinct, paperwork and the various investigations of the incident.

    **5. Police Officer James Davneiro**
c/o NYC Corporation Counsel, 100 Church Street, New York. NY 10007

Officer Davneiro will testify to the events of January 22-23, 2015, including his involvement in searching plaintiff's apartment.

    **6. Lieutenant Richard Donovan**
c/o NYC Corporation Counsel, 100 Church Street, New York. NY 10007

Lieutenant Donovan will testify about Queens Central Booking, where he is assigned as a supervisor, and his involvement in the disputed events of January 22-23, 2015, which include his approval of the medical treatment of prisoner form.

**7.   Police Officer Jason Graham**
c/o NYC Corporation Counsel, 100 Church Street, New York. NY 10007

Officer Graham will testify to the events of January 22-23, 2015, including his transport of Rosie Martinez from the 107th Precinct to Queens Central Booking on January 23, 2015 and events at the precinct and Central Booking.

**8.   Police Officer Peter Kandinov**
c/o NYC Corporation Counsel, 100 Church Street, New York. NY 10007

Officer Kandinov will testify to the events of January 22-23, 2015, including his transport of plaintiff from the hospital to the 107th Precinct on January 23, 2015 and events at the hospital and precinct.

**9.   Defendant Keith Laliberte**
c/o NYC Corporation Counsel, 100 Church Street, New York. NY 10007

Defendant Laliberte will testify to the events of January 22-23, 2015, including while he was the desk officer inside the 107th Precinct, and his interactions with plaintiff and others, paperwork and the various investigations of the incident.

**10. Sergeant Richard Lavelle**
c/o NYC Corporation Counsel, 100 Church Street, New York. NY 10007

Sergeant Lavelle will testify to the events of January 22-23, 2015, including his involvement in executing the warrant at plaintiff's apartment.

**11. Police Officer Daniel Mendez**
c/o NYC Corporation Counsel, 100 Church Street, New York. NY 10007

Officer Mendez will testify to the events of January 22-23, 2015, including his interactions with plaintiff, his transport of plaintiff from the 107th Precinct to Queens Central Booking and to the Queens Hospital Center and events at the precinct, booking facility and hospital.

**12. Sergeant Joseph Pontecorvo**
c/o NYC Corporation Counsel, 100 Church Street, New York. NY 10007

Defendant Pontecorvo will testify to the events of January 22-23, 2015, including events at the 107th Precinct and hospital.

**13. Sergeant Zaka Rehman**
c/o NYC Corporation Counsel, 100 Church Street, New York. NY 10007

Sergeant Rehman will testify about Central Booking, where he is assigned as a supervisoer, and to his participation in the events of January 22-23, 2015, which involved updating NYPD databases regarding plaintiff's physical condition.

**14. Police Officer Matthew Rippel**
c/o NYC Corporation Counsel, 100 Church Street, New York. NY 10007

Officer Rippel will testify to the events of January 22-23, 2015, including the execution of the search warrant at plaintiff's apartment, paperwork and events at plaintiff's apartment and the 107th Precinct and the investigations into the incident.

**15. Police Officer Brian Post**
c/o NYC Corporation Counsel, 100 Church Street, New York. NY 10007

Officer Post will testify to the events of January 22-23, 2015, including the execution of the search warrant at plaintiff's apartment, paperwork and events at plaintiff's apartment and the 107th Precinct and the investigations into the incident.

**16. Police Officer Blake Ficken**
c/o NYC Corporation Counsel, 100 Church Street, New York. NY 10007

Officer Ficken will testify to the events of January 22-23, 2015, including transporting plaintiff from the hospital to the 107th Precinct and the events at the hospital and the precinct.

**17. Captain Eric Robinson**
c/o NYC Corporation Counsel, 100 Church Street, New York. NY 10007

Officer Post will testify to the events of January 22-23, 2015, including the execution of the search warrant at plaintiff's apartment, paperwork and events at plaintiff's apartment and the 107th Precinct and the investigations into the incident.

**18. Defendant Eric Ryan**
c/o NYC Corporation Counsel, 100 Church Street, New York. NY 10007

Defendant Ryan, plaintiff's arresting officer, will testify to the events of January 22-23, 2015, including obtaining the search warrant for plaintiff's apartment, the execution of the warrant, events at the 107th Precinct, paperwork and the various investigations of the incident.

**19. Police Officer James Seddio**
c/o NYC Corporation Counsel, 100 Church Street, New York. NY 10007

Defendant Seddio will testify to the events of January 22-23, 2015, including his interactions with plaintiff, his transport of plaintiff from the 107th Precinct to Queens

Central Booking and to the Queens Hospital Center and the events at the precinct, booking facility and hospital.

**20. Police Officer Albert Trotter**
c/o NYC Corporation Counsel, 100 Church Street, New York. NY 10007

Officer Trotter will testify to the events of January 22-23, 2015, including the time he spent with plaintiff at the Queens Hospital Center.

**21. Captain Paul Valerga**
c/o NYC Corporation Counsel, 100 Church Street, New York. NY 10007

Captain Valerga will testify about 107th Precinct, of which he was commanding officer, the events of January 22-23, 2015, including his presence in the 107th Precinct on the morning of January 23, 2015 and knowledge of the events as a supervisor and the paperwork and investigations relating to the incident, including investigations in which he participated.

**Plaintiff's Expert Witness List:**

**22. Joseph A. Pollini**
107-24 71st Road, PH2C, Forest Hills, New York 11375

Mr. Polini is a retired NYPD lieutenant squad commander who served on the police force for 33 years, including in the NYPD cold case homicide squad, and is an expert in investigation procedure and police practices. He will give expert testimony concerning defendants' police practices in this case consistent with his Rule 26 report, including expert testimony concerning the ways in which defendants violated proper, accepted and standard police practices in this case.

**23. Ambert Louis, M.D.**
Queens Hospital Center, 82-68 164th Street, Jamaica, New York 11432

Dr. Louis, an emergency medicine physician, will testify consistent with plaintiff's Rule 26 expert disclosures, to the facts and opinions regarding the course of plaintiff's medical treatment and the expert's opinion as to the causation, nature and extent of plaintiff's physical injuries, and plaintiff's diagnosis and prognosis, as well as the projected cost and nature of expected/required future medical treatment. The facts to which the expert will testify are based upon the contents of the associated treatment records previously exchanged by the parties.

**24. June Chatterjee, M.D.**
Queens Hospital Center, 82-68 164th Street, Jamaica, New York 11432

Dr. Chatterjee will testify consistent with plaintiff's Rule 26 expert disclosures, to the facts and opinions regarding the course of plaintiff's medical treatment and the expert's opinion as to the causation, nature and extent of plaintiff's physical injuries, and plaintiff's diagnosis and prognosis as well as the projected cost and nature of expected/required future medical treatment. The facts to which the expert will testify are based upon the contents of the associated treatment records previously exchanged by the parties.

**25. Ernest H. Kirchman, M.D.**
Queens Hospital Center, 82-68 164th Street, Jamaica, New York 11432

Dr. Kirchman will testify consistent with plaintiff's Rule 26 expert disclosures, to the facts and opinions regarding the course of plaintiff's medical treatment and the expert's opinion as to the causation, nature and extent of plaintiff's physical injuries, and plaintiff's diagnosis and prognosis as well as the projected cost and nature of expected/required future medical treatment. The facts to which the expert will testify are based upon the contents of the associated treatment records previously exchanged by the parties.

**26. Walter Besser, M.D.**
New York Hospital, Queens Hospital Center, 56-45 Main Street, 4th Floor South Building, Flushing, New York 11355

Dr. Besser, an orthopedic surgery specialist, will testify consistent with plaintiff's Rule 26 expert disclosures, to the facts and opinions regarding the course of plaintiff's medical treatment and the expert's opinion as to the causation, nature and extent of plaintiff's physical injuries, and plaintiff's diagnosis and prognosis as well as the projected cost and nature of expected/required future medical treatment. The facts to which the expert will testify are based upon the contents of the associated treatment records previously exchanged by the parties.

**27. Jee Yoon Chong, O.T.**
New York Presbyterian, Queens, 56-45 Main Street, 4th Floor South Building, Flushing, New York 11355

Ms. Chong, an occupational therapist, will testify consistent with plaintiff's Rule 26 expert disclosures, to the facts and opinions regarding the course of plaintiff's medical treatment and the expert's opinion as to the causation, nature and extent of plaintiff's physical injuries, and plaintiff's diagnosis and prognosis as well as the projected cost and nature of expected/required future medical treatment. The facts to which the expert will testify are based upon the contents of the associated treatment records previously exchanged by the parties.

**28. Koky Sang, M.D.**
Charles B. Wang Community Health Center Flushing, 136-26 37th Avenue, Flushing, New York 11354

Dr. Sang, an internist, will testify consistent with plaintiff's Rule 26 expert disclosures, to the facts and opinions regarding the course of plaintiff's medical treatment and the expert's opinion as to the causation, nature and extent of plaintiff's physical injuries, and plaintiff's diagnosis and prognosis as well as the projected cost and nature of expected/required future medical treatment. The facts to which the expert will testify are based upon the contents of the associated treatment records previously exchanged by the parties.

**29. Shidong Su, M.D.**
136-21 Roosevelt Avenue, Suite 305, Flushing, New York 11354

Dr. Su, a neurologist, will testify consistent with plaintiff's Rule 26 expert disclosures, to the facts and opinions regarding the course of plaintiff's medical treatment and the expert's opinion as to the causation, nature and extent of plaintiff's physical injuries, and plaintiff's diagnosis and prognosis as well as the projected cost and nature of expected/required future medical treatment. The facts to which the expert will testify are based upon the contents of the associated treatment records previously exchanged by the parties.

**30. Neofitos Stefanides, M.D., P.C.**
30-74 31st Street, Astoria, New York 11102

Dr. Stefanides, an orthopedist, will testify consistent with plaintiff's Rule 26 expert disclosures, to the facts and opinions regarding the course of plaintiff's medical treatment and the expert's opinion as to the causation, nature and extent of plaintiff's physical injuries, and plaintiff's diagnosis and prognosis as well as the projected cost and nature of expected/required future medical treatment. The facts to which the expert will testify are based upon the contents of the associated treatment records previously exchanged by the parties.

**31. Christopher Kyriakides, D.O.**
New York Orthopaedic Surgery & Rehabilitation, 38-25 Astoria, Blvd., Astoria, New York 11103

Dr. Kyriakides, a physiatrist, will testify consistent with plaintiff's Rule 26 expert disclosures, to the facts and opinions regarding the course of plaintiff's medical treatment and the expert's opinion as to the causation, nature and extent of plaintiff's physical injuries, and plaintiff's diagnosis and prognosis as well as the projected cost and nature of expected/required future medical treatment. The facts to which the expert will testify are based upon the contents of the associated treatment records previously exchanged by the parties.

**32. Adam Khan, P.A.**
New York Orthopaedic Surgery & Rehabilitation, 38-25 Astoria, Blvd., Astoria, New York 11103

Mr. Khan is a physician's assistant who will testify consistent with plaintiff's Rule 26 expert disclosures, to the facts and opinions regarding the course of plaintiff's medical treatment and the expert's opinion as to the causation, nature and extent of plaintiff's physical injuries, and plaintiff's diagnosis and prognosis as well as the projected cost and nature of expected/required future medical treatment. The facts to which the expert will testify are based upon the contents of the associated treatment records previously exchanged by the parties.

**33. Marc Ponzio D.O.**
New York Orthopaedic Surgery & Rehabilitation, 38-25 Astoria, Blvd., Astoria, New York 11103

Dr. Ponzio, a physiatrist, will testify consistent with plaintiff's Rule 26 expert disclosures, to the facts and opinions regarding the course of plaintiff's medical treatment and the expert's opinion as to the causation, nature and extent of plaintiff's physical injuries, and plaintiff's diagnosis and prognosis as well as the projected cost and nature of expected/required future medical treatment. The facts to which the expert will testify are based upon the contents of the associated treatment records previously exchanged by the parties.

**34. Pamela Levine, M.D.**
Livingston Medical 38-25 Astoria Blvd., Astoria, New York 11103

Dr. Levine, an orthopedic surgeon, will testify consistent with plaintiff's Rule 26 disclosures, to the facts and opinions regarding the course of plaintiff's medical treatment and the expert's opinion as to the causation, nature and extent of plaintiff's physical injuries, and plaintiff's diagnosis and prognosis as well as the projected cost and nature of expected/required future medical treatment. The facts to which the expert will testify are based upon the contents of the associated treatment records previously exchanged by the parties.

**35. David Capiola, M.D.**
Livingston Medical 38-25 Astoria Blvd., Astoria, New York 11103

Dr. Capiola, an orthopedic surgeon, will testify consistent with plaintiff's Rule 26 expert disclosures, to the facts and opinions regarding the course of plaintiff's medical treatment and the expert's opinion as to the causation, nature and extent of plaintiff's physical injuries, and plaintiff's diagnosis and prognosis as well as the projected cost and nature of expected/required future medical treatment. The facts to which the expert

will testify are based upon the contents of the associated treatment records previously exchanged by the parties.

**36. Thomas Scilaris, M.D.**
Health East Medical Alliance, 54 South Dean Street, Englewood, New Jersey 07631; and Park West Surgical LLC, 39 East 69th Street, New York, New York 10021

Dr. Scilaris, an orthopedic surgeon, will testify consistent with plaintiff's Rule 26 expert disclosures, to the facts and opinions regarding the course of plaintiff's medical treatment and the expert's opinion as to the causation, nature and extent of plaintiff's physical injuries, and plaintiff's diagnosis and prognosis as well as the projected cost and nature of expected/required future medical treatment. The facts to which the expert will testify are based upon the contents of the associated treatment records previously exchanged by the parties.

**37. Rodrigo Vasquez, NYS Licensed, P.T.**
New York Orthopaedic Surgery & Rehabilitation, 38-25 Astoria, Blvd., Astoria, New York 11103

Mr. Vasquez, a licensed physical therapist, will testify consistent with plaintiff's Rule 26 expert disclosures, to the facts and opinions regarding the course of plaintiff's medical treatment and the expert's opinion as to the causation, nature and extent of plaintiff's physical injuries, and plaintiff's diagnosis and prognosis as well as the projected cost and nature of expected/required future medical treatment. The facts to which the expert will testify are based upon the contents of the associated treatment records previously exchanged by the parties.

**38. Yin June, M.D.**
13620 38th Avenue, Suite 6G, Flushing, New York 11354

Dr. June, a neurologist, will testify consistent with plaintiff's Rule 26 expert disclosures, to the facts and opinions regarding the course of plaintiff's medical treatment and the expert's opinion as to the causation, nature and extent of plaintiff's physical injuries, and plaintiff's diagnosis and prognosis as well as the projected cost and nature of expected/required future medical treatment. The facts to which the expert will testify are based upon the contents of the associated treatment records previously exchanged by the parties.

**39. Mario Voloshin, DMP**
69-15 Yellowstone Blvd., #4, Forest Hills, New York 11375

Dr. Voloshin, a podiatrist, will testify consistent with plaintiff's Rule 26 expert disclosures, to the facts and opinions regarding the course of plaintiff's medical treatment and the expert's opinion as to the causation, nature and extent of plaintiff's physical injuries, and plaintiff's diagnosis and prognosis as well as the projected cost

and nature of expected/required future medical treatment. The facts to which the expert will testify are based upon the contents of the associated treatment records previously exchanged by the parties.

**40. David Ludwig, M.D.**
New Age Medical, P.C., 11120 Queens Blvd., #1, Flushing, New York 11375

Dr. Ludwig, a physiatrist, will testify consistent with plaintiff's Rule 26 expert disclosures, to the facts and opinions regarding the course of plaintiff's medical treatment and the expert's opinion as to the causation, nature and extent of plaintiff's physical injuries, and plaintiff's diagnosis and prognosis as well as the projected cost and nature of expected/required future medical treatment. The facts to which the expert will testify are based upon the contents of the associated treatment records previously exchanged by the parties.

**41. Shaifali Gupta Dugar, M.D.**
Northeast Rheumatology, 85-49 Eliot Avenue, Suite #G, Rego Park, New York 11374

Dr. Dugar, a rheumatologist, will testify consistent with plaintiff's Rule 26 expert disclosures, to the facts and opinions regarding the course of plaintiff's medical treatment and the expert's opinion as to the causation, nature and extent of plaintiff's physical injuries, and plaintiff's diagnosis and prognosis as well as the projected cost and nature of expected/required future medical treatment. The facts to which the expert will testify are based upon the contents of the associated treatment records previously exchanged by the parties.

**42. Yonghong Xiao, M.D.**
136-33 37th Avenue, Flushing, New York 11354

Dr. Xiao, a physical medicine and rehabilitation specialist, will testify consistent with plaintiff's Rule 26 expert disclosures, to the facts and opinions regarding the course of plaintiff's medical treatment and the expert's opinion as to the causation, nature and extent of plaintiff's physical injuries, and plaintiff's diagnosis and prognosis as well as the projected cost and nature of expected/required future medical treatment. The facts to which the expert will testify are based upon the contents of the associated treatment records previously exchanged by the parties.

**43. Mark S. McMahon, M.D.**
876 Park Avenue, New York, New York 10021

Dr. McMahon, an orthopedic surgeon, will testify consistent with plaintiff's Rule 26 expert disclosures, to the facts and opinions regarding the course of plaintiff's medical treatment and the expert's opinion as to the causation, nature and extent of plaintiff's physical injuries, and plaintiff's diagnosis and prognosis as well as the projected cost and nature of expected/required future medical treatment. The facts to which the expert

will testify are based upon the contents of the associated treatment records previously exchanged by the parties.

Plaintiff's Custodial Witness List:

**44. Custodians of Records**
[addresses to be provided]

To the extent the parties cannot resolve any issues of authenticity or foundation, we intend to call such custodians as are necessary to introduce documentary exhibits.

**Defendants' Witness List[2]**

|    | Witnesses to be offered in Defendants' Case in Chief | Testimony in Person or by Deposition |
|----|------------------------------------------------------|--------------------------------------|
| 1. | Eric Ryan[3]<br><br>Expected to testify about, *inter alia*, his interactions with and observations of plaintiff on January 22-23, 2015, including his observations of plaintiff punching a wall and kicking a cabinet. | In person |
| 2. | David Camhi<br><br>Expected to testify about, *inter alia*, his interactions with and observations of plaintiff on January 22-23, 2015, including his observations of plaintiff punching a wall and kicking a cabinet. | In person |
| 3. | Joseph DiGennaro | In person |

---

[2]  Defendants reserve the right to call at trial any witness listed by plaintiff.  This witness list is contingent on the Court's rulings before and after trial and the development of the evidence at trial. The listing of a witness is not a concession that the witness may be properly called by another party in all parts of the trial or for all purposes.  Defendants reserve the right to not call listed witnesses or to supplement this witness list in the future.  Defendants reserve the right to designate the deposition testimony of any witness who is unavailable for trial.  Defendants reserve the right to offer deposition testimony in lieu of in person testimony insofar as permitted by the Federal Rules of Civil Procedure and Federal Rules of Evidence, and reserve the right to use deposition testimony on cross-examination.

[3]  Eric Ryan, as well as all other current or former employees of the City of New York, may be contacted through defense counsel.

| | Witnesses to be offered in Defendants' Case in Chief | Testimony in Person or by Deposition |
|---|---|---|
| | Expected to testify about, *inter alia*, his interactions with and observations of plaintiff on January 22-23, 2015. | |
| 4. | Keith Laliberte<br><br>Expected to testify about, *inter alia*, his recollection of January 22-23, 2015. | In person |
| 5. | Salvatore R. Lenzo, M.D.<br><br>995 Fifth Avenue<br>New York, NY  10075<br><br>Expert Witness. Expected to testify about, *inter alia*, plaintiff's alleged injuries. | In person |

Defendants hereby give notice, pursuant to Fed. R. Evid. 609(b)(2), that they intend to introduce evidence of Mr. Rivera's three felony convictions for which more than ten years have passed since the conviction and release from confinement for it: Grand Larceny in the Third Degree in 2007 (for which Mr. Rivera was incarcerated until February 3, 2009); Criminal Possession of a Controlled Substance in the Fifth Degree (for which Mr. Rivera was incarcerated until September 21, 1995); and Attempted Criminal Sale of a Controlled Substance in the Third Degree in 1990, to impeach Mr. Rivera's credibility.

**9.  Deposition Testimony**

Plaintiff intends to have her witnesses testify live and does not intend to offer any deposition testimony in her case in chief. However, plaintiff respectfully reserves the right to use deposition testimony at trial for any purpose permitted by the Federal Rules of Civil Procedures and Federal Rules of Evidence, and to apply for the admission of deposition testimony to the extent any anticipated trial witness proves to be unavailable.

Defendants do not currently intend to offer any deposition testimony during their case in chief. However, they reserve the right to designate the deposition testimony of any witness who is unavailable for trial.

**10. Stipulations**

None.

11. **Exhibits:**

*Plaintiff reserves the right to offer any exhibit listed on defendants' exhibit list.*

| Ex | Bates | Description | Stip | Party | Objection | Response |
|---|---|---|---|---|---|---|
| 1 | D1-D3 | Omni form arrest report | | P | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | This is relevant on the key issues of timing and plaintiff's physical condition. |
| 2 | D4-D5 | Olpa | | P | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Critical to timing, also reflects plaintiff's injuries and establishes consciousness of guilt. |
| 3 | D6-D7 | Omni complaint report | | P | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | *See* response re Ex. 1, *supra*. |
| 4 | D8-D9 | Arrest hx | | P | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter; and (F.R.E. 403) | Relevant to plaintiff's damages and credibility. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | |
| 5 | D10 | Intentionally blank. | | | |
| 6 | D11-D12 | Rivera Criminal Complaint | | P | Irrelevant (F.R.E. 402) *inter alia*, as Rivera is not a party in this matter, and plaintiff is not bringing a false arrest or malicious prosecution claim in this matter; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Relevant to timing and personal involvement. |
| 7 | | Intentionally blank | | | |
| 8 | D16-D55 | Criminal Court File | | P | Irrelevant (F.R.E. 402) *inter alia*, as Rivera is not a party in this matter and plaintiff is not bringing a false arrest or malicious prosecution claim in this matter; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Relevant to timing, personal involvement and contains party admissions, also relevant to credibility. |
| 9 | D56-D57 | Search Warrant | | P | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter and the search warrant has no bearing on plaintiff's claims; and (F.R.E. 403) Prejudicial, Confusing the Issue; Cumulative, in so far as expected testimony is | Relevant to credibility and personal involvement, contains party admissions. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | sufficient; and Waste of Time. | |
| 10 | D58-D86 | Meds, Queens Hosp Center | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | This is offered by defendants as Ex. A. *See infra.* |
| 11 | D87-D88 | memo book - Eric Ryan | | P | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Contains party admissions relevant to timing and personal involvement and shows no entries regarding plaintiff's self injury. Relevant to deliberate indifference claim. |
| 12 | D89-D95 | Meds, Main St Radiology | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | This is offered by defendants as Ex. G. *See infra.* |
| 13 | D96 | xrays | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | This is offered by defendants as Ex. G. *See infra.* |
| 14 | D96 (dup)-D102 | CCRB Investigative Recommendation-Summary | | P | Irrelevant (F.R.E. 402) *inter alia*, in that the subject of the CCRB investigation is non-party Danny Rivera and his allegations against NYPD in addition to information related to the | This is a business record containing party admissions showing, inter alia, that |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | events leading up to his and plaintiff's arrest, prior to plaintiff's time at the 107th precinct, have no bearing on plaintiff's remaining claims in this matter; Authentication (F.R.E. 901), Hearsay (F.R.E. 802); and (F.R.E. 403) Prejudicial, Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | defendants never told CCRB about plaintiff's alleged self-inflicted injury. |
| 15 | | Intentionally blank. | | | |
| 16 | D105-D106 | CCRB Complaint Report | P | | Irrelevant (F.R.E. 402) *inter alia*, in that the subject of the CCRB investigation is non-party Danny Rivera and his allegations against NYPD in addition to information related to the events leading up to his and plaintiff's arrest, prior to plaintiff's time at the 107th precinct, have no bearing on plaintiff's remaining claims in this matter; Authentication (F.R.E. 901), Hearsay (F.R.E. 802); and (F.R.E. 403) Prejudicial, Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Relevant and admissible as business record reflecting, inter alia, past recollection recorded and prior consistent statement to rebut defendants' allegations of recent fabrication. |
| 17 | | Intentionally blank. | | | |
| 18 | D109-D111 | Rivera CCRB Statement | P | | Irrelevant (F.R.E. 402) *inter alia*, in that the subject of the CCRB investigation is non- | Relevant and admissible as business record |

| | | | | P | party Danny Rivera and his allegations against NYPD in addition to information related to the events leading up to his and plaintiff's arrest, prior to plaintiff's time at the 107th precinct, have no bearing on plaintiff's remaining claims in this matter; Authentication (F.R.E. 901), Hearsay (F.R.E. 802); and (F.R.E. 403) Prejudicial, Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | reflecting, inter alia, past recollection recorded and prior consistent statement to rebut defendants' allegations of recent fabrication. |
| 19 | | Intentionally blank. | | | | |
| 20 | D113-D115 | Omniform arrest report- R. Martinez | | P | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. Duplicative of Plaintiff's Exhibit "1." | This is relevant on the key issues of timing and plaintiff's physical condition. |
| 21 | D116-118 | Omniform arrest report- Rivera | | P | Irrelevant (F.R.E. 402) *inter alia*, as Danny Rivera is a non-party in this matter and his arrest information has no bearing on plaintiff's remaining claims in this matter; and (F.R.E. 403) Prejudicial; Confusing the Issue; Cumulative, in so far as expected | This is relevant on the key issues of timing and personal involvement. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | testimony is sufficient; and Waste of Time. | |
| 22 | | Intentionally blank. | | | |
| 23 | D120-D122 | memo book entry - AO, color pic & CCRB interview Report | | P | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter and the documents contain personal, privileged, and irrelevant information related to Officer Ryan; Authentication (F.R.E. 901), Hearsay (F.R.E. 802); and (F.R.E. 403) Prejudicial, Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Contains party admissions relevant to timing and personal involvement and shows no entries regarding plaintiff's self-injury. Ryan's appearance is relevant to personal involvement and plaintiff's credibility. Relevant to deliberate indifference claim. |
| 24 | D123-D125 | Eric Ryan Interview Statement | | P | Irrelevant (F.R.E. 402) *inter alia*, in that the subject of the CCRB investigation is non-party Danny Rivera and his allegations against NYPD in addition to information related to the events leading up to his and plaintiff's arrest, prior to their time at the 107 precinct, have no bearing on plaintiff's remaining claims in this matter; Authentication (F.R.E. 901), Hearsay (F.R.E. 802); and (F.R.E. 403) Prejudicial, | Contains party admissions regarding the defendant's observations regarding the disputed and reflects that he never told investigators about what he allegedly saw in connection with plaintiff. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | |
| 25 | D126-D131 | memo book-Digennaro, CCRB interview Report | | P | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter and the documents contain personal, privileged, and irrelevant information related to Officer Digennaro; Authentication (F.R.E. 901), Hearsay (F.R.E. 802); and (F.R.E. 403) Prejudicial, Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Contains party admissions relevant to timing and personal involvement and shows no entries regarding plaintiff's self-injury. Defendant's appearance is relevant to personal involvement and plaintiff's credibility. |
| 26 | D132 | Digennaro Statement interview | | P | Irrelevant (F.R.E. 402) *inter alia*, in that the subject of the CCRB investigation is non-party Danny Rivera and his allegations against NYPD in addition to information related to the events leading up to his and plaintiff's arrest, prior to their time at the 107 precinct, have no bearing on plaintiff's remaining claims in this matter; Authentication (F.R.E. 901), Hearsay (F.R.E. 802); and (F.R.E. 403) Prejudicial, Confusing the Issue; Cumulative, in so far as expected testimony is | Contains party admissions regarding the defendant's observations regarding the disputed and reflects that he never told investigators about what he allegedly saw in connection with plaintiff. |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | sufficient; and Waste of Time. | |
| 27 | | Intentionally blank. | | | | |
| 28 | | Intentionally blank. | | | | |
| 29 | | Intentionally blank. | | | | |
| 30 | | Intentionally blank. | | | | |
| 31 | | Intentionally blank. | | | | |
| 32 | | Intentionally blank. | | | | |
| 33 | | Intentionally blank. | | | | |
| 34 | | Intentionally blank. | | | | |
| 35 | | Intentionally blank. | | | | |
| 36 | D146-D148 | Lt. Robinson - memobook entry | | P | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Relevant to timing and personal involvement. This supervisor interacted with plaintiff at the precinct. |
| 37 | | Intentionally blank. | | | | |
| 38 | D150 | Captain Matthew D. Hanrahan, color pic | | P | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter and the documents contain personal, privileged, and irrelevant information related to Captain Hanrahan; and (F.R.E. 403) Prejudicial, Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Relevant to credibility and whether certain interviews allegedly conducted by this official actually took place. |

| | | | | | |
|---|---|---|---|---|---|
| 39 | D151-D152 | Warrant Tracking System Pre-Warrant Data Entry Form | | P | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter and the search warrant has no bearing on plaintiff's claims; and (F.R.E. 403) Prejudicial, Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Relevant to timing, personal involvement, and credibility. |
| 40 | | Intentionally blank. | | | | |
| 41 | D154-D155 | NYPD Search Warrant Post Execution Critique | | P | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter and the search warrant has no bearing on plaintiff's claims; and (F.R.E. 403) Prejudicial; Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Relevant to timing, personal involvement, and credibility. |
| 42 | D156 | Search Warrant Plan Pre Execution, Tac Plan | | P | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter and the search warrant has no bearing on plaintiff's remaining claims; and (F.R.E. 403) Prejudicial, Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Relevant to timing, personal involvement, and credibility. |
| 43 | | Intentionally blank. | | | | |

| 44 | | Intentionally blank. | | | | |
|----|---|---|---|---|---|---|
| 45 | | Intentionally blank. | | | | |
| 46 | D165-D173 | Roll Call - 107 | | P | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter and the 107 roll call has no bearing on plaintiff's claims; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Relevant as to personal involvement. |
| 47 | D174-D183 | Command Log, 1/22/15 | | P | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter and the document contains pages of irrelevant information related to the general management of the 107 precinct that has no bearing on plaintiff's claims; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | This is a key document reflecting the movement of plaintiff and defendants, as well as plaintiff's physical condition; also reflects the absence of any entry regarding plaintiff's alleged self-injury. Of particular relevance to palintiff's deliberate indifference claim. |
| 48 | D184 | Precinct Prisoner Holding Pen Roster- Rivera only | | P | Irrelevant (F.R.E. 402) *inter alia*, as Rivera is a non-party in this matter and as plaintiff is not bringing a false arrest or malicious prosecution | Relevant to location of plaintiff and witnesses, personal involvement, |

| | | | | | |
|---|---|---|---|---|---|
| | | | | claim in this matter; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | timing, credibility, shows no entry for plaintiff and conflicts with other documents. |
| 49 | | Intentionally blank. | | | |
| 50 | | Intentionally blank. | | | |
| 51 | | Intentionally blank. | | | |
| 52 | D207-216 | CCRB Investigative Action Log | | P | Irrelevant (F.R.E. 402) *inter alia*, in that the subject of the CCRB investigation was non-party Danny Rivera, and the CCRB's documented steps in that aforementioned investigation has no bearing on plaintiff's remaining claims in this matter; Authentication (F.R.E. 901), Hearsay (F.R.E. 802); and (F.R.E. 403) Prejudicial; Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Relevant business record reflecting prior consistent statements and past recollection recorded, relates to credibility, personal involvement. |
| 53 | | Intentionally blank. | | | |
| 54 | | Intentionally blank. | | | |
| 55 | D234-D251 | Case Summary, with notes, Investigative Actions | | P | Irrelevant (F.R.E. 402) *inter alia*, in that the subject of the CCRB investigation was non-party Danny Rivera, and the events leading up to Mr. Rivera's and plaintiff's arrests, prior to their arrival at the 107th precinct, have no | Relevant business record reflecting prior consistent statements and past recollection recorded, |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | bearing on plaintiff's remaining claims in this matter; Authentication (F.R.E. 901), Hearsay (F.R.E. 802); and (F.R.E. 403) Prejudicial; Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. Defendants further note that this document appears to be a draft copy containing handwritten notes from an unknown individual. | relates to credibility, personal involvement. |
| 56 | | Intentionally blank. | | | | |
| 57 | D257-D259 | CCRB Investigative Actions | | P | Irrelevant (F.R.E. 402) *inter alia*, in that the subject of the CCRB investigation was non-party Danny Rivera, and the CCRB's documented steps in that aforementioned investigation, has no bearing on plaintiff's remaining claims in this matter; Authentication (F.R.E. 901), Hearsay (F.R.E. 802); and (F.R.E. 403) Prejudicial; Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Relevant business record reflecting prior consistent statements and past recollection recorded, relates to credibility, personal involvement. |
| 58 | D260-D261 | PO Eric Ryan, AO, Statement | | P | Irrelevant (F.R.E. 402) *inter alia*, in that the subject of the CCRB investigation was non-party Danny Rivera; and Mr. Rivera's allegations as well as the events of | Contains party admissions regarding the defendant's observations regarding the |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | Mr. Rivera's and plaintiff's arrests, prior to plaintiff's arrival at the 107th precinct, have no bearing on plaintiff's remaining claims in this matter; Authentication (F.R.E. 901), Hearsay (F.R.E. 802); and (F.R.E. 403) Prejudicial; Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | disputed and reflects that he never told investigators about what he allegedly saw in connection with plaintiff. |
| 59 | D262-D264 | CCRB initial Complaint Narrative, notes | | P | Irrelevant (F.R.E. 402) *inter alia*, in that the subject of the CCRB investigation was non-party Danny Rivera and Mr. Rivera's allegations against the NYPD, in addition to plaintiff's allegations related to alleged lost or missing property, as well as the events of Mr. Rivera's and plaintiff's arrests, prior to plaintiff's arrival at the 107th precinct, have no bearing on plaintiff's remaining claims in this matter; Authentication (F.R.E. 901), Hearsay (F.R.E. 802); and (F.R.E. 403) Prejudicial; Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Relevant and admissible as business record reflecting, inter alia, past recollection recorded and prior consistent statement to rebut defendants' allegations of recent fabrication. |
| 60 | | Intentionally blank. | | | | |
| 61 | D268 | Sgt DeGennaro CCRB Statement | | P | Irrelevant (F.R.E. 402) *inter alia*, in that the | Contains party |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | subject of the CCRB investigation was non-party Danny Rivera; and Mr. Rivera's allegations against the NYPD as well as the events of Mr. Rivera's and plaintiff's arrests, prior to plaintiff's arrival at the 107th precinct, have no bearing on plaintiff's remaining claims in this matter; Authentication (F.R.E. 901), Hearsay (F.R.E. 802); and (F.R.E. 403) Prejudicial; Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | admissions regarding the defendant's observations regarding the disputed and reflects that he never told investigators about what he allegedly saw in connection with plaintiff. |
| 62 | D269-D270 | Mr. Rivera CCRB Statement | | P | Irrelevant (F.R.E. 402) *inter alia*, in that the subject of the CCRB investigation was non-party Danny Rivera; and Mr. Rivera's allegations against the NYPD, his criminal history, as well as the events of Mr. Rivera's and plaintiff's arrests, prior to plaintiff's arrival at the 107th precinct, have no bearing on plaintiff's remaining claims in this matter; Authentication (F.R.E. 901), Hearsay (F.R.E. 802); and (F.R.E. 403) Prejudicial; Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Relevant as past recollection recorded and prior consistent statement, goes to credibility, timing, personal involvement. |

| | | | | | | |
|---|---|---|---|---|---|---|
| 63 | | Intentionally blank. | | | | |
| 64 | | Intentionally blank. | | | | |
| 65 | | Intentionally blank. | | | | |
| 66 | | Intentionally blank. | | | | |
| 67 | | Intentionally blank. | | | | |
| 68 | | Intentionally blank. | | | | |
| 69 | | Intentionally blank. | | | | |
| 70 | | Intentionally blank. | | | | |
| 71 | D291-D295 | CCRB Complaint Report | | P | Irrelevant (F.R.E. 402) *inter alia*, in that the subject of the CCRB investigation was non-party Danny Rivera; and Mr. Rivera's allegations against the NYPD as well as the events of Mr. Rivera's and plaintiff's arrests, prior to plaintiff's arrival at the 107th precinct, have no bearing on plaintiff's remaining claims in this matter; Authentication (F.R.E. 901), Hearsay (F.R.E. 802); and (F.R.E. 403) Prejudicial; Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Relevant as past recollection recorded and prior consistent statement, goes to credibility, timing, personal involvement. |
| 72 | D296-D299 | Interview, Statement PO Eric Ryan | | P | Irrelevant (F.R.E. 402) *inter alia*, in that the subject of the CCRB investigation was non-party Danny Rivera; and Mr. Rivera's allegations against the NYPD as well as the events of Mr. Rivera's and plaintiff's arrests, prior to plaintiff's arrival at the | Contains party admissions regarding the defendant's observations regarding the disputed and reflects that he never told investigators |

| | | | | | |
|---|---|---|---|---|---|
| | | | | 107th precinct, have no bearing on plaintiff's remaining claims in this matter; Authentication (F.R.E. 901), Hearsay (F.R.E. 802); and (F.R.E. 403) Prejudicial; Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | about what he allegedly saw in connection with plaintiff. |
| 73 | | Intentionally blank. | | | |
| 74 | | Intentionally blank. | | | |
| 75 | | Intentionally blank. | | | |
| 76 | | Intentionally blank. | | | |
| 77 | | Intentionally blank. | | | |
| 78 | | Intentionally blank. | | | |
| 79 | | Intentionally blank. | | | |
| 80 | D362-D364 | memo book entry - Lt. Robinson | | P | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Relevant to timing, sequence, personal involvement, credibility. |
| 81 | D365-D366 | memo book entry - PO Matthew C. Rippel | | P | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Relevant to timing, sequence, personal involvement, credibility. |

| | | | | | | |
|---|---|---|---|---|---|---|
| 82 | D367-D368 | memo book entry - Det James Davneiro | | P | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Relevant to timing, sequence, personal involvement, credibility. |
| 83 | | Intentionally blank. | | | | |
| 84 | | Intentionally blank. | | | | |
| 85 | | Intentionally blank. | | | | |
| 86 | | Intentionally blank. | | | | |
| 87 | | Intentionally blank. | | | | |
| 88 | | Intentionally blank. | | | | |
| 89 | | Intentionally blank. | | | | |
| 90 | | Intentionally blank. | | | | |
| 91 | D416 | TAC Plan | | P | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter and the search warrant has no bearing on plaintiff's remaining claims; and (F.R.E. 403) Prejudicial, Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Relevant to personal involvement, sequence, timing. |
| 92 | | Intentionally blank. | | | | |
| 93 | | Intentionally blank. | | | | |
| 94 | | Intentionally blank. | | | | |
| 95 | | Intentionally blank. | | | | |
| 96 | D462 | medical treatment of prison form for Rosie | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant | This is a key documenting reflecting |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | information related to plaintiff's arrest or general information that has no bearing on plaintiff's remaining claims in this matter. | defendants' admissions regarding the cause of plaintiff's injury, reflects timing, personal involvement, etc., and is being offered by defendants as Ex. BB. |
| 97 | | Intentionally blank. | | | |
| 98 | | Intentionally blank. | | | |
| 99 | D466 | 1/23/15 Calendar entry | P | Irrelevant (F.R.E. 402) *inter alia*, in that the information in the Calendar entry has no bearing on plaintiff's remaining claims in this matter; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Relevant to credibility, timing, sequence and personal involvement. |
| 100 | D467-D470 | Roll Call from 1/23/15 | P | Irrelevant (F.R.E. 402) *inter alia*, in that information contained in the Roll Call document has no bearing on plaintiff's remaining claims in this matter; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Relevant to credibility, timing, sequence and personal involvement. |
| 101 | | Intentionally blank. | | | |
| 102 | D472-D474 | Command Log 1/22/15 | P | Command Log for 107 Pct. | This is a key document |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter and the document contains pages of irrelevant information related to the general management of the 107 precinct that has no bearing on plaintiff's claims; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | reflecting the movement of plaintiff and defendants, as well as plaintiff's physical condition; also reflects the absence of any entry regarding plaintiff's alleged self-injury. Of particular relevance to palintiff's deliberate indifference claim. |
| 103 | D475-D477 | Command Log 1/23/15 | | P | Command Log for 107 Pct.

Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter and the document contains pages of irrelevant information related to the general management of the 107 precinct that has no bearing on plaintiff's claims; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | This is a key document reflecting the movement of plaintiff and defendants, as well as plaintiff's physical condition; also reflects the absence of any entry regarding plaintiff's alleged self-injury. Of particular relevance to palintiff's deliberate indifference claim. |

| | | | | | |
|---|---|---|---|---|---|
| 104 | | Intentionally blank. | | | |
| 105 | D489 | Roll Call adjustment from 1/23/15 | | P | Irrelevant (F.R.E. 402) *inter alia*, in that information contained in the Roll Call document has no bearing on plaintiff's remaining claims in this matter; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Relevant to personal involvement, timing sequence, credibility. Shows plaintiff in hospital. |
| 106 | D490-D496 | Roll call from 1/23/15 | | P | Irrelevant (F.R.E. 402) *inter alia*, in that information contained in the Roll Call document has no bearing on plaintiff's remaining claims in this matter; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Relevant to personal involvement, timing sequence, credibility. |
| 107 | D497 | Roll Call adjustment from 1/23/15 | | P | Irrelevant (F.R.E. 402) *inter alia*, in that information contained in the Roll Call document has no bearing on plaintiff's remaining claims in this matter; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Relevant to personal involvement, timing sequence, credibility. |
| 108 | D498-D499 | Command Log 1/22/15 | | P | This document is a copy of a portion of the Command Log for the 107th Pct.<br><br>Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is | This is a key document reflecting the movement of plaintiff and defendants, as well as |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | not bringing a false arrest or malicious prosecution claim in this matter and the document contains pages of irrelevant information related to the general management of the 107 precinct that has no bearing on plaintiff's claims; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | plaintiff's physical condition; also reflects the absence of any entry regarding plaintiff's alleged self-injury. Of particular relevance to palintiff's deliberate indifference claim. |
| 109 | D500-D501 | Command log 1/23/15 | | P | This document is a copy of a portion of the Command Log for the 107th Pct.<br><br>Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter and the document contains pages of irrelevant information related to the general management of the 107th precinct that has no bearing on plaintiff's remaing claims; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | This is a key document reflecting the movement of plaintiff and defendants, as well as plaintiff's physical condition; also reflects the absence of any entry regarding plaintiff's alleged self-injury. Of particular relevance to palintiff's deliberate indifference claim. |
| 110 | D502-D504 | Memo book for PO Daniel Mendez | | P | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter; and (F.R.E. 403) | Reflects movement of plaintiff following her injury; reflects |

| | | | | | |
|---|---|---|---|---|---|
| | | | | Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | sequence and timing. |
| 111 | D505-D507 | Memo book for PO Seddio | P | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Reflects movement of plaintiff following her injury; reflects sequence and timing. |
| 112 | D510-D511 | Medical Notes from Dr. Walter Besser from 1/15/16 | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. This is being offered by defendants as Ex. H. *See infra.* |
| 113 | D512-D513 | Medical Notes from Dr. Walter Besser from 11/13/15 | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. This is being offered by defendants as Ex. H. *See infra.* |
| 114 | D514-D515 | Medical Notes from Dr. Walter Besser from 10/16/15 | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and |

| | | | | | cause. This is being offered by defendants as Ex. H. *See infra.* |
|---|---|---|---|---|---|
| 115 | D516-D517 | Medical Notes from Dr. Walter Besser from 7/31/15 | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. This is being offered by defendants as Ex. H. *See infra.* |
| 116 | D518-D521 | Xray of left foot from 8/18/15 | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. This is being offered by defendants as Ex. H. *See infra.* |
| 117 | D578-D584 | Flushing Hospital records from 4/28/15 for pain in right hand | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. This is being offered by defendants as Ex. E. *See infra.* |
| 118 | D585-D602 | Flushing Hospital records from 4/28/15 for pain in right hand | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information, such as | Reflects plaintiff's damages and relates to the mechanism of injury and |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | social history or head or chest exam. | cause. This is being offered by defendants as Ex. E. *See infra.* |
| 119 | D603 | Flushing Hospital records from 4/28/15 for pain in right hand | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. This is being offered by defendants as Ex. E. *See infra.* |
| 120 | D604-608 | Flushing Hospital records from 4/28/15 for pain in right hand | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. This is being offered by defendants as Ex. E. *See infra.* |
| 121 | D609-D611 | Flushing Hospital records from 4/28/15 for pain in right hand | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. This is being offered by defendants as Ex. E. *See infra.* |
| 122 | D612-D622 | Flushing Hospital records from 4/28/15 for pain in right hand | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | cause. This is being offered by defendants as Ex. E. *See infra.* |
| 123 | D623-D628 | Flushing Hospital records from 4/28/15 for pain in right hand | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. This is being offered by defendants as Ex. E. *See infra.* |
| 124 | | Intentionally blank. | | | |
| 125 | D761-D764 | Elmhurst Hosp Records from 1/23/15 | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's medical treatment following her assault. This is being offered by defendants as Ex. M. *See infra.* |
| 126 | D765 | Elmhurst Hosp Records from 3/11/15 | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 127 | D766-D768 | Elmhurst Hosp Records from 3/13/15 | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |

| 128 | D769-D770 | Medical Record from OT Jee Yoon Chong 11/20/15 | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
|---|---|---|---|---|---|---|
| 129 | D771-D772 | Medical Record from OT Jee Yoon Chong 11/16/15 | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 130 | D773-D774 | Medical Record from OT Jee Yoon Chong 11/13/15 | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 131 | D775-D776 | Medical Record from OT Jee Yoon Chong from 11/11/15 | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 132 | D777-D800 | More OT Records from Chong 11/2015 & 8/2015 | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 133 | D827-D844 | OT Records from Chong 11/20/15; 11/16/15; 11/13/15; 11/11/15; 11/5/15; 8/15 | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 134 | D845 | OT Records from Chong 7/31/15 | | P | Irrelevant (F.R.E. 402) to the extent portions of the | Reflects plaintiff's |

| | | | | | |
|---|---|---|---|---|---|
| | | | | record contain irrelevant medical diagnoses or information that would require redaction. | damages and relates to the mechanism of injury and cause. |
| 135 | D859-D861 | 11/9/15 Hospital Records seen by Dr. Voloshin | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 136 | D862-D863 | 8/31/15 Hospital Records seen by Dr. Voloshin | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 137 | D864-D865 | 8/17/15 Hospital Records seen by Dr. Voloshin | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 138 | D866-D868 | Hospital records from Dr. Besser from 1/15/16 | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 139 | D869-870 | Hospital records from Dr. Besser from 1/13/16 | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 140 | D871-D872 | Hospital records from Dr. Besser from 10/16/15 | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or | Reflects plaintiff's damages and relates to the |

| | | | | | |
|---|---|---|---|---|---|
| | | | | information that would require redaction. | mechanism of injury and cause. |
| 141 | D873-D874 | Hospital records from Dr. Besser from 7/31/15 | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 142 | D878-D881 | Left Foot Xray Report from 8/18/15 | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 143 | D911-D949 | Hospital Records from 6/29/14 | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 144 | D950-D951 | Podiatry referral from 8/16/16 | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 145 | D952-D953 | Confirmation and No-show for dietician appointment on 7/9/16 | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 146 | D972 | Neurology report from 4/2/16 | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | injury and cause. |
| 147 | D981 | Knee Xray from 3/25/16 | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 148 | D982-D989 | Medical records | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 149 | D990 | More records from Charles Wang Health Center | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 150 | D991-D1000 | Records from Charles Wang Health Center | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 151 | D1001-D1002 | Medical records | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 152 | D1003-D1017 | Charles Wang Health Center Records | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |

| | | | | | |
|---|---|---|---|---|---|
| 153 | D1018 | Charles Wang | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 154 | D1019-1033 | Charles Wang Health Center | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 155 | D1034 | Records from Charles Wang Health Center from 9/16/15 | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 156 | D1035-D1049 | More records from Charles Wang Health Center | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 157 | D1050-D1015 | Left Foot Xray from 8/18/15 | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 158 | D1057 | Medical records | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 159 | D1058-D1065 | OT Report from 8/15 and 7/15 | | P | Irrelevant (F.R.E. 402) to the extent portions of the | Reflects plaintiff's |

| | | | | | |
|---|---|---|---|---|---|
| | | | | record contain irrelevant medical diagnoses or information that would require redaction. | damages and relates to the mechanism of injury and cause. |
| 160 | D1066-D1067 | Record from Dr. Besser stating right hand pain from 7/31/15 | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 161 | D1068 | Rosie calls to request hand surgeon referral on 7/9/15 | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 162 | D1069-D1070 | Flushing Neurology records from 6/15/15 | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 163 | D1073-D1074 | Wrist MRI from 6/5/15 | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 164 | D1077 | Call record from 5/27/15 stating she will make MRI appointment | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 165 | D1079-D1080 | Record from Charles Wang Health Center re: referral to hand clinic from 5/6/15 | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or | Reflects plaintiff's damages and relates to the |

| | | | | | |
|---|---|---|---|---|---|
| | | | | information that would require redaction. | mechanism of injury and cause. |
| 166 | D1081-D1096 | Charles Wang Health Center Records | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 167 | D1097 | Referral to hand clinic | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 168 | D1098-D1109 | Charles Wang Records | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 169 | D1111 | Charles Wang Records | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 170 | D1114-D1135 | Charles Wang Records | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 171 | D1137-D1147 | Charles Wang Records | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of |

| | | | | | | injury and cause. |
|---|---|---|---|---|---|---|
| 172 | D1148-D1154 | Charles Wang Records - annual visit 2/8/15 | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 173 | D1156 | Charles Wang Records | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 174 | D1166-D1190 | Charles Wang records | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 175 | D1191 | Dr Wu Foot and ankle from 8/9/2014 | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 176 | D1192-D1197 | Foot and Ankle visit from 8/3/2014 | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 177 | D3645-D3653 | Ds' pics of precinct | | P | Irrelevant (F.R.E. 402), *inter alia*, to the extent certain photographs depict areas and locations within the 107th precinct where plaintiff does not claim | These pictures, taken by defense counsel during an inspection of |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | any alleged force was used against her and are therefore irrelevant to plaintiff's remaining claims in this matter; and to the extent that none of the photographs of the 107th precinct were taken on the night of the incident, and therefore, do not depict a fully accurate representation of the layout of the precinct, which is also prejudicial pursuant to (F.R.E. 403). | the precinct, depict areas in which disputed events took place and are relevant. |
| 178 | D3654 | Precinct prisoner roster | | P | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter and the document contains information related to non-party individuals who were arrested and is likely protected pursuant to section 160.50; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Relevant to location of plaintiff and witnesses, personal involvement, timing, credibility, shows no entry for plaintiff and conflicts with other documents. |
| 179 | D4082 | Prisoner Holding pen roster from 1/22/15 | | P | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter and contains information related to individuals/arrestees other than plaintiff; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected | Relevant to location of plaintiff and witnesses, personal involvement, timing, credibility, shows no entry for plaintiff and conflicts with |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | testimony is sufficient; and Waste of Time. | other documents. |
| 180 | D4082-D4099 | Command Log from 1/22/15 | | P | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter and contains information related to individuals other than plaintiff; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | This is a key document reflecting the movement of plaintiff and defendants, as well as plaintiff's physical condition; also reflects the absence of any entry regarding plaintiff's alleged self-injury. Of particular relevance to palintiff's deliberate indifference claim. |
| 181 | D4100-D4272 | NYPD Police Student's Guide various topics | | P | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter, Hearsay (F.R.E. 802); and (F.R.E. 403) Prejudicial, Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | This evidence is relevant and admissible. *See, e.g. Nnodimele v. Derienzo*, 13 CV 3461 (ARR) (RLM), 2016 WL 3561708, *13-14 (E.D.N.Y. June 27, 2016) (admitting relevant patrol guide sections). |

| | | | | | |
|---|---|---|---|---|---|
| 182 | D4273-D4274 | Sgt. Laliberte - memobook | | P | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Contains party admissions relevant to timing and personal involvement and shows no entries regarding plaintiff's self-injury. Also relevant to credibility. |
| 183 | D4275-D4282 ["corrected PDF"] | Prisoner Holding Pen Roster from 1/23/15 | | P | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter and contains information related to individuals/ arrestees other than plaintiff; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Relevant to timing, sequence, credibility, personal involvement. Reflects plaintiff's arrival and departure from Queens central booking. |
| 184 | 4301-4302 | DOC Pre arraignment form (EMT) | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | This is defendants' Ex. AA. It is relevant to *inter alia* timing, damages, credibility, sequence, etc. |
| 185 | D4303-4307 | OMI Arrrest report, Jhon Perez, OPA for Perez and command log from 1/22/2015 | | P | Irrelevant (F.R.E. 402), inter alia, as it contains arrest information related to a non-party individual that is unrelated to plaintiff's arrest and has no bearing on plaintiff's | This relates to another prisoner in the precinct at the time of the incident, and is |

| | | | | P | claims in this matter, and is likely protected pursuant to section 160.50 ; (F.R.E. 403) Prejudicial, Confuses the Issue, and is Waste of Time. | relevant to timing and credibility. |
|---|---|---|---|---|---|---|
| 186 | | Intentionally blank. | | | | |
| 187 | D4317-4318 | photographs of relevant Queens Central Booking Command Log for January 23,2015 | | P | Irrelevant (F.R.E. 402) *inter alia*, as the information in the Queens Central Booking Command Log has no bearing on plaintiff's remaining claims; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Relevant to timing, sequence, credibility, personal involvement. |
| 188 | D4319-4322 | Queens Central Booking Sign-in Sheet | | P | Irrelevant (F.R.E. 402) *inter alia*, as the information in the Queens Central Booking Sign-in Sheet has no bearing on plaintiff's remaining claims; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Relevant to timing, sequence, credibility, personal involvement. |
| 189 | D4323-4324 | PO Graham & Walsh memobooks | | P | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Reflect plaintiff's transport to hospital, relevant to timing, sequence, personal involvement, deliberate indifference. |

| | | | | | | |
|---|---|---|---|---|---|---|
| 190 | D4325-4326 | Prisoner Movement Slip for Rosie | | P | This document is an Affidavit, signed by a Lieutenant Christopher Czark, making representations about whether the NYPD Criminal Justice Bureau maintains a copy of plaintiff's Prisoner Movement Slip. It is not a copy of plaintiff's Prisoner Movement Slip.<br><br>Irrelevant (F.R.E. 402) *inter alia*, as a prisoner movement slip has no bearing on plaintiff's remaining claims in this matter; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | The absence of the prisonser movement slip reflects consciousness of guilt and is relevant to plaintiff's deliberate indifference claim. |
| 191 | D4329-4342 | Debriefing and Investigatory Reports for Rosie and Danny Riviera | | P | Irrelevant (F.R.E. 402) *inter alia*, as Danny Rivera is a non-party in this matter and his arrest information has no bearing on plaintiff's remaining claims in this matter; and (F.R.E. 403) Prejudicial; Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Relevant to timing, credibility, sequence, personal involvement, deliberate indifference. |
| 192 | D4343-4344 | Affidavit concerning Livescan Fingerprint Machine | | P | Irrelevant (F.R.E. 402), *inter alia*, in that information related to a live scan fingerprinting machine at the NYPD has no bearing on plaintiff's remaining claims in this matter; and | Relevant to credibility, sequence, personal involvement, deliberate indifference. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | (F.R.E. 403) Prejudicial; Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | |
| 193 | D4344-4345 | Declaration Christopher Czark | | P | Irrelevant (F.R.E. 402), *inter alia*, in that a declaration containing information related to a live scan fingerprinting machine at the NYPD, and whether printed copies of alleged scans taken related to plaintiff's arrest, has no bearing on plaintiff's remaining claims in this matter; and (F.R.E. 403) Prejudicial; Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | This declaration concerns missing records that would establish who fingerprinted plaintiff when she was injured. Relevant to personal involvement, deliberate indifference. |
| 194 | 4345 | QCB Command Log | | | Irrelevant (F.R.E. 402), inter alia, information contained in the OCB command log has no bearing on plaintiff's remaining claims in this matter; and (F.R.E. 403) Prejudicial; Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Relevant to timing, sequence, credibility, personal involvement. |
| 195 | 4813-4818 | Missing property file | | | Irrelevant (F.R.E. 402). *Inter alia*, as plaintiff is no longer bringing a claim related to missing property and this document has no bearing on plaintiff's remaining claims in this matter, and | Contains party admissions, prior consistent statements, past recollection |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | Danny Rivera is a non-party is in this matter and any personal allegations he made against the NYPD has no bearing on plaintiff's remaining claims in this matter; Hearsay (F.R.E. 802); and (F.R.E. 403) Prejudicial; Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | recorded, relates to sequence, timing, deliberate indifference. Contains multiple statements from plaintiff and others describing the incident. |
| 196 | 4818-4825 | IAb records | | | Hearsay (F.R.E. 802); and (F.R.E. 403) Cumulative, in so far as expected testimony is sufficient. | Business records containing, inter alia, party admissions. |
| 197 | D4833 | Memo re records | | | Irrelevant (F.R.E. 402), *inter alia,* in that the memo containing the search results for the 107 Precinct January 23, 2015 prisoner roster has no bearing on plaintiff's remaining claims in this matter; Authentication (F.R.E. 901), Hearsay (F.R.E. 802); and (F.R.E. 403) Prejudicial; Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | This is relevant to plaintiff's deliberate indifference and excessive force claims and shows consciousness of guilt; reflects the absence of any entry for plaintiff. |
| 198 | 4848-4854 | Memobooks | | | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter; and (F.R.E. 403) Confusing the Issue; | These memobooks, belonging to Camhi and others, relate to personal involvement, |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | deliberate indifference and personal involvement and constitute party admissions. |
| 199 | 4832 | Ryan memo book second page | | | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Contains party admissions relevant to timing and personal involvement and shows no entries regarding plaintiff's self injury. Relevant to deliberate indifference claim. |
| 200 | D4858-4860 | PO Ficken Memobook | | P | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Reflects timing, sequence and personal involvement regarding plaintiff's transport from the hospital by escort officer and plaintiff's unexplained transfer back to the precinct. |
| 201 | D4864 | NYPD Internal Case Information system | | P | Irrelevant (F.R.E. 402), *inter alia*, in that the various administrative steps in the NYPD IAB investigation, such as | Shows sequence of investigation and relates to personal |

| | | | | | |
|---|---|---|---|---|---|
| | | | | requests for documents and attempts to interview, have no bearing on plaintiff's remaining claims in this matter; and (F.R.E. 403) Prejudicial; Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | involvement and deliberate indifference. |
| 202 | D4864-5857 | NYPD Internal Case Information system, internal affairs log | P | Irrelevant (F.R.E. 402), *inter alia*, in that the various administrative steps in the NYPD IAB investigation, such as requests for documents and attempts to interview, have no bearing on plaintiff's remaining claims in this matter; and (F.R.E. 403) Prejudicial; Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | This file contains the investigation by internal affairs into plaintiff's missing property and contains, inter alia, party admissions. It is relevant to timing, sequence, personal involvement, etc. |
| 203 | D5859-5862 | SGT Pontecorvo Memo book | P | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter; and the IAB entry under pages 5863-5866 contains both arrest and health information related to the arrest of a non-party male on January 17, 2015, which has no bearing on plaintiff's remaining claims in this matter and is likely privileged pursuant to section | Reflects timing, sequence and personal involvement regarding plaintiff's treatment at hospital while in custody and relates to the causation of her injuries and the sequence, timing and |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | 160.50 and HIPAA; and (F.R.E. 403) Prejudicial; Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | personal involvement. |
| 204 | D5867-5868 | Correa Harris memo book | | P | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Reflects timing, sequence and personal involvement regarding plaintiff's treatment at hospital while in custody and relates to the causation of her injuries and the sequence, timing and personal involvement. |
| 205 | D5869-5870 | Sgt Laliberte Memo book & PO Russo Memo book & PO illegible | | P | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Contains party admissions relevant to timing and personal involvement and shows no entries regarding plaintiff's self-injury. Also relevant to credibility. |
| 206 | D5871-5872 | Sgt Lavelle Memo book | | P | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this | Relevant to timing and personal involvement and shows no |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | matter; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | entries regarding plaintiff's self-injury. Also relevant to credibility. |
| 207 | 5880-5884 | Arraignment transcript | | | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter and testimony related to the bail set for non-party Danny Rivera, plaintiff being released, and the alleged events prior to plaintiff being transported to the 107 precinct have no bearing on plaintiff's remaining claims in this matter; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Relevant to timing and credibility. |
| 208 | D6506-6526 | Northeast Rheumatology report for Rosie from 9/19 | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. Defendants' Exs. I & U. *See infra.* |
| 209 | D6527-6528 | (Debriefing log) | | P | Irrelevant (F.R.E. 402), *inter alia*, in that the debriefing log contains the names of officers related to debriefings of other non-party individuals, including non-party Danny Rivera, | Relevant to timing, sequence and credibility. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | that has no bearing on plaintiff's remaining claims in this matter; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | |
| 210 | D6529-6532 | (Danny Rivera Negative debriefing worksheet) | | P | Irrelevant (F.R.E. 402), *inter alia*, in that Danny Rivera is a non-party in this matter, and his arrest information and negative debriefing result has no bearing on plaintiff's remaining claims in this matter; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Relevant to timing, sequence and credibility. |
| 211 | D6533-6536 | (Rosie Martinez Negative debriefing worksheet) | | P | Irrelevant (F.R.E. 402) *inter alia*, in that plaintiff is not bringing a false arrest or malicious prosecution claim in this matter, and her arrest information and charges have no bearing on her remaining claims; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Relevant to timing, sequence and credibility. |
| 212 | | Intentionally blank. | | | | |
| 213 | D7657 | Plaintiff's Mugshot | | P | Irrelevant (F.R.E. 402) to the extent portions of the document contains irrelevant arrest information that has no bearing on plaintiff's | Relevant to damages. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | remaining claims in this matter. | |
| 214 | D8566-67 | (Pace decl re Prisoner Roster) | | P | Irrelevant (F.R.E. 402), *inter alia*, the declaration signed by Lt. Robert Pace, regarding the search, yielding negative results, for the 107 prisoner roster for the dates of January 22-23, 2015 has no bearing on plaintiff's reaming claims in this matter; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Relevant to consciousness of guilt, deliberate indifference, personal involvement, credibility. |
| 215 | D8566-8567 | (decl re holding pen roster) | | P | Defendants note this documents appears to be listed twice in error. Irrelevant (F.R.E. 402), *inter alia*, the declaration signed by Lt. Robert Pace, regarding the search, yielding negative results, for the 107 prisoner roster for the dates of January 22-23, 2015 has no bearing on plaintiff's reaming claims in this matter; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Relevant to consciousness of guilt, deliberate indifference, personal involvement, credibility. |
| 216 | D8568-8569 | (unredacted command log) | | P | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter and the document | This is a key document reflecting the movement of plaintiff and defendants, as |

| | | | | | |
|---|---|---|---|---|---|
| | | | | contains pages of irrelevant information related to the general management of the 107 precinct that has no bearing on plaintiff's claims; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | well as plaintiff's physical condition; also reflects the absence of any entry regarding plaintiff's alleged self-injury. Of particular relevance to palintiff's deliberate indifference claim. |
| 217 | D8570-8611 | (arrest records for other prisoners on 1-22-15) | | P | Irrelevant (F.R.E. 402) *inter alia*, as the arrest information related to other individuals arrested on or about January 22, 2015 has no bearing on plaintiff's remaining claims and is likely protected pursuant to section 160.50; and (F.R.E. 403) Prejudicial; Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Relevant to timing, sequence and personal involvement. |
| 218 | | Intentionally blank, | | | |
| 219 | | Intentionally blank. | | | |
| 220 | D8689-8992 | (Charles Wang Medical records) | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |

| | | | | | |
|---|---|---|---|---|---|
| 221 | D8993-8995 | (Dr. Wu Foot and ankle medical records) | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 222 | D8996-9023 | (NY Orthopaedic surgery & rehab) | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 223 | D9024-9135 | (NY Presbyterian Queens med recs) | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 224 | D9136-9144 | (Main Street Radiology Medical Records) | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 225 | D9145 | (MRI CD Main street Radiology) | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 226 | D9146 | (MRI CD Main street Radiology) | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 227 | | Intentionally blank. | | | | |

| 228 | D9148 | (MRI CD- Flushing Hospital Medical Center Diag) | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
|---|---|---|---|---|---|---|
| 229 | D9149 | (MRI CD Kolb Radiology) | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 230 | D9153-9156 | (Dr. Stefanides Medical Records) | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 231 | D9475-9484 | (IAB Log No. 2015-01888) | | P | This is a Declaration, with attached exhibits, signed by NYPD Agency Attorney Peter Callaghan on March 29, 2019, discussing *inter alia*, the administrative search for all internal investigation documents related to the IAB Log No. 2015-01888, related to plaintiff's incident in this matter, and concluding that all documents had been turned over to plaintiff by that point.<br><br>Irrelevant (F.R.E. 402), *inter alia*, the information contained in the aforementioned declaration has no bearing on plaintiff's | This is relevant to, *inter alia*, consciousness of guilt and defendants' failure to preserve relevant documents, relating to state of mind. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | remaining claims in this matter; and (F.R.E. 403) Prejudicial; Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | |
| 232 | | Intentionally blank. | | | |
| 233 | | Intentionally blank. | | | |
| 234 | D9495 | (PO Ryan Memobook entry) | | P | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Contains party admissions relevant to timing and personal involvement and shows no entries regarding plaintiff's self injury. Relevant to deliberate indifference claim. |
| 235 | D9496 | (107Pct violation log) | | P | Irrelevant (F.R.E. 402), *inter alia*, in that the document contains alleged violations for Officers Ryan and Digennero for improper invoicing on March 24, 2016, which is a date unrelated to plaintiff's alleged incident and has no bearing on plaintiff's claims in this matter; and (F.R.E. 403) Prejudicial; Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Relevant to timing, personal involvement and state of mind. |

| | | | | | |
|---|---|---|---|---|---|
| 236 | D9506-9507 | (Rosie M. Medical recs from New Age Medical) | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 237 | D9508 | (MRI) | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 238 | D9509-9576 | IRS records | | P | Irrelevant (F.R.E. 402), plaintiff's IRS records have no bearing on plaintiff's remaining claims in this matter; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Relevant to damages. |
| 239 | | Intentionally blank. | | | | |
| 240 | D9642-9687 | Queens Hospital Center meds | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 241 | D9643 | videos | | P | Irrelevant (F.R.E. 402), *inter alia,* to the extent these videos depict an incident involving Defendant Laliberte, that in no way involves plaintiff or is in anyway way related to the incident in this civil matter; and (F.R.E. 403) Prejudicial; Confusing the Issue; and Waste of | Admissible per 404(b)(2). This shows motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or |

|  |  |  |  |  | Time; and (F.R.E. 404), Improper Character Evidence. | lack of accident. |
|---|---|---|---|---|---|---|
| 242 | D9688 | MRI CD |  | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 243 | D9689-9694 | Property Invoice |  | P | Irrelevant (F.R.E. 402), *inter alia*, in that the property vouchered as a result of plaintiff and non-party Rivera's arrests have no bearing on plaintiff's remaining claims in this matter; and (F.R.E. 403) Prejudicial; Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Relevant to personal involvement, timing, sequence and state of mind. |
| 244 | D9697-9902 | Medical Records |  | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 245 | D9903-9924 | Medical records |  | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 246 | D9925-9952 | additional Health East records |  | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or | Reflects plaintiff's damages and relates to the mechanism of |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | information that would require redaction. | injury and cause. |
| 247 | D9925-9952 | Health East records | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 248 | D9953-10018 | Medical records | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 249 | D1021-1027 | Medical records | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 250 | | Audio of Camhi's call to IAB | | P | Irrelevant (F.R.E. 402) to the extent portions of the recorded call contain irrelevant information that would require redaction; and (F.R.E. 403) Cumulative, in so far as expected testimony is sufficient. | This is a party admission regarding the crux of plaintiff's claims. |
| 251 | | PG§ 210-04 Prisoners Requiring Medical Treatment | | P | Alleged violations of NYPD Patrol Guide procedures by an individual defendant are wholly irrelevant to the determination of whether plaintiff's constitutional rights were violated. Thus, any NYPD procedure or directive would be confusing to the jury and should be | This evidence is relevant and admissible. See, e.g. Nnodimele v. Derienzo, 13 CV 3461 (ARR) (RLM), 2016 WL 3561708, *13-14 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | precluded pursuant to (F.R.E. 402 and 403); Furthermore, plaintiff does not specify the date and year of intended NYPD Patrol Guide Section exhibit, which could also contain irrelevant policies that would not have been in place at the time of the incident. | (E.D.N.Y. June 27, 2016) (admitting relevant patrol guide sections). |
| 252 | | PG§ 210-07 Prisoners - Unusual Occurrence | | P | Alleged violations of NYPD Patrol Guide procedures by an individual defendant are wholly irrelevant to the determination of whether plaintiff's constitutional rights were violated. Thus, any NYPD procedure or directive would be confusing to the jury and should be precluded pursuant to (F.R.E. 402 and 403); Furthermore, plaintiff does not specify the date and year of intended NYPD Patrol Guide Section exhibit, which could also contain irrelevant policies that would not have been in place at the time of the incident. | This evidence is relevant and admissible. *See, e.g. Nnodimele v. Derienzo*, 13 CV 3461 (ARR) (RLM), 2016 WL 3561708, *13-14 (E.D.N.Y. June 27, 2016) (admitting relevant patrol guide sections). |
| 253 | | Demonstrative medical illustration depicting plaintiff's injury (2 slides) | | P | Irrelevant (F.R.E. 402) to the extent portions of the demonstrative contain irrelevant medical diagnoses that have no bearing on plaintiff's alleged damages or information that would require redaction; | This demonstrative is highly relevant and will assist the trier of fact. The slides will be produced in |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | Authentication (F.R.E. 901); Not properly identified, as plaintiff does not provide a Bates Stamp number or range to indicate what document they are referring to; (F.R.E. 403), *inter alia*, Prejudicial, Confusing, and Cumulative in light of the other medical evidence that will be anticipated to come in at trial. Defendants do not believe they have been given the opportunity to review this intended exhibit and reserve the right to make additional objections upon review. | accordance with the Federal Rules in advance of trial. |
| 254 | P1-10 | | NYPD records | | P | Irrelevant (F.R.E. 402) *inter alia*, as plaintiff is not bringing a false arrest or malicious prosecution claim in this matter, and therefore, the property vouchers and general arrest information within these records have no bearing on plaintiff's remaining claims in this matter; and (F.R.E. 403) Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | Relates to timing sequence, personal involvement, contains party admissions and informations on plaintiff's physical condition. |
| 255 | | | Defendants' responses to plaintiff's requests for admission | | P | Irrelevant (F.R.E. 402) *inter alia*, to the extent certain requests to admit posed by plaintiff have no bearing on plaintiff's remaining claims in this amtter; and (F.R.E. 403) | Admissible per FRCP 33(b) |

| | | | | | |
|---|---|---|---|---|---|
| | | | | Prejudicial; Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | |
| 256 | P11-28 | Queens Hospital records | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 257 | P29-31 | Queens Hospital records | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 258 | P32-34 | Medical records | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 259 | P98-109 | Photos of plaintiff | | P | Authentication (F.R.E. 901); and (F.R.E. 402), *inter alia*, to the extent the photos depict areas of the plaintiff's body that do not relate to her alleged force claims. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 260 | P110-129 | Photos of 107th Precinct | | P | Irrelevant (F.R.E. 402), *inter alia*, to the extent certain photographs depict areas and locations within the 107th precinct where plaintiff does not claim any alleged force was used against her and are therefore irrelevant to plaintiff's remaining | These pictures, taken by plaintiff's counsel during an inspection of the precinct, depict areas in which disputed |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | claims in this matter; and to the extent that none of the photographs of the 107th precinct were taken on the night of the incident, and therefore, do not depict a fully accurate representation of the layout of the precinct, which is also prejudicial pursuant to (F.R.E. 403). | events took place and are relevant. |
| 261 | P130-134 | Report of Dr. McMahon | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 262 | P158-71 | Diagnostic imaging reports from Kolb radiology and medical records | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 263 | P162-164 | Medical records | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 264 | P165-171 | Medical records | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 265 | P172-237 | Plaintiff's tax records | | P | Irrelevant (F.R.E. 402), *inter alia*, in that plaintiff's tax information is not | Relevant to damages. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | relevant to a jury's determination of a constitutional violation in this matter and has no bearing on plaintiff's remaining claims in this matter; and (F.R.E. 403) Prejudicial; Confusing the Issue; Cumulative, in so far as expected testimony is sufficient; and Waste of Time. | |
| 266 | P239-56 | Surgical records | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |
| 267 | P257-68 | Medical records and photos | | P | Irrelevant (F.R.E. 402) to the extent portions of the record contain irrelevant medical diagnoses or information that would require redaction. | Reflects plaintiff's damages and relates to the mechanism of injury and cause. |

**Defendants' Exhibits[4]**

| Ex. No. | Description | Bates Number(s) | Objection(s) | Defendants' Responses |
|---|---|---|---|---|
| A | Plaintiff's Medical Records and Diagnostic | DEF000058 – DEF000086; P011 – | None, to the extent | Also relevant to plaintiff's |

---

[4] Pursuant to the Court's Individual Practice Rules, this list does not include exhibits that defendants intend to use solely for impeachment and/or rebuttal purposes. Defendants reserve the right to amend this exhibit list. Defendants reserve the right to offer and/or use at trial any exhibit listed by Plaintiff. The listing of an exhibit is not an admission that an exhibit is admissible if offered by Plaintiff, or that it is relevant and admissible for all parts of the trial or for all phases or purposes at trial. Defendants reserve the right to not use listed exhibits or to supplement this exhibit list in the future. This exhibit list is contingent in part on the Court's rulings before and after trial and the development of the evidence at trial. Defendants reserve the right to offer certain exhibits in redacted form.

| | | | | |
|---|---|---|---|---|
| | Films from Queens Hospital Center | P031; DEF00009644 – DEF009688 | defendants intend to offer relevant portions of the records relating to plaintiff's damages.. | credibility and causation, in addition to plaintiff's alleged damages. |
| B | Plaintiff's Medical Records from Neofitos Stefanides, M.D., P.C. | DEF009153 – DEF009156; DEF010017; P032 – P034 | None, to the extent defendants intend to offer relevant portions of the records relating to plaintiff's damages.. | Also relevant to plaintiff's credibility and causation, in addition to plaintiff's alleged damages. |
| C | Plaintiff's Medical Records from Charles B. Wang Community Health Center | DEF000950 - DEF001225; DEF008689 – DEF008992 | None, to the extent defendants intend to offer relevant portions of the records relating to plaintiff's damages.. | Also relevant to plaintiff's credibility and causation, in addition to plaintiff's alleged damages. |
| D | Plaintiff's Medical Records and Diagnostic Films from New York Presbyterian Queens | DEF000769 – DEF000949; DEF009024 – DEF009135; DEF009147 | None, to the extent defendants intend to offer relevant portions of the records relating to plaintiff's damages.. | Also relevant to plaintiff's credibility and causation, in addition to plaintiff's alleged damages. |
| E | Plaintiff's Medical Records and Diagnostic Films from Flushing Hospital Medical Center | DEF000525 – DEF000628; DEF009148; DEF010011 | None, to the extent defendants intend to offer relevant portions of the records relating to plaintiff's damages.. | Also relevant to plaintiff's credibility and causation, in addition to plaintiff's alleged damages. |

| | | | | |
|---|---|---|---|---|
| F | Plaintiff's Medical Records from Flushing Neurology Services, P.C | DEF008597 – DEF008606; DEF010012 | None, to the extent defendants intend to offer relevant portions of the records relating to plaintiff's damages.. | Also relevant to plaintiff's credibility and causation, in addition to plaintiff's alleged damages. |
| G | Plaintiff's Medical Records and Diagnostic Films from Main Street Radiology | DEF000089 – DEF000095; DEF000096; DEF009136 – DEF009144; DEF009145 – DEF009146; DEF010015 | None, to the extent defendants intend to offer relevant portions of the records relating to plaintiff's damages.. | Also relevant to plaintiff's credibility and causation, in addition to plaintiff's alleged damages. |
| H | Plaintiff's Medical Records from Walter Besser, M.D. | DEF000510 – DEF000521 | None, to the extent defendants intend to offer relevant portions of the records relating to plaintiff's damages.. | Also relevant to plaintiff's credibility and causation, in addition to plaintiff's alleged damages. |
| I | Plaintiff's Medical Records from Shaifali Dugar, M.D. | DEF006506 – DEF006521; DEF008607 – DEF008608; DEF010009 | None, to the extent defendants intend to offer relevant portions of the records relating to plaintiff's damages.. | Also relevant to plaintiff's credibility and causation, in addition to plaintiff's alleged damages. |
| J | Plaintiff's Medical Records and Diagnostic Films from New Age Medical, P.C. | DEF009506 – DEF009508; DEF010018 | None, to the extent defendants intend to offer relevant portions of the records relating to plaintiff's damages.. | Also relevant to plaintiff's credibility and causation, in addition to plaintiff's alleged damages. |

| | | | | |
|---|---|---|---|---|
| K | Plaintiff's Medical Records and Diagnostic Films from Kolb Radiology | DEF008609 – DEF008611; DEF009149; DEF010014; P000158 – P000161 | None, to the extent defendants intend to offer relevant portions of the records relating to plaintiff's damages.. | Also relevant to plaintiff's credibility and causation, in addition to plaintiff's alleged damages. |
| L | Plaintiff's Medical Records from New York Orthopaedic Surgery & Rehabilitation | DEF008996 – DEF009023; DEF010016; P000162 – P000171; P249 – P250 | None, to the extent defendants intend to offer relevant portions of the records relating to plaintiff's damages.. | Also relevant to plaintiff's credibility and causation, in addition to plaintiff's alleged damages. |
| M | Plaintiff's Medical Records from Elmhurst Hospital Center | DEF000629 – DEF000768; DEF007593 – DEF007656; DEF009697 – DEF009778 | None, to the extent defendants intend to offer relevant portions of the records relating to plaintiff's damages.. | Also relevant to plaintiff's credibility and causation, in addition to plaintiff's alleged damages. |
| N | Plaintiff's Medical Records from Dr. Wu Foot and Ankle | DEF008993 – DEF008995; DEF010010 | None, to the extent defendants intend to offer relevant portions of the records relating to plaintiff's damages.. | Also relevant to plaintiff's credibility and causation, in addition to plaintiff's alleged damages. |
| O | Plaintiff's Medical Records from The Fortune Society | DEF008585 – DEF008596; DEF010013 | Irrelevant to any issue in dispute.. Hearsay. Privileged mental health information predating incident. | Relevant in regards to plaintiff's credibility and alleged damages. |

| | | | | |
|---|---|---|---|---|
| P | Plaintiff's Medical Records from Health East Ambulatory Surgical Center | DEF009779 – DEF009793; P242 – P246 | None, to the extent defendants intend to offer relevant portions of the records relating to plaintiff's damages.. | Also relevant to plaintiff's credibility and causation, in addition to plaintiff's alleged damages. |
| Q | Plaintiff's Medical Records from Health East Medical Alliance | DEF009794 – DEF009808; P244 | None, to the extent defendants intend to offer relevant portions of the records relating to plaintiff's damages.. | Also relevant to plaintiff's credibility and causation, in addition to plaintiff's alleged damages. |
| R | Plaintiff's Medical Records from Livingston Physical Medicine | DEF009809 – DEF009858; P239 – P241 | None, to the extent defendants intend to offer relevant portions of the records relating to plaintiff's damages.. | Also relevant to plaintiff's credibility and causation, in addition to plaintiff's alleged damages. |
| S | Plaintiff's Medical Records from Park West Surgical LLC | P247 – P248 | N None, to the extent defendants intend to offer relevant portions of the records relating to plaintiff's damages.. | Also relevant to plaintiff's credibility and causation, in addition to plaintiff's alleged damages. |
| T | Plaintiff's Medical Records from Sports Medicine & Orthopaedic Rehab PC | DEF009859 – DEF009902 | None, to the extent defendants intend to offer relevant portions of the records relating to plaintiff's damages.. | Also relevant to plaintiff's credibility and causation, in addition to plaintiff's alleged damages. |

| | | | | |
|---|---|---|---|---|
| U | Plaintiff's Medical Records from Complete Orthopedic Services, Inc. | DEF006522 – DEF006523 | None, to the extent defendants intend to offer relevant portions of the records relating to plaintiff's damages.. | Also relevant to plaintiff's credibility and causation, in addition to plaintiff's alleged damages. |
| V | Plaintiff's Medical Records from Shidong Su, M.D. | DEF009903 – DEF009924 | None, to the extent defendants intend to offer relevant portions of the records relating to plaintiff's damages.. | Also relevant to plaintiff's credibility and causation, in addition to plaintiff's alleged damages. |
| W | Plaintiff's Medical Records from Orthopaedic Specialists of Greater New York, P.C. | DEF009953 – DEF009985; P258 | None, to the extent defendants intend to offer relevant portions of the records relating to plaintiff's damages.. | Also relevant to plaintiff's credibility and causation, in addition to plaintiff's alleged damages. |
| X | Plaintiff's Medical Records from Health East Medical Group | DEF009925 – DEF009952 | None, to the extent defendants intend to offer relevant portions of the records relating to plaintiff's damages.. | Also relevant to plaintiff's credibility and causation, in addition to plaintiff's alleged damages. |
| Y | Plaintiff's Medical Records from Dr. Adam Zeitlan | DEF009986 – DEF010008 | None, to the extent defendants intend to offer relevant portions of the records relating to plaintiff's damages.. | Also relevant to plaintiff's credibility and causation, in addition to plaintiff's alleged damages. |

| | | | | |
|---|---|---|---|---|
| Z | Plaintiff's Medical Records from Premium Medical Care, P.C. | DEF010021 – DEF010027 | None, to the extent defendants intend to offer relevant portions of the records relating to plaintiff's damages.. | Also relevant to plaintiff's credibility and causation, in addition to plaintiff's alleged damages. |
| AA | Pre-Arraignment Screening Form[5] | DEF004301 – DEF004302 | None. | |
| BB | NYPD Medical Treatment of Prisoner Form | DEF000462 | None. | |
| CC | Photographs of Plaintiff's Alleged Injuries | P098 - P109 | None. | |
| DD | NYPD Disposition and Penalty Form[6] | DEF004824-DEF004825; DEF009483 – DEF009484 | None. | |
| EE | NYPD Property Clerk Invoice No. 4000286355 | DEF005278 – DEF005279 | None. | |
| FF | NYPD Property Return Receipt re: Invoice No. 4000286355 | DEF009690 | None. | |
| GG | Certificate of Disposition | DEF000010 | Irrelevant, confusing and prejudicial. | Relevant to plaintiff's credibility. |
| HH | Plaintiff's Mug Shot | DEF007657 | None. | |
| II | Select NYPD Headshot Photographs Reviewed by Plaintiff | DEF000121; DEF000129; DEF000431; DEF000433; DEF000450; DEF000451 | This material has no relevance and must be precluded, because it was produced by defendants while they were engaged in egregious | Relevant to plaintiff's credibility. Exclusion would unfairly prejudice defendants. |

---

[5] Defendants reserve the right to call an appropriate witness to establish authentication and foundation if necessary.
[6] Defendants reserve the right to call an appropriate witness to establish authentication and foundation if necessary.

-78-

| | | | discovery misconduct. It would confuse the jury and unduly prejudice plaintiff. | |
|---|---|---|---|---|
| JJ | Select 107 Precinct Photographs | DEF00003648; P111 – P118 | None. | |

Defendants reserve their right to supplement or amend their Exhibit List in light of rulings on *in limine* motions. Defendants further reserve the right to supplement and/or amend their objections to plaintiff's intended exhibits if and when they receive pre-marked exhibits.

1. **Motions in Limine**

   Plaintiff's Anticipated Motions *in limine*

   1. Facts admitted by defendants are "conclusively established" per Fed. R. Civ. P. 36(b).
   2. Defendants' discovery misconduct is law of the case and relevant and cannot be excluded.
   3. Certain of defendants' proposed exhibits should be precluded.
   4. Defendants should be precluded from offering evidence regarding the outcome of plaintiff's criminal case.
   5. Certain facts regarding defendant Laliberte's prior misconduct, but not his discipline, should be admitted.
   6. Plaintiff should be permitted to request a specific dollar amount.
   7. Plaintiff is entitled to an adverse inference based on spoliation.
   8. Plaintiff should be permitted to question the officer defendants using leading questions.
   9. Defendants should be precluded from testifying about promotions, commendations, and awards.
   10. The jury should determine at the same time whether punitive damages are appropriate against the individual defendants and, if so, the amount of punitive damages.
   11. Certain evidence related to Danny Rivera's criminal history should be precluded.
   12. Defendants should be precluded from offering hearsay regarding plaintiff's knowledge or involvement in Rivera's alleged drug crimes.
   13. Relevant sections of the Patrol Guide should be admitted.
   14. Given the facts here, the jury should not be charged on nominal damages.

   **Defendants' Anticipated Motions *in Limine*:**

   1. Plaintiff Should be Precluded from Referring to Defense Counsel as "City Attorneys" and from Offering Evidence of Indemnification; and the City of New York Should Not be Mentioned Before the Jury, Including on Documentation Presented to the Jury, such as the Verdict Sheet

2. Plaintiff Should Be Precluded from Requesting a Specific Dollar Amount from the Jury

3. Plaintiff Should Be Precluded from Eliciting Evidence of Prior Alleged Misconduct, Disciplinary Histories and/or Prior Lawsuits

4. Plaintiff Should Be Precluded from Introducing Evidence Concerning the Interview Date and Time Error Contained in Deceased Captain Hanrahan's Report

5. Plaintiff Should Be Precluded from Introducing Evidence that Plaintiff Was Never Read Her *Miranda* Rights and/or Arguing That *Miranda* Rights Were Required to Be Read

6. Plaintiff Should Be Precluded from Offering Inadmissible Hearsay Testimony from Non-Party Danny Rivera

7. Non-Party Danny Rivera Should Be Precluded from Testifying That His Property Was Stolen or That He Was Subjected to Excessive Force

8. Plaintiff Should Be Precluded from Asserting Her Excessive Force and Assault and Battery Claims Against Four Defendants as She Has Consistently Alleged That Only Two Individuals Used Excessive Force Against Her

9. The Court Should Instruct the Jury that Plaintiff's Arrest was Lawful and that the Search of the Apartment was Lawful, and Plaintiff Should be Precluded from Introducing Evidence or Calling Witnesses to Testify About Claims Dismissed with Prejudice or Withdrawn Clams

10. The Testimony of Plaintiff's Treating Physicians Should Be Limited to their Own Treatment of Plaintiff as Reflected in Their Respective Medical Records

11. Plaintiff Should Be Precluded from Introducing Evidence that Former Defendants Trotter and Pontecorvo Allegedly Interfered with Her Medical Treatment

12. Plaintiff Should Be Precluded from Mentioning the New York City Police Department Patrol Guide

13. Plaintiff Should Be Precluded from Referencing the Prior Sanctions Order

14. Plaintiff Should Be Precluded from Seeking Economic Damages

15. Joseph Pollini Should Be Precluded from Testifying at Trial

Dated:        March 7, 2022
              New York, New York

                                    Respectfully submitted,


                                        /s/
                                    Gabriel P. Harvis
                                    Baree N. Fett
                                    Elefterakis, Elefterakis & Panek
                                    80 Pine Street, 38th Floor
                                    New York, New York 10005
                                    gharvis@eeplaw.com
                                    bfett@eeplaw.com
                                        (o) (212) 532-1116
                                        (f) (212) 532-1176

                                    *Attorneys for plaintiff Rosie Martinez*



                                        */s/*
                                    Office of Corporation Counsel
                                    100 Church Street
                                    New York, NY 10007
                                    mmckinne@law.nyc.gov
                                    kthadani@law.nyc.gov
                                    (212) 356-2012
                                    *Attorneys for defendants*


SO ORDERED:


_____
**HON. RACHEL P. KOVNER**
U.S. DISTRICT JUDGE