UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

ROSIE MARTINEZ,

                              Plaintiff,

      -against-

CITY OF NEW YORK, et al.,

                            Defendants.

------------------------------------------------------------------x

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUESTS TO ADMIT**

16 CV 79 (AMD) (CLP)

        Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendants City of New York, Jason Weitzman, Jason Forgione, Eric Ryan, David Camhi, Joseph DiGennaro, Paul Valerga, Keith Laliberte, Joseph Pontecorvo, Blake Ficken, Albert Trotter, Peter Kandinov, Matthew Rippel, James Davneiro, Casey Wolff and Richard Lavelle respond and object to plaintiff's First Requests to Admit as follows:

## GENERAL STATEMENT

        1.      By responding to any request, defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

        2.      Defendants object in the entirety to these requests to the extent that they invoke obligations upon defendants beyond those required by the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of New York, and/or applicable case law.

**REQUEST FOR ADMISSION NO. 1:**

On January 22, 2015 Rosie Martinez was arrested and brought to the 107th Precinct.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Defendants admit Request for Admission No. 1.

**REQUEST FOR ADMISSION NO. 2:**

The 107th Precinct Command Log entry related to Ms. Martinez's arrest describes her physical condition as "App. Normal."

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

In response to Request for Admission No. 2, defendants admit that the 107th Precinct Command Log Entry pertaining to plaintiff's January 22, 2015 arrest reflects that plaintiff's physical condition at the time she was first brought into the precinct was "App. Normal."

**REQUEST FOR ADMISSION NO. 3:**

Ms. Martinez's arresting officer, defendant Ryan, had a duty to prepare a Prisoner Pedigree Card (PD244-092) for Ms. Martinez noting, *inter alia*, her physical condition.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Defendants object to this request on the grounds that it is not relevant to any claims or defenses and is vague and ambiguous as to what is meant by "duty." Notwithstanding and without waiving or in any way limiting these objections, defendants admit only that, pursuant to New York City Police Department ("NYPD") Patrol Guide Section 208-02, an arresting officer should complete a Prisoner Pedigree Card.

2

**REQUEST FOR ADMISSION NO. 4:**

The 107th Precinct Desk Officer had a duty to file the Prisoner Pedigree Card for Ms. Martinez by date and time of arrival at the command.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Defendants object to this request on the grounds that it is not relevant to any claims or defenses and is vague and ambiguous as to what is meant by "duty" and "file." Notwithstanding and without waiving or in any way limiting these objections, defendants admit only that, pursuant to NYPD Patrol Guide Section 208-02, a desk officer should file the Prisoner Pedigree Card by date and time of arrival at the command.

**REQUEST FOR ADMISSION NO. 5:**

Defendants cannot produce the Prisoner Pedigree Card related to Ms. Martinez's arrest on January 22, 2015.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Defendants object to this request on the grounds that it is not relevant to any claims or defenses. Notwithstanding and without waiving or in any way limiting this objection, defendants admit that they have been unable to locate the Prisoner Pedigree Card related to plaintiff's January 22, 2015 arrest however, defendants refer plaintiff to the 107th Precinct Command Log Entry related to plaintiff's January 22, 2015 arrest which, upon information and belief, should reflect the information contained on the Prisoner Pedigree Card.

**REQUEST FOR ADMISSION NO. 6:**

While in NYPD custody on January 22-23, 2015, Rosie Martinez was injured.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

In response to Request for Admission No. 6, defendants admit that, while plaintiff was in the 107th Precinct on January 22-23, 2015, she punched a wall and kicked at cabinets several times, and alleges that she was injured.

**REQUEST FOR ADMISSION NO. 7:**

At approximately 12:30 a.m. on January 23, 2015, defendant Camhi observed Rosie Martinez punching the wall of the 107th Precinct Juvenile Room approximately 2-3 times.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Defendants object to this request to the extent that it is duplicative and cumulative. *See, e.g., Bruno v. City of Schenectady*, No. 1:12-CV-0285 (GTS/DJS), 2018 U.S. Dist. LEXIS 211770, at *7, n.3 (N.D.N.Y. Dec. 17, 2018) (stating that a request for admission as to whether or not a particular witness testified to certain information at a deposition is duplicative of the deposition itself and may properly be objected to on that ground). Notwithstanding and without waiving or in any way limiting these objections, defendants admit that, while plaintiff was in the 107th Precinct Juvenile Room on January 22-23, 2015, defendant Camhi observed plaintiff punching a wall several times.

**REQUEST FOR ADMISSION NO. 8:**

Defendant Ryan also observed Ms. Martinez punching the wall in the 107th Precinct Juvenile Room.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Defendants admit Request for Admission No. 8.

4

**REQUEST FOR ADMISSION NO. 9:**

At approximately 12:30 a.m. on January 23, 2015, Lieutenant Camhi entered the 107th Precinct Juvenile Room, removed a handcuff from Ms. Martinez's wrist, handcuffed both of her wrists and secured her to a bench in the room using another set of handcuffs.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Defendants object to this request on the grounds that it is compound. Notwithstanding and without waiving or in any way limiting this objection, defendants admit that, while plaintiff was in the 107th Precinct Juvenile Room, and after plaintiff, *inter alia*, punched a wall and kicked at cabinets several times, defendant Camhi secured plaintiff by handcuffing her behind her back and handcuffing those handcuffs to a bench in the room.

**REQUEST FOR ADMISSION NO. 10:**

While Ms. Martinez was in the 107th Precinct Juvenile Room, defendant Ryan went to try to calm her down and stop her from punching the walls.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Defendants object to this request on the grounds that it is duplicative and cumulative. *See, e.g., Bruno*, 2018 U.S. Dist. LEXIS 211770, at *7, n.3 (N.D.N.Y. Dec. 17, 2018). Notwithstanding and without waiving or in any way limiting these objections, defendants admit Request for Admission No. 10.

**REQUEST FOR ADMISSION NO. 11:**

Other officers were present when Camhi secured plaintiff in the 107th Precinct Juvenile room.

**OBJECTION TO REQUEST FOR ADMISSION NO. 11:**

Defendants object to this request on the grounds that it is vague and ambiguous as to what is meant by "were present" and on the grounds that it is duplicative and cumulative. *See, e.g., Bruno*, 2018 U.S. Dist. LEXIS 211770, at *7, n.3 (N.D.N.Y. Dec. 17, 2018).

**REQUEST FOR ADMISSION NO. 12:**

Defendants cannot identify the officers who were in the room with defendant Camhi when he secured plaintiff in the 107th Precinct Juvenile Room.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Defendants object to this request on the grounds that it assumes facts not established. Notwithstanding and without waiving or in any way limiting this objection, defendants deny Request for Admission No. 12 and, upon information and belief, identify defendant Ryan.

**REQUEST FOR ADMISSION NO. 13:**

Defendant Ryan checked on Rosie Martinez every half hour while she was in custody on January 22-23, 2015, a total of approximately 17 visits.

**OBJECTION TO REQUEST FOR ADMISSION NO. 13:**

Defendants object to this request on the grounds that it is vague and ambiguous as to what is meant by "checked on" and on the grounds that it is duplicative and cumulative. *See, e.g., Bruno*, 2018 U.S. Dist. LEXIS 211770, at *7, n.3 (N.D.N.Y. Dec. 17, 2018).

**REQUEST FOR ADMISSION NO. 14:**

Defendant Ryan checked on Rosie Martinez approximately nine times between when Camhi secured plaintiff in the 107th Precinct Juvenile Room and when she was transported to Queens Central Booking.

**OBJECTION TO REQUEST FOR ADMISSION NO. 14:**

Defendants object to this request on the grounds that it is vague and ambiguous as to what is meant by "checked on" and on the grounds that it is duplicative and cumulative. *See, e.g., Bruno*, 2018 U.S. Dist. LEXIS 211770, at *7, n.3 (N.D.N.Y. Dec. 17, 2018).

**REQUEST FOR ADMISSION NO. 15:**

Defendant Ryan does not remember Ms. Martinez's demeanor when he visited her or whether plaintiff was weeping after her interaction with defendant Camhi.

**OBJECTION TO REQUEST FOR ADMISSION NO. 15:**

Defendants object to this request on the grounds that it is compound, vague and ambiguous as to what is meant by "weeping," and duplicative and cumulative. *See, e.g., Bruno*, 2018 U.S. Dist. LEXIS 211770, at *7, n.3 (N.D.N.Y. Dec. 17, 2018).

**REQUEST FOR ADMISSION NO. 16:**

Defendant Camhi does not recall whether Rosie Martinez was crying (or sobbing) while in custody.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Defendants object to this request on the grounds that it is compound, vague and ambiguous as to what is meant by "sobbing," and duplicative and cumulative. *See, e.g., Bruno*, 2018 U.S. Dist. LEXIS 211770, at *7, n.3 (N.D.N.Y. Dec. 17, 2018). Notwithstanding and without waiving or in any way limiting these objections, defendants admit Request for Admission No. 16.

**REQUEST FOR ADMISSION NO. 17:**

Defendant Ryan made no entries in his memo book to memorialize his observations of plaintiff's conduct in the 107th Precinct Juvenile Room.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Defendants admit Request for Admission No. 17.

**REQUEST FOR ADMISSION NO. 18:**

Defendant Camhi made no entries in his memo book to memorialize his observations of plaintiff's conduct in the 107th Precinct Juvenile Room.

**RESPONSE TO REQUEST FOR ADMISSION NO.18:**

Defendants admit Request for Admission No. 18.

**REQUEST FOR ADMISSION NO. 19:**

No entries were made in the precinct command log to memorialize plaintiff's conduct inside the 107th Precinct Juvenile Room.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Defendants object to this request on the grounds that it is not relevant to any claims or defenses. Notwithstanding and without waiving or in any way limiting this objection, defendants admit Request for Admission No. 19.

**REQUEST FOR ADMISSION NO. 20:**

No entries were made in the precinct command log to memorialize defendant Camhi's call to the Internal Affairs Command Center regarding Rosie Martinez's injury on January 23, 2015.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Defendants object to this request on the grounds that it is not relevant to any claims or defenses. Notwithstanding and without waiving or in any way limiting this objection, defendants admit Request for Admission No. 20.

**REQUEST FOR ADMISSION NO. 21:**

No UF-49 was prepared in connection with plaintiff's injury in police custody.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Defendants object to this request on the grounds that it is not relevant to any claims or defenses. Notwithstanding and without waiving or in any way limiting this objection, defendants admit Request for Admission No. 21.

**REQUEST FOR ADMISSION NO. 22:**

Defendant Camhi never asked plaintiff if she needed medical assistance.

**OBJECTION TO REQUEST FOR ADMISSION NO.22:**

Defendants object to this request on the grounds that it is duplicative and cumulative. *See, e.g., Bruno*, 2018 U.S. Dist. LEXIS 211770, at *7, n.3 (N.D.N.Y. Dec. 17, 2018).

**REQUEST FOR ADMISSION NO. 23:**

An ambulance was not called for Rosie Martinez.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Defendants object to this request on the grounds that it is not limited in time or scope. Notwithstanding and without waiving or in any way limiting this objection, defendants admit that an ambulance was not called for plaintiff however, plaintiff was transported to Queens Hospital Center after she complained of an alleged injury to her thumb.

**REQUEST FOR ADMISSION NO. 24:**

No Medical Treatment of Prisoner Form was prepared for Rosie Martinez prior to her arrival at Queens Central Booking.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Defendants object to this request on the grounds that it is not relevant to any claims or defenses. Notwithstanding and without waiving or in any way limiting this objection, defendants admit that no Medical Treatment of Prisoner Form was prepared for plaintiff prior to

her arrival at Queens Central Booking because she had not complained of any alleged injury until that time.

**REQUEST FOR ADMISSION NO. 25:**

Defendant Ryan does not know why he did not prepare a Medical Treatment of Prisoner Form for Rosie Martinez.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Defendants object to this request on the grounds that it is duplicative and cumulative. *See, e.g., Bruno*, 2018 U.S. Dist. LEXIS 211770, at *7, n.3 (N.D.N.Y. Dec. 17, 2018). Notwithstanding and without waiving or in any way limiting these objections, defendants deny Request for Admission No. 25.

**REQUEST FOR ADMISSION NO. 26:**

At approximately 1:00 a.m. on January 23, 2015, defendant DiGennaro attempted to debrief Rosie Martinez.

**RESPONSE TO REQUEST FOR ADMISSION NO.26:**

In response to Request for Admission No. 26, defendants admit only that the Negative Debriefing Report pertaining to plaintiff [DEF006535], which is dated January 26, 2015, reflects the "activity date" as January 23, 2015 and the "activity time" as "01:00."

**REQUEST FOR ADMISSION NO. 27:**

Defendant DiGennaro observed plaintiff in the 107th Precinct Juvenile Room before and after she was secured by defendant Camhi, but did not make any notes or take any action concerning his observations.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Defendants object to this request on the grounds that it is compound and on the grounds that it is duplicative and cumulative. *See, e.g., Bruno*, 2018 U.S. Dist. LEXIS 211770,

at *7, n.3 (N.D.N.Y. Dec. 17, 2018). Notwithstanding and without waiving or in any way limiting these objections, defendants admit only that defendant DiGennaro did not make any notes or take any action concerning his observations of plaintiff in the 107th Precinct Juvenile Room.

**REQUEST FOR ADMISSION NO. 28:**

Prior to the attempted debriefing, *Miranda* warnings were not administered to Rosie Martinez.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Defendants object to this request on the grounds that it is not relevant to any claims or defenses. Notwithstanding and without waiving or in any way limiting this objection, defendants admit that *Miranda* warnings were not administered and were not required.

**REQUEST FOR ADMISSION NO. 29:**

The 107th Precinct Debriefing Log reflects that Rosie Martinez was debriefed at 8:00 p.m. on January 22, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Defendants deny Request for Admission No. 29 and note that, upon information and belief, the 107th Precinct Debriefing Log mistakenly refers to plaintiff's time of arrest as 2000 hours instead of 2100 hours.

**REQUEST FOR ADMISSION NO. 30:**

Rosie Martinez was not in police custody at 8:00 p.m. on January 22, 2015.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Defendants admit Request for Admission No. 30.

**REQUEST FOR ADMISSION NO. 31:**

Persons taken into NYPD custody must be administered *Miranda* warnings prior to questioning, regardless of the subject matter of the questions.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Defendants object to this request on the grounds that it is not relevant to any claims or defenses. Notwithstanding and without waiving or in any way limiting this objection, defendants deny Request for Admission No. 31. *See, e.g., Miller v. Garrett*, 695 F. Supp. 740, 745-46 (S.D.N.Y. 1988) ("The Supreme Court has repeatedly held that *Miranda* warnings are not themselves required by the Constitution . . . . [U]nless statements taken in the absence of *Miranda* warnings are used in some way to incriminate the speaker, his constitutional rights have not been violated.").

**REQUEST FOR ADMISSION NO. 32:**

As a matter of practice as of January 22-23, 2015, prisoners in custody at the 107th Precinct were questioned without the administration of *Miranda* warnings, depending on the subject matter of the questioning.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Defendants object to this request on the grounds that it is vague and ambiguous as to what is meant by "matter of practice," not relevant to any claims or defenses, and duplicative and cumulative. *See, e.g., Bruno*, 2018 U.S. Dist. LEXIS 211770, at *7, n.3 (N.D.N.Y. Dec. 17, 2018). Notwithstanding and without waiving or in any way limiting these objections, defendants deny Request for Admission No. 32, except admit that arrestees are sometimes, legally, debriefed without the administration of *Miranda* warnings.

**REQUEST FOR ADMISSION NO. 33:**

The debriefing practices at the 107th Precinct as described by Eric Robinson and Joseph DiGennaro conflict with NYPD Patrol Guide § 208-09 and *Miranda v. Arizona*, 384 U.S. 436 (1996).

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Defendants object to this request on the grounds that it is not relevant to any claims or defenses. Notwithstanding and without waiving or in any way limiting this objection, defendants deny Request for Admission No. 33. *See, e.g., Miller*, 695 F. Supp. at 45-46.

**REQUEST FOR ADMISSION NO. 34:**

On January 22, 2015, the NYPD seized an automobile belonging to Rosie Martinez without obtaining her consent or a warrant.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Defendants object to this request on the grounds that it is vague and ambiguous as to what is meant by "seized." Notwithstanding and without waiving or in any way limiting this objection, defendants admit only that an automobile was vouchered for investigatory purposes because, upon information and belief, it was being used to facilitate illegal drug activities.

**REQUEST FOR ADMISSION NO. 35:**

The document produced by defendants bearing Bates Stamp nos. Def9483-84 is an authentic, true and correct copy of the Disposition and Penalty Form documenting the NYPD's investigation of Rosie Martinez's injury in custody.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

Defendants admit that the document bates stamped DEF009483 – DEF009484 is an authentic, true and correct copy of one version of the Disposition and Penalty Form created in connection with the NYPD's investigation following plaintiff punching a wall and kicking at

13

cabinets several times while she was inside the 107th Precinct and thereafter alleging an injury, and further refer plaintiff to the document bates stamped DEF004824 – DEF004825 for another version of the Disposition and Penalty Form.

**REQUEST FOR ADMISSION NO. 36:**

No notes exist of the interview of Rosie Martinez described on Def9483.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

Defendants object to this request on the grounds that it is vague and ambiguous as to what is meant by "notes." Notwithstanding and without waiving or in any way limiting these objections, defendants deny Request for Admission No. 36, except admit that no notes of plaintiff's interview other than the Disposition and Penalty Forms [DEF004824 – DEF004825; DEF009483 – DEF009484] have been located.

**REQUEST FOR ADMISSION NO. 37:**

The date listed in the "Interview of MOS' section on Def9484 is incorrect.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

Defendants admit Request for Admission No. 37 and further refer plaintiff to IAB Log No. 2015-1307 [DEF005863 – DEF005866], which relates to an incident involving a prisoner injured in custody on January 17, 2015.

**REQUEST FOR ADMISSION NO. 38:**

According to the "Interview of MOS" section on Def9484, defendants Camhi and Ryan told Captain Hanrahan that Rosie Martinez had punched the wall of the arrest processing cells.

**OBJECTION TO REQUEST FOR ADMISSION NO. 38:**

Defendants object to this request on the grounds that it is duplicative and cumulative. *See, e.g., Bruno*, 2018 U.S. Dist. LEXIS 211770, at *7 (N.D.N.Y. Dec. 17, 2018)

14

("[R]equests for admission as to the accuracy of sentences in a document that has already been admitted as authentic, are requests that are 'unreasonably duplicative and cumulative within the meaning of Rule 26(b)(2)(i).'") (citation omitted).

**REQUEST FOR ADMISSION NO. 39:**

Defendants cannot produce a 107th Precinct Prisoner Holding Pen Roster that lists Rosie Martinez as a prisoner during the period January 22-23, 2015.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Defendants object to this request on the grounds that it is not relevant to any claims or defenses. Notwithstanding and without waiving or in any way limiting this objection, defendants admit that they have been unable to locate the 107th Precinct Prisoner Holding Pen Roster listing plaintiff as a prisoner for January 22-23, 2015.

**REQUEST FOR ADMISSION NO. 40:**

At this deposition on September 19, 2017, defendant DiGennaro falsely testified that he had conducted and memorialized controlled buys at Rosie Martinez's apartment prior to obtaining a search warrant for the residence.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

Defendants object to this request on the grounds that it is duplicative and cumulative. *See, e.g., Bruno*, 2018 U.S. Dist. LEXIS 211770, at *7, n.3 (N.D.N.Y. Dec. 17, 2018). Notwithstanding and without waiving or in any way limiting this objection, defendants deny that defendant DiGennaro "falsely" testified.

**REQUEST FOR ADMISSION NO. 41:**

At his deposition on September 19, 2017, defendant DiGennaro falsely testified that he had taken photographs of Rosie Martinez's apartment before and after the search warrant was conducted there on January 22, 2015.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

Defendants object to this request on the grounds that it is duplicative and cumulative. *See, e.g., Bruno*, 2018 U.S. Dist. LEXIS 211770, at *7, n.3 (N.D.N.Y. Dec. 17, 2018). Notwithstanding and without waiving or in any way limiting this objection, defendants deny that defendant DiGennaro "falsely" testified.

**REQUEST FOR ADMISSION NO. 42:**

By letter dated October 5, 2017, defendant DiGennaro was provided with a copy of the transcript of his September 19, 2017 deposition transcript for review and made no changes.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

In response to Request for Admission No. 42, defendants admit only that the Office of the Corporation Counsel was provided with a copy of defendant DiGennaro's deposition transcript, and note that defendant DiGennaro was not a defendant at that time.

**REQUEST FOR ADMISSION NO. 43:**

Defendant Ryan was interviewed by CCRB on September 3, 2015 and made no mention of Rosie Martinez punching a wall.

**OBJECTION AND RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

Defendants object to this request on the grounds that it is not relevant to any claims or defenses. Notwithstanding and without waiving or in any way limiting this objection, defendants admit that defendant Ryan did not mention plaintiff punching a wall when he was interviewed by CCRB. Defendants note that, during his CCRB interview, defendant Ryan was not asked any specific questions about plaintiff and further note that the CCRB investigation related to allegations concerning non-party Danny Rivera, and not plaintiff.

Dated: New York, New York
      May 8, 2019

                              ZACHARY W. CARTER
                              Corporation Counsel of the
                               City of New York
                              *Attorney for Defendants*
                              100 Church Street, Room 3-195
                              New York, New York 10007
                              (212) 356-2351

                       By: _____
                              KAVIN THADANI
                              Senior Counsel

TO:    **BY MAIL AND E-MAIL**
        Baree Fett, Esq.
        Gabriel Harvis, Esq.
        *Attorneys for Plaintiff*

17