**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

ROSIE MARTINEZ,

                    Plaintiff,                           **16 CV 79 (RPK) (CLP)**

          -against-

CITY OF NEW YORK, et al.,

                    Defendants.

---

Plaintiff's Reply Memorandum of Law in
Further Support of her *In Limine* Motions

Elefterakis, Elefterakis & Panek
80 Pine Street, 38th Floor
New York, New York 10005

October 24, 2022

Table of Contents

Table of Authorities ................................................................................................. ii

Point I .......................................................................................................................... 1

    Defendants' Rule 36 Arguments Fail ............................................................... 1

Point II ......................................................................................................................... 2

    Any Argument that Plaintiff Failed to Identify any Officer Should be Precluded ........... 2

Point III ...................................................................................................................... 4

    Defendants' Proposed Exhibit O "Fortune Society Records" Should be Precluded In Its
    Entirety    4

Point IV ...................................................................................................................... 4

    Certain Facts regarding Defendant Laliberte's Prior Misconduct, but not Discipline,
    should be Admitted .............................................................................................. 4

Point V ......................................................................................................................... 5

    Plaintiff should be Permitted to Question the Officer Defendants using Leading
    Questions 5

Point VI ....................................................................................................................... 5

    Defendants should be Precluded from Testifying about Promotions, Commendations
    and Awards ............................................................................................................. 5

Point VII ...................................................................................................................... 5

    The Jury should determine at the same time whether Punitive Damages are appropriate
    against the individual Defendants and, if so, the amount of Punitive Damages ............. 5

Point VIII ..................................................................................................................... 5

    Relevant Sections of the Patrol Guide should be Admitted alongside Pollini's Testimony 5

Point IX ........................................................................................................................ 7

    Reference to Any Prior Arrest of Plaintiff or Plaintiff's Dispute with Her Neighbor or
    Co-Worker Should be Precluded ......................................................................... 7

Point X ......................................................................................................................... 8

    Given the Facts here, the Jury should not be Charged on Nominal Damages .............. 8

Point XI ........................................................................................................................ 8

    Plaintiff is Entitled to an Adverse Inference ...................................................... 8

Conclusion ................................................................................................................. 10

Table of Authorities

CASES

*Hughes v. The City of New York, et al.,* 18 CV 9380 (MKV), 2021 WL 4295209 (S.D.N.Y. Sept. 21, 2021) ...................................................................................................... 9

*Martinez v. City of New York*, 16 CV 79 (AMD) (CLP), 2018 WL 1835935 (E.D.N.Y. Apr. 18, 2018) ......................................................................................................... 10

*Martinez v. City of New York*, 2018 WL 604019 (E.D.N.Y. Jan. 24, 2018) .......................... 2

*Mischalski v. Ford Motor Co.*, 935 F. Supp. 203 (E.D.N.Y. 1996)........................................ 4

*Nnodimele v. Derienzo*, 13 CV 3461 (ARR) (RLM), 2016 WL 3561708 (E.D.N.Y. June 27, 2016) ....................................................................................................................... 5

*Pasternak v. Dow Kim*, 10 CV 5045 (LTS) (JLC), 2011 WL 4552389 (S.D.N.Y. Sept. 28, 2011) ....................................................................................................................... 1

*Redd v. New York State Div. of Parole*, 923 F. Supp. 2d 393 (E.D.N.Y. 2013) .................... 4

*T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38 (S.D.N.Y. 1997) 1

*United States v. Bravo*, 808 F.Supp. 311 (S.D.N.Y. 1992) .................................................... 4

Point I

Defendants' Rule 36 Arguments Fail

In their opposition, defendants do not seek to withdraw or amend their admissions under Rule 36(b). Rather, defendants argue that their valid admissions should not be enforced because they are inadmissible and can only be offered after a witness's denial. *See* DE 215, p. 1 & n.1. But this is at odds with the plain language and purpose of Rule 36 and mischaracterizes the admissions.

Rule 36 "reduces the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact." *Pasternak v. Dow Kim*, 10 CV 5045 (LTS) (JLC), 2011 WL 4552389, *5 (S.D.N.Y. Sept. 28, 2011) (citations and internal quotation marks omitted). The "sole purpose" of requests for admission under Rule 36 is, indeed, "to streamline the presentation of evidence at trial." *Id.* (citations and internal quotation marks omitted); *see T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 44 (S.D.N.Y. 1997) ("Rule 36 responses become, in effect, sworn evidence that is binding upon the respondent at trial.").

Here, defendants have admitted to key facts relevant to liability, including, *inter alia*, that plaintiff was recorded as uninjured when she arrived at the precinct, that defendant Camhi handcuffed plaintiff in the juvenile room, that the incident was not documented and that defendants never called an ambulance for Ms. Martinez. *See* DE #213, pp. 1-2 (setting forth complete list of admissions).

Ms. Martinez is now entitled to rely on these admissions and offer them to the jury without the need to furnish evidence – that is the very purpose for which the Rule exists. *Pasternak*, 2011 WL 4552389 at *5; *see* Advisory Committee Notes to 1970 Amendments to Rule 36 ("Unless the party securing an admission can depend on its binding effect, he cannot safely avoid the expense of preparing to prove the very matters on which he has secured the admission, and the purpose of the rule is defeated.") (citation omitted) (collecting sources).

Moreover, defendants' assertion that there is a procedural requirement that a witness first deny a fact before the admission can be offered (DE #215, n1.), is without merit or support in the law and would negate the very efficiencies that the Rule is intended to promote. Lastly, plaintiff respectfully notes that she does not seek an order requiring defendants to "stipulate" to their admissions; plaintiff merely seeks to enforce the admissions as contemplated by Rule 36.

<u>Point II</u>

<u>Any Argument that Plaintiff Failed to Identify any Officer Should be Precluded</u>

As detailed in this Court's prior order, defendants violated multiple discovery orders and provided false and misleading information to plaintiff and the Court when the photographs in this proposed exhibit were produced in connection with plaintiff's good faith efforts to identify her assailants. *Martinez v. City of New York*, 2018 WL 604019, *4, *24 (E.D.N.Y. Jan. 24, 2018).

The unlabeled photographs have never been authenticated, and there is nothing in the record to indicate when they were taken or whether they resemble defendants as they appeared on the night in question.

Moreover, defendants never questioned Ms. Martinez about these photographs, presented them to her or otherwise took discovery from her with respect to them. Plaintiff's counsel's letter to the Court – provided on an incomplete record – does not provide defense counsel with a good faith basis to present the photos, unauthenticated and unlabeled, to Ms. Martinez for the first time on the stand.

To the extent defendants are permitted to question Ms. Martinez about this compilation of photographs or her efforts in discovery to identify her assailants, we respectfully submit that fairness dictates that the jury be informed about defendants' founded misconduct in connection with the photographs and that era of discovery.

While defendants emphasize that the individual defendants were not added to the case until after Judge Pollak recommended terminated sanctions, this assertion is disingenuous at best and misses the point. It is law of the case that defendants' failure to make Court-ordered disclosures inhibited plaintiff from identifying and timely naming the individual defendants. And, in any event, the City of New York, ultimately responsible for the officers' assault under *respondeat superior*, has been a party to the case from the outset.

<u>Point III</u>

<u>Defendants' Proposed Exhibit O "Fortune Society Records" Should be Precluded In Its
Entirety</u>

Defendants' proposed Exhibit "O" has no probative value and would be highly prejudicial

to Ms. Martinez if admitted. It is a record from two years prior to the incident in which Ms.

Martinez described a childhood sexual trauma and events surrounding a dispute with her

neighbor that defendants concede is irrelevant. We respectfully request that the Court review

this 11-page document *in camera* and preclude it.

<u>Point IV</u>

<u>Certain Facts regarding Defendant Laliberte's Prior Misconduct, but not Discipline, should
be Admitted</u>

If it should please the Court, the evidence supporting plaintiff's argument that Laliberte

lied to investigators was provided at summary judgment and provides a good faith basis for

cross-examination as a prior dishonest statement. *Redd v. New York State Div. of Parole*, 923

F. Supp. 2d 393, 403 (E.D.N.Y. 2013) ("[T]he Federal Rules of Evidence explicitly permit

inquiry on cross-examination into any specific instances of a witness's conduct in order to

attack or support the witness's character for truthfulness.") (internal quotation marks omitted);

*United States v. Bravo,* 808 F.Supp. 311, 321–22 (S.D.N.Y. 1992) ("Rule 608 of the Federal

Rules of Evidence allows impeachment of witnesses by evidence of specific instances of

dishonesty regardless of whether there has been an official finding to that effect."); *Mischalski

v. Ford Motor Co.*, 935 F. Supp. 203, 207 (E.D.N.Y. 1996) ("Evidence that a witness has made

false statements is obviously a matter that tends to impugn a witness's credibility.").

Plaintiff does not intend to offer extrinsic related to Laliberte's false statement, unless the the door is opened.

<u>Point V</u>

<u>Plaintiff should be Permitted to Question the Officer Defendants using Leading Questions</u>

Defendants do not oppose this motion.

<u>Point VI</u>

<u>Defendants should be Precluded from Testifying about Promotions, Commendations and Awards</u>

Defendants do not oppose this motion.

<u>Point VII</u>

<u>The Jury should determine at the same time whether Punitive Damages are appropriate against the individual Defendants and, if so, the amount of Punitive Damages</u>

Defendants do not oppose this motion.

<u>Point VIII</u>

<u>Relevant Sections of the Patrol Guide should be Admitted alongside Pollini's Testimony</u>

If it should please the Court, plaintiff agrees with defendants that plaintiff's motion should be read to include the portions of the NYPD Patrol Guide relied upon by her police practices expert, Joseph A. Pollini, who has previously been qualified in this district under similar circumstances. *See Nnodimele v. Derienzo*, 13 CV 3461 (ARR) (RLM), 2016 WL 3561708, *14 (E.D.N.Y. June 27, 2016) (overruling *Daubert* challenge to Joseph Pollini and admitting relevant Patrol Guide sections) ("In constitutional tort cases, expert testimony regarding sound professional standards governing a defendant's actions can be relevant and helpful.") (internal

quotation marks, citation and brackets omitted); Plaintiff's Opposition (DE #217) at Point VIII.

If it should please the Court, Patrol Guide and police practices evidence is particularly vital in a case like this where the jury will otherwise have no way of knowing how an injured or unruly prisoner is required to be dealt with – and how such incidents are required to be documented – without understanding the Patrol Guide's provisions on such topics.

Plaintiff respectfully agrees that Mr. Pollini should not testify about any ultimate issue for the jury's consideration, including the credibility of any witness, and that his role is not as arbiter of fact, but respectfully submits that Mr. Pollini's testimony on questions surrounding documentation and medical treatment for plaintiff's injuries, with reference to the governing Patrol Guide sections and the undisputed record, is necessary and warranted here.

Indeed, we respectfully submit that if this evidence is precluded it will cause grave prejudice to Ms. Martinez and confuse the jury because it will be left with the unchallenged and inaccurate impression that defendants' conduct was in accord with the procedures of the police department. Ms. Martinez, who presents state law and federal claims, should be permitted to argue that while it does not prove a violation of the constitution, defendants' failure to comply with mandatory provisions of the Patrol Guide, including concerning recordkeeping and the provision of medical care, is relevant to plaintiff's state law assault and § 1983 deliberate indifference claims, and can also circumstantially support her excessive force claim. As in *Nnodimele*, relevant testimony from Mr. Pollini, supported by reference to relevant portions of the Patrol Guide, should be admitted.

Point IX

Reference to Any Prior Arrest of Plaintiff or Plaintiff's Dispute with Her Neighbor or Co-Worker Should be Precluded

Defendants consent to this motion with respect to plaintiff's arrest in approximately 2008.

With respect to plaintiff's 2019 arrest (four years after this incident), defendants seek to offer the hearsay statement of a non-party, Ramon Torres, who is not listed on the Joint Pre-Trial Order and was never designated under Rule 26(a)(1)(A)(i) to argue that plaintiff must have used her injured hand to purportedly attack this man, who refused medical attention and suffered from "redness," when defendants have no admissible evidence to support such argument. This argument and evidence should be precluded. If the evidence were admitted to any extent, it would require Ms. Martinez to offer extrinsic evidence proving her innocence in the underlying dispute, distract the jury with wholly irrelevant facts and severely prejudice Ms. Martinez.

Likewise, there is no good faith basis to argue that whether Ms. Martinez stated to police that she had pain in her wrists when they interacted with her in 2019 is probative of Ms. Martinez's credibility regarding the events of 2015 or the causation or severity of her injuries, which are well documented and resulted in surgery. Accordingly, defendants should be precluded from questioning Ms. Martinez regarding her 2019 arrest or offering any evidence in connection with it.

Point X

Given the Facts here, the Jury should not be Charged on Nominal Damages

If a jury concludes that defendants assaulted Ms. Martinez while she was handcuffed inside the juvenile room and then deliberately denied her medical care, we respectfully submit that it is unlikely to award nominal damages. Indeed, defendants appear to concede plaintiff's argument with respect to her excessive force claim and confine their opposition to plaintiff's deliberate indifference claim. But we respectfully submit that there is no meaningful distinction between these claims for the purposes of assessing the appropriateness of a nominal damage instruction. Notwithstanding, plaintiff respectfully agrees that it would be prudent to make this determination at the charging conference after the evidence has been received.

Point XI

Plaintiff is Entitled to an Adverse Inference

Defendants' arguments against spoliation are sophistic and failing and plaintiff is entitled to relief.

First, defendants admit that they had a duty to prepare and file the prisoner pedigree form, *see supra* at Point I and Plaintiff's Opening *in limine* Brief at Point I, and they cannot dispute that they had a similar obligation with respect to the missing prisoner holding pen roster. This is fatal for defendants on the first element of the spoliation analysis. And this is not a situation as in *Lekomtsev*, where the individual defendants were not responsible for the preservation of a knife turned in to the property clerk's office in some faraway location because they had no direct involvement. Here, defendants admit that the desk officer at this precinct, defendant

8

Laliberte, had a duty to file the prisoner pedigree form now missing and cannot dispute that another defendant, Ryan, was plaintiff's assigned arresting officer with a duty to prepare the pedigree form and convey it to Laliberte and to make entries on the prisoner roster. *See Hughes v. The City of New York, et al.,* 18 CV 9380 (MKV), 2021 WL 4295209, *9-10 (S.D.N.Y. Sept. 21, 2021), *reconsideration denied sub nom. Hughes v. City of New York*, 2022 WL 3919637 (S.D.N.Y. Aug. 31, 2022) (finding duty to preserve relevant evidence in § 1983 action arose at time of filing of notice claim and describing arguments to the contrary as "baseless").

Second, defendants' culpable state of mind can be inferred from their acknowledged failure to document plaintiff's injuries, regardless of their cause, or to obtain medical treatment for her. This is tied to relevance, where defendants admit that the pedigree form would have recorded plaintiff's physical condition upon arrival at the precinct, striking at the heart of the dispute. Likewise, and of equal importance, defendants concede that the missing prisoner roster, which the City of New York is required to maintain as an official business record, would have recorded the purported nineteen wellness checks that defendants claim to have made while Ms. Martinez was kept in the juvenile room.

We respectfully submit that, given defendants' direct responsibility for these missing documents, their relevance, and defendants' claimed lack of recollection regarding the disputed events (detailed in plaintiff's summary judgment opposition), a sufficient mental state is established for the purposes of imposing spoliation sanctions and providing the jury with a permissive adverse inference instruction regarding these documents. *Martinez*, 2018 WL

604019 at *34 ("If the district court declines to adopt this Court's recommendation to strike defendants' pleadings and impose the sanction of default or summary judgment in plaintiff's favor on liability, the Court respectfully recommends that the court consider entering as a lesser sanction an order that would preclude defendants from relying at trial on any of the recently produced documents or testimony of the witnesses recently identified who claim that plaintiff injured herself while in the Precinct."); *Martinez v. City of New York*, 16 CV 79 (AMD) (CLP), 2018 WL 1835935, *4 (E.D.N.Y. Apr. 18, 2018) (Donnelly, J.) (declining to impose terminating sanctions, but noting "I will consider additional appropriate sanctions and curative measures at trial.").

<u>Conclusion</u>

For the foregoing reasons, plaintiff respectfully requests that the Court grant plaintiff's motions *in limine*, deny defendants' motions *in limine* and grant plaintiff such other and further relief as the Court deems just and proper.

Dated:      October 24, 2022
            Briarcliff Manor, New York

Elefterakis, Elefterakis & Panek

_____
Gabriel P. Harvis
Baree N. Fett
80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116

*Attorneys for plaintiff*