

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

KAVIN THADANI
*Senior Counsel*
Phone: (212) 356-2351
Fax: (212) 356-3509
kthadani@law.nyc.gov

November 3, 2022

**VIA ECF AND HAND DELIVERY**
Honorable Nina R. Morrison
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

    Re: <u>Martinez v. City of New York, et al.</u>, No. 16 cv 79 (NM) (CLP)

Your Honor:

  I am a Senior Counsel in the office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendants in the above-referenced matter. Defendants respectfully write in response to the Court's request that they "provide (1) a copy of the 'Fortune Society' records, along with a statement identifying the portions of these records that Defendants consider relevant to issues at trial; and (2) a copy of any records related to Plaintiff's Feb 28, 2019 incident with her neighbor that Defendants seek to offer or inquire about at trial."  Nov. 2, 2022 E-Mail from F. Valderrama to the Parties.

  **A.** **"Fortune Society" Records**

  In anticipation of the Court's deadlines concerning (i) the exchange of trial exhibits between the parties and (ii) providing the Court with binders containing copies of their trial exhibits, *see* Individual Practice Rules of Judge Nina R. Morrison at ¶¶ 6.2.3, 6.2.4, defendants have been conducting a detailed review of their proposed trial exhibits in order to determine which they will offer into evidence.  Based upon that review, defendants respectfully withdraw their proposed trial exhibit O ("Plaintiff's Medical Records from The Fortune Society"), as well as their proposed trial exhibits S ("Plaintiff's Medical Records from Park West Surgical LLC") and U ("Plaintiff's Medical Records from Complete Orthopedic Services, Inc."). However, defendants respectfully reserve the right to use these medical records for impeachment purposes.  In light of the above, defendants respectfully submit that the motion *in limine* concerning the "Fortune Society" records is no longer at issue and therefore defendants have not provided to the Court a copy of the "Fortune Society" records.

### B. Records Relating to February 28, 2019 Incident

As an initial matter, defendants did not and do not intend to "offer or inquire" about "any records" relating to this incident. Thus, defendants did not list on their proposed trial exhibit list any documents relating to it. Rather, defendants merely seek to question plaintiff concerning, *inter alia*, her use of her allegedly injured hand(s) during the February 28, 2019 incident involving her neighbors and her failure to notify police officers that her wrist(s) were injured and/or in pain before, during or after she was handcuffed.

However, there are two body camera video recordings which defendants may seek to use at trial, subject to plaintiff's testimony, solely for impeachment purposes. Although the Court asked that records be sent by e-mail, because of the file sizes of these two video recordings, defendants are unable to e-mail them. Instead, after conferral with Mr. Valderrama, defendants will arrange for a disc containing the two video recordings to be delivered to the Court, along with a copy of this letter.

Defendants respectfully refer the Court to (i) the 5 minute and 51 second mark to the 9 minute and 55 second mark of both video recordings, during which plaintiff is informed that her neighbor accused her of striking him with a metal object and makes several admissions as to her conduct and (ii) the 9 minute and 55 second mark to the 13 minute mark of both video recordings, during which plaintiff is informed that she is going to be handcuffed and is handcuffed, and does not state anything about her wrists or show any signs of pain.

Defendants further note that they did list plaintiff's medical records relating to treatment plaintiff received following this incident, on March 1, 2019, as part of their proposed trial exhibit A ("Plaintiff's Medical Records and Diagnostic Films from Queens Hospital Center") because plaintiff did not make any complaints concerning her hands or wrists. However, plaintiff did not object to this exhibit in the Joint Pre-Trial Order, *see* Dkt. No. 201 at 72-73, or in her motion *in limine* papers. As a result, and further because these records don't "relate" to the incident itself, defendants have not provided these medical records to the Court. However, should the Court require these records, defendants can provide them expeditiously by e-mail.

Thank you for your consideration.

Respectfully,

/s/ *Kavin Thadani*

Kavin Thadani
Senior Counsel

Encl.

cc:   Baree Fett, Esq., *Attorney for Plaintiff* (via ECF and hand delivery with enclosure)
      Gabriel Harvis, Esq., *Attorney for Plaintiff* (via ECF only without enclosure)
      Wayne A.J. Wattley, Esq., *Attorney for Plaintiff* (via ECF only without enclosure)