

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

KAVIN THADANI
*Senior Counsel*
Phone: (212) 356-2351
Fax: (212) 356-3509
kthadani@law.nyc.gov

November 11, 2022

**VIA ECF**
Honorable Nina R. Morrison
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

    Re: <u>Martinez v. City of New York, et al.</u>, No. 16 cv 79 (NM) (CLP)

Your Honor:

  I am a Senior Counsel in the office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendants City of New York ("City"), Eric Ryan, Joseph DiGennaro, David Camhi and Keith Laliberte in the above-referenced matter. Defendants respectfully write pursuant to the Court's November 8, 2022 Order that "the parties shall submit by letter certain additional factual information relevant to various pending motions as directed by the Court on the record."  Nov. 8, 2022 Minute Entry.

  **A. Plaintiff's Review of Headshot Photographs**

  On July 25, 2016, defendant City produced to plaintiff the Civilian Complaint Review Board ("CCRB") file related to allegations made by non-party Danny Rivera, which contained eight (8) headshot photographs of members of the New York City Police Department ("NYPD"), including defendants Ryan and DiGennaro.  *See* July 25, 2016 Ltr. (Dkt. No. 15) at 1 (reflecting production of file), Aug. 16, 2016 Ltr. (Dkt. No. 18) at 2 (reflecting that file contained 8 headshot photographs).

  Two days later, on July 27, 2016, a telephone conference was held with the Court during which the Court ordered "[p]laintiff to review photos and information with counsel and determine defendants."  Dkt. No. 17.

  Accordingly, the next day, on July 28, 2016, "over the course of several hours," plaintiff and plaintiff's attorney, Baree Fett, reviewed the CCRB file, including the 8 headshot photographs contained therein.  Aug. 16, 2016 Ltr. (Dkt. No. 18) at 1-2.

On August 16, 2016, plaintiff's counsel represented that "[t]he eight photographs contained in the [CCRB] file were of officers involved in the underlying search and arrest, events not in dispute here.  While plaintiff was able to identify two of the eight officers as collaterally involved in the disputed events, the file brought her no closer to identifying the individuals who actually assaulted her."  *Id.* at 2.

On August 19, 2016, the Court ordered defendant City to produce, *inter alia*, additional photographs of members of the NYPD by September 9, 2016.  *See* Dkt. No. 20.

On September 9, 2016, in response to the Court's August 19, 2016 Order, defendant City produced to plaintiff headshot photographs of 30 additional members of the NYPD, including defendants Camhi and Laliberte.  *See* Dkt. No. 21-1.

On October 21, 2016, plaintiff's counsel stated that "Ms. Martinez viewed the unlabeled photographs produced by defendants" but did not state when that review occurred.  Oct. 21, 2016 Ltr. (Dkt. No. 25).  Plaintiff's counsel further stated that "plaintiff was able to identify several officers as either involved or potentially involved in the disputed events."  *Id.*

On November 14, 2016, plaintiff moved to amend the Complaint to name Jason Weitzman and Jason Forgione as defendants and explained that "[f]ollowing her review of photographs produced by the defense, plaintiff has been able to identify two NYPD officers as proper defendants."  Nov. 14, 2016 Ltr. (Dkt. No. 26) at 1; *see also* Dec. 2, 2016 Ltr. (Dkt. No. 33) at 1 ("[T]o this point the parties have focused their efforts on identifying the officers allegedly responsible for assaulting Ms. Martinez inside of a precinct following her arrest.  That process is complete and plaintiff has amended the complaint to name these two officers as defendants.").

B. Disposition & Penalty Form ("Hanrahan Report")

Defendant City confirms its representation at the parties' oral argument that, prior to Magistrate Judge Pollak issuing her January 24, 2018 Report and Recommendation, it did not explain that the interview date and time error contained in deceased Captain Hanrahan's report was due to his use of a report that he previously used in connection with a prior, unrelated, incident, as a template, combined with an inadvertent failure to remove and/or update certain information.

With respect to the timing of Captain Hanrahan's investigation and report, defendants note that the report itself indicates that plaintiff was interviewed on January 23, 2015.  *See* Dkt. No. 194-19 at 1.  In addition, defendant Camhi testified at his deposition that he spoke with Captain Hanrahan "that morning."  Camhi Dep. at 170:12-21, attached as Exhibit A.  Defendant Ryan testified at his deposition that he did not recall being interviewed by Captain Hanrahan; thus, he could not testify regarding timing.  Finally, defendants note that the report reflects that Captain Hanrahan signed it on May 16, 2015.  *See* Dkt. No. 194-19 at 2.

### C. *Miranda* Warnings

As an initial matter, defendants note that defendant Ryan was not asked at his deposition why he did not administer *Miranda* warnings and defendant Laliberte was not asked at either of his two depositions about *Miranda* warnings at all.

Defendant Camhi explained at his deposition that he did not administer *Miranda* warnings because he did not debrief the plaintiff. *See* Camhi Dep. at 194:13-22, attached as Exhibit A.

Defendant DiGennaro was questioned about why he did not administer *Miranda* warnings during both of his depositions. At his first deposition, defendant DiGennaro explained (i) that he did not administer *Miranda* warnings to Danny Rivera because he did not "interrogate" him as he did not ask him about his specific arrest (defendant DiGennaro was not asked why he did not administer *Miranda* warnings to plaintiff at his first deposition) and (ii) the difference between an "interrogation" and a "debrief." *See* DiGennaro Dep. at 77:4-13, 122:16-123:19, attached as Exhibit B. At his second deposition, defendant DiGennaro explained that (i) he did not administer *Miranda* warnings to Danny Rivera or the plaintiff because "neither of them were willing to talk to me," (ii) he would administer *Miranda* warnings if he's "going to question them for the crimes for which they were arrested," and (iii) explained that, if a debriefing turned into questioning about the crimes for which they were arrested, then he would administer *Miranda* warnings at that time. *Id.* at 421:5-426:6.

Finally, defendants respectfully refer the Court to their motion *in limine* for citation to legal authority supporting the proposition that *Miranda* warnings are not themselves required by the Constitution. *See* Memorandum of Law in Support of Defendants' Motions *in Limine* (Dkt. No. 212) at 15.

Thank you for your consideration.

Respectfully,

/s/ *Kavin Thadani*

Kavin Thadani
Senior Counsel

Encls.

cc:  **BY ECF**
Baree Fett, Esq.
Gabriel Harvis, Esq.
Wayne A.J. Wattley, Esq.
*Attorneys for Plaintiff*

3