UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ROSIE MARTINEZ,

                Plaintiff,

    v.

CITY OF NEW YORK, Detective ERIC RYAN,
Lieutenant DAVID CAMHI, Sergeant JOSEPH
DIGENNARO, and Sergeant KEITH LALIBERTE,

                Defendants.
-----------------------------------------------------------------x

**VERDICT SHEET**

16-CV-79 (NRM) (CLP)

### I. Excessive Force

#### A. Liability

1. Did the plaintiff prove by a preponderance of the evidence that David Camhi used excessive force against her on January 22-23, 2015?

    Yes _____    No _X_

2. Did the plaintiff prove by a preponderance of the evidence that Keith Laliberte used excessive force against her on January 22-23, 2015?

    Yes _____    No _X_

#### B. Damages

*If you answered "No" to both Question 1 and Question 2, please skip Questions 3-7.*

*If you answered "Yes" to either Question 1 or Question 2, please answer Questions 3-7.*

3. Has the plaintiff proven that she has suffered compensatory damages from the defendant(s)' use of excessive force?

    Yes _____    No _____

4. If your answer to Question 3 was "Yes," state the amount of compensatory damages that the plaintiff has proven she is entitled to recover on her claim for excessive force.

    $_____

5. If your answer to Question 3 was "No," state the amount of nominal damages, not to exceed one dollar, that the plaintiff has proven she is entitled to recover on her claim for excessive force.

    $_____

6. Do you award punitive damages to the plaintiff for any defendant's use of excessive force?

    Yes _____    No _____

1

7. If your answer to Question 6 was "Yes," what amount of punitive damages should the plaintiff be awarded for the use of excessive force? *You may only award punitive damages against a defendant if you concluded that that particular defendant used excessive force against the plaintiff.*

$_____ against David Camhi

$_____ against Keith Laliberte

## II. Assault and Battery

### A. Liability

8. Did the plaintiff prove by a preponderance of the evidence that any New York police officer subjected her to assault and battery on January 22-23, 2015?

*If you answered "Yes" to Question 1 or Question 2 (or both), you must answer "Yes" to this question.*

*If you answered "No" to both Question 1 and Question 2, you may answer either "Yes" or "No" to this question.*

Yes **X**    No _____

### B. Damages

*If you answered "No" to Question 8, please skip Questions 9-11.*

*If you answered "Yes" to Question 8, please answer Questions 9-11.*

9. Has the plaintiff proven that she has suffered compensatory damages from assault and battery?

Yes **X**    No _____

10. If your answer to Question 9 was "Yes," state the amount of compensatory damages that the plaintiff has proven she is entitled to recover on her claim for assault and battery.

$ **200,000.00**

11. If your answer to Question 9 was "No," state the amount of nominal damages, not to exceed one dollar, that the plaintiff has proven she is entitled to recover on her claim for assault and battery.

$_____

## III. Failure to Intervene

### A. Liability

*If you answered "No" to both Question 1 and Question 2, please skip Questions 12-17.*

*If you answered "Yes" to either Question 1 or Question 2 (or both), please answer Questions 12-15.*

12. Did the plaintiff prove by a preponderance of the evidence that Eric Ryan failed to intervene when another officer or officers used excessive force against her on January 22-23, 2015?

Yes _____    No **X**

2

13. Did the plaintiff prove by a preponderance of the evidence that David Camhi failed to intervene when another officer or officers used excessive force against her on January 22-23, 2015?

   Yes _____  No ✗____

14. Did the plaintiff prove by a preponderance of the evidence that Joseph DiGennaro failed to intervene when another officer or officers used excessive force against her on January 22-23, 2015?

   Yes _____  No ✗____

15. Did the plaintiff prove by a preponderance of the evidence that Keith Laliberte failed to intervene when another officer or officers used excessive force against her on January 22-23, 2015?

   Yes _____  No ✗____

### B. Damages

*If you answered "No" to Questions 12, 13, 14, and 15, please skip Questions 16 and 17.*

*If you answered "Yes" to any of those questions, please answer Questions 16 and 17.*

16. Do you award punitive damages to the plaintiff for any defendant's failure to intervene?

   Yes _____  No ✗____

17. If your answer to Question 16 was "Yes," what amount of punitive damages should the plaintiff be awarded for the failure to intervene? *You may only award punitive damages against a defendant if you concluded that that particular defendant failed to intervene.*

   $_____ against Eric Ryan

   $_____ against David Camhi

   $_____ against Joseph DiGennaro

   $_____ against Keith Laliberte

### IV. Deliberate Indifference

### A. Liability

18. Did the plaintiff prove by a preponderance of the evidence that Eric Ryan was deliberately indifferent to her serious medical needs on January 22-23, 2015?

   Yes ✗____  No _____

19. Did the plaintiff prove by a preponderance of the evidence that David Camhi was deliberately indifferent to her serious medical needs on January 22-23, 2015?

   Yes ✗____  No _____

3

20. Did the plaintiff prove by a preponderance of the evidence that Joseph DiGennaro was deliberately indifferent to her serious medical needs on January 22-23, 2015?

    Yes _X_    No ___

21. Did the plaintiff prove by a preponderance of the evidence that Keith Laliberte was deliberately indifferent to her serious medical needs on January 22-23, 2015?

    Yes _X_    No ___

### B. Damages

*If you answered "No" to Questions 18, 19, 20, and 21, please skip Questions 22-26.*

*If you answered "Yes" to any of those questions, please answer Questions 22-26.*

22. Has the plaintiff proven that she has suffered compensatory damages from the defendant(s)' deliberate indifference to her serious medical needs?

    Yes ___    No _X_

23. If your answer to Question 22 was "Yes," state the amount of compensatory damages that the plaintiff has proven she is entitled to recover on her claim for deliberate indifference to her medical needs.

    $ _____

24. If your answer to Question 22 was "No," state the amount of nominal damages, not to exceed one dollar, that the plaintiff has proven she is entitled to recover on her claim for deliberate indifference to her medical needs.

    $ 1

25. Do you award punitive damages to the plaintiff for any defendant's deliberate indifference to her medical needs?

    Yes _X_    No ___

26. If your answer to Question 25 was "Yes," what amount of punitive damages should the plaintiff be awarded for the deliberate indifference to her medical needs? *You may only award punitive damages against a defendant if you concluded that that particular defendant was deliberately indifferent to the plaintiff's medical needs.*

    $ 100,000 against Eric Ryan

    $ 100,000 against David Camhi

    $ 100,000 against Joseph DiGennaro

    $ 100,000 against Keith Laliberte

4

You have finished your deliberations. Please have your foreperson sign and date this verdict form and inform the Court, with a written note, that you have reached a verdict.

_____ #1 , Foreperson

Dated: December 13, 2022