16 CV 79 (NRM) (CLP)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROSIE MARTINEZ,

Plaintiff,

-against-

CITY OF NEW YORK, ERIC RYAN, DAVID CAMHI,
JOSEPH DIGENNARO, KEITH LALIBERTE,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION FOR REMITTITUR

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Kavin Thadani*
*Senior Counsel*
*Tel:  (212) 356-2351*

January 27, 2023

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................................................................................II

PRELIMINARY STATEMENT ........................................................................................ 1

RELEVANT PROCEDURAL HISTORY ........................................................................ 1

RELEVANT FACTS.......................................................................................................... 2

STANDARD OF LAW....................................................................................................... 3

ARGUMENT

        THE JURY'S PUNITIVE DAMAGES AWARDS ARE
        EXCESSIVE AND SHOULD BE REDUCED ...................................................... 4

        A.    Reprehensibility ....................................................................................5

                i.  The Punitive Damages Awards Should Be
                    Reduced Because the Defendants' Conduct Was
                    Not Sufficiently Reprehensible to Justify Them......................................5

                ii.  The Punitive Damages Award Against Each
                    Defendant Should Not Be the Same as Each
                    Defendant's Conduct Was Not Equally Culpable ...................................7

        B.    The Excessiveness of the Jury's Punitive Damages
            Awards is Exemplified by Reference to Comparable
            Cases ..................................................................................................8

CONCLUSION................................................................................................................. 11

## TABLE OF AUTHORITIES

**Cases**                                                                                     **Pages**

*Beckford v. Irvin*,
   49 F. Supp. 2d 170 (W.D.N.Y. 1999) ...................................................................9

*BMW of N. Am., Inc. v. Gore*,
   116 S. Ct. 1589 (1996) ..............................................................................4, 5

*Cross v. New York City Transit Auth.*,
   417 F.3d 241 (2d Cir. 2005) ...............................................................................3

*DiSorbo v. Hoy*,
   343 F.3d 172 (2d Cir. 2003) ........................................................... 4-5, 10

*Edwards v. Cornell*,
   No. 3:13-cv-878(WIG), 2017 U.S. Dist. LEXIS 195146, 2017 WL 5719144
   (D. Conn. Nov. 28, 2017) ..................................................................10

*Farrior v. Waterford Bd. of Educ.*,
   277 F.3d 633 (2d Cir. 2002) ...............................................................................4

*Hamilton v. Lalumiere*,
   No. 3:07cv148 (JBA), 2011 U.S. Dist. LEXIS 15214, 2011 WL 674023
   (D. Conn. Feb. 16, 2011) ..................................................................8

*Johnson v. City of New York*,
   593 F. Supp. 3d 58 (S.D.N.Y. 2022) ..................................................................10

*King v. Macri*,
   993 F.2d 294 (2d Cir. 1993) ..............................................................................10

*Lee v. Edwards*,
   101 F.3d 805 (2d Cir. 1996) .............................................................................4, 5

*Milfort v. Prevete*,
   3 F. Supp. 3d 14 (E.D.N.Y. 2014) ....................................................................5

*Miller v. City of Ithaca*,
   No. 3:10-cv-597, 2015 U.S. Dist. LEXIS 168614
   (N.D.N.Y. Dec. 17, 2015) ..................................................................4

*Miranda-Ortiz v. Deming*,
   94 Civ. 0476 (CSH), 2001 U.S. Dist. LEXIS 7105, 2001 WL 604017
   (S.D.N.Y. May 31, 2001) .......................................................... 8-9

| **Cases** | **Pages** |
|---|---|

*Payne v. Jones*,
    711 F.3d 85 (2d Cir. 2012)...........................................................................................4

*Perry v. Roy*,
    No. 10-10769-FDS, 2016 U.S. Dist. LEXIS 58703 (D. Mass. May 3, 2016) ...........................9

*Poulos v. City of New York*,
    No. 14-CV-03023 (LTS) (BCM), 2018 U.S. Dist. LEXIS 118364,
    (S.D.N.Y. July 13, 2018),
    *adopted in full*, 2018 U.S. Dist. LEXIS 132179, 2018 WL 3745661
    (S.D.N.Y. Aug. 6, 2018) ...........................................................................................10

*Stampf v. Long Island R.R. Co.*,
    761 F.3d 192 (2d Cir. 2014)........................................................................................4

*Trademark Research Corp. v. Maxwell Online, Inc.*,
    995 F.2d 326 (2d Cir. 1993)...................................................................................... 3-4

*Turley v. ISG Lackawanna, Inc.*,
    774 F.3d 140 (2d Cir. 2014)........................................................................................3

*Walker v. City of New York*,
    No. 11-CV-00314 (CBA) (JMA), 2014 U.S. Dist. LEXIS 197314,
    2014 WL 12652345 (E.D.N.Y. Sep. 3, 2014)..........................................................................9

*Williams v. Marinelli*,
    No. 3:13-cv-1154 (MPS), 2017 U.S. Dist. LEXIS 21710, 2017 WL 11473740
    (D. Conn. Feb. 8, 2017) ...........................................................................................8, 9

## PRELIMINARY STATEMENT

At the end of the trial in this matter, the jury found in favor of plaintiff on, *inter alia*, her claim for deliberate indifference to serious medical needs, for which she claimed that she was denied medical attention for a period of five hours after she was allegedly assaulted.  At the same time, the jury also found that the plaintiff did not prove that she suffered compensatory damages from the defendants' deliberate indifference to her serious medical needs and, therefore, awarded her nominal damages in the amount of $1.  Nevertheless, the jury also awarded punitive damages of $100,000 against each of the four individual defendants, for a total of $400,000.

However, the jury's punitive damages awards are excessive and should be reduced.  First, the defendants' conduct was not sufficiently reprehensible to justify such substantial punitive damages awards.  Second, the jury's punitive damages awards are severely disproportionate in light of each defendant's respective conduct and the relatively culpability of such conduct.  Finally, the excessiveness of the jury's punitive damages awards is underscored by reference to not only punitive damages awards in other deliberate indifference cases but also by reference to other police misconduct cases, including those in the excessive force context, which involve far more culpable conduct than that of the defendants here.

Accordingly, as further explained below, the jury's punitive damages awards should be reduced.

## RELEVANT PROCEDURAL HISTORY

Trial commenced in this matter on November 30, 2022.  *See* Nov. 30, 2022 Dkt. Entry.  On December 13, 2022, the "jury returned a verdict, finding for the plaintiff on some claims and against the plaintiff on other claims."  Dec. 13, 2022 Dkt. Entry.  Specifically, as it relates to the present motion, the jury found in favor of defendants Camhi and Laliberte on plaintiff's excessive force claim and in favor of plaintiff on her deliberate indifference to serious medical needs claim

against defendants Ryan, DiGennaro, Laliberte and Camhi.  *See* Verdict Sheet (Dkt. No. 237) at

1, 3-4.  With respect to plaintiff's deliberate indifference claim, the jury found that the plaintiff did

not prove that she suffered compensatory damages from the defendants' deliberate indifference to

her serious medical needs and, therefore, awarded nominal damages in the amount of $1.  *See id.*

at 4.  The jury further awarded punitive damages in the amount of $100,000 against each of the

individual defendants, for a total of $400,000.  *See id.*

## RELEVANT FACTS

Plaintiff's deliberate indifference to serious medical needs claim is based on her allegation

that, after she was assaulted by two police officers in the juvenile room of the 107th precinct shortly

after midnight, her "repeated requests for medical treatment, made continuously over the ensuing

five hours, were ignored" and further that "despite plaintiff's obvious physical injury and repeated

requests that she receive medical care . . . [defendants] failed to request or obtain medical treatment

for [her]."  Second Amended Complaint (Dkt. No. 99) at ¶¶ 35-38, 41, 46.

Relevant to the instant motion, plaintiff testified at trial that, of the four individual

defendants, only defendants Ryan and Laliberte came into the juvenile room and checked on her

after she was allegedly assaulted.  *See* Plaintiff's Dec. 8, 2022 Trial Testimony at 44:13-46:14,

annexed to the Declaration of Kavin Thadani ("Thadani Decl.") as Exhibit A.  Plaintiff testified

that she asked defendant Laliberte for medical attention once and he did not respond, and she

testified that she asked defendant Ryan for medical attention at least three times and he did not

respond. *See id.*  Defendant Ryan further testified that he checked on plaintiff approximately every

thirty minutes while she was held in the precinct prior to her first transport to Central Booking.

At approximately 5:40 a.m., plaintiff was evaluated by an emergency medical technician

("EMT") at Central Booking.  *See* Correctional Health Services Pre-Arraignment Screening Form,

Defendants' Trial Exhibit AA, Thadani Decl., Ex. B.  Plaintiff complained of an injury to her

thumb and was transported to Queens Hospital Center as a result. *See id.* at 1-2; *see also* Medical

Treatment of Prisoner Form, Plaintiff's Trial Exhibit 30, Thadani, Decl., Ex. C. The EMT noted

that plaintiff did not appear to be sick or injured. *See* Correctional Health Services Pre-

Arraignment Screening Form at 2, Defendants' Trial Exhibit AA, Thadani Decl., Ex. B. The EMT

further noted that he did not observe any swelling or redness to plaintiff's thumb. *See id.*

At Queens Hospital Center, plaintiff's chief complaint was right thumb pain. *See* Queens

Hospital Center Medical Records, Plaintiff's Trial Exhibit 5, at DEF000058, DEF000075, Thadani

Decl., Ex. D. At approximately 6:19 a.m. and again at 7:37 a.m., plaintiff estimated her pain level

at 6 out of 10. *See id.* at DEF00075, DEF000077. Plaintiff was discharged after two hours at the

hospital, having been treated with pain medication and a thumb splint. *See id.* at DEF000058,

DEF000060, DEF000065, DEF000078; Plaintiff's Dec. 8, 2022 Trial Testimony at 108:5-109:2,

Thadani Decl., Ex. A. Plaintiff next saw a doctor in relation to her alleged injuries on January 30,

2015, one week later. *See* Plaintiff's Dec. 8, 2022 Trial Testimony at 109:3-5, Thadani Decl., Ex.

A.

## STANDARD OF LAW

"Remittitur is 'the process by which a court compels a plaintiff to choose between

reduction of an excessive verdict and a new trial.'" *Cross v. New York City Transit Auth.*, 417

F.3d 241, 258 (2d Cir. 2005) (citation omitted). "Remittiturs are a common procedure used by the

courts to, in effect, reduce the amount of a damage award that the court concludes is impermissibly

high." *Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 167 (2d Cir. 2014).

Remittitur is appropriate "where the court can identify an error that caused the jury to

include in the verdict a quantifiable amount that should be stricken," or "where the award is

intrinsically excessive in the sense of being greater than the amount a reasonable jury could have

awarded, although the surplus cannot be ascribed to a particular, quantifiable error." *Trademark*

*Research Corp. v. Maxwell Online, Inc.*, 995 F.2d 326, 337 (2d Cir. 1993) (internal quotation marks and citation omitted).

Although punitive damages awards "are by nature speculative, arbitrary approximations . . . . courts bear the responsibility to ensure that judgments as to punitive damages conform, insofar as reasonably practicable, to the prevailing norms of the legal system and are not excessive." *Stampf v. Long Island R.R. Co.*, 761 F.3d 192, 209 (2d Cir. 2014) (internal citation, alterations and quotation marks omitted); *see also, e.g., Payne v. Jones*, 711 F.3d 85, 93 (2d Cir. 2012) ("Even if there is no such thing as a *correct* amount of punitive damages, a legal system has an obligation to ensure that such awards for intangibles be fair, reasonable, predictable, and proportionate.") (emphasis in original).

"In making a determination as to excessiveness, the court 'is free to weigh the evidence and 'need not view it in the light most favorable to the verdict winner.'" *Miller v. City of Ithaca*, No. 3:10-cv-597 (GLS/DEP), 2015 U.S. Dist. LEXIS 168614, at *17 (N.D.N.Y. Dec. 17, 2015) (quoting *Farrior v. Waterford Bd. of Educ.*, 277 F.3d 633, 634-35 (2d Cir. 2002)).

## ARGUMENT

### THE JURY'S PUNITIVE DAMAGES AWARDS ARE EXCESSIVE AND SHOULD BE REDUCED

The Supreme Court has established three guideposts to assess the excessiveness of a punitive damages award:  (1) the degree of reprehensibility of the tortious conduct, (2) the ratio of punitive damages to compensatory damages, and (3) the difference between this remedy and the civil penalties authorized or imposed in comparable cases. *See, e.g., Lee v. Edwards*, 101 F.3d 805, 809 (2d Cir. 1996) (citing *BMW of N. Am., Inc. v. Gore*, 116 S. Ct. 1589, 1598-99 (1996)). "However, in a § 1983 case in which the compensatory damages are nominal, . . . the use of a multiplier to assess punitive damages is not the best tool" and, thus, courts should "look to the

punitive damages in other civil rights cases to find limits and proportions." *Id.* at 811; *see also*

*DiSorbo v. Hoy*, 343 F.3d 172, 188 (2d Cir. 2003) ("To determine the appropriate level of punitive

damages, we assess such awards in other police misconduct cases."). Similarly, "[w]hen there are

no comparable civil or criminal penalties, a court may compare the [punitive damages] award to

awards upheld in other cases." *Milfort v. Prevete*, 3 F. Supp. 3d 14, 26 (E.D.N.Y. 2014).

## A.   Reprehensibility

### i.   The Punitive Damages Awards Should Be Reduced Because the Defendants' Conduct Was Not Sufficiently Reprehensible to Justify Them

"'That conduct is sufficiently reprehensible to give rise to tort liability . . . does not establish

the **<u>high degree of culpability</u>** that warrants a substantial punitive damages award.'" *Lee*, 101

F.3d at 809 (quoting *Gore*, 116. S. Ct. at 1601) (emphasis added). "Rather, punitive damages

'should reflect the enormity of [a defendant's] offense.'" *Id.* (quoting *Gore*, 116 S. Ct. at 1599).

"[R]eprehensibility is 'perhaps the most important' factor in assessing a punitive damage

award." *Id.* (quoting *Gore*, 116. S. Ct. at 1599). The Supreme Court has identified "aggravating

factors" that are "'associated with particularly reprehensible conduct' and contribute to the sense

that 'some wrongs are more blameworthy than others.'" *Id.* (quoting *Gore*, 116 S. Ct. at 1599-

1600). "Aggravating factors include (1) whether a defendant's conduct was violent or presented

a threat of violence, (2) whether a defendant acted with deceit or malice as opposed to acting with

mere negligence, and (3) whether a defendant has engaged in repeated instances of misconduct."

*Id.*

First, as a general matter, the reprehensibility of the defendants' conduct does not justify

the jury's punitive damages awards. Here, plaintiff ultimately complained of an injury to her

thumb, and was purportedly denied medical treatment for a matter of five hours. *See* Correctional

Health Services Pre-Arraignment Screening Form, Defendants' Trial Exhibit AA, at 1-2, Thadani

Decl., Ex. B; Queens Hospital Center Medical Records, Plaintiff's Trial Exhibit 5, at DEF000058, DEF000075, Thadani Decl., Ex. D.  Notably, although plaintiff testified to the contrary, there was credible evidence that plaintiff's injuries were not visibly apparent.  *See* Correctional Health Services Pre-Arraignment Screening Form, Defendants' Trial Exhibit AA, at 2, Thadani Decl., Ex. B.  At the hospital, plaintiff reported that her pain level was a 6 out of 10.  *See* Queens Hospital Center Medical Records, Plaintiff's Trial Exhibit 5, at DEF000075, DEF000077, Thadani Decl., Ex. D.  Plaintiff was at the hospital for approximately two hours and treated with pain medication and a thumb splint, and plaintiff did not follow-up with a medical professional for a week.  *See id.* at Queens Hospital Center Medical Records, Plaintiff's Trial Exhibit 5, at DEF000058, DEF000060, DEF000065, DEF000078; Plaintiff's Dec. 8, 2022 Trial Testimony at 108:5-109:5, Thadani Decl., Ex. A.  In other words, plaintiff was not in need of obvious urgent or significant medical treatment and, therefore, defendants' failure to provide her with medical attention cannot be considered particularly egregious or reprehensible under these circumstances.

Plaintiff also presented no evidence that she sustained any particular injury, or that her purported condition, or even pain, worsened from the purported five hour delay in treatment.  Thus, it is unsurprising that the jury found that plaintiff did not prove that she suffered compensatory damages from the defendants' deliberate indifference to her serious medical needs.  *See* Verdict Sheet (Dkt. No. 237) at 4.

Moreover, the aggravating factors weigh against the amount of punitive damages awarded by the jury.  First, the conduct of not providing plaintiff with medical attention certainly cannot be considered violent.  Nor did such conduct present a threat of violence.  Second, the defendants did not act with "deceit or malice" in not providing plaintiff with medical attention.  For example, none of the defendants told plaintiff they would obtain medical attention for her and then failed to

6

do so.  Nor did any defendant tell anyone else that they had obtained or would obtain medical attention for plaintiff when they did not and had no intention of doing so.  Third, it cannot be said that any of the defendants "engaged in repeated instances" of failing to provide plaintiff with medical attention except, at most, just defendant Ryan.

Accordingly, the jury's punitive damages awards should be reduced.

### ii.  The Punitive Damages Award Against Each Defendant Should Not Be the Same as Each Defendant's Conduct Was Not Equally Culpable

The jury awarded punitive damages of $100,000 against each of the four individual defendants.  *See* Verdict Sheet (Dkt. No. 237) at 4.  However, the evidence presented at trial does not justify taxing each defendant with the same amount of punitive damages given their respective conduct.

Whereas plaintiff testified that she asked defendant Ryan for medical attention at least three times and defendant Ryan testified that he checked on plaintiff every thirty minutes, plaintiff testified that she asked defendant Laliberte for medical attention only once and that he checked on her only once after the alleged assault.  *See* Plaintiff's Dec. 8, 2022 Trial Testimony at 44:13-46:14, Thadani Decl., Ex. A.  Moreover, there was no evidence that defendants DiGennaro or Camhi checked on plaintiff after the alleged assault at all or that plaintiff ever asked either of them for medical attention.  Thus, it cannot be said that each of the defendants' conduct was equally culpable to justify equal punitive damages awards.

Accordingly, the punitive damages award against each defendant should not be the same and are unconstitutionally disproportionate and, at the very least, the awards against defendant DiGennaro, Camhi and Laliberte must be reduced.  And the awards against defendants DiGennaro and Camhi in particular should be significantly reduced.

**B.**     **The Excessiveness of the Jury's Punitive Damages Awards is Exemplified by Reference to Comparable Cases**

The excessiveness of the jury's punitive damages award becomes clear when one references other deliberate indifference and even other police misconduct cases, as the Court must do.  Indeed, defendants are unaware of any case law that would justify punitive damages awards of this nature given the evidence presented at trial, even against defendant Ryan, let alone the other defendants with far less culpable conduct.

First, and most importantly, the jury's punitive damages awards of $100,000 for each of the four defendants, for a total of $400,000, far exceed the amounts upheld in other deliberate indifference cases:

- *Williams v. Marinelli*, No. 3:13-cv-1154 (MPS), 2017 U.S. Dist. LEXIS 21710, 2017 WL 11473740, at *87 (D. Conn. Feb. 8, 2017) (reducing $400,000 punitive damages jury award in deliberate indifference case to $50,000, which was "the maximum amount that would not be excessive," after, *inter alia*, considering punitive damage awards in other deliberate indifference cases cited therein)

- *Hamilton v. Lalumiere*, No. 3:07cv148 (JBA), 2011 U.S. Dist. LEXIS 15214, 2011 WL 674023, at *1-2, 5-7 (D. Conn. Feb. 16, 2011) (upholding punitive damage jury award of $1,000 for deliberate indifference to serious medical needs claim against correction officer for failing to promptly or properly decontaminate plaintiff after application of pepper spray and despite plaintiff claiming that he had asthma and that he was unable to breathe; jury also awarded nominal damages of $10)

- *Miranda-Ortiz v. Deming*, 94 Civ. 0476 (CSH), 2001 U.S. Dist. LEXIS 7105, 2001 WL 604017, at *5, 9-10, 46-49 (S.D.N.Y. May 31, 2001) (upholding punitive damages jury awards of $10,000 and $5,000 for deliberate indifference to serious medical needs claim against two correction officers following an alleged assault where one officer ignored request for medical assistance and also discouraged another from responding

8

to it by falsely stating that plaintiff had already been treated; jury also awarded nominal damages of $1)

- *Beckford v. Irvin*, 49 F. Supp. 2d 170, 176, 182-183, 186 (W.D.N.Y. 1999) (upholding punitive damages jury awards of $15,000 and $10,000 for deliberate indifference to serious medical needs claims against two correction officers where nominal damages of $1 also awarded and further stating that "[b]ecause no compensable damages were found by the jury, only a small punitive damages award is appropriate")

In addition, because, as several courts have recently noted, the number of cases "where punitive damages were assessed against defendants found to be deliberately indifferent to plaintiffs' safety or serious medical needs . . . is small," reference to other cases involving alleged police misconduct is also appropriate here. *Williams*, 2017 U.S. Dist. LEXIS 21710, 2017 WL 11473740, at *87 (citing *Perry v. Roy*, No. 10-10769-FDS, 2016 U.S. Dist. LEXIS 58703, at *14 (D. Mass. May 3, 2016) (noting the "relative dearth of punitive damages awards for claims of deliberate indifference to serious medical needs")).

Notably, in *Walker v. City of New York*, No. 11-CV-00314 (CBA) (JMA), 2014 U.S. Dist. LEXIS 197314, 2014 WL 12652345, at *48-50 (E.D.N.Y. Sep. 3, 2014), the court upheld a $20,000 punitive damages award against a defendant for failing to intervene in a beating of an unarmed, handcuffed prisoner in a police precinct where the officer defendant walked out of the precinct even though he saw the plaintiff on the ground surrounded by police officers and heard him yelling. It cannot be said that the defendants' conduct here is more egregious, especially not so much more egregious as to justify an additional $380,000 in punitive damages.

The excessiveness of the jury's $100,000 per defendant punitive damage award is further underscored by comparison of the conduct of the defendants here to the type of conduct of defendants who have faced similar (and lesser) punitive damages awards in the excessive force context:

- *Johnson v. City of New York*, 593 F. Supp. 3d 58, 63-64, 68-69 (S.D.N.Y. 2022) (upholding punitive damages awards of $50,000 and $30,000 against two police officers in excessive force case involving multiple punches to the head, stomps to the leg and baton strikes)

- *Poulos v. City of New York*, No. 14-CV-03023 (LTS) (BCM), 2018 U.S. Dist. LEXIS 118364, at *20-24 (S.D.N.Y. July 13, 2018), *adopted in full*, 2018 U.S. Dist. LEXIS 132179, 2018 WL 3745661 (S.D.N.Y. Aug. 6, 2018) (recommending punitive damages award of $75,000 (and rejecting request of $150,000) in excessive force case involving police officer who, without provocation, struck plaintiff in the head with his fist in response to request from plaintiff for medical attention, resulting in a loss of consciousness and laceration above right eyebrow)

- *Edwards v. Cornell*, No. 3:13-cv-878(WIG), 2017 U.S. Dist. LEXIS 195146, 2017 WL 5719144, at *24-26 (D. Conn. Nov. 28, 2017) (reducing $275,000 punitive damages jury award to $75,000 for excessive force claim involving multiple punches to the head)

- *DiSorbo*, 343 F.3d at 186-189 (reducing $1.275 million punitive damages jury award to $75,000 in excessive force case in which police officer violently slammed the plaintiff against a wall, choked her to the point where she began to lose vision, pushed her to the ground and struck her while she was on the ground)

- *King v. Macri*, 993 F.2d 294, 299 (2d Cir. 1993) (reducing punitive damages jury awards of $175,000 and $75,000 to $100,00 and $50,000 in excessive force case involving officers who punched and placed a handcuffed plaintiff in a chokehold)

Quite simply, it would be manifestly unjust to permit a $100,000 punitive damages award to stand against each defendant for failing to obtain medical treatment for an individual complaining of pain to their hand for a period of five hours when such an award isn't even justifiable in cases in which a law enforcement officer is found to have brutally beaten someone.

Accordingly, the jury's punitive damages awards should be reduced.

## **CONCLUSION**

For the reasons set forth above, defendants respectfully request that the Court grant their

motion for remittitur in its entirety.

Dated:        New York, New York
              January 27, 2023

                                          HON. SYLVIA O. HINDS-RADIX
                                          Corporation Counsel of the City of New York
                                          *Attorney for Defendants*
                                          100 Church Street
                                          New York, New York 10007
                                          (212) 356-2351


                                          By:    */s/ Kavin Thadani*
                                                 Kavin Thadani
                                                 *Senior Counsel*
                                                 Special Federal Litigation Division

TO:    **VIA ECF**
       Gabriel Harvis, Esq.
       Baree Fett, Esq.
       Wayne Wattley, Esq.
       *Attorneys for Plaintiff*