

| HON. SYLVIA O. HINDS-RADIX | THE CITY OF NEW YORK | JEFFREY F. FRANK |
|---|---|---|
| *Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | *Assistant Corporation Counsel*<br>Email: jefrank@law.nyc.gov<br>Cell: (929) 930-0780<br>Tel: (212) 356-3541 |

February 6, 2023

**VIA ECF**
Honorable Nina Morrison
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *Martinez v. City of New York, et al.*, 16-CV-79 (NM) (CLP)

Your Honor:

  I am an Assistant Corporation Counsel in the office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and one of the attorneys representing defendants City of New York, Eric Ryan, Joseph DiGennaro, Keith Laliberte and David Camhi in the above-referenced matter. Defendants write to oppose plaintiff's request for an entry of judgment. (Docket Entry No. 245).

  The Court should not enter judgment while defendants' post-trial motion is pending. *See, e.g.*, *Collado v. City of New York, et al.*, 11 Civ. 9041 (DC), at Docket Entry No. 155 (S.D.N.Y. Nov. 21, 2018) (ordering "that final judgment shall not be entered on the verdict in this matter until the Court has ruled on defendant' post-trial motions"); *Kirschenbaum v. 650 Fifth Ave.*, 2017 U.S. Dist. LEXIS 142187, at *24 (S.D.N.Y. Sep. 1, 2017) ("Before Judgment can be entered in either action, however, the Court must resolve a number of post-trial motions."). Critically, the entry of judgment before disposition of defendants' motion would constitute implied denial of that motion. *See Mosier v. Fed. Res. Bank*, 132 F.2d 710, 712 (2d Cir. 1942) ("[T]he entry of an order inconsistent with granting the relief sought is a denial of the motion. So, also, the entry of final judgment in a cause is in effect an overruling of all motions pending prior thereto in the case."); *United States v. Dubrule*, 822 F.3d 866, 884 (6th Cir. 2016) ("[T]hose of our sister circuits to have commented on this issue appear to agree that entry of final judgment constitutes an implicit denial of pending motions.") (collecting cases). Therefore, defendants respectfully request that the Court rule on their post-trial motion after full briefing and before entering a judgment.

  When the Court enters judgment, defendants submit it should not be entered with retroactive effect to the date the verdict was rendered, as plaintiff requests. First, a *nunc pro tunc* entry of judgment could curtail defendants' right to timely file a notice of appeal under Fed. R.

App. P. 4(a)(1)(A).  Second, to the extent plaintiff seeks post-judgment interest, her request for an additional month to oppose defendants' motion should not operate as a windfall.  When plaintiff sought defendants' consent to the requested extension of the briefing schedule, the parties did not discuss any of the other requests in plaintiff's February 6, 2023 letter motion.  Further, however, plaintiff's request for post-judgment interest for a time period prior to the entry of judgment has been expressly foreclosed by the U.S. Supreme Court.  *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 834 (1990) (rejecting the view of those courts that had relied upon the "policy underlying the postjudgment interest statute" to award interest from the date of the verdict, rather than from the date of the judgment); *see also Andrulonis v. United States*, 26 F.3d 1224, 1233 (2d Cir. 1994) ("When calculating postjudgment interest under section 1961, courts do not enjoy some amorphous equitable power to select a date other than the 'date of the entry of the judgment' to trigger the running of interest, even if their laudable aim is to effectuate the compensatory purpose of the postjudgment interest statute."); *Magee v. United States Lines, Inc.*, 976 F.2d 821, 823–24 (2d Cir. 1992) ("We do not approve of the district court's device of creating a make-believe date of entry whose sole purpose was to avoid the clear intent of section 1961 and thus the uniformity the section was intended to create."); *id.* at 824 (vacating district court's order directing *nunc pro tunc* judgment as of the date after the jury's verdict, and directing the district court "that postjudgment interest be computed as of the actual date of judgment entry").

   Accordingly, defendants respectfully request that the Court refrain from entering judgment until after defendants' post-trial motion is fully briefed and decided by the Court.

   Defendants thank the Court for its consideration of this matter.

Respectfully submitted,

*/s/ Jeffrey Frank*

Jeffrey F. Frank
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: All Counsel (via ECF)