

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | **JEFFREY F. FRANK**<br>*Assistant Corporation Counsel*<br>Email: jefrank@law.nyc.gov<br>Cell: (929) 930-0780<br>Tel: (212) 356-3541 |

February 22, 2023

**VIA ECF**
Honorable Nina Morrison
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Martinez v. City of New York, et al.*, 16-CV-79 (NRM) (CLP)

Your Honor:

I am an Assistant Corporation Counsel in the office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and one of the attorneys representing defendants City of New York, Eric Ryan, Joseph DiGennaro, Keith Laliberte and David Camhi in the above-referenced matter. Pursuant to Rule 62(b) of the Federal Rules of Civil Procedure, defendants write to respectfully request that the Court stay execution of the Judgment entered February 15, 2023, without the need for providing a bond or other security. (ECF No. 247). Plaintiff's counsel has indicated that he "vigorously opposes" defendants' request and, "to the extent the Court is considering any stay of execution beyond the provisions of Rule 62, respectfully requests the opportunity to brief" plaintiff's position.

As an initial matter, "[e]xcept as provided in Rule 62(c) and (d), [which concern injunctions,] execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." Fed. R. Civ. P. 62(a). Here, then, under Rule 62(a), execution of the February 15, 2023 Judgment is automatically stayed until March 17, 2023.

Rule 62(b) provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b). "Where a party posts a full bond or other security pursuant to Federal Rule of Civil Procedure 62(b), such party is entitled to a stay from a monetary judgment as a matter of right." *Grant v. Lockett*, 15-CV-0445 (DNH/TWD), 2019 U.S. Dist. LEXIS 70702, at *10 (N.D.N.Y. Apr. 26, 2019) (citing *Cohen v. Metro. Life Ins. Co.*, 334 F. App'x 375, 378 (2d Cir. 2009)). "In such circumstances, 'the court has no discretion to deny the stay itself, but only to fix the amount of (or to waive) the bond.'" *Seneca Nation of*

*Indians v. New York*, 19-CV-735S, 2019 U.S. Dist. LEXIS 214399, at *4 (W.D.N.Y. Dec. 12, 2019) (quoting *Frommert v. Conkright*, 639 F. Supp. 2d 305, 308 (W.D.N.Y. 2009)).

Here, defendants respectfully request that the Court stay execution of the Judgment and waive the posting of a bond or other security, as defendants' pending post-trial motion and potential appeal could affect the ultimate amount of the Judgment. *See, e.g.*, *Ojeda v. Metro. Transp. Auth.*, 477 F. Supp. 3d 65, 87 (S.D.N.Y. 2020) (staying execution of judgment under Rule 62(b) because of pending set-off issue that would affect judgment amount, without defendant posting bond or other security), *aff'd on other grounds*, 41 F.4th 56, 61 (2d Cir. 2022).

Courts in the Second Circuit consider five factors when determining whether to waive the bond or security requirement under Rule 62(b): "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position." *In re Nassau Cty. Strip Search Cases*, 783 F.3d 414, 417–18 (2d Cir. 2015) (citation omitted) (discussing former Rule 62(d)); *see also, e.g.*, *Petroleos de Venezuela S.A. v. MUFG Union Bank, N.A.*, 19 Civ. 10023 (KPF), 2020 U.S. Dist. LEXIS 243602, at *2 n.3 (S.D.N.Y. Dec. 29, 2020) (explaining that courts in the Second Circuit continue to apply the *Nassau County* factors to Rule 62(b) motions).

Generally, "[c]ourts in the Second Circuit have found that state and municipal governments often have ample means to satisfy [judgments] and accordingly have granted requests to waive the supersedeas bond requirement." *Grant*, 2019 U.S. Dist. LEXIS 70702, at *11 (internal quotation marks omitted) (granting City of Syracuse's motion for stay pending an appeal and waiving the requirement that defendants post a supersedeas bond or other security); *see also, e.g.*, *Ortiz v. N.Y.C. Hous. Auth.*, 22 F. Supp. 2d 15, 40 (E.D.N.Y. 1998) (staying execution of judgment, and noting "the Housing Authority, as a government subdivision, has ample means to satisfy [plaintiff's] judgment"), *aff'd on other grounds*, 198 F.3d 234 (2d Cir. 1999); *Cayuga Indian Nation of N.Y. v. Pataki*, 188 F. Supp. 2d 223, 255 (N.D.N.Y. 2002) ("Given its status as a sovereign taxing authority, the court is confident in the State's ability to pay the judgment herein." (internal citation and quotation marks omitted)).

Here, the City of New York obviously has the means to satisfy the judgment and an efficient process for making payment. Further, a bond would be a waste of public resources. For these reasons, in cases involving the City, courts in this Circuit routinely waive the requirement to post security when granting a stay of execution of a judgment under Rule 62(b). *See, e.g.*, *GEM Fin. Serv., Inc. v. City of New York*, 13-CV-1686 (RPK) (RER), Order dated May 17, 2022 (E.D.N.Y.) (Kovner, J.) (considering *Nassau County* factors and granting stay of execution of the judgment without a bond or other security, where such stay was to terminate automatically upon disposition of defendants' post-trial motions); *Johnson v. City of New York*, 15 Civ. 6915 (ER), ECF Nos. 174, 190 (S.D.N.Y. June 2, 2021) (granting defendants' motion to stay execution of judgment without a bond or other security); *cf. Wright v. City of New York*, 14-CV-6873 (RJD) (RML), Electronic Order dated Jan. 19, 2018 (E.D.N.Y.) (granting defendants' request to hold

entry of judgment in abeyance pending post-trial settlement conference to address attorney's fees and post-trial motions).

This is true even where, as here, judgment is entered against individual defendant police officers for punitive damages and the City has yet to make a determination as to indemnification. *See Johnson*, 15 Civ. 6915 (ER), ECF Nos. 169, 174, 190 (staying execution of judgment against two police officers for compensatory and punitive damages totaling $90,000 per defendant, without requiring either to post a bond or otherwise prove ability to pay); *cf. Jennings v. Yurkiw*, DE Nos. 119–121 (E.D.N.Y. June 25, 2018) & Order dated June 27, 2018 (granting defendants' motion to stay enforcement of $3,000,000 judgment against three police officers and approving $500,000 bond proffered by City of New York).

Accordingly, defendants respectfully request that the Court stay execution of the Judgment without the need for a bond or other security until 30 days after the later of: (i) the Court's decision disposing of the last of defendants' pending motions, including oral applications under Rule 50 and the motion for *remittitur* pursuant to Rule 59 (ECF No. 242); and (ii) a decision following a timely appeal. Defendants further respectfully request that the Court extend the automatic stay of execution of Judgment, which ends on March 17, 2023, while defendants' instant application remains pending, should it not be decided by that date.

Defendants thank the Court for its consideration of this matter.

Respectfully submitted,

Jeffrey F. Frank
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:   All Counsel (via ECF)