

**eeplaw.com**
80 Pine Street, 38th Floor
New York, New York 10005
T. 212.532.1116 F. 212.532.1176

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

March 1, 2023

**BY ECF**
Honorable Nina R. Morrison
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Martinez v. City of New York, et al.*, 16 CV 79 (NRM) (CLP)

Your Honor:

I write pursuant to the order dated February 22, 2023 to respectfully respond to defendants' letter motion at DE #248.

If it should please the Court, Ms. Martinez proved at trial that the four individual defendants wantonly violated her constitutional rights culminating in the legally enforceable judgment at DE #247. Absent further orders of this Honorable Court, once the automatic stay expires later this month, defendants are required by law to either post a bond or pay Ms. Martinez. Fed. R. Civ. P. 62(b).

The individual defendants now come before this Honorable Court – owing Ms. Martinez $100,000 each in punitive damages – and seek to be relieved of their obligations – potentially for months, if not years – while offering no argument as to why they deserve a stay or any description of their assets or pledge to maintain them, let alone the required showing that "alternative means" are "securing the judgment." *See* DE #248, *generally*; *In re Nassau Cnty. Strip Search Cases*, 783 F.3d 414, 417 (2d Cir. 2015) ("A district court…may, in its discretion, waive the bond requirement *if the appellant provides an acceptable alternative means of securing the judgment*.") (citations and quotation marks omitted) (emphasis added).

Indeed, defendants' letter motion notes that defendant City of New York may yet decline to indemnify the officer defendants – *see* DE #248, p. 3 – a decision with significant potential consequences for the collectability of the jury's punitive damage

Hon. Nina R. Morrison
March 1, 2023

award, particularly given that defendants' application lacks any financial information or offer of security beyond general representations regarding the City's solvency.

If the City of New York is not paying the $400,000 punitive damage award and the individual defendants conceal or dissipate their assets (or are otherwise insolvent), Ms. Martinez will be profoundly harmed. Defendants offer no reassurances that might even arguably protect Ms. Martinez from this outcome. *See, e.g., Sire Spirits, LLC v. Green*, 21 CV 7343 (JPC), 2023 WL 1516574, *2 (S.D.N.Y. Feb. 3, 2023) (declining to waive bond requirement under Rule 62(b) and noting that "the purpose of the *Nassau* factors is not to allow a party who cannot satisfy a judgment to evade the bond requirement"). If, in fact, the individual defendants lack the resources to satisfy the judgment (or post a bond), this alone would be sufficient to deny their application. *See id.* at *2 (collecting cases and noting that the "lack of other assets to satisfy a bond or money judgment…is determinative as to the second, third, and fourth [*Nassau*] factors…and often to the entire inquiry").

Further, the arguments defendants do offer are misleading. Defendants represent that in cases involving the City of New York, execution of judgments is "routinely" stayed without the posting of a bond, a practice defendants represent generally extends in the Second Circuit to judgments like DE #247 involving punitive damage awards against individual police officer defendants. *See* DE #248, p. 3 (citing docket entries in *Johnson v. City of New York*, 15 CV 6915 (ER) (S.D.N.Y.)). However, *Johnson* is inapposite because the plaintiff in that case "did not oppose" defendants' application to stay execution. *See id.* at DE #187, p. 2. Notably, the only other authority defendants offer for this supposedly routine bond waiver involved the posting of a $500,000 bond by the City of New York as security. *See* DE #248, p. 3 (citing *Jennings v. Yerkiw*, 14 CV 6377 (LB) (E.D.N.Y.)).

The premise of the City of New York's position is also flawed. According to defendant City, stay of enforcement is necessary because post-trial motions and potential appeals may result in alteration of the judgment. *See* DE #248, p. 2 (citing *Ojeda v. Metro. Transp. Auth.*, 477 F. Supp. 3d 65, 87 (S.D.N.Y. 2020), a case that did not involve individual defendants or a punitive damage award). Plaintiff respectfully submits that this prospect is remote considering the clarity of the verdict and special interrogatory responses. Indeed, defendants' lackadaisical efforts to challenge the verdict can be seen as reflecting its soundness and the integrity of the trial. In any event, plaintiff respectfully submits that this is precisely why Rule 62(b) exists. If defendants wish to stay execution, they are free to post a bond "or other security." Since defendants'

Hon. Nina R. Morrison
March 1, 2023

application is predicated on the allegedly ample resources of the City of New York, this should not present any difficulty for defendants.

Lastly, defendants' application, while falling short of the showing necessary to stay execution without a bond, raises important questions about indemnification and the individual defendants' financial resources. Thus, plaintiff respectfully requests leave to take limited discovery, including depositions, to assess the financial condition of the individual defendants.

Accordingly, plaintiff respectfully requests that defendants' application be denied, that plaintiff be granted leave to take limited discovery and that the individual defendants be ordered to maintain their assets pending resolution of these issues.

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

cc:     Defense Counsel